|  |  |
|---|---|
| _____ ) | UNITED STATES DISTRICT COURT |
| DR. FADI CHAABAN; DR. SABINO ) | DISTRICT OF NEW JERSEY |
| R. TORRE; DR. CONSTANTINOS A. ) | |
| COSTEAS and DR. ANTHONY J. ) | Civil Action |
| CASELLA, as Trustees of ) | |
| Diagnostic & Clinical ) | Case No. 2:08-cv-1567 (WJM) |
| Cardiology, P.A. Profit ) | |
| Sharing Plan, ) | |
| ) | |
| Plaintiffs, ) | Return Date: June 16, 2008 |
| ) | |
| v. ) | |
| ) | |
| DR. MARIO A. CRISCITO, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

_____

DEFENDANT'S BRIEF IN REPLY TO OPPOSITION TO MOTION TO DISMISS
COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF
CAN BE GRANTED, PURSUANT TO FED. R. CIV. P. 12(b)(6)

_____

**KERN AUGUSTINE**
**CONROY & SCHOPPMANN, P.C.**
1120 Route 22 East
Bridgewater, New Jersey 08807
(908) 704-8585
Attorneys for Defendant
RC-8060

**TABLE OF CONTENTS**

Page

Table of Authorities..........................................................................................................ii

Argument...........................................................................................................................1

      Point I –

           The Opposition Papers are Unpersuasive;
           the Complaint is Barred by ERISA's
           Statute of Limitations........................................................................1

      Point II –

           In the Alternative, in the Event This
           Motion is not Granted, the Court Should
           Order Focused, Limited Discovery on the
           Issue of ERISA's Statute of Limitations.......................................8

Conclusion.......................................................................................................................11

## **TABLE OF AUTHORITIES**

Cases                                                                      Page

*Federated Department Stores, Inc. v. Moitie*,
    452 U.S. 394 (1981)..........................................................................7

*Kurz v. Philadelphia Electric Co.*,
    96 F.3d 1544 (3d Cir. 1996),
    *reh'g denied*, 113 F.3d 432,
    *cert. denied*, 522 U.S. 913 (1997)..................................................3

*Ranke v. Sanofi-Synthelabo, Inc.*,
    436 F.3d 197 (3d Cir. 2006)............................................................2

*Schaefer v. Arkansas Medical Society*,
    853 F.2d 1487 (8th Cir. 1988).........................................................5

*Unisys Corp. Retiree Medical Benefit "ERISA"*
    *Litigation*, *In re*,
    242 F.3d 497 (3d Cir.),
    *cert. denied*, 534 U.S. 1018 (2001)................................................2


Statutes

29 U.S.C. §1113.........................................................................5, f.n. 3

29 U.S.C. §1113 (2).........................................................................2


Court Rules

Fed. R. Civ. P. 1.............................................................................8

### ARGUMENT

### POINT I

**THE OPPOSITION PAPERS ARE UNPERSUASIVE; THE COMPLAINT IS
BARRED BY ERISA'S STATUE OF LIMITATIONS.**

The Plaintiffs' opposition papers do nothing more than
repeat the conclusory allegations contained in the
complaint[1], and couple the repetition with conclusory
statements that these allegations show that Dr. Criscito
engaged in active concealment of his alleged defalcations.
At bottom, the main factual allegation supporting
Plaintiffs' cause of action is that that "in early January
2000," Dr. Criscito wrongfully removed profits from a
Morgan Stanley account in the name of the Plan which had
been generated in a stock named "Veritas." ¶22. The
complaint alleges that Dr. Criscito purchased "substantial
additional shares of this stock" in or about January 1999.
¶23. The complaint further alleges that "Veritas soared in
value in 1999," ¶24, and that Dr. Criscito sold the stock
in January of 2000, ¶25, and that Dr. Criscito falsified

---

[1] Plaintiffs also fault the defendant for failing to attach a
copy of the complaint to the motion papers. The complaint
is, of course, already on file and is part of the record in
this case. It was omitted from the moving papers for that
reason, so as to not burden the Court with excessive
documentation which was already in the record and easily
accessible to the Court. The moving papers contain
numerous pinpoint citations to specific portions of the
complaint.

the value of this stock "on or about January 13, 2000," so that he could capture a substantial amount of the profits for himself.  ¶26.

Although the complaint alleges that the Plaintiffs did not become aware of this until July 2007, ¶29, the complaint does not allege any affirmative conduct on Dr. Criscito's part, after January of 2000, to conceal the alleged fraud or otherwise.  Despite the protestations in the opposition papers, the complaint does not allege that Dr. Criscito engaged in any further actions, after January of 2000, to actively conceal his alleged defalcation.

Although 29 U.S.C. §1113 (2) states that ERISA's statute of limitations will be tolled in cases of "fraud or concealment," case law interpreting the statute makes clear that a party seeking the benefit of this provision must not simply allege initial fraud, but must also allege that the fiduciary acted affirmatively and actively to conceal the alleged wrongdoing.  *See Ranke v. Sanofi-Synthelabo, Inc.*, 436 F.3d 197, 204 (3d Cir. 2006)("The relevant question is not whether the complaint 'sounds in concealment,' but rather whether there is evidence that the defendant took affirmative steps to hide its breach of fiduciary duty."); *In re Unisys Corp. Retiree Medical Benefit "ERISA" Litigation*, 242 F.3d 497, 502 (3d Cir.), *cert. denied*, 534

U.S. 1018 (2001)("The issue raised by this provision is not simply whether the alleged breach involved some kind of fraud but rather whether the fiduciary took *ongoing, continuing steps to hide its breach* so that the statute should not begin to run until the breach is discovered." (emphasis added)); *Kurz v. Philadelphia Electric Co.*, 96 F.3d 1544, 1552 (3d Cir. 1996), *reh'g denied*, 113 F.3d 432, *cert. denied*, 522 U.S. 913 (1997)("The relevant question is therefore not whether the complaint 'sounds in concealment,' but rather whether there is evidence that the defendant took affirmative steps to hide its breach of fiduciary duty.").

Apart from the allegations of an initial alleged fraudulent scheme in January of 2000, the complaint does not allege any affirmative steps taken thereafter by Dr. Criscito to hide his alleged breach of fiduciary duty. Fraud is, by its very nature, a secretive endeavor.  One who commits a fraud does not ordinarily broadcast the fact to the world.  If the "fraud" exception of 29 U.S.C. §1113 (2) simply applied whenever there was an allegation of an initial fraudulent act, then the case law adding the "active concealment" element would not be necessary.  The Plaintiffs have alleged, at most, a self-concealing fraud which took place in January of 2000.  In *Ranke*, 436 F.3d at

203-4, the Third Circuit recognized that "the fact that a breach is self-concealing or not readily apparent does not extend the statute of limitations under the 'fraud or concealment' exception," citing Unisys, 242 F.3d at 503-4.

Similarly, while the Plaintiffs allege that Dr. Criscito made personal use of the funds in the Plan after the other participants' accounts had been severed from his, they claim this to be "active concealment" or "ongoing fraud" on the basis that Dr. Criscito allegedly placed Plan assets belonging to other Plan members into his portion of the Plan at the time the Plan was split into self-directed accounts in 2000 and, with respect to one participant, in 2001. However, this is not a new fraud, nor can it be characterized in any way as an attempt to actively conceal the alleged fraud which took place in January of 2000. It is simply an improper effort by the Plaintiffs to "revive" the alleged January, 2000 fraudulent scheme.

Plaintiffs also argue, repeatedly, that Dr. Criscito was the "sole trustee" of the Plan[2], as if this somehow

---

[2] Although not pertinent to this motion to dismiss, Dr. Criscito disputes this allegation. Although Dr. Criscito was the sole trustee named in the Plan documents, other physicians in the practice had knowledge of, and involvement with, the inner workings of the Plan. As set forth in Point II, infra, one of the plaintiffs, Dr. Casella, had extensive discussions with the practice's

equates to "active concealment" of alleged fraud.  This is simply not the case.  The fact that Dr. Criscito may have been the "sole trustee" does not automatically mean that he engaged in active concealment of any fraud.  Again, this is, at most, an allegation of a self-concealing fraud, which is insufficient to invoke the application of the "fraud" exception of 29 U.S.C. §1113 (2).

Finally, while the Plaintiffs are correct that the defendant bears the initial burden of raising the statute of limitations defense, the Plaintiffs ignore case law which places the affirmative burden upon them to demonstrate that they are entitled to invoke the "fraud" exception of 29 U.S.C. §1113 (2).  The Plaintiffs had an affirmative duty to exercise due diligence with respect to the operation of the Plan, and they simply fail to allege that they did so.  Again, simply reciting the mantra that Dr. Criscito was the "sole trustee" in not sufficient to meet this duty.  *Kurz*, 96 F.3d at 1552 ("the courts of appeals have interpreted the final clause of § 413's[3] as incorporating the federal doctrine of fraudulent concealment: The statute of limitations is tolled until the

---

accountants, Frank Yula, C.P.A. and Kenneth A. Young, C.P.A., regarding annual contributions to the Plan.

[3] 29 U.S.C. §1113.

plaintiff in the exercise of reasonable diligence discovered or should have discovered the alleged fraud or concealment."); *Schaefer v. Arkansas Medical Society*, 853 F.2d 1487, 1491-2 (8th Cir. 1988)("29 U.S.C. § 1113 incorporates 'the fraudulent concealment doctrine,' which requires 'that plaintiffs show (1) that defendants engaged in a course of conduct designed to conceal evidence of their alleged wrongdoing *and* that (2) they were not on actual or constructive notice of that evidence, despite (3) their exercise of due diligence.'" (emphasis added)). The law places an affirmative obligation upon Plaintiffs to have exercised due diligence and the complaint in this case fails to even allege due diligence.

At best, the Plaintiffs' complaint in this action alleges a self-concealing fraud which took place in January of 2000, and that while Dr. Criscito did nothing after this time to disclose this alleged fraud, neither did he attempt to actively conceal this alleged fraud, and that the Plaintiffs did not discover the alleged fraud until Dr. Criscito was expelled from Diagnostic & Clinical Cardiology, P.A. Other than claiming that Dr. Criscito was the Plan's sole trustee, they do not allege that they made any efforts, whatsoever, to ascertain the true status of the Plan assets. Indeed, with knowledge of the number of

Veritas shares which were held by the account in 2000, and the market price of the shares[4], the Plaintiffs could have easily determined the value of this portion of the Plan at that time.

The Plaintiffs' claims are barred by the applicable statute of limitations.  The complaint in this action must be dismissed, with prejudice.  *See Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n. 3 (1981).

---

[4] Of course, the market price of the shares was public information, widely available.

## <u>POINT II</u>

**IN THE ALTERNATIVE, IN THE EVENT THIS MOTION IS NOT GRANTED, THE COURT SHOULD ORDER FOCUSED, LIMITED DISCOVERY ON THE ISSUE OF ERISA'S STATUTE OF LIMITATIONS.**

In the alternative, in the event the defendant's motion to dismiss is not granted, the Court should order limited, focused discovery regarding the facts and circumstances pertinent to the statute of limitations. Judicial economy, and the interests of the parties, will be best served if this threshold issue is disposed of prior to the commencement of full discovery and vigorous litigation. *See* Fed. R. Civ. P. 1 (the Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy and inexpensive determination of every action and proceeding").

Accompanying this brief are declarations of Frank Yula, C.P.A. ("Mr. Yula") and Kenneth A. Young, C.P.A. ("Mr. Young"). Messrs. Yula and Young served as the accountant for Diagnostic & Clinical Cardiology, P.A. from approximately 1994 until 2006, during the time relevant to this cause of action. In their declarations, Messrs. Yula and Young state that they received annual information regarding the Plan contributions from one of the Plaintiffs, Dr. Casella, and not from Dr. Criscito. The defense also has other information in its possession which

indicates that Dr. Casella had direct involvement with the Plan during the relevant period.

It is clear, based upon the very limited information available to the defense at this time, that the Plaintiffs' claims that Dr. Criscito, as the "sole trustee" of the Plan, was the only person with substantive knowledge of, or involvement with, the inner workings of the Plan, is simply untrue.   There is evidence that, at the very least, Dr. Casella had substantial involvement in the Plan.

The Plaintiffs seek to avoid the application of the statute of limitations in the case on the basis of wholly conclusory allegations that they had no knowledge of the alleged fraud, and could not obtain such knowledge until after Dr. Criscito was removed as trustee of the Plan. However, Messrs. Yula's and Young's declarations make it plain that at least one of the Plaintiffs, Dr. Casella, had significant, ongoing involvement with the Plan and every opportunity to learn of any irregularity.

Although Messrs. Yula's and Young's declarations set forth facts outside the pleadings which cannot be considered on the defendant's motion to dismiss, they raise significant factual issues about the Plaintiffs' knowledge of the operation of the Plan, to require that the statute of limitations issue be addressed prior to the parties

embarking on full discovery and litigation of this entire case. It will serve judicial economy to provide for limited discovery at this time on these issues bearing upon the applicability of the statute of limitations. If this discovery reveals that the Plaintiffs had sufficient involvement with the Plan that they knew, or should have known, of the alleged fraud, then summary judgment on the statute of limitations would be appropriate.

<u>**CONCLUSION**</u>

For the foregoing reasons, as well as for the reasons set forth in the defendant's main brief in support of this motion, the Plaintiffs' complaint must be dismissed with prejudice and without costs.  In the alternative, in the event the motion is not granted, this Court should order immediate, focused discovery on the facts and circumstances surrounding the applicability of ERISA's statute of limitations, so that this threshold issue may be decided prior to the expenditure of significant resources, both on the part of the Court and the parties.

Respectfully submitted,

**KERN AUGUSTINE
CONROY & SCHOPPMANN, P.C.**
Attorneys for Defendant


By:_____/S/_____
       Robert J. Conroy



Dated:      Bridgewater, New Jersey
            June 6, 2008

11