
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DR. FADI CHAABAN, DR. SABINO R. TORRE, DR. CONSTANTINOS A. COSTEAS, DR. ANTHONY J. CASELLA, as trustees of Diagnostics & Clinical Cardiology, P.A. Profit Sharing Plan,**<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>**DR. MARIO A. CRISCITO,**<br><br>　　　　Defendant. | MASTER FILE: 08-CV-1567<br>(WJM)<br><br><br>OPINION<br><br>HON. WILLIAM J. MARTINI |

Stephen M. Charme
Witman, Stadtmauer & Michaels, P.A.
26 Columbia Turnpike
Florham Park, NJ 07932-2246

(*Counsel for Plaintiffs*)

Robert J. Conroy
Conroy & Schoppmann, PC
1120 Route 22 East
Bridgewater, NJ 08807

(*Counsel for Defendant*)

**WILLIAM J. MARTINI, U.S.D.J.:**

　　　　Defendant moves to dismiss Plaintiffs' ERISA claims on the grounds that Plaintiffs filed them more than six years after Defendant's allegedly wrongful actions. Although ERISA does provide a six-year statute of limitations, this period tolls if a

defendant conceals his wrongdoing until Plaintiff discovers or should discover it. Here, Plaintiffs adequately allege that Defendant concealed his wrongdoing, preventing Plaintiffs from discovering it until quite recently. Accordingly, Plaintiffs' claims as pled are timely, and Defendant's motion to dismiss is **DENIED**.

I.   **FACTS AND PROCEEDINGS**

This case concerns Defendant's alleged concealed breach of his fiduciary duties to an employee benefit plan.[1] Plaintiffs are the current trustees of this plan. (Compl. ¶¶ 8–11.) They allege that Defendant, the former trustee, secretly diverted the plan's assets to his own benefit. (Compl. ¶¶ 1–7, 12.)

Plaintiffs allege that Defendant accomplished this diversion through a series of schemes spanning several decades until 2007, while he was the sole trustee. (Compl. ¶¶ 20–67.) For example, Plaintiffs allege that in 1982 Defendant borrowed money from the plan, part of which loan remains outstanding and part of which Defendant illegally repaid with contributions from the plan's employer. (Compl. ¶¶ 61–62.) Plaintiffs allege that in late 1999 and early 2000, Defendant purposely under-reported to the plan's third party administrator the values of certain of the plan's investment accounts (one account with Morgan Stanley and another with Smith Barney) and transferred the unreported overages to his own personal accounts. (Compl. ¶¶ 20–36.) Finally, Plaintiffs allege that

---

[1] Because this is a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court recites the facts as alleged in the complaint in the light most favorable to Plaintiffs. See <u>Victaulic Co. v. Tieman</u>, 499 F.3d 227, 234 (3d Cir. 2007).

Defendant withdrew money from the plan on various occasions and guided it into his own personal accounts or used it to pay for goods or services that he purchased solely for his own benefit. (Compl. ¶¶ 43–58.)

Furthermore, Plaintiffs allege that Defendant intentionally concealed this diversion. (Compl. ¶ 2.) Plaintiffs allege that Defendant's concealment precluded them from discovering his wrongdoing until they replaced Defendant as trustees, in 2007. (Compl. ¶ 6.)

Based on these allegations of over thirty years of wrongdoing, Plaintiffs filed the instant suit in March 2008. Plaintiffs claim that Defendant violated his fiduciary duties to the plan as set forth in the Employee Retirement Income Security Act (ERISA). (Compl. ¶¶ 68–75.)

Defendant now moves to dismiss Plaintiffs' complaint under Federal Rule of Civil Procedure 12(b)(6). Defendant's sole argument is that the complaint is barred by ERISA's statute of limitations.[2]

## II.   DISCUSSION

Courts may dismiss a complaint under Rule 12(b)(6) if it fails to state claim upon which relief may be granted. Dismissal is thus proper where a claim is barred by a statute

---

[2]In Defendant's reply, he also moves in the alternative for limited discovery on the ERISA statute of limitations issue, perhaps in preparation for a summary judgment motion. Because Defendant does not raise this issue until the reply, however, the Court will not consider it. See <u>Bayer AG v. Schein Pharmaceutical</u>, 129 F. Supp. 2d 705, 716 (D.N.J. 2001).

of limitations. Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002). In evaluating a motion to dismiss, courts will accept the allegations in the complaint as true and view them in the light most favorable to the plaintiff. See Victaulic Co. v. Tieman, 499 F.3d 227, 234 (3d Cir. 2007).

Defendant argues that Plaintiffs' complaint fails to state a claim because all claims alleged are barred by ERISA's six-year statute of limitations. Defendant reasons that Plaintiffs did not file this complaint until March 2008 even though their claims stem from Defendant's alleged conduct occurring in some instances decades ago. Plaintiffs oppose and argue that ERISA's six-year statute of limitations tolled because Defendant intentionally concealed his breach from Plaintiffs. The Court agrees with Plaintiffs.

ERISA contains a statute of limitations for claims that a defendant has breached his fiduciary duties to an employee plan. Section 413 of ERISA, 29 U.S.C. § 1113, provides that a plaintiff must normally bring such a claim—at the latest—within six years of "the date of the last action which constituted a part of the breach or violation." However, section 413 also contains an exception to this rule: "in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation."

When determining whether an ERISA fiduciary has concealed a breach of his fiduciary duties and thus tolled the statute of limitations until plaintiffs should or did discover the breach, the question is "whether there is evidence that the defendant took

4

affirmative steps to hide its breach." Kurz v. Phila. Elec. Co., 96 F.3d 1544, 1552 (3d Cir. 1996). The statute of limitations does not toll merely because the fiduciary's misconduct was innately difficult to detect; the fiduciary must act affirmatively to conceal the wrongdoing. Ranke v. Sanofi-Synthelabo Inc., 436 F.3d 197, 204 (3d Cir. 2006). For example, the District Court for the Eastern District of Pennsylvania has held that ERISA's statute of limitations did not toll for claims that an employer merely failed to inform his employees of their eligibility for an employee benefit plan because there was no evidence that the employer took affirmative steps to prevent the employees from discovering their eligibility. Keen v. Lockheed Martin Corp., 486 F. Supp. 2d 481, 493 (E.D. Pa. 2007). In contrast, this Court has held that ERISA's statute of limitations tolls on claims for breach of fiduciary duty where the defendant made misrepresentations and omissions to plaintiffs to prevent them from learning of the breach. Finley v. Dun & Bradstreet Corp., 471 F. Supp. 2d 485, 493 (D.N.J. 2007).

Here, Plaintiffs clearly allege that Defendant made affirmative misrepresentations to conceal his wrongdoing. The complaint contains at least the following relevant allegations:

> During his tenure as trustee [Defendant] ensured that nobody . . . received any information about his handling of Plan assets, and knowingly, intentionally and fraudulently failed to supply appropriate and correct information to the third-party administrator . . . . (Compl. ¶ 2.)
>
> . . . .

5

> [I]n order to retain for his own account balance the lion's share of the increase in the value of the Morgan Stanley Account, defendant knowingly, intentionally, and fraudulently concealed and falsified the true 1999 year-end value of this account that he communicated to the third-party administrator as well as to the other Plan participants. (Compl. ¶ 25.)
>
> . . . .
>
> As a further direct result of defendant's fraud, he knowingly, intentionally and fraudulently caused the Plan to file a false annual tax return for 1999 (known as Form 5500) with governmental agencies that grossly understated the true value of Plan assets for 1999. (Compl. ¶ 41.)

Accepting these allegations as true, as the Court must on a motion to dismiss, they clearly support a finding that Defendant intentionally concealed his breach of fiduciary duties to the ERISA plan.

Defendant also contends that even if Plaintiffs do allege that he intentionally concealed his fraud, their complaint is deficient because it fails to allege that they exercised due diligence in attempting to discover this fraud. Again the Court disagrees. Defendants are correct that ERISA's statute of limitations only tolls until Plaintiffs could have discovered Defendant's fraud with reasonable diligence. Kurz, 96 F.3d at 1552. Here, however, Plaintiffs' complaint sets forth several allegations supporting a conclusion that they could not have discovered Defendant's fraud—even with reasonable diligence:

> It was not until after defendant's removal as the sole trustee in July 2007, that the current trustees of the Plan had access to information and documents that disclosed defendant's massive fraud and wrongdoing, the full extent of which is still not known. (Compl. ¶ 6.)

> . . . .
>
> [Defendant] arranged for all information about the Plan to be sent directly to him at his home rather than to the office of [the plan's employer], where other Plan participants might have access to it. As described herein, he did so to conceal his use of Plan assets for his own personal benefit in breach of his fiduciary duties under ERISA. (Compl. ¶ 19.)

Again, accepting these allegations as true and viewing them in the light most favorable to Plaintiffs, the Court finds that they support a conclusion that Plaintiffs could not have discovered Defendant's fraud until they replaced Defendant as a trustee in July 2007. Accordingly the Court holds that under the facts alleged in the complaint, the statute of limitations on Plaintiffs' claims did not begin to run until that date. Plaintiffs' claims as presented in their complaint are thus timely filed.

### III.  CONCLUSION

The Court holds that under the facts as alleged in Plaintiffs' complaint, Plaintiffs have filed this suit within ERISA's six-year statute of limitations. Defendant's motion to dismiss is accordingly **DENIED**. An Order accompanies this Opinion.


                                             s/ William J. Martini
                                             William J. Martini, U.S.D.J.