<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
<u>**FOR THE DISTRICT OF NEW JERSEY**</u>

| | |
|---|---|
| DR. FADI CHAABAN; DR. SABINO R. TORRE; DR. CONSTANTINO A. COSTEAS and DR. ANTHONY J. CASELLA, as Trustees of Diagnostic & Clinical Cardiology, P.A. Profit Sharing Plan,<br><br>Plaintiffs,<br><br>v.<br><br>DR. MARIO A. CRISCITO,<br><br>Defendant. | Civil Action No. 08-1567 (JAG)<br><br>**OPINION** |

<u>**GREENAWAY, JR., U.S.D.J.**</u>

This matter comes before this Court on the motion by Defendant, Dr. Mario Criscito ("Defendant"), to set aside the entry of default, pursuant to FED. R. CIV. P. 55(c); and on the motion by Plaintiffs, Drs. Fadi Chaaban, Sabino Torre, Constantino Costeas, and Anthony Casella (collectively "Plaintiffs"), for sanctions, pursuant to FED. R. CIV. P. 11(c). For the reasons set forth below, Defendant's motion to set aside the entry of default shall be granted, and Plaintiffs' motion for sanctions shall be denied.

**I. BACKGROUND**

On March 3, 2008, Plaintiffs filed a Complaint against Defendant, seeking damages related to Defendant's alleged breach of fiduciary duty to an employee benefit plan.[1] Plaintiffs

---

[1] The parties here are well aware of the factual intricacies underlying the instant action, as they have been discussed at length in an opinion by the Honorable William J. Martini, United States District Judge for the District of New Jersey, considering and denying Defendant's motion

executed personal service of the summons and complaint on Defendant on April 3, 2008.

On May 7, 2008, Defendant filed a pre-answer motion to dismiss Plaintiffs' Complaint, pursuant to FED. R. CIV. P. 12(b)(6).

On June 24, 2008, Judge Martini filed an Order (Docket No. 13), and separate Opinion (Docket No. 12), denying Defendant's motion to dismiss. The Court notified the parties of the action that same day.

Pursuant to Rule 12(a)(4)(A), Defendant was required to serve its responsive pleading within ten (10) days of being notified of the Court's decision denying Defendant's motion to dismiss. Defendant did not file a timely response, and on July 16, 2008, Plaintiffs requested, and the Clerk of this Court filed, an entry of default against Defendant. On July 21, 2008, Defendant filed a motion to set aside the default entry, pursuant to FED. R. CIV. P. 55(c).

On July 2, 2008, Plaintiffs also filed a motion for sanctions against Defendant, pursuant to FED. R. CIV. P. 11(c), asserting that Defendant's filing of the motion to dismiss violated Rule 11 of the Federal Rules of Civil Procedure.

## II.  DEFAULT JUDGMENT

Defaults are disfavored, and where a party has moved to set aside a default, doubtful cases should be resolved in favor of the party moving to set aside a default entry "so that cases may be decided on their merits." See United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984). "Between the extremes of repeated contumacious conduct and innocent procedural error are the manifold instances of neglect and inadvertence that require trial

---

Cont.

to dismiss. As a result, this Court will not labor to reiterate those facts that are tangential to the key issues of default and sanctions. The instant action, although originally before Judge Martini, was reassigned to this Court on July 7, 2008.

courts to weigh the equities of the situation and the need for the efficacious resolution of controversies." Feliciano v. Reliant Tooling Co., Ltd., 691 F.2d 653, 656 (3d Cir. 1982). "The exercise of such judgment does not lend itself to a rigid formula or to a per se rule." Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984).

Rule 55(c) of the Federal Rules of Civil Procedure provides that "[f]or good cause shown, the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." FED. R. CIV. P. 55(c). In resolving a motion to set aside a default under Rule 55(c), courts should consider: (1) whether the defendant has a meritorious defense; (2) whether the default was the result of the defendant's culpable conduct; and (3) whether the plaintiff will be prejudiced. See United States v. $55,518.05 in U.S. Currency, 728 F.2d at 194-95.

In deciding a motion to vacate a default entry, courts should consider whether the party seeking to vacate the default has demonstrated good cause. See FED. R. CIV. P. 55(c). Any doubts should be resolved in favor of vacating a default entry so that cases may be decided on their merits. See United States v. $55,518.05 in U.S. Currency, 728 F.2d at 194-95. Courts should examine whether the defendant may have a meritorious defense, assess the prejudice to the plaintiff of vacating a default, and evaluate whether the default resulted from the culpable conduct of the defendant. Id.

This Court has considered these factors and the parties' submissions. For the reasons set forth below, Defendant's motion to vacate the entry of default shall be granted.

**A.      Meritorious Defense**

One of the primary considerations in deciding a motion to vacate an entry of default is whether the defendant has a meritorious defense. Id. The showing of a meritorious defense is

accomplished when "allegations of defendant's answer, if established, would constitute a complete defense to the action." Id.

Here, it appears that Defendant has alleged sufficient facts that, if established, would constitute a meritorious defense to Plaintiffs' breach of fiduciary duty claims. Primarily, Defendant has alleged that certain Plaintiffs were aware of the details of the profit sharing plan, a fact that, if established, would undermine Plaintiffs' allegation that Defendant actively concealed his breach. (See Defendant's Brief in Support of the Motion to Set Aside Default ("Def. Moving Br."), p. 8 (citing the Declaration of Frank Yula, C.P.A., and the Declaration of Kenneth A. Young, C.P.A., attached thereto).) Thus, this factor supports vacating the entry of default against Defendant.

**B.     Culpable Conduct**

This Court next considers whether the default entry was a product of Defendant's culpable conduct. Although Defendant failed to respond to Plaintiffs' Complaint in a timely fashion after Judge Martini rendered his opinion on Defendant's motion to dismiss, Defendant's actions in this case do not rise to the level of culpable conduct.

In determining whether a default entry resulted from the culpable conduct of a Defendant, courts examine the "willfulness" or "bad faith" of a non-responding defendant. Hritz, 732 F.2d at 1182. A finding of culpable conduct requires more than mere negligence. Id. Certainly, "willfulness" and "bad faith" include acts intentionally designed to avoid compliance with court notices. Id. The fact that the defendant or his counsel neglected the obligation to respond is not sufficient to establish culpable conduct. See Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir. 1982).

In this case, counsel for Defendant has averred that the failure to produce timely

responses to Plaintiffs' complaint was the result of unintentional miscommunication and incorrect notification that transpired at counsel's law firm.  (See Declaration of Robert J. Conroy; Declaration of R. Bruce Crelin; Declaration of Kevin M. Leary, all attached to Def. Moving Br.)  Based on Defendant's declarations, this Court is satisfied that Defendant's failure to respond was not done willfully or in bad faith, and thus, does not constitute culpable conduct.

**C.     Prejudice**

This Court also must consider whether Plaintiffs will suffer prejudice if the entry of default is vacated.  Prejudice can be defined as the loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment.  See Feliciano, 691 F.2d at 657.  A delay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice sufficient to prevent vacating a default entry entered at an early stage of the proceeding.  See id.  In addition, prejudice suffered by a non-defaulting party often can be rectified through the trial court's power under Rule 60(b) to impose terms and conditions upon the opening of a default entry.  See id.

There is no claim that Plaintiffs have suffered, or will suffer prejudice as a result of Defendant's delay.  This Court concludes that Plaintiffs will not suffer prejudice by vacating the default entry.

### III.  MOTION FOR SANCTIONS

Plaintiffs move for sanctions against Defendant, pursuant to Fed. R. Civ. P. 11(c).  The rule provides, in relevant part, that,

> By presenting to the court a pleading, written motion, or other paper–whether by signing, filing, submitting, or later advocating it–an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

>(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
>(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
>(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
>(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

FED. R. CIV. P. 11(b)

Rule 11 "requires a reasonable inquiry into both the facts and the law supporting a particular pleading . . . [The] proper analysis should focus on the circumstances that existed at the time counsel filed the challenged paper." Schering Corp. v. Vitarine Pharmaceuticals, Inc., 889 F.2d 490, 496 (3d Cir. 1989). That is, "the Rule 11 test 'is now an objective one of reasonableness' and seeks to discourage pleadings 'without factual foundation, even though the paper was not filed in subjective bad faith.' Rule 11 also seeks to ensure a pleading is not used for 'an improper purpose, such as to cause harassment, undue delay, or needless increase in litigation expense.' " Lony v. E.I. Du Pont De Nemours & Co., 935 F.2d 604, 616 (3d Cir. 1991) (quoting Lieb v. Topstone Indus., 788 F.2d 151, 157 (3d Cir. 1986)). "Generally, sanctions are prescribed 'only in the 'exceptional circumstance' where a claim or motion is patently unmeritous [sic] or frivolous.' " Ford Motor Co. v. Summit Motor Products, Inc., 930 F.2d 277, 289 (3d Cir. 1991) (quoting Doering v. Union County Bd. of Chosen Freeholders, 857 F.2d 191, 194 (3d Cir. 1988)).

Plaintiffs argue that Defendant violated Rule 11 by bringing the motion to dismiss. (See

generally Plaintiffs' Brief in Support of the Motion for Sanctions.)  Plaintiffs contend that Defendant's motion to dismiss, which effectively argued that Plaintiffs' Complaint failed to allege affirmative or active concealment of fraudulent activity, ignored several relevant allegations in the Complaint.  (Id.)  Plaintiffs assert that Defendant's filing of the motion on these grounds was, thus, done frivolously, and "to harass plaintiffs, to cause unnecessary delay, and to increase the costs of this lawsuit."  (Id., p. 1.)  Defendant disputes Plaintiffs' imputation, rather stating that Defendant "believed that the allegations of the complaint simply stated 'self-concealing' frauds, rather than the type of 'active concealment' which would justify tolling the statute of limitations."  (Defendant's Letter Brief in Opposition to Plaintiffs' Motion for Sanctions, p. 3.)

In denying Defendant's motion to dismiss, Judge Martini disagreed with Defendant's reading of Plaintiffs' Complaint.  Notwithstanding the ruling against Defendant, there is nothing before this Court to indicate that Defendant's filing of the motion rises to a level of improper conduct, sanctionable under Rule 11.

### III.  CONCLUSION

For the foregoing reasons, Defendant's motion to set aside the entry of default, pursuant to FED. R. CIV. P. 55(c), is granted.  Plaintiffs' motion for sanctions, pursuant to FED. R. CIV. P. 11(c), is denied.

Date: February 3, 2009

        S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.