**KERN AUGUSTINE**
**CONROY & SCHOPPMANN, P.C.**
1120 Route 22 East
Bridgewater, New Jersey 08807
(908) 704-8585
Attorneys for Defendant
RC-8060

| | |
|---|---|
| DR. FADI CHAABAN; DR. SABINO R. TORRE; DR. CONSTANTINOS A. COSTEAS and DR. ANTHONY J. CASELLA, as Trustees of Diagnostic & Clinical Cardiology, P.A. Profit Sharing Plan,<br><br>    Plaintiffs,<br><br>    v.<br><br>DR. MARIO A. CRISCITO,<br><br>    Defendant. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>Civil Action<br><br>Case No. 2:08-cv-1567 (JAG - MCA)<br><br>ANSWER, SEPARATE DEFENSES, COUNTERCLAIM, JURY DEMAND AND CERTIFICATION PURSUANT TO L. CIV. R. 11. 2 |

    The Defendant, Dr. Mario A, Criscito ("Dr. Criscito"), residing at 32 Chelsea Drive in the Township of Livingston, County of Essex and State of New Jersey, by and through his attorneys, Kern Augustine Conroy & Schoppmann, P.C., by way of answer to the Plaintiffs' complaint, states as follows:

## AS TO THE ALLEGATIONS DENOMINATED "NATURE OF THE ACTION"

    1.    The allegations contained in this paragraph of the complaint state legal conclusions, as to which no answer is required. To the extent an answer may be required, and to the extent the allegations contained in this paragraph of the complaint may be deemed to constitute factual allegations of wrongdoing against the Defendant, said allegations are specifically denied.

2. Defendant admits he is a cardiologist, admits he was the founder of a medical group in West Orange, New Jersey named "Diagnostic & Clinical Cardiology, P.A." ("DCC"), and admits he was wrongfully expelled from his medical group on or about August 2, 2007. Allegations regarding the contents of the Plan, and Defendant's status as the alleged "sole trustee" of the Plan, depend upon a document or documents which, if they exist, form the best evidence of their contents and speak for themselves. Defendant states that, notwithstanding his *de jure* status with respect to the Plan, others, including but not limited to the Plaintiffs, had access to relevant Plan documents and knowledge of activities regarding the Plan during the time frame alleged in the complaint. Defendant denies the balance of the allegations contained in this paragraph of the complaint.

3. Defendant denies the allegations set forth in this paragraph of the complaint.

4. Defendant denies the allegations set forth in this paragraph of the complaint.

5. Defendant denies the allegations set forth in this paragraph of the complaint.

6. Defendant denies the allegations set forth in this paragraph of the complaint.

7. The allegations contained in this paragraph of the complaint state legal conclusions, as to which no answer is required. To the extent an answer may be required, and to the extent the allegations contained in this paragraph of the complaint may be deemed to constitute factual allegations of wrongdoing against the Defendant, said allegations are specifically denied.

## AS TO THE ALLEGATIONS DENOMINATED "THE PARTIES"

8.  Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in this paragraph of the complaint, and leaves the Plaintiffs to their proofs.

9.  Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in this paragraph of the complaint, and leaves the Plaintiffs to their proofs.

10. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in this paragraph of the complaint, and leaves the Plaintiffs to their proofs.

11. The Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in this paragraph of the complaint, and leaves the Plaintiffs to their proofs.

12. The Defendant admits he is a citizen of the State of New Jersey and a resident of the Township of Livingston, admits that he is a cardiologist, admits he was the founder of a medical group in West Orange, New Jersey named "Diagnostic & Clinical Cardiology, P.A." ("DCC"), and admits he was wrongfully expelled from his medical group on or about August 2, 2007. Allegations regarding the contents of the Plan, and Defendant's status as the alleged "sole trustee" of the Plan, depend upon a document or documents which, if they exist, form the best evidence of their contents and speak for themselves. Defendant states that, notwithstanding his *de jure* status with respect to the Plan, others, including but not limited to the Plaintiffs, had access to relevant Plan documents and knowledge of activities regarding the Plan during the time

frame alleged in the complaint. Defendant denies the balance of the allegations contained in this paragraph of the complaint.

### AS TO THE ALLEGATIONS DENOMINATED "JURIDICTION AND VENUE"

13. The allegations contained in this paragraph of the complaint state legal conclusions, as to which no answer is required. To the extent an answer may be required, and to the extent the allegations contained in this paragraph of the complaint may be deemed to constitute factual allegations of wrongdoing against the Defendant, said allegations are specifically denied.

14. The allegations contained in this paragraph of the complaint state legal conclusions, as to which no answer is required. To the extent an answer may be required, and to the extent the allegations contained in this paragraph of the complaint may be deemed to constitute factual allegations of wrongdoing against the Defendant, said allegations are specifically denied.

15. The allegations contained in this paragraph of the complaint state legal conclusions, as to which no answer is required. To the extent an answer may be required, and to the extent the allegations contained in this paragraph of the complaint may be deemed to constitute factual allegations of wrongdoing against the Defendant, said allegations are specifically denied.

### AS TO THE ALLEGATIONS DENOMINATED "CAUSE OF ACTION"

16. Defendant admits he formed DCC in or about 1977. Allegations regarding the contents of the Plan, and Defendant's status as the alleged "sole trustee" of the Plan, depend upon a document or documents which, if they exist, form the best evidence of their contents and speak for themselves. Defendant states that, notwithstanding his *de jure* status with respect to

the Plan, others, including but not limited to, the Plaintiffs, had access to relevant Plan documents and knowledge of activities regarding the Plan during the time frame alleged in the complaint. To the extent these allegations may be deemed to allege any wrongdoing on the part of the Defendant, said allegations are specifically denied.

17. Allegations regarding the contents of the Plan, and Defendant's status as the alleged "sole trustee" of the Plan, depend upon a document or documents which, if they exist, form the best evidence of their contents and speak for themselves. Defendant states that, notwithstanding his *de jure* status with respect to the Plan, others, including, but not limited to, the Plaintiffs, had access to relevant Plan documents and knowledge of activities regarding the Plan during the time frame alleged in the complaint. To the extent these allegations may be deemed to allege any wrongdoing on the part of the Defendant, said allegations are specifically denied.

18. Defendant neither admits nor denies this paragraph of the complaint, as it is not a factual allegation.

19. Allegations regarding the contents of the Plan, and Defendant's status as the alleged "sole trustee" of the Plan, depend upon a document or documents which, if they exist, form the best evidence of their contents and speak for themselves. Defendant states that, notwithstanding his *de jure* status with respect to the Plan, others, including, but not limited to, the plaintiffs, had access to relevant Plan documents and knowledge of activities regarding the Plan during the time frame alleged in the complaint. To the extent these allegations may be deemed to allege any wrongdoing on the part of the Defendant, said allegations are specifically denied.

20. Allegations regarding the contents of the Plan, and Defendant's status as the alleged "sole trustee" of the Plan, depend upon a document or documents which, if they exist, form the best evidence of their contents and speak for themselves. Defendant states that, notwithstanding his *de jure* status with respect to the Plan, others, including but not limited to the plaintiffs, had access to relevant Plan documents and knowledge of activities regarding the Plan during the time frame alleged in the complaint. To the extent these allegations may be deemed to allege any wrongdoing on the part of the Defendant, said allegations are specifically denied.

21. Allegations regarding the contents of the Plan, and Defendant's status as the alleged "sole trustee" of the Plan, depend upon a document or documents which, if they exist, form the best evidence of their contents and speak for themselves. Defendant states that, notwithstanding his *de jure* status with respect to the Plan, others, including, but not limited to, the Plaintiffs, had access to relevant Plan documents and knowledge of activities regarding the Plan during the time frame alleged in the complaint. To the extent these allegations may be deemed to allege any wrongdoing on the part of the Defendant, said allegations are specifically denied.

22. Allegations regarding the contents of the Plan, and Defendant's status as the alleged "sole trustee" of the Plan, depend upon a document or documents which, if they exist, form the best evidence of their contents and speak for themselves. Defendant states that, notwithstanding his *de jure* status with respect to the Plan, others, including, but not limited to, the Plaintiffs, had access to relevant Plan documents and knowledge of activities regarding the Plan during the time frame alleged in the complaint. To the extent these allegations may be deemed to allege any wrongdoing on the part of the Defendant, said allegations are specifically denied.

23. Allegations regarding the contents of the Plan, and Defendant's status as the alleged "sole trustee" of the Plan, depend upon a document or documents which, if they exist, form the best evidence of their contents and speak for themselves. Defendant states that, notwithstanding his *de jure* status with respect to the Plan, others, including but not limited to the Plaintiffs, had access to relevant Plan documents and knowledge of activities regarding the Plan during the time frame alleged in the complaint. To the extent these allegations may be deemed to allege any wrongdoing on the part of the Defendant, said allegations are specifically denied.

24. Allegations regarding the contents of the Plan, and Defendant's status as the alleged "sole trustee" of the Plan, depend upon a document or documents which, if they exist, form the best evidence of their contents and speak for themselves. Defendant states that, notwithstanding his *de jure* status with respect to the Plan, others, including but not limited to the Plaintiffs, had access to relevant Plan documents and knowledge of activities regarding the Plan during the time frame alleged in the complaint. To the extent these allegations may be deemed to allege any wrongdoing on the part of the Defendant, said allegations are specifically denied.

25. Defendant denies the allegations contained in this paragraph of the complaint.

26. Defendant denies the allegations contained in this paragraph of the complaint.

27. Defendant denies the allegations contained in this paragraph of the complaint.

28. Defendant denies the allegations contained in this paragraph of the complaint.

29. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in this paragraph of the complaint, and leaves the Plaintiffs to their proofs. The Defendant states further that, notwithstanding his *de jure* status with respect to the Plan, others, including but not limited to the Plaintiffs, had access to relevant Plan documents and knowledge of activities regarding the Plan during the time frame alleged in the complaint.

30. Defendant denies the allegations contained in this paragraph of the complaint.

31. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in this paragraph of the complaint, and leaves the Plaintiffs to their proofs. To the extent these allegations may be deemed to allege any wrongdoing on the part of the Defendant, said allegations are specifically denied.

32. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in this paragraph of the complaint, and leaves the Plaintiffs to their proofs. To the extent these allegations may be deemed to allege any wrongdoing on the part of the Defendant, said allegations are specifically denied.

33. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in this paragraph of the complaint, and leaves the Plaintiffs to their proofs. To the extent these allegations may be deemed to allege any wrongdoing on the part of the Defendant, said allegations are specifically denied.

34. Defendant denies the allegations contained in this paragraph of the complaint.

35. The allegations contained in this paragraph of the complaint refer to a document or documents which, if they exist, form the best evidence of their contents and speak for themselves. To the extent these allegations may be deemed to allege any wrongdoing on the part of the Defendant, said allegations are specifically denied.

36. Defendant denies the allegations contained in this paragraph of the complaint.

37. The allegations contained in this paragraph of the complaint state legal conclusions, as to which no answer is required. To the extent an answer may be required, and to the extent the allegations contained in this paragraph of the complaint may be deemed to

constitute factual allegations of wrongdoing against the Defendant, said allegations are specifically denied.

38.     The allegations contained in this paragraph of the complaint state legal conclusions, as to which no answer is required. To the extent an answer may be required, and to the extent the allegations contained in this paragraph of the complaint may be deemed to constitute factual allegations of wrongdoing against the Defendant, said allegations are specifically denied.

39.     Defendant denies the allegations contained in this paragraph of the complaint.

40.     Defendant denies the allegations contained in this paragraph of the complaint.

41.     Defendant denies the allegations contained in this paragraph of the complaint.

42.     The allegations contained in this paragraph of the complaint state legal conclusions, as to which no answer is required. To the extent an answer may be required, and to the extent the allegations contained in this paragraph of the complaint may be deemed to constitute factual allegations of wrongdoing against the Defendant, said allegations are specifically denied.

43.     Defendant admits that he made the withdrawals indicated after he was the sole investor in these accounts.

44.     Defendant denies the allegations contained in this paragraph of the complaint.

45.     Defendant admits that he made the withdrawals indicated after he was the sole investor in these accounts.

46.     Defendant admits that he made the withdrawals indicated after he was the sole investor in these accounts.

47. Defendant admits that he made the withdrawals indicated after he was the sole investor in these accounts.

48. Defendant denies the allegations contained in this paragraph of the complaint.

49. Defendant admits that he made the withdrawals indicated after he was the sole investor in these accounts.

50. Defendant denies the allegations contained in this paragraph of the complaint.

51. Defendant denies the allegations contained in this paragraph of the complaint.

52. Defendant admits he purchased a home in Livingston, New Jersey on or about May 20, 2004. The Defendant denies the characterization of this house as a "luxury home."

53. Defendant denies the allegations contained in this paragraph of the complaint.

54. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in this paragraph of the complaint, and leaves the Plaintiffs to their proofs. To the extent these allegations may be deemed to allege any wrongdoing on the part of the Defendant, said allegations are specifically denied.

55. Defendant admits that he made the withdrawals indicated after he was the sole investor in these accounts.

56. Defendant admits that he made the withdrawals indicated after he was the sole investor in these accounts.

57. Defendant denies the allegations contained in this paragraph of the complaint.

58. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in this paragraph of the complaint, and leaves the Plaintiffs to their proofs. To the extent these allegations may be deemed to allege any wrongdoing on the part of the Defendant, said allegations are specifically denied.

59. The allegations contained in this paragraph of the complaint state legal conclusions, as to which no answer is required. To the extent an answer may be required, and to the extent the allegations contained in this paragraph of the complaint may be deemed to constitute factual allegations of wrongdoing against the Defendant, said allegations are specifically denied.

60. The allegations contained in this paragraph of the complaint state legal conclusions, as to which no answer is required. To the extent an answer may be required, and to the extent the allegations contained in this paragraph of the complaint may be deemed to constitute factual allegations of wrongdoing against the Defendant, said allegations are specifically denied.

61. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in this paragraph of the complaint, and leaves the Plaintiffs to their proofs. To the extent these allegations may be deemed to allege any wrongdoing on the part of the Defendant, said allegations are specifically denied.

62. Defendant denies the allegations contained in this paragraph of the complaint.

63. Allegations regarding the contents of the Plan, and Defendant's status as the alleged "sole trustee" of the Plan, depend upon a document or documents which, if they exist, form the best evidence of their contents and speak for themselves. Defendant states that, notwithstanding his *de jure* status with respect to the Plan, others, including but not limited to the Plaintiffs, had access to relevant Plan documents and knowledge of activities regarding the Plan during the time frame alleged in the complaint. Defendant denies the balance of the allegations contained in this paragraph of the complaint.

64. Defendant denies the allegations contained in this paragraph of the complaint.

65. Defendant denies the allegations contained in this paragraph of the complaint and further states that he provided all documents in his possession.

66. Defendant denies the allegations contained in this paragraph of the complaint.

67. Defendant denies the allegations contained in this paragraph of the complaint.

68. The allegations contained in this paragraph of the complaint state legal conclusions, as to which no answer is required. To the extent an answer may be required, and to the extent the allegations contained in this paragraph of the complaint may be deemed to constitute factual allegations of wrongdoing against the Defendant, said allegations are specifically denied.

69. The allegations contained in this paragraph of the complaint state legal conclusions, as to which no answer is required. To the extent an answer may be required, and to the extent the allegations contained in this paragraph of the complaint may be deemed to constitute factual allegations of wrongdoing against the Defendant, said allegations are specifically denied.

70. The allegations contained in this paragraph of the complaint state legal conclusions, as to which no answer is required. To the extent an answer may be required, and to the extent the allegations contained in this paragraph of the complaint may be deemed to constitute factual allegations of wrongdoing against the Defendant, said allegations are specifically denied.

71. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in this paragraph of the complaint, and leaves the Plaintiffs to their proofs. To the extent these allegations may be deemed to allege any wrongdoing on the part of the Defendant, said allegations are specifically denied.

72. The allegations contained in this paragraph of the complaint state legal conclusions, as to which no answer is required. To the extent an answer may be required, and to the extent the allegations contained in this paragraph of the complaint may be deemed to constitute factual allegations of wrongdoing against the Defendant, said allegations are specifically denied.

73. The allegations contained in this paragraph of the complaint state legal conclusions, as to which no answer is required. To the extent an answer may be required, and to the extent the allegations contained in this paragraph of the complaint may be deemed to constitute factual allegations of wrongdoing against the Defendant, said allegations are specifically denied.

74. The allegations contained in this paragraph of the complaint state legal conclusions, as to which no answer is required. To the extent an answer may be required, and to the extent the allegations contained in this paragraph of the complaint may be deemed to constitute factual allegations of wrongdoing against the Defendant, said allegations are specifically denied.

75. The allegations contained in this paragraph of the complaint state legal conclusions, as to which no answer is required. To the extent an answer may be required, and to the extent the allegations contained in this paragraph of the complaint may be deemed to constitute factual allegations of wrongdoing against the Defendant, said allegations are specifically denied.

**WHEREFORE**, the Defendant, Dr. Mario Criscito, demands judgment dismissing the Plaintiffs' complaint, with prejudice and without costs, for costs of suit, for reasonable attorneys' fees, and for such other and further relief as the Court may deem equitable and just.

## SEPARATE DEFENSES

Without conceding any liability to the Plaintiffs, or that the statutes or common law impose any affirmative obligations upon him, the Defendant, Dr. Mario A. Criscito, states as his separate defenses against the Plaintiffs the following:

### THE FIRST SEPARATE DEFENSE

The Plaintiffs' complaint, and each cause of action therein, fails to state a claim upon which relief may be granted.

### THE SECOND SEPARATE DEFENSE

The Plaintiffs' complaint, or certain claims within it, is (or are) barred by the statute of limitations.

### THE THIRD SEPARATE DEFENSE

Plaintiffs are barred by the Doctrine of Unclean Hands.

### THE FOURTH SEPARATE DEFENSE

Plaintiffs are barred by the doctrines of legal and/or equitable estoppel.

### THE FIFTH SEPARATE DEFENSE

Plaintiffs have failed to take reasonable steps to mitigate their damages, if any.

### THE SIXTH SEPARATE DEFENSE

Plaintiffs have failed to make a proper showing of a legal basis for entitlement to attorneys' fees.

### THE SEVENTH SEPARATE DEFENSE

Any and all damages alleged to have been suffered by Plaintiffs are not causally related to any act or omission alleged to be chargeable to the Defendant.

### THE EIGHTH SEPARATE DEFENSE

Plaintiffs are barred by the doctrine of laches.

### THE NINTH SEPARATE DEFENSE

Plaintiffs are barred by reason that any damages they may have suffered were the result of actions of third parties over whom this Defendant had no control.

### THE TENTH SEPARATE DEFENSE

The Defendant acted in good faith and with a reasonable belief his actions were lawful.

### THE ELEVENTH SEPARATE DEFENSE

Plaintiff's claims are subject to setoff, offset, reduction and/or recoupment.

### THE TWELFTH SEPARATE DEFENSE

Plaintiff is barred by the doctrine of waiver.

**WHEREFORE**, the Defendant, Dr. Mario Criscito, demands judgment dismissing the Plaintiffs' complaint, with prejudice and without costs, for costs of suit, for reasonable attorneys' fees, and for such other and further relief as the Court may deem equitable and just.

### COUNTERCLAIM

The Defendant/Counterclaimant, Dr. Mario A, Criscito ("Dr. Criscito"), residing at 32 Chelsea Dive in the Township of Livingston, County of Essex and State of New Jersey, by and through his attorneys, Kern Augustine Conroy & Schoppmann, P.C., by way of counterclaim against the Plaintiffs, Dr. Fadi Chaaban, Dr. Sabino R. Torre, Dr. Constantinos A. Costeas and Dr. Anthony J. Casella, as Trustees of Diagnostic &Clinical Cardiology, P.A. Profit Sharing Plan, states as follows:

1. The Defendant/Counterclaimant, Dr. Criscito, repeats and realleges the allegations contained in his answer to the complaint as though the same were set forth at length verbatim herein.

2. Dr. Criscito maintained his own retirement accounts, funded with his own funds, commonly known as Smith Barney/Citigroup account no. 416-30833-16 007, and Independence Bank (now known as Sovereign Bank) account no. 1108007053. Despite the fact that these are Dr. Criscito's own personal accounts, the plaintiffs have acted to interfere with his access to and control over the funds in these accounts, effectively "freezing" these assets and preventing Dr. Criscito to manage these funds.

3. Since the plaintiffs acted to "freeze" Dr, Criscito's assets in these accounts, the securities market has undergone a profound contraction, resulting in the substantial loss of value of the assets held in these accounts.

4. The plaintiffs' actions, as aforesaid, prevented Dr. Criscito from taking any actions at all to attempt to preserve his assets, such as, for example, transferring them into more stable investment vehicles or converting them to cash in order to stem the losses.

5. As a result of the plaintiff's actions, as aforesaid, Dr. Criscito suffered serious losses to the value of the assets held in these accounts.

**WHEREFORE, the** Defendant/Counterclaimant, Dr. Mario A, Criscito, demands judgment against the Plaintiffs, Dr. Fadi Chaaban, Dr. Sabino R. Torre, Dr. Constantinos A. Costeas and Dr. Anthony J. Casella, as Trustees of Diagnostic &Clinical Cardiology, P.A. Profit Sharing Plan, for compensatory damages, together with costs of suit, reasonable attorneys' fees and such other and further relief as this Court may deem equitable and just.

## DEMAND FOR TRIAL BY JURY

The Defendant/Counterclaimant, Dr. Mario A. Criscito, demands trial by jury upon all actions and issues so triable.

**KERN AUGUSTINE
CONROY & SCHOPPMANN, P.C.**
Attorneys for Defendant,
Dr. Mario A. Criscito


By: __/ S /_ Robert J. Conroy / S /_____
         Robert J. Conroy

Dated: Bridgewater, New Jersey
            February 17, 2009

**CERTIFICATION PURSUANT TO L. CIV. R. 11.2**

I hereby certify to the best of my personal knowledge, information and belief, that I have no knowledge of any other pending action in any court or of a pending arbitration proceeding relating to the subject matter of this lawsuit, nor am I aware that any such action or arbitration proceeding is contemplated, except as follows:

> *Diagnostic and Clinical Cardiology, P.A. v. Criscito, et al.*, Docket No. ESX- C-117-08, now pending in the Superior Court of New Jersey, Chancery Division, General Equity Part, Essex County.

> *Diagnostic and Clinical Cardiology, P.A. v. Morgan Stanley Dean Witter v. Criscito*, Case No. 08-00047, arbitration matter now pending before FINRA.

I further certify that I have no knowledge of any other individuals or entities who should be joined as parties to this action at this time.

I declare under penalty of perjury that the foregoing statements are true and correct.

                                                        / S /  Robert J. Conroy / S /
                                                               Robert J. Conroy

Dated: Bridgewater, New Jersey
        February 17, 2009