WITMAN STADTMAUER, P.A.
26 Columbia Turnpike
Florham Park, New Jersey 07932-2246
Telephone: (973) 822-0220
Facsimile: (973) 822-1188
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Dr. Fadi Chaaban, Dr. Sabino R. Torre, Dr. Constantinos A. Costeas, and Dr. Anthony J. Casella as trustees of Diagnostic & Clinical Cardiology, P.A. Profit Sharing Plan,<br><br>Plaintiffs,<br><br>v.<br><br>Dr. Mario A. Criscito,<br><br>Defendant. | Civil Action No. 08-1567(JAG-MCA)<br><br>**PLAINTIFFS' ANSWER TO DEFENDANT'S COUNTERCLAIM** |

Plaintiffs Dr. Fadi Chaaban, Dr. Sabino R. Torre, Dr. Constantinos A. Costeas, and Dr. Anthony J. Casella, as trustees of Diagnostic & Clinical Cardiology, P.A. Profit Sharing Plan, for their answer to the counterclaim of defendant Dr. Mario A. Criscito contained in his answer to plaintiffs' complaint respond as follows:

1. In response to paragraph 1 of the counterclaim, plaintiffs repeat the allegations contained in the complaint.

2. Plaintiffs deny the allegations in paragraph 2 of the counterclaim.

3. Plaintiffs deny the allegations in paragraph 3 of the counterclaim.

4. Plaintiffs deny the allegations in paragraph 4 of the counterclaim.

5. Plaintiffs deny the allegations in paragraph 5 of the counterclaim.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

1. The counterclaim fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

2. Dr. Criscito has already withdrawn the money in the account at Independence Bank (now Sovereign Bank) to which he refers, and did so before plaintiffs even knew that such account existed.

### Third Affirmative Defense

3. Dr. Criscito has failed to follow the necessary procedures to authorize a distribution from the Smith Barney account to which he refers.

### Fourth Affirmative Defense

4. Dr. Criscito has not established that the money in the Smith Barney account to which he refers was not funded in whole or in part with funds that he fraudulently diverted from the Plan of which the plaintiffs currently are the trustees.

### Fifth Affirmative Defense

5. Plaintiffs, consistent with their own fiduciary duties, have an obligation and are entitled to take such steps as are necessary and appropriate to recover any and all assets fraudulently diverted by Dr. Criscito from the Plan, including preventing Dr. Criscito from secreting and/or dissipating assets that would otherwise be available to help restore the money that Dr. Criscito fraudulently diverted from the Plan.

**Sixth Affirmative Defense**

6. Any damages that Dr. Criscito has suffered as alleged in the counterclaim are solely the direct result of his own wrongful acts and/or omissions.

WHEREFORE, plaintiffs demand judgment on the counterclaim against defendant/counterclaimant Dr. Mario A. Criscito as follows:

1. Dismissing the counterclaim with prejudice

2. Granting plaintiffs reasonable attorneys fees and costs of suit

3. Granting plaintiffs such other, further or different relief as this Court may deem just or equitable

WITMAN STADTMAUER, P.A.
Attorneys for Plaintiffs

Dated: March 5, 2009

By: _____
Stephen M. Charme (SC-6959)