**KERN AUGUSTINE**
**CONROY & SCHOPPMANN, P.C.**
1120 Route 22 East
Bridgewater, New Jersey 08807
(908) 704-8585
Attorneys for Defendant
RC-8922

| | |
|---|---|
| DR. FADI CHAABAN; DR. SABINO R. TORRE; DR. CONSTANTINOS A. COSTEAS and DR. ANTHONY J. CASELLA, as Trustees of Diagnostic & Clinical Cardiology, P.A. Profit Sharing Plan, <br><br>  Plaintiffs, <br><br> v. <br><br> DR. MARIO A. CRISCITO, <br><br>  Defendant, <br><br> and <br><br> DR. MARIO A. CRISCITO, <br><br>  Third-Party Plaintiff, <br><br> v. <br><br> AMERICAN PENSION CORPORATION; BRIAN P. WARNOCK and DOMINIQUE SANDRA ECK, <br><br>  Third-Party Defendants. | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY <br><br> Civil Action <br><br> Case No. 2:08-cv-1567 (GEB-MCA) <br><br><br> THIRD-PARTY COMPLAINT |

The defendant, Dr. Mario A, Criscito, residing at 32 Chelsea Drive in the Township of Livingston, County of Essex and State of New Jersey, by and through his attorneys, Kern Augustine Conroy & Schoppmann, P.C., by way of third-party complaint against the third-party defendants,

American Pension Corporation, Brian P. Warnock and Dominique Sandra Eck, states as follows:

## JURISDICTION AND VENUE

1. This third-party complaint arises out of the same facts and circumstances giving rise to the cause of action brought by the plaintiffs against the defendant, Dr. Mario A. Criscito ("Dr. Criscito"), arising as a matter of federal question jurisdiction pursuant to 28 U.S.C. §1331, in that the plaintiffs' claims arise under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*.  This Court therefor has supplemental jurisdiction over the claims set forth in this third-party complaint pursuant to 28 U.S.C. § 1367.

2. Venue is properly laid in this district pursuant to 28 U.S.C. § 1391(b) in that this is the judicial district in which the third-party defendants reside and in which a substantial part of the events or omissions giving rise to the claims occurred.

## PARTIES

3. The defendant, Dr. Criscito, is a physician duly licensed by the State of New Jersey to practice medicine and surgery, specializing and Board-certified in the practice of cardiology.  He was the founder of a medical practice known as "Diagnostic & Clinical Cardiology, P.A." ("DCC"), and was, until in or about September of 2007, the senior physician at DCC.  During the period of time relevant to the allegations herein, and in the plaintiffs' complaint, Dr. Criscito was the trustee of DCC's Profit Sharing Plan (the "Plan"), and its various predecessors.

4. The third-party defendant, American Pension Corporation ("APC"), is a corporation organized and existing under the laws of the State of New Jersey, having a principal place of business located at 1375 Plainfield Avenue in the Borough of Watchung, County of Somerset and State of New Jersey, was, at all relevant times, engaged by the Plan's administrator, DCC, as the independent, third-party administrator, to administer the day-to-day workings of the Plan.

5.  The third-party defendant, Brian P. Warnock ("Mr. Warnock"), was, at all relevant times, employed by the third-party defendant, APC, as APC's Vice-President, and was personally involved in APC's activities as third-party administrator of DCC's Plan.

6.  The third-party defendant, Dominique Sandra Eck ("Ms. Eck"), was, at all relevant times, employed by the third-party defendant, APC, as a pension consultant, and was personally involved in APC's activities as third-party administrator of DCC's Plan.

## FACTUAL BACKGROUND

7.  In their complaint, the plaintiffs allege that Dr. Criscito, during the time he served as trustee of the Plan, manipulated the valuation of the Plan's assets, or otherwise acted to diminish the interests of the other Plan participants to his own benefit. The plaintiffs allege that Dr. Criscito did this by means of reporting inaccurate valuations of the various securities held in the Plan's name, and in communicating these alleged inaccurate valuations to APC, which then used these valuations in its activities administering the Plan.

8.  During all times relevant to the plaintiffs' complaint, the third-party defendants, APC, Mr. Warnock and Ms. Eck, had copies of, or otherwise had access to, actual brokerage account statements which showed the true valuation of the assets held in those accounts for the benefit of the Plan, notwithstanding the alleged valuations which Dr. Criscito allegedly supplied to APC.

9.  Had the defendants APC, Mr. Warnock and Ms. Eck reviewed these documents in their possession, or to which they had ready access, these defendants would have known, or should have known, of any alleged inaccuracies in the valuations of the Plan's assets and/or the removal of any funds from the Plan, and were under a duty to correct or seek to correct any such inaccuracies and/or omissions.

## COUNT I

### (Indemnification)

10. The defendant repeats and realleges the previous allegations of the third-party complaint as though the same were set forth at length verbatim herein.

11. The defendants, APC, Mr. Warnock and Ms. Eck, were negligent in their actions with respect to the administration of the Plan, as aforesaid.

12. In the event the defendant, Dr. Criscito, is found liable to the plaintiffs on the basis of his negligence with respect to his actions as trustee of the Plan, then the third-party defendants, APC, Mr. Warnock and Ms. Eck, are bound to indemnify Dr. Criscito for any losses caused to him as a result of the third-party defendants' negligence.

**WHEREFORE,** the defendant, Dr. Mario A. Criscito, demands judgment against the third-party defendants, American Pension Corporation, Brian P. Warnock and Dominique Sandra Eck, for compensatory damages, for reasonable attorneys' fees and for such other and further relief as this Court may deem equitable and just under the circumstances.

## COUNT II

### (Contribution)

13. The defendant repeats and realleges the previous allegations of the third-party complaint as though the same were set forth at length verbatim herein.

14. The defendants, APC, Mr. Warnock and Ms. Eck, were negligent in their actions with respect to the administration of the Plan, as aforesaid.

15. In the event the defendant, Dr. Criscito, is found liable to the plaintiffs with respect to his actions as trustee of the Plan, then the third-party defendants, APC, Mr. Warnock and Ms. Eck, are bound to contribute to any judgment rendered against Dr. Criscito on the basis of any losses

caused to him as a result of the third-party defendants' negligence.

**WHEREFORE,** the defendant, Dr. Mario A. Criscito, demands judgment against the third-party defendants, American Pension Corporation, Brian P. Warnock and Dominique Sandra Eck, for compensatory damages, for reasonable attorneys' fees and for such other and further relief as this Court may deem equitable and just under the circumstances.

                                                  KERN AUGUSTINE  
                                                  CONROY & SCHOPPMANN, P.C.  
                                                  Attorneys for Defendant


                                                  By:       s/ R. Bruce Crelin  
                                                             R. Bruce Crelin

Dated: Bridgewater, New Jersey  
        April    , 2010