# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DR. FADI CHAABAN, DR. SABINO R. TORRE, DR. CONSTANTINO A. COSTEAS and DR. ANTHONY J. CASELLA, as Trustees of Diagnostic & Clinical Cardiology, P.A. Profit Sharing Plan, | : : : : : : | Civil Action<br>Case No. 2:08-cv-01567-GEB–MCA |
| Plaintiffs, | : : | |
| v. | : : | |
| DR. MARIO A. CRISCITO, | : | Motion return date:  June 9, 2010 |
| Defendant. | : : : | |

---

## PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT'S
## RULE 14(a) MOTION TO FILE A THIRD-PARTY COMPLAINT

WITMAN STADTMAUER, P.A.
26 Columbia Turnpike
Suite 100
Florham Park, New Jersey 07932
(973) 822-0220
Attorneys for Plaintiffs

STEPHEN M. CHARME, ESQ.
Of Counsel

## <u>TABLE OF CONTENTS</u>

Preliminary Statement.................................................................................1

Nature of the Action and Procedural Background.................................................1

**ARGUMENT** ..........................................................................................6

      **Point I:**     **Defendant's Claims for Contribution And Indemnification Are Pre-Empted, And Therefore Barred, by ERISA** ......................................................6

      **Point II:**    **The Common Law Claims In Defendant's Proposed Third-Party Complaint Are Barred As A Matter Of Law On Several Grounds**...............................10

               A. Defendant's Third-Party Claims are Barred By The Statute of Limitations...........................................11

               B. There Is No Basis Under ERISA For Defendant To Sue Non-Fiduciaries ....................................................12

               C. Even If APC Was a Fiduciary, There Would Still Be No Basis for Asserting a Claim For Indemnification or Contribution.....................................15

**Conclusion** ......................................................................................... 20

i

## TABLE OF AUTHORIITES

### Cases

*Brigilia v. Horizon Heathcare Svcs, Inc.,*
  2005 U.S. Dist. LEXIS 18708 (D.N.J. 2005)……………………………………………… 8

*Chemung Canal Trust Co. v. Sovran Bank/Maryland,*
  939 F.2d 12 (2d Cir. 1991)……………………………………………………… 17, 18

*Confer v. Custom Engineering Co.,*
  952 F.2d 34 (3d Cir. 1991)……………………......................................... 7, 8, 16

*County of Morris v. Fauver,*
  153 N.J. 80 (1998)……………………………………………………………...… 11

*Curcio v. John Hancock Mut. Life Ins. Co.,*
  33 F.3d 226 (3d Cir. 1994)………...…………………………………………… 8, 18, 19

*Glaziers & Glassworkers Union Local No. 252 Annuity Fund v. Newbridge Sec. Inc.,*
  93 F.3d 1171 (3d Cir. 1996)……………………………………………........ 13, 14, 18

*Goodman v. Mead Johnson & Co.,*
  534 F.2d 566 (3d Cir. 1976)……………………………………………........ 11

*Green v. William Mason & Co.,*
  976 F. Supp. 298 (D.N.J. 1997)…………………………………………… 16, 17

*Harris Trust & Sav. Bank v. Salomon Smith Barney, Inc.,*
  530 U.S. 238 (2000)…………………………………………………………….. 14, 19

*Howard v. Parisian, Inc.*
  807 F.2d 1560 (11th Cir. 1987)………………………………….……....... 9

*Kollman v. Hewitt Associates, LLC,*
  487 F.3d 139 (3d Cir. 2007)……...……………………………….……… 5, 8, 9, 10, 15

*Kyle Railways, Inc. v. Pacific Admin. Svcs, Inc.,*
  990 F.2d 513 (9th Cir. 1993)…………………………………...……..…… 8

*McClendon v. The Continental Group, Inc., .*
  1986 U.S. Dist. LEXIS 18878 (D.N.J. 1986)…………………………….…....... 6

*Mellon Bank, N.A. v. Levy,*
  2003 U.S. App. LEXIS 16118 (3d Cir. 2003)…………………………...…….…12

*Painters of Philadelphia Dist. Council No. 21 Welfare Fund v. Price Waterhouse,*
  879 F.2d 1146 (3d Cir. 1989)………………………………………… 12, 14, 15

*Patetta v. Wells Fargo Bank, N.A.,*
    2009 U.S. Dist. LEXIS 82338 (D.N.J. 2009)…………………………….…………..11

*Plucinski v. I.A.M. Nat'l Pension Fund,*
    875 F.2d 1052 (3d Cir. 1989)…………………………………..………... 6, 17, 18

*Reich v. Compton,*
    57 F.3d. 270 (3d Cir. 1995)……………………………………..…......…... 10, 14, 16

*Ruggieri v. Quaglia,*
    2008 U.S. Dist. LEXIS 104028 (E.D. Pa. 2008)…………….…………... 8, 14, 15, 16, 19

*Shaw v. Delta Air Lines, Inc.,*
    463 U.S. 85 (1983)………………………………………………..……………… 13

*Toledo Blade Newspaper Unions-Blade Pension Plan v. Investment Performance Svcs. LLC*
    448 F. Supp. 2d 871 (N.D. Ohio 2006)…………………………………..…….... 19

*Van Orman v. American Ins. Co.,*
    680 F.2d 301 (3d Cir 1982)………………………………………..……... 6, 17

## Statutes

29 U.S.C. § 1002(21)(A)…………………………………………………………...13

29 U.S.C. § 1106(a)(1)……………………………………………………..………...10, 14

29 U.S.C. § 1109…………………………………………………………………………….13

29 U.S.C. § 1132(a)(2)…………………………………………………………………12

29 U.S.C. § 1144(a)……………………………………………………………………...9, 13, 15

N.J.S.A 2A:14-1…………………………………………………………………….………...11

## Rules

Fed. R. Civ. P. 14(a)…………………………………………………………….……..1, 20

## Miscellaneous

Dept. of Labor Interpretive Bulletin 75-8, 29 C.F.R. § 2509.75-8 (1991)…………………….........8

**Preliminary Statement**

Plaintiffs, the current trustees of the Diagnostic and Clinical Cardiology, P.A. Profit Sharing Plan ("Plan"), respectfully submit this brief in opposition to defendant's motion pursuant to Fed.R.Civ.P.14 (a) to file a third-party complaint against the Plan's third-party administrator American Pension Corporation ("APC") and two of its employees, Brian A. Warnock ("Warnock") and Dominique Sandra and Eck ("Eck"). Defendant essentially alleges that they committed professional malpractice by their negligence in not detecting that he was furnishing APC with inaccurate information that grossly understated the true value of the Plan assets. Therefore he seeks to assert against them common law claims for indemnification and contribution, and asserts that this Court has supplemental jurisdiction over these common law claims. He is wrong.

As discussed below, defendant's motion should be denied because his common law claims for indemnification and contribution arising out of the alleged negligence and professional malpractice of APC and its employees are barred by the statute of limitations, pre-empted by ERISA, and are deficient on other grounds as well.

**Nature Of The Action And Procedural Background**

Plaintiffs are the current trustees of the Plan for a cardiology medical practice in West Orange, New Jersey known as Diagnostic and Clinical Cardiology, P.A. ("DCC"). They became the trustees in the latter part of 2007 after defendant was removed in July 2007 as the Plan's sole trustee, a position that he held for more than 30 years commencing in April 1976.

During his reign as sole trustee, defendant maintained exclusive access to all

1

information and documents concerning the value of Plan assets.  Therefore it was not until after his removal that plaintiffs were first able to discover his fraud in stealing millions of dollars in Plan assets and committing other breaches of fiduciary duty.  Defendant actively concealed his fraud and other wrongful conduct while he was sole trustee by having all information about the Plan sent directly to him at his home rather than to DCC's office so that he alone would have access to the true status of Plan assets.  He was further able to enrich himself - - to the financial detriment of the Plan and its participants - - by falsifying information and documents about the value of Plan assets that he submitted to the Plan's third-party administrator APC.

On March 28, 2008, plaintiffs commenced this action against defendant by filing a complaint setting forth in detail defendant's fraud and other breaches of fiduciary duty, as well as his affirmative steps to conceal same through misrepresentations, falsification of documents and restriction of access to information and documents about the Plan.

Paragraph 2 of the complaint (Exhibit 1, p. 2 to Plaintiffs' Opposition Certification) alleges in pertinent part: "During his tenure as trustee he ensured that nobody at the medical group received any information about his handling of Plan assets and knowingly, intentionally and fraudulently failed to supply appropriate and correct information to the third-party administrator as to the commingled accounts, i.e. the accounts that were not individually directed."

Paragraph 19 of the complaint alleges (Exhibit 1, p. 5): "At all times from the inception of the Plan in 1976 until his removal as trustee in July 2007 defendant was the Plan's sole trustee.  He arranged for all information about the Plan to be sent directly to him at his home rather than to the office of DCC, where other Plan participants might have

2

access to it.  As described herein, he did so to conceal his use of Plan assets for his own personal benefit in breach of his fiduciary duties under ERISA."

Paragraphs 20-26 of the complaint (Exhibit 1, pp. 5-8) detail how in 1999 the value of commingled accounts (i.e., accounts that were not individually directed) at Morgan Stanley Dean Witter and Salomon Smith Barney skyrocketed so that the two accounts had respective year-end values of about $13 million and $4 million (the corresponding year-end values from 1998 were only about $2,355,000 and $661,000).  In order to steal substantial Plan assets for himself, defendant falsified the respective 1999 year-end values that he reported in a facsimile sent in early 2000 to APC as only about $4 million and $800,000, and provided no documentary backup that would have exposed the false and fraudulent 1999 year-end values that he reported.

The remaining paragraphs of the complaint (i) detail how the Plan has been harmed in addition to the loss of Plan assets resulting from defendant's fraud and numerous withdrawals and payments by defendant for personal items such as country club dues and the purchase of a luxury home, (ii) describe an improper loan of $250,000 that defendant caused the Plan to make to himself, and (iii) set forth defendant's refusal to account for his administration of the Plan during his more than 30-year reign as sole trustee.

On May 7, 2008, defendant filed a pre-answer motion to dismiss the complaint under Fed.R.Civ.P.12 (b) (6) based solely on his contention that all claims in the complaint were barred by the statute of limitations under § 413 of ERISA, 29 U.S.C. § 1113. Defendant asserted that the fraud and breaches of fiduciary duty described in the complaint occurred more than six years ago, and frivolously claimed that plaintiffs had not alleged any affirmative conduct by defendant to conceal his wrongdoing. He was dead wrong.

3

On June 24, 2008 Honorable William J. Martini, U.S.D.J. entered an order denying the motion to dismiss, and rendered an opinion in which he found that the complaint was replete with allegations of active concealment by defendant of his fraudulent and other wrongful conduct.

On July 16, 2008 default was entered against defendant for failing to timely answer the complaint, and on February 5, 2009 Honorable Joseph A. Greenaway, Jr., U.S.D.J. entered an order setting aside that default.

On February 17, 2009 defendant served an answer and counterclaim.  Thereafter discovery ensued, including the deposition of Warnock, an employee of APC, whom defendant had hired as third-party administrator for the Plan while defendant was the Plan's sole trustee.

On January 28, 2010 Honorable Madeline C. Arleo, U.S.M.J. entered an order referring the case to mediation, and the parties appeared for mediation on Friday, March 12, 2010 before the Honorable John M. Boyle for most of the day, but were unable to resolve this matter.

On April 23, 2010 defendant filed the instant motion for leave to file a third-party complaint against APC and two of its employees, one of whom (Warnock) is an officer of the company.

As demonstrated herein, the motion should be denied for the following reasons:

- Defendant claims that APC was in possession of brokerage account statements from early 2000 which, had they been consulted, would have revealed no later than October 2001 that the valuations that defendant reported to APC were not correct. However, the complaint nowhere alleges that APC, or that Warnock and Eck in their

individual capacities as opposed to their capacities as employees of APC, did anything to actively conceal these brokerage account statements.  Likewise, the third-party complaint fails to allege facts and circumstances showing that in the exercise of reasonable diligence, Dr. Criscito, as the sole trustee of the Plan, could not have discovered these brokerage account statements for himself.  Because there is a six-year statute of limitations for professional malpractice, the time for defendant to seek contribution and indemnification based on the alleged negligence of APC and its employees has long passed, so that the third-party complaint is time barred.  Furthermore, there is no basis for tolling the statute of limitations based on the "discovery rule" since the third-party complaint fails to allege active concealment by APC or its employees, let alone any facts and circumstances showing that Dr. Criscito exercised reasonable diligence but still was unable to discover the subject brokerage account statements.

- In addition, even if the negligence claim asserted in the third-party complaint had been timely asserted, the Third Circuit has squarely held that actions for professional malpractice brought by someone other than the Plan or its trustees are pre-empted and barred by ERISA. Kollman v. Hewitt Associates, LLC, 487 F.3d 139, 150 (3d Cir. 2007).  Further, neither APC nor its individual employees are fiduciaries as that term is defined by ERISA. The Third Circuit has permitted the assertion of common law claims against a non-fiduciary in an ERISA action only where the non-fiduciary participated in a prohibited transaction; nothing like that is alleged in the proposed third-party complaint of Dr. Criscito.

- Finally, even if APC and the individual defendants were fiduciaries - - though they are not because they lack the requisite discretionary authority to manage the

5

Plan - - ERISA does not expressly provide for the assertion of claims for contribution or indemnification by one fiduciary against another. Further, the courts have split on whether such right exists between co-fiduciaries when construing the federal common law that has developed under ERISA. As discussed herein, the Third Circuit has not ruled on this issue, but has indicated that the district courts are to proceed cautiously in creating federal common law that expands upon ERISA, and are to do so only when necessary to fill in the "interstices" in the statute. Plucinski v. I.A.M. Nat'l Pension Fund, 875 F.2d 1052, 1058 (3d Cir. 1989); Van Orman v. American Ins. Co., 680 F.2d 301, 312 (3d Cir. 1982). As will be discussed herein, there is no "interstice" here that needs to be filled here by permitting one tortfeasor to sue another alleged tortfeasor.

Accordingly the instant motion should be denied.

## ARGUMENT

### POINT I:   DEFENDANT'S CLAIMS FOR CONTRIBUTION AND INDEMNIFICATION ARE PRE-EMPTED, AND THEREFORE BARRED, BY ERISA

It is well established that "a third party plaintiff must allege a claim for contribution or indemnity recognized under substantive law." McClendon v. The Continental Group, Inc., 1986 U.S. Dist. LEXIS 18878 at * 7 (D.N.J. 1986) (court dismissed third-party complaint after finding that ERISA did not permit a fiduciary to seek contribution from a non-fiduciary). Here, defendant fails to meet this burden.

The proposed third-party complaint alleges that APC was hired "as the independent, third-party administrator, to administer the day-to-day workings of the Plan."(Para. 4); that Warnock was employed as APC's vice president, and Eck was employed by APC as a pension consultant; and that each of them was "personally involved in APC's activities as

6

third-party administrator of DCC's Plan." (Paras. 5-6).  It is further alleged that APC used the inaccurate valuations that defendant reported to it "in its activities administering the Plan." (Para. 7); that APC, Warnock, and Eck "had access to, actual brokerage account statements which showed the true valuation of the assets"; and that if they had reviewed these documents, they "would have known, or should have known" about the inaccurate valuations that defendant reported to them. (Paras. 8-9).

The third-party complaint seeks both indemnification and contribution from APC, Warnock, and Eck based on their alleged negligence. In each of the two separate counts for indemnification and for contribution, defendant alleges that the third-party defendants "were negligent in their actions with respect to the administration of the Plan, as aforesaid." (Paras. 11, 14). In short, the third-party complaint seeks relief based on third-party defendants' alleged professional malpractice.

Notably, the third-party complaint nowhere alleges that either Warnock or Eck acted in their individual capacities rather than in their capacities as employees of APC. Therefore the third-party complaint fails to state a claim against either of them individually. See Confer v. Custom Engineering Co., 952 F.2d 34, 37-38 (3d Cir. 1991) ("The record does not contain any indication that Flower or Traphagen operated other than through Custom Engineering. …Although Flower backdated the amendment and Traphagen may have participated in the decision to do so, neither acted in an individual capacity").

As to APC, the third-party complaint nowhere alleges that APC is a fiduciary under ERISA, let alone contains any specific factual allegations showing that APC was "exercising any discretion, authority or control associated with its administration" of the Plan - - the traditional standard used to measure whether a party served as a fiduciary.

Brigilia v. Horizon Healthcare Svcs., Inc., 2005 U.S. Dist. LEXIS 18708 (D.N.J. 2005) at

*25.  Indeed, the courts consistently recognize that third-party administrators are not

fiduciaries under ERISA.  Confer, supra, at 39 ("persons who perform purely ministerial

tasks, such as claims processing and calculation, cannot be fiduciaries because they do not

have discretionary roles." (citing  Dep't of Labor Interpretive Bulletin 75-8, 29 C.F.R.

§2509.75-8 (1991));  Kyle Railways, Inc. v. Pacific Admin. Svcs., Inc., 990 F.2d 513, 516

(9th Cir. 1993) ("Moreover, third party administrators like Pacific are not fiduciaries under

ERISA when they merely perform ministerial duties or process claims."); Briglia, supra, at

*25 ("There is no explication of Horizon exercising any discretion, authority or control

associated with its administration of any of the plans."); Ruggieri v. Quaglia, 2008 U.S.

Dist. LEXIS 104028 (E.D. Pa. 2008) at *24 ("PAS and Rosen [third-party administrators]

are not fiduciaries" under ERISA).  As the Third Circuit emphasized in Curcio v. John

Hancock Mut. Life Ins. Co., 33 F.3d 226, 233 (3d Cir. 1994): "We agree with the district

court that the linchpin of fiduciary status under ERISA is discretion."

　　Since APC is a non-fiduciary, and since the negligence claim in the third-party

complaint is not asserted by either the Plan or one of its current trustees, but rather by a

former trustee who has been sued for fraud and other wrongdoing, the Third Circuit's

decision in Kollman v. Hewitt Associates, LLC, supra, makes clear that the state law

malpractice claims in the proposed third-party complaint are pre-empted by ERISA and

therefore are barred.  In Kollman, the Third Circuit squarely held that while ERISA does

not pre-empt "state law malpractice claims filed by ERISA plans or trustees because such

claims do not undermine the congressional policies that underlie ERISA," 487 F.3d at 149,

the Third Circuit did hold that claims by other persons (in the case before it, a beneficiary

8

of the plan) against a non-fiduciary third-party administrator were "plainly preempted." Id. at 150.

In Kollman, the employer had "outsourced most of the administrative services associated with the Plan to Hewitt, which undertook to perform the day-to-day Plan administration." Id. at 141. "One of Hewitt's functions was the calculation of proper retirement benefits." Id. Due to an error by Hewitt, the plaintiff received inaccurate information about the amount of the pension to which he was entitled, and the original amount that he had verified on Hewitt's website was subsequently reduced. Since the plaintiff was neither the plan nor the trustee but rather one of the beneficiaries, and since Hewitt was a third-party administrator that performed only ministerial functions and hence was not a fiduciary under ERISA, the Third Circuit held that Kollman's state law claim against Hewitt for professional malpractice was pre-empted by § 514(a) of ERISA, which provides: "Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supercede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan…" 29 U.S.C. § 1144(a).

The Third Circuit emphasized that the rationale for its holding in Kollman was that "'[a]llowing beneficiaries to assert state law claims against non-fiduciary plan administrators… would upset the uniform regulation of plan benefits intended by Congress.'" Id. at 150 (quoting Howard v. Parisian, Inc., 807 F.2d 1560, 1565 (11th Cir. 1987)). As the Third Circuit noted: "Any adjudication of Kollman's state law malpractice claim would necessarily require a court to consider the Plan in detail in order to properly address Kollman's arguments outside the mechanism prescribed by ERISA. Such an outcome is precisely what Congress sought to avoid in developing a nationwide scheme for

9

ERISA Plans." Id. Accordingly, the Third Circuit affirmed the district court's dismissal of Kollman's professional malpractice claim.

Significantly, the proposed third-party complaint here nowhere alleges that any of the third-party defendants knowingly participated in Dr. Criscito's breach of fiduciary duty in falsifying financial information that he reported to APC or that they participated in any transactions prohibited by Section 406(a)(1) of ERISA, 29 U.S.C. § 1106(a)(1). In that regard, the Third Circuit has refused to permit the Secretary of Labor to sue a non-fiduciary for knowingly participating in a fiduciary breach, but only authorized suit against a non-fiduciary who participates in a prohibited transaction. Reich v. Compton, 57 F.3d 270, 284, 285 (3d Cir. 1995). The decision in Reich illustrates the extent to which the Third Circuit has restricted suits against non-fiduciaries.

Accordingly, since the basis for the proposed third-party complaint is the alleged negligence of APC and its employees "in their actions with respect to the administration of the Plan", the counts for indemnification and contribution based on the alleged professional malpractice of APC and its employees are plainly pre-empted by ERISA. Hence, there is no basis for this Court to exercise supplemental jurisdiction over defendant's common law claims for indemnification and contribution based on alleged professional malpractice.

**POINT II:      THE COMMON LAW CLAIMS IN
DEFENDANT'S PROPOSED THIRD-PARTY
COMPLAINT ARE BARRED AS A MATTER
OF LAW ON SEVERAL GROUNDS**

Even if this Court determined that the common law claims of contribution and indemnification set forth in defendant's proposed third-party complaint could somehow overcome the pre-emption bar of ERISA, other inherent deficiencies in such claims

10

preclude their assertion in this case.


A.    Defendant's Third-Party Claims Are
      Barred By The Statute
      Of Limitations

The moving declaration of defendant's counsel asserts that Warnock "has admitted

that APC was in possession of brokerage account statements from early 2000 which, had

they been consulted, would have, no later than October of 2001, revealed discrepancies in

the valuation of the Plan account." (Conroy Declaration para. 5). Even using 2001 as the

commencement date, the alleged professional malpractice occurred well beyond the six-

year statute of limitations under New Jersey law for such actions. N.J.S.A. 2A:14-1. Under

the "discovery rule," the statute of limitations begins to run when "the injured party knew,

or reasonably should have known, not only of the injury but also of the basis for an

actionable claim." Goodman v. Mead Johnson & Co., 534 F.2d 566, 570 (3d Cir. 1976).

Typically the discovery rule is applied in "personal injury or negligence-type actions,

which by their nature are often self-concealing or undiscoverable." Patetta v. Wells Fargo

Bank, N.A., 2009 U.S. Dist. LEXIS 82338 (D.N.J. 2009) at *27 (citing County of Morris v.

Fauver, 153 N.J. 80, 109 (1998)).

Here, however, the third-party complaint nowhere alleges any active concealment

by APC or its employees of any financial records in APC's possession - - a factual

predicate for invoking the discovery rule.  Likewise it is bereft of any factual allegations

showing that defendant himself had not received his own copy of the subject brokerage

statements, or if not, that he could not have discovered their existence at APC in the

11

exercise of reasonable diligence. Therefore the state law professional malpractice claim here is barred by the six-year statute of limitations because the discovery rule does not operate to toll it.  Cf., Mellon Bank, N.A. v. Levy, 2003 U.S. App. LEXIS 16118 (3d Cir. 2003) at *5 ("We require an active step of concealment to trigger the additional six years related to the discovery of a 'case of fraud or concealment.'" [citations omitted] ).

Moreover, it would serve no purpose to permit Dr. Criscito to amend the proposed third-party complaint to allege either active concealment or facts showing that he acted with reasonable diligence because, as demonstrated in Point I, he has not alleged any basis for asserting a claim against APC as a non-fiduciary, nor against its employees in their individual capacities.  Under such circumstances, permitting Dr. Criscito to amend his third-party complaint to enable him to invoke the discovery rule in order to escape the bar of the statute of limitations would be pointless.  Mellon Bank, supra, at *10-11.

### B.   There Is No Basis Under ERISA For Defendant To Sue Non-Fiduciaries

ERISA provides that a civil action may be brought "by the Secretary [of Labor], or by a participant, beneficiary or fiduciary for appropriate relief under section 409."  29 U.S.C. § 1132(a)(2).  Defendant is not proceeding in any of those capacities.

Moreover, the proposed third-party complaint nowhere alleges any facts showing that APC exercised the requisite discretionary control over the Plan to be deemed a fiduciary, let alone that Warnock and Eck exercised such control in their individual capacities. As the Third Circuit has noted, the threshold inquiry with respect to a party's liability under ERISA is whether that party is a fiduciary.  Painters of Philadelphia Dist. Council No. 21 Welfare Fund v. Price Waterhouse, 879 F.2d 1146, 1148, 1149 (3d Cir. 1989).

12

Section 409 of ERISA imposes personal liability on fiduciaries for breaches of their

fiduciary duty as follows:

    (a)    Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed on fiduciaries by this title shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary. The fiduciary may also be removed for a violation of section 411 of this Act. (29 U.S.C. § 1111).

    (b)    No fiduciary shall be liable with respect to a breach of fiduciary duty under this title if such breach was committed before he became a fiduciary or after he ceased to be a fiduciary.

ERISA defines "fiduciary" in 29 U.S.C. § 1002 (21)(A) as:

    Except as otherwise provided in subparagraph (B), a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan. Such term includes any person designated under section 405(c)(1)(B) [29 U.S.C. § 1105(c)(1)(B)].

Section 514 of ERISA pre-empts "any and all State laws insofar as they may now or

hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). "A law 'relates' to an

employee benefit plan, in the normal sense of the phrase, if it has a connection with or

reference to such a plan." Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 96-97 (1983);

Glaziers & Glassworkers Union Local No. 252 Annuity Fund v. Newbridge Sec., Inc., 93

F.3d 1171, 1185 (3d Cir. 1996).

The Third Circuit in Glaziers noted: "There are three ways to acquire fiduciary

13

status under ERISA: (1) being named as the fiduciary in the instrument establishing the employee benefit plan, 29 U.S.C. § 1102(a)(2); (2) being named as a fiduciary pursuant to a procedure specified in the plan instrument, e.g., being appointed an investment manager who has fiduciary duties toward the plan, 29 U.S.C. § 1102(a)(2); 29 U.S.C. § 1002(38); and (3) being a fiduciary under the provisions of 29 U.S.C. § 1002(21)(A)." 97 F.3d at 1179. Under the most liberal reading of these definitions of who is a fiduciary, neither APC, nor Warnock, nor Eck, comes remotely close to fiduciary status since none of them is named as a fiduciary in the Plan, none of them has been named as a fiduciary according to a procedure specified in the Plan; and none of them exercised the requisite discretionary authority over the Plan or control over its assets.

The "courts disagree whether ERISA claims for contribution and indemnity can be brought against a non-fiduciary." Ruggieri, supra, 2008 U.S. Dist. LEXIS 104028 at *17-18 (collecting cases). However, even where courts do permit a contribution or indemnity claim to be asserted against a non-fiduciary, they do so only if the non-fiduciary "knowingly participated in the fiduciary's breach." Id. at *19 (citing Harris Trust & Sav. Bank v. Salomon Smith Barney, Inc., 530 U.S. 238, 252 (2000)).

The Third Circuit Court of Appeals has not spoken on these issues, though in dicta it has suggested that a non-fiduciary may be sued under ERISA only if the non-fiduciary "in any way either participated in or facilitated" the fiduciary's "alleged breach of its duty." Painters of Philadelphia, supra, 879 F.2d at 1153 n. 9; see also Reich, supra, 57 F.3d at 287 (Secretary of Labor was not permitted to sue non-fiduciary for knowingly participating in fiduciary's breach of fiduciary duty, but could sue non-fiduciary for participating in transactions prohibited by 29 U.S.C. § 1106(a)(1)).

14

However, with regard to a negligence claim asserted against a non-fiduciary by someone other than the Plan or its trustees, the Third Circuit has squarely held in <u>Kollman</u>, <u>supra</u>, that such a claim triggers pre-emption under Section 514(a) of ERISA, which covers "any and all state laws" that "relate to" an ERISA plan. 29 U.S.C. § 1144(a).

Here, there are no allegations in the proposed third-party complaint showing that APC functioned as a fiduciary, or that Warnock or Eck functioned as fiduciaries in their individual capacities as fiduciaries. Nor are there any allegations that any of them participated in the breaches of fiduciary duty with which defendant is charged. Accordingly, defendant's claims for contribution and indemnification are barred under ERISA, and his motion to assert them should be denied.

   C. Even If APC Was A Fiduciary, There Would
     Still Be No Basis For Asserting A Claim For
     <u>Indemnification Or Contribution</u>

ERISA does not contain any express statutory provision permitting the assertion of claims for contribution and indemnification.  Moreover, there is a sharp split of authority as to whether fiduciaries may seek such relief against one another under ERISA's federal common law.  The Second and Seventh Circuits, as well as various district courts, have held that the remedies of contribution and indemnification exist between two fiduciaries under ERISA's federal common law.  The Ninth Circuit and numerous other district courts have declined to expand ERISA's federal common law to permit claims for such relief by one fiduciary against another.  The Third Circuit has not spoken on this issue.  The various cases for both points of view are collected in <u>Ruggieri v. Quaglia</u>, <u>supra</u>, at *14-16.

Likewise, the courts disagree whether ERISA claims for contribution and indemnity can be brought against a non-fiduciary, though even those courts that permit such relief

restrict it to situations where the non-fiduciary has knowingly participated in the fiduciary's breach.  See cases cited in Ruggieri, supra, at *17-18. However, the Third Circuit in Reich, supra, did not permit the Secretary of Labor to sue a non-fiduciary under ERISA "for knowingly participating in a fiduciary breach." 57 F.3d at 284. But since the proposed third-party complaint here does not allege that APC or its employees knowingly participated in the fraudulent activity alleged in plaintiffs' complaint, the cases recognizing liability on the part of non-fiduciaries are not applicable here.

Moreover, even if APC was a fiduciary because it performed discretionary functions - - though the third-party complaint contains no allegations setting forth any such functions - - that still would not confer fiduciary status on Warnock and Eck. In Confer v. Custom Engineering Co., supra, the Third Circuit held that the company's president and vice-president "exercised discretion and control over the Plan's administration, but only as officers" of the company. Id. at 38.  Therefore there was no basis for imposing liability on them individually: "Confer, however, has failed to demonstrate that either officer, *as an individual,* had discretionary authority or responsibility which gave rise to a fiduciary duty that either or both owed directly to Confer." Id. (emphasis in original).  Likewise, the proposed third-party complaint here is devoid of any allegations that either Warnock or Eck as individuals, rather than as employees of APC, exercised any discretionary authority or responsibility sufficient to deem them fiduciaries. Indeed, the proposed third-party complaint contains no allegations to show that even APC itself had any such discretion.

There is a single case to date in the District Court of New Jersey that has permitted a claim for contribution and indemnity between fiduciaries. Green v. William Mason & Co., 976 F. Supp. 298 (D.N.J. 1997).  In allowing contribution and indemnity claims

16

against a fiduciary, the <u>Green</u> Court relied on the Second Circuit decision in <u>Chemung Canal Trust Co. v. Sovran Bank/Maryland</u>, 939 F.2d 12 (2d Cir. 1991). The court in <u>Green</u> noted that the decision in <u>Chemung</u> was guided by trust law principles, where the Second Circuit found that "even a breaching fiduciary should be entitled to the protection of contribution that has been traditionally granted fiduciary defendants under the equitable provisions of trust law." 939 F.2d at 300. While the Third Circuit has yet to decide whether to expand ERISA federal common law to permit such relief between two fiduciaries, the Third Circuit decisions that do expand ERISA federal common law do so sparingly to fill perceived "interstices" in the ERISA statute.

The Third Circuit has recognized that "Congress intended federal courts to fashion a federal common law concerning pension plans under ERISA." <u>Van Orman</u>, <u>supra</u>, 680 F.2d at 311.  However in doing so, the inquiry is whether the "judicial creation of a right in such circumstances [is] necessary to fill in interstitially or otherwise effectuate the statutory pattern enacted in the large by Congress." <u>Id</u>. at 312 (internal quotations and citations omitted).

Thus, the Third Circuit has noted "that Congress has established through ERISA 'an extensive regulatory network' and that 'federal courts [should] not lightly create additional [ERISA] rights under the rubric of federal common law" <u>Plucinski</u>, <u>supra</u>, 875 F.2d at 1056, (<u>citing</u> <u>Van Orman</u>, <u>supra</u>, at 311).  In <u>Plucinski</u>, the Third Circuit held that there is an equitable cause of action by employers for the recovery of contributions erroneously paid to pension funds due to a mistake of fact or law.  875 F.2d at 1057.  In so doing, the Court noted: "We believe that creating such a cause of action will fill in the interstices of ERISA and further the purposes of ERISA." <u>Id</u>. at 1058.  That kind of remedial relief is a

17

far cry from permitting a tortfeasor under ERISA from seeking contribution and indemnity from another alleged tortfeasor.

Citing Plucinski, supra, the Third Circuit in Curcio v. John Hancock Mutual Life Ins. Co., supra, stated: "We caution in passing, as we have done before, that the district courts should not easily fashion additional ERISA claims and parties outside congressional intent under the guise of federal common law." 33 F.3d at 235. In that case, the Third Circuit permitted the widow of an insured who had died in an automobile accident to proceed against her husband's employer for making misrepresentations about accidental death coverage in the plan summary document, but prohibited any recovery against the insurance company providing those benefits.  The court determined that the employer "maintained sufficient discretionary authority and responsibility in the administration of the plan so as to satisfy the statutory definition of a fiduciary, § 1002(21) (A) (iii), thus making it a proper party under ERISA." Id. at 234.

In Glaziers and Glassworkers Union, supra, the Third Circuit declined to expand the federal common law of ERISA to include a breach of fiduciary duty claim against a non-fiduciary broker-dealer of securities. The Third Circuit noted that although "Congress has authorized federal courts to create common law in certain instances…we do so only to further Congress' intent by filling gaps in specific legislation." Id. at 1184 (citation omitted).  In the case before it, where the court found that the defendant was not a fiduciary under ERISA, the appellate court declined to expand federal common law to include a breach of fiduciary duty claim under ERISA against a non-fiduciary, stating: "We find no such interstices here." Id.

In sum, while the Second Circuit in Chemung focused on trust law in finding a right

18

of contribution and indemnity between co-fiduciaries, the Third Circuit has focused on filling in the "interstices" in ERISA, and has emphasized that in creating federal common law for ERISA, the district courts should proceed cautiously. Curcio, supra, at 235. Moreover, those district courts that have refused to permit a claim for contribution and indemnity between co-fiduciaries have articulated sound reasons for not doing so. For example, in Toledo Blade Newspaper Unions-Blade Pension Plan v. Investment Performance Svcs, LLC, 448 F. Supp. 2d 871 (N.D. Ohio 2006), the court noted that ERISA's underlying purpose is to protect the interest of plan participants and their beneficiaries, and that "ERISA's purpose would not be served by allowing contribution from co-fiduciaries who are bringing a claim for breach of fiduciary duty, as in the case at hand." 448 F. Supp. 2d at 875.

However, on defendant's instant motion this Court need not decide whether to expand ERISA's federal common law to permit claims for contribution and indemnity by one fiduciary against another because, as demonstrated above, there are no facts alleged showing that APC had the requisite discretion to function as a fiduciary, let alone that Warnock and Eck had such discretion in their individual capacities.  In Ruggieri, supra, the district court side-stepped the question as to whether under ERISA co-fiduciaries can seek contribution and indemnification against one another since it found that the third-party administrators in that case were not fiduciaries, and there was no evidence that they knowingly participated in a breach of a fiduciary's duty.  Ruggieri, supra, at *24-27; see also Harris Trust & Savings Bank v. Salomon Smith Barney, Inc., 530 U.S. 238, 246-47 (non-fiduciary parties in prohibited transactions liable only if knowingly participated in breach).

19

## <u>Conclusion</u>

For the foregoing reasons, it is respectfully submitted that this Court should deny defendant's motion for leave to file a third-party complaint pursuant to Fed.R.Civ.P. 14(a) against APC, Warnock and Eck on the following grounds: (1) defendant's proposed claims for contribution and indemnification are pre-empted by ERISA; (2) defendant's proposed claims for contribution and indemnification are barred under the statute of limitations ; (3) defendant lacks standing to assert claims for civil relief under ERISA; (4) as non-fiduciaries, the third-party defendants are not subject to claims under ERISA by someone other than the Plan or its trustees; and (5) permitting defendant to assert claims for contribution and indemnification against third-party defendants would represent an unnecessary expansion of ERISA's federal common law.

Respectfully submitted,

WITMAN STADTMAUER, P.A.
Attorneys for Plaintiffs

Dated:  May 11, 2010                    By:     /s/Stephen M. Charme_____
                                                Stephen M. Charme
                                                scharme@wsmesq.com

20