**EXHIBIT 34**

AMENDMENTS TO THE TRUST INSTRUMENT

CREATING THE

DIAGNOSTIC AND CLINICAL CARDIOLOGY, P.A.

MONEY-PURCHASE PENSION PLAN

DIAGNOSTIC AND CLINICAL CARDIOLOGY, P.A., a New Jersey Corporation and the Trustees of the DIAGNOSTIC AND CLINICAL CARDIOLOGY, P.A. MONEY-PURCHASE PENSION PLAN, hereby make amendments to the Trust Indenture creating the DIAGNOSTIC AND CLINICAL CARDIOLOGY, P.A. MONEY-PURCHASE PENSION PLAN effective for the year beginning April 1, 1976, as follows:

The typographical error in the last line of 10.1 shall be corrected to read "the Plan Year."

Section 22 (HOUR OF SERVICE) of Article II shall be deleted in its entirety and in its place and stead shall be:

"22.   HOUR OF SERVICE:

(1)  An hour of service is each hour for which an employee is paid, or entitled to payment, for the performance of duties for the employer during the applicable plan year.

(2)  An hour of service is each hour for which an employee is paid, or entitled to payment, by the employer on account of a period of time during which no duties are performed (irrespective of whether the employment relationship has terminated) due to vacation, holiday, illness, incapacity (including disability), layoff, jury duty, military duty or leave of absence.


PENGAD 800-631-6989

PLAINTIFF'S
EXHIBIT

CRISCITO 2
12-4-09

7872

For purposes of this paragraph (2), a payment shall be deemed to be made by or due from an employer regardless of whether such payment is made by or due from the employer directly, or indirectly through, among others, a trust fund, or insurer, to which the employer contributes or pays premiums and regardless of whether contributions made or due to the trust fund, insurer or other entity are for the benefit of particular employees or are on behalf of a group of employees in the aggregate.

(3)  An hour of service is each hour for which back pay, irrespective of mitigation of damages, is either awarded or agreed to by the employer. The same hours of service shall not be credited both under paragraph (1) or paragraph (2), as the case may be, and under this paragraph (3).

(4)  Hours of service shall be computed and credited in accordance with paragraphs (b) and (c) of Section 2530.200b-2 of the Department of Labor Regulations."

Article VII shall be amended to include a Section 7.4 as follows:

"7.4  Notwithstanding the foregoing, the otherwise permissible annual Additions for any Participant under this Plan may be further reduced to the extent necessary, as determined by the Trustees, to prevent disqualification of the Plan under Section 415 of the Internal Revenue Code, which imposes the following additional limitations on the benefits payable to Participants who also may be participating in another tax-qualified pension, profit-sharing, savings or stock bonus plan maintained by the Employer or any of the members of the controlled group of corporations of which the Employer

7873

is a part:  If an individual is a Participant at any time in both a defined benefit plan and a defined contribution plan maintained by the employers, the sum of the defined benefit plan fraction and  the defined contribution plan fraction for any Year may not exceed 1.4.  The defined benefit plan fraction for any Year is a fraction, the numerator of which is the Participant's projected annual benefit under the Plan (determined at the close of the Year) and the denominator of which is the Participant's projected annual benefit (determined as of the close of the Year) if the plan provided the maximum benefit allowable under Section 415(b) of the Code.  The defined contribution plan fraction for any Year is a fraction, the numerator of which is the sum of the annual Additions to the Participant's accounts in such Year and for all prior Years and the denominator of which is the maximum amount of annual Additions which would have been made under Section 415(c) of the Code for such Year and for all prior years of such Participant's employment (assuming for this purpose, that said Section 415(c) had been in effect during such prior years).  For purposes of this limitation, all defined benefit plans of the employers, whether or not terminated, are to be treated as one defined benefit plan and all defined contribution plans of the employers, whether or not terminated, are to be treated as one defined contribution plan.  The Trustees may decide, in its sole discretion, under which of said Plans such a Participant's benefits are to be limited and, if it is under this Plan, shall advise affected Participants of any additional limitations on their Annual Additions required by this paragraph."

7874

IN WITNESS WHEREOF: the Company has caused this Indenture to be executed by its duly-authorized Officers, and has affixed its Corporate Seal; and the Trustees have hereunto affixed their signatures, all on the day and year first above set forth.

DIAGNOSTIC & CLINICAL CARDIOLOGY, P. A.

BY: _Mario A. Criscito M.D._

(SEAL)

TRUSTEE: _Mario A Criscito MD_

TRUSTEE: _____

7875

# EXHIBIT 35

DIAGNOSTIC & CLINICAL CARDIOLOGY, P.A.

MONEY PURCHASE PENSION PLAN

ADOPTION AGREEMENT

WHEREAS, the Employer desires to establish a money purchase plan and trust for the purpose of providing pension benefits for its eligible Employees in accordance with the terms and conditions set forth herein, and

WHEREAS, the Employer has approved and adopted the Plan embodied herein.

NOW, THEREFORE, in consideration of the mutual covenants contained herein, it is agreed on this 4th day of April, 1986, by and between the Employer and the Trustee as follows:

1. Name and Address of Employer (Article 2.1):

    Diagnostic & Clinical Cardiology, P.A.
    769 North Avenue
    West Orange, New Jersey  07039

2. Name of Employer's Plan and Trust (Article 2.22):

    DIAGNOSTIC & CLINICAL CARDIOLOGY, P.A. MONEY PURCHASE PENSION PLAN

3. Name and Address of Trustee (Article 2.5):

    Mario Criscito
    769 North Avenue
    West Orange, New Jersey  07039

4. Name and Address of Plan Administrator/Named Fiduciary (Article 2.7 and 2.8):

    Mario Criscito, for the Employer
    Diagnostic & Clinical Cardiology, P.A.
    769 North Avenue
    West Orange, New Jersey  07039



PENGAD 800-631-6989   PLAINTIFF'S EXHIBIT   CRISCITO 4   12-4-09

7789

5.   Important Dates:

A.   The Effective Date is (Section 2.10):

The original Effective Date is April 1, 1976.

B.   The Plan Fiscal Year begins on April 1 and ends on March 31 of each succeeding year (Section 2.13).

C.   The Limitation Year is the Plan Year (Section 2.15).

D.   The annual Anniversary Date is April 1 of each succeeding year (Section 2.11).

E.   The Entry Date is the Effective Date and each succeeding Anniversary Date (Section 2.11).

F.   The Valuation and Allocation Date is the last day of each Plan Year, March 31 (Section 2.12).

G.   The Normal Retirement Date shall be a participant's exact age 65.

H.   Hours of Service shall be determined on the basis of actual hours for which an employee is paid or entitled to payment (Section 2.16).

6.   Employee Eligibility Requirements (Article III):

A.   Age and Service Requirements (Section 3.1):

An employee shall become eligible on the Entry Date nearest:

1.   the attainment of age 25 (however, for plan years commencing after December 31, 1984, "age 25" shall be replaced by "age 21"), and

2.   the completion of one year of service.

B.   Exclusions (Section 3.2):

Eligible classes shall be all employees except employees covered by a collective bargaining agreement which does not provide for participation in this plan, and where retirement benefits were the subject of good faith bargaining.

7.   Compensation (Section 2.31):

A.   Compensation shall mean:

1.   total compensation

2.   actually paid, or accrued

3.   for the plan fiscal year.

7790

8.   Company Contribution (Article IV):

shall be equal to 10% of each active participant's compensation, plus 5.7% of each participant's compensation in excess of $20,000 (the total not to exceed 25% of any participant's compensation).

Notwithstanding the above, for plan years beinning after December 31, 1983, the integration percentage shall be adjusted in accordance with the Employer's Old Age, Survivors and Disability Income Tax Rate in effect at the beginning of the plan year (as provided in Code Section 3111(a)).

9.   Allocations (Article VI):

A.   The Company contribution shall be allocated only to eligible participants who:

   1.   complete a year of service

   2.   are on the payroll at yearend

   3.   who have not waived participation.

Regardless of Article 9(A)(1) above, the minimum benefits provided under Article XVIII, Section 2 of the Trust Agreement shall be provided regardless of the number of hours completed.

B.   The Company contribution shall be allocated as follows:

on the same basis as the Company contribution was calculated.

C.   Forfeitures shall be used to reduce the Company contribution in the year they are realized.

10.   Vesting upon Death (Article IV):

100% of Account.

11.   Vesting upon Disability (Section 10.2):

100% of Account.

7791

12.  Vesting upon Separation (Section 10.1 and Article XVIII, Section 1):

A.  Vesting Schedule:

| Vesting Schedule for NonTop Heavy Plans | | Vesting Schedule for Top-Heavy Plans | |
|---|---|---|---|
| Years of Service | % Vested | Years of Service | % Vested |
| 2 | 50 | 2 | 50 |
| 3 | 50 | 3 | 50 |
| 4 | 60 | 4 | 60 |
| 5 | 80 | 5 | 80 |
| 6 | 100 | 6 | 100 |

B.  Years of Service excluded for vesting purposes:

None.

13.  Limitation of Benefits (Articles VII and XVIII):

This Plan shall be primary, and benefits under any Defined Benefit Plan shall be reduced prior to reducing annual additions under this Plan.

Minimum Benefits:  In the event that this Plan is considered to be a Top Heavy Plan, a minimum contribution of 3% of compensation shall be allocated to the account of each active participant.

7792

This Adoption Agreement sets forth the Employer's elections as to the provisions contained herein as provided for in the Plan and Trust to which this Adoption Agreement is attached and made a part.

The Employer, by executing this Document, acknowledges that he has amended this Plan and Trust in its entirety.

IN WITNESS WHEREOF the Company has caused these presents to be executed by its duly authorized Officers, and its Corporate Seal to be hereunto duly affixed; and the Trustee and Plan Administrator has caused these presents to be signed, all on the day and year first above set forth.

DIAGNOSTIC & CLINICAL CARDIOLOGY, P.A.

BY: _____
                    Mario Criscito

ATTEST:                                          (SEAL)

BY: _____


ACCEPTANCE BY TRUSTEE AND PLAN ADMINISTRATOR:

TRUSTEE:                                         PLAN ADMINISTRATOR:

_____                    _____
        Mario Criscito                                   Mario Criscito, for
                                                 Diagnostic & Clinical Cardiology, P.A.

7793

**EXHIBIT 36**

# REGIONAL PROTOTYPE
## NON–STANDARDIZED
## MONEY PURCHASE SAFE HARBOR PENSION PLAN
## ADOPTION AGREEMENT #02–003

**Sponsored By**

American Pension Corporation

**Adopted By**

DIAGNOSTIC & CLINICAL CARDIOLOGY, P.A.



PLAINTIFF'S
EXHIBIT
CRISCITO 5
12-4-09

PENGAD 800-631-6989

MINUTES OF THE MEETING OF

THE BOARD OF DIRECTORS OF

DIAGNOSTIC & CLINICAL CARDIOLOGY, P.A.

A meeting of the Board of Directors of the Company was held at the offices of the Company at

769 Northfield Avenue
West Orange, New Jersey  07052

The meeting was held at 9:00 a.m. on the 29th day of December, 1994.

All members of the Board were present by person or proxy.

Mario Criscito, M.D. acted as Chairman and  Secretary for the meeting.

The purpose of the meeting was to amend the Diagnostic & Clinical Cardiology, P.A. Money Purchase Pension Plan to conform to the provisions of the Tax Reform Act of 1986 and subsequent legislation.

Upon motion duly made, seconded, and unanimously passed, the following resolutions were adopted:

That the Diagnostic & Clinical Cardiology, P.A. Money Purchase Pension Plan shall be amended in the form of American Pension Corporation's Prototype Document as presented at this meeting;

That the Effective Date of the Amendment shall be April 1, 1989;

That, effective January 1, 1994, the plan year shall be the 12 month consecutive month period ending on each December 31.  There shall be a short plan year, April 1, 1993 to December 31, 1993;

That, effective January 1, 1994, the integrated formula shall be amended to a base contribution of 17% of compensation, plus 5.7% in excess of the Taxable Wage Base in effect as of the beginning of the plan year;

That the Trustee of the Plan shall be Mario Criscito;

That Mario Criscito shall be authorized to adopt any and all amendments required to retain the tax qualified status of the Plan.

**7678**

No further business was discussed, and the meeting was adjourned upon motion made, seconded, and unanimously passed.

Mario Criscito, M.D.
Secretary for the Meeting

**Regional Prototype Non–Standardized**
**Money Purchase Plan Adoption Agreement #02–003**

# Table of Contents

**I.  Basic Information**                                              **Page  1**

    I.A.    Plan Information . . . . . . . . . . . . . . . . Page  1

    I.B.    Information Relating to Plan Officials . . . . . . . . . Page  1

**II.  Plan Definitions**                                             **Page  3**

    II.A.    Compensation . . . . . . . . . . . . . . . Page  3

    II.B.    Service Definitions . . . . . . . . . . . . . Page  4

    II.C.    Retirement Dates . . . . . . . . . . . . . . Page  6

**III.  Operative Plan Provisions**                                   **Page  7**

    III.A.    Eligibility . . . . . . . . . . . . . . . . Page  7

    III.B.    Contributions . . . . . . . . . . . . . . . Page  8

    III.C.    Allocation of Employer Contributions . . . . . . . . Page 10

    III.D.    Investment of Accounts . . . . . . . . . . . . Page 13

    III.E.    Vesting Provisions for Employer Contributions: . . . . . Page 14

    III.F.    Benefits may be paid in the following forms: . . . . . . Page 15

    III.G.    Life Insurance . . . . . . . . . . . . . . Page 16

    III.H.    Timing of Distributions . . . . . . . . . . . . Page 17

    III.I.    Timing of Forfeiture Allocation . . . . . . . . . . Page 18

**IV.  Miscellaneous Provisions**                                     **Page 18**

    IV.A.    Transfers (and rollovers) from Qualified Plans . . . . . . Page 18

    IV.B.    Life Expectation for Minimum Contribution . . . . . . . Page 19

    IV.C.    Loans to Participants . . . . . . . . . . . . . Page 19

    IV.D.    Maximum Compensation Limit with Aggregation (IRC 414(q)) . . Page 20

    IV.E.    Controlling State Law: . . . . . . . . . . . . Page 20

**V.  Adoption**                                                      **Page 21**

# REGIONAL PROTOTYPE NON–STANDARDIZED
# MONEY PURCHASE SAFE HARBOR PENSION PLAN
# ADOPTION AGREEMENT #02–003

The Employer referred to in Section I.B hereof, hereby adopts this Plan and Trust, a copy of which is attached hereto, as of the Effective Date specified herein, to provide retirement and pre-retirement benefits for its Employees.

**Note to Employer: Failure to complete the Adoption Agreement properly may result in disqualification of the Plan.**

## I. Basic Information

### I. A.  Plan Information

1. This plan shall be known as the   DIAGNOSTIC & CLINICAL CARDIOLOGY,
   P.A. MONEY PURCHASE PENSION PLAN

2. This Trust shall be known as the   DIAGNOSTIC & CLINICAL CARDIOLOGY,
   P.A. MONEY PURCHASE PENSION PLAN

3. This Plan is a:

   [ ] a. Newly Adopted Plan

   [x] b. An Amendment and restatement of the   DIAGNOSTIC & CLINICAL CARDIOLOGY
   PA MONEY PURCHASE PENSION          Plan which was effective on
   April 1, 1976            .

4. The Effective Date of this Plan is   April 1, 1976          .

5. The Restatement Effective Date of the Plan is   April 1, 1989

6. The Plan number shall be   002          .

7. The Plan Year shall be:

   [x] a. the 12 consecutive month period ending on each   December 31 *

   [ ] b. initially the period commencing on _____ and ending on
   _____, and thereafter the 12 consecutive month period ending
   on each _____.

### I. B. Information Relating to Plan Officials

1. The name of the Employer is   DIAGNOSTIC & CLINICAL CARDIOLOGY, P.A.

---

* Prior to January 1, 1994, Section 1A(7) shall read "the 12 consecutive month period ending on each March 31. THere shall be a short plan year from April 1, 1993 to December 31, 1993.

7680

I. A. Plan Information

Non-Standardized Money Purchase Safe Harbor Pension Plan #02-003

a. Address    769 NORTHFIELD AVENUE
                                        street address

WEST ORANGE            ,          NJ          ,      07052-
         city                              state                    zip

b. Telephone No.              (201)731-9442

c. Business Code No.              8011

d. Date Business Started                    , 1976

e. Type of Entity:    [x] Corporation                    [ ] Partnership
                      [ ] Sole Proprietorship            [ ] S Corporation
                      [ ] other_____

2. The following additional Employers adopt the Plan as  Participating Employers:

a. _____

b. _____

c. _____

d. _____

e. _____

f. _____

g. _____

h. _____

i. _____

j. _____

3. Employer is a member of:

   [ ] Controlled Group      [ ] Affiliated Service Group      [x] Not Applicable

4. Employer's Fiscal Year is 12 consecutive months ending:   December 31
                                                            month & day

5. Employer's I.D. No.:   22-2323990

6. The Employer hereby designates the following Trustee(s):

a.  MARIO CRISCITO, M.D.

b. _____

c. _____

d. _____

7681

Non-Standardized Money Purchase Safe Harbor Pension Plan #02-003

e. _____

f. _____

g. _____

h. _____

i. _____

j. _____

7. The Employer hereby designates the following as Plan Administrator:

[x] a. Employer

[ ] b. Name: _____

(If not completed, the Employer shall be designated)

Address:   769 NORTHFIELD AVENUE
                                                    street address
              WEST ORANGE     ,      NJ      ,      07052-
                        city                     state                        zip

Telephone No.: _____(201)731-9442_____

8. The Employer hereby designates the following as the Retirement Committee, to act on behalf of the Plan Administrator (leave blank if no Retirement Committee is appointed):

a. _____

b. _____

c. _____

d. _____

e. _____

## II. Plan Definitions

### II. A.  Compensation

I.a. Compensation shall include the items specified in Section 2.18 of the Plan. However, if indicated below, for all purposes other than application of Code Section 415, compensation shall be determined without regard to adjustments in taxable wages due to the following salary reductions:

[ ]  (i)  under Code Section 401(k)

[ ]  (ii) under Code Section 403(b)

[x]  (iii) under Code Section 125

7682

b. In addition to the items excluded in Section 2.18 of the Plan, Compensation shall exclude the following items:

[ ] (i)   Overtime

[ ] (ii)  Bonuses

[ ] (iii) Commissions

[ ] (iv)  _____

[x] (v)   No exclusions

2. Compensation shall mean all of each Participant's:

a. [ ]   (i) W-2 Earnings, or

[x]   (ii) "415" Compensation

which is actually paid to the Participant during:

b. [x]   (i) the Plan Year.

[ ]   (ii) the Employer's Fiscal Year ending with or within the Plan Year.

[ ] (iii) the Limitation year ending with or within the Plan Year.

[ ]   (iv) the Calendar Year ending with or within the Plan Year.

3. For Plan purposes, maximum Compensation shall be:

[ ] a. $_____ (not to exceed maximum allowed under Code Section 401(a)(17), i.e. $200,000 in 1989 and adjusted by the Secretary of the Treasury for cost of living increases).

[x] b. Maximum allowed under Section 401(a)(17).

4. For the first year of a new Participant, for the purpose of determining Employer Contributions to be made on behalf of such new Participant, Compensation shall include Compensation earned:

[ ] a. Only from the date of his entry into the Plan.

[x] b. During the entire Plan Year in which he becomes a Participant.

**II. B.  Service Definitions**

1. The Limitation Year of the Plan shall be:

[x] a. Plan Year

[ ] b. _____

**7683**

<u>Non-Standardized Money Purchase Safe Harbor Pension Plan #02-003</u>

2. The Computation Period for vesting and breaks in service shall be:

[ ] a. Plan Year

[x] b. The 12 month period beginning with Successive Anniversaries of the Employee's Employment Commencement Date.
(If no period is specified in either of the above two categories, the Plan Year shall be selected).

3. If this option is selected then Section 2.17 of the Plan is revised so that the Computation Period for eligibility purposes shall be successive anniversaries of the Employee's Employment Commencement Date. Furthermore, for eligibility purposes, a Year of Service is not completed until the end of each consecutive 12-month period without regard to when during the period the 1,000 Hours of Service are completed.

[x] This option is selected.

4. The Employer elects pursuant to Section 2.37(f) of the Plan to count Hours of Service based on the following equivalencies:

[x] a. Actual hours of employment.

[ ] b. Forty-five (45) hours for weekly pay period.

[ ] c. Ninety (90) hours for each bi-weekly pay period.

[ ] d. One hundred ninety (190) hours for each monthly pay period.

[ ] e. On the basis of the elapsed time method. For vesting purposes where the total elapsed time includes fractions of a year, a full year credit will be given for:

[ ] (i) _____ weeks of elapsed time.

[ ] (ii) _____ months of service.

[ ] (iii) not applicable.

(If no option is selected actual hours of employment shall be counted).

5. The Anniversary Date shall be: ___December 31___
(If not specified, the Anniversary Date shall be the last day of Plan Year.)

6. Service for vesting and eligibility purposes with the following predecessor Employers shall be:

[ ] a. Excluded.

[x] b. Included from ___July 1, 1981___ (fill in date).

[ ] c. Included for such years a qualified retirement plan was maintained by such Employer from_____ (fill in date).

## Non-Standardized Money Purchase Safe Harbor Pension Plan #02-003

Name of predecessor Employer(s):

(i)  JONATHEN GOLDSTEIN, M.D. SOLE PROPRIETOR

(ii)  DONALD RUBENSTEIN, M.D. SOLE PROPRIETOR

(iii)  _____

## II. C.  Retirement Dates

1. The Normal Retirement Date shall be:

[x] a. Age 65

[ ] b. The later of Age 65 or the fifth anniversary of the Participant's initial Plan participation.

[ ] c. The later of Age _____ (less than 65) or the _____ anniversary of the Participant's:

[ ] i.  initial Plan participation, or

[ ] ii. employment date.

In no case will the Normal Retirement Date be later than the later of age 65 or the fifth anniversary of the Participant's initial Plan participation.  Initial Plan participation shall be the first day of the first Plan Year in which the Participant commenced participation in the Plan.  (Example: NRD is age 57 or after 32 years of service if later, but not later than age 65 or 5 years of participation.)

2. The Early Retirement Date shall be:

[ ] a. _____ Years prior to Normal Retirement Date, but not prior to the Participant's original Entry Date.

[ ] b. The later of: Age _____; or the completion of:

[ ] _____ Years of Service;

[ ] _____ Years of Participation.

[ ] c. Age _____.

[x] d. There shall be no Early Retirement Date.

3. Normal Retirement Date Rounding.  A Participant shall become eligible to receive his normal retirement benefits on the:

[ ] a. PLAN ANNIVERSARY NEAREST the attainment of his Normal Retirement Date.

[ ] b. FIRST DAY OF THE MONTH FOLLOWING the attainment of his Normal Retirement Date.

[ ] c. EXACT DATE the Participant actually attains his Normal Retirement Date (e.g. his 65th birthday or exactly 5 years from his employment).

**7685**

## Non-Standardized Money Purchase Safe Harbor Pension Plan #02-003

[ ] d. **PLAN ANNIVERSARY FOLLOWING** the attainment of his Normal Retirement Date.

[x] e. **FIRST DAY OF THE MONTH COINCIDENT WITH OR FOLLOWING** the attainment of his Normal Retirement Date.

## III. Operative Plan Provisions

### III. A.  Eligibility

1. Classes of Employees eligible to participate shall be all employees of an Affiliated Employer with the following exclusions:

[ ] a. Employees of any Affiliated Employer not participating in this Plan.

[ ] b. Hourly Employees.

[x] c. Employees whose employment is covered by a collective bargaining agreement between the Employer and Employee representatives for which retirement benefits have been the subject of good faith bargaining.  For this purpose, the term "Employee representatives" does not include any organization more than half of whose members are Employees who are owners, officers, or executives of the Employer.

[ ] d. Commissioned Employees.

[ ] e. Salaried Employees.

[ ] f. Other exclusions: _____

[x] g. Non-Resident Aliens with no United States Income.

2. Employees shall be eligible to participate after attaining the following Age:

[x] a. _____21_____ (Not to exceed Age 21)

[ ] b. No minimum age requirement.

3. Service Requirements shall be: 2 and ¾    1-1-95

[x] a. Completion of _____1_____ Years of Service not to exceed two (2) years.

[ ] b. Completion of _____ Months of employment, not to exceed twenty-four (24) months, regardless of number of hours worked and computed from the Employee's Employment Commencement Date.

7686

Note: If more than one (1) Year of Service is required, 100% immediate vesting is required.

4. Entry Date(s) shall be:

[ ] a. **SINGLE ENTRY FOLLOWING.** The first day of the Plan Year following satisfaction of the requirements of Section III.A hereof (use only with six month service requirement and minimum age requirement cannot exceed 20-1/2).

[x] b. **SINGLE ENTRY NEAREST.** The first day of the Plan Year nearest satisfaction of the requirements of III.A hereof.

[ ] c. **SINGLE ENTRY RETROACTIVE.** The first day of the Plan Year coincident with or preceding the date on which an Employee satisfies the requirements of Section III.A. hereof.

[ ] d. **DUAL ENTRY.** The first day of the Plan Year and the six (6) month anniversary thereof following the date on which an Employee satisfies the requirements of Section III.A. hereof.

[ ] e. **MONTHLY ENTRY.** The first day of each calendar month following the date on which an Employee satisfies the requirements of Section III.A. hereof.

[ ] f. **QUARTERLY ENTRY.** The first day of the Plan Year and the quarterly anniversaries thereof following the date on which an Employee satisfies the requirements of Section III.A. hereof.

5. Special Entry Rules (omit if inapplicable) - all persons who are:

[ ] a. Employees on _____ shall commence participation hereunder on _____.

[ ] b. Participants in the _____
Plan on _____ shall commence participation hereunder on _____.

(This provision will not be used to exclude Employee otherwise eligible to participate).

**III. B.  Contributions**

1. **Employer Contributions:**

[ ] a. <u>**NON-INTEGRATED FORMULA.**</u>
For each Plan Year, the Employer will contribute an amount equal to_____ % (not to exceed 25%) of each eligible Participant's Compensation.

[x] b. <u>**INTEGRATED FORMULA.**</u>
For each Plan Year, the Employer will contribute an amount equal to:

A Base Contribution of ___17.00 *___ % (not less than 3%) of each eligible Participant's Compensation plus an Excess Allowance equal to a percentage of each eligible Participant's Excess Compensation.

* For plan years prior to January 1, 1994, Section III. B. shall read "A Base Contribution of 10%..."

**7687**

Excess Compensation is the excess of total Compensation over the Integration Level. The Excess Allowance Percentage and the Integration Level are:

[x] **(i) Excess Allowance Percentage:** _____5.70_____%
(not less than 3% and not greater than 5.7%)

Integration Level:

[x] a. Taxable Wage Base pursuant to Section 3121(a)(1) of the Code as of the beginning of the Plan Year

[ ] b. greater of $10,000 or 20% of Taxable Wage Base

[ ] **(ii) Excess Allowance Percentage:** _____%
(not less than 3% and not greater than 5.4%)

Integration Level:

[ ] a. _____% of Taxable Wage Base
(must be greater than 80% and less than 100%)

[ ] b. One dollar ($1.00) above 80% of Taxable Wage Base

[ ] **(iii) Excess Allowance Percentage:** _____%
(not less than 3% and not greater than 4.3%)

Integration Level: _____% of Taxable Wage Base
(not to exceed 80%)

**Note:** The Base Contribution Percentage must not be less than the Excess Allowance Percentage and the total contribution for each eligible Participant must not exceed 25% of his total Compensation.

[ ] c. <u>PERCENT OF PAY ALLOCATED ON INTEGRATED BASIS:</u> For any Plan Year, the Employer will contribute an amount equal to _____% (not to exceed 25%) of the aggregate Compensation of all eligible Participants to be allocated among said Participants in a manner set forth in Section III.C.2.

2. **Employee Contributions:**

a. Rollover Contributions:

[x] (i) Shall be permitted.

[ ] (ii) Shall not be permitted.

b. Transfer Contributions from other tax-qualified plans:

[x] (i) Shall be permitted.

[ ] (ii) Shall not be permitted.

III. B. Contributions

### III. C.  Allocation of Employer Contributions

1. The following Participants are eligible to share in the allocation of Employer Contributions each year: (Check all that applies.)

   [x] a.  All participants who completed __1000__ (not to exceed 1000) hours of service and who are employed on the last day of the Plan Year.*

   [ ] b.  All participants who completed _____ (not to exceed 1000) hours of service.

   *If the Plan should fail IRC Sections 401(a)(26) or 410(b) coverage requirement due to the provisions of option a or b above, then solely for the Plan Year(s) in which it fails, option a or b (whichever applies) is changed to read as follows: "ALL PARTICIPANTS WHO COMPLETED 501 HOURS OF SERVICE ONLY".

   [ ] c.  Option _____ (a or b) above is only applicable for the 1989 Plan Year. Beginning in the 1990 Plan Year, all Participants who completed 501 hours of service are eligible to receive an allocation.

   [ ] d.  All participants who:

      [ ] (i)   have died;

      [ ] (ii)  have retired after reaching their Normal Retirement Date;

      [ ] (iii) became disabled during the Plan Year regardless of the number of hours worked.

2. **Employer Contributions.** In the event that Section III.B.1.c. of this Adoption Agreement is selected, Employer Contributions shall be allocated among the Participants specified in Section III.C.1 pursuant to the integrated procedure described in Section 6.2 of the Plan based on the following:

   [ ] a. **Fixed Excess Allowance Percentage**

      [ ] (i)  Excess Allowance Percentage: _____% (not less than 3% and not greater than 5.7%)

      The integration level is:

      [ ] (a) Taxable Wage Base (TWB) pursuant to Section 3121(a)(1) of the Code as of the beginning of the Plan Year

      [ ] (b) greater of $10,000 or 20% of Taxable Wage Base

**7689**

Non-Standardized Money Purchase Safe Harbor Pension Plan #02-003

[ ] (ii) Excess Allowance Percentage: _____ %
(not less than 3% and not greater than 5.4%)

The integration level is:

[ ] (a) _____ % of Taxable Wage Base
(greater than 80% and less than 100%)

[ ] (b) One dollar ($1.00) above 80% of Taxable Wage Base

[ ] (iii) Excess Allowance Percentage: _____ %
(not less than 3% and not greater than 4.3%)

Integration Level: _____ % of Taxable Wage Base
(not to exceed 80%)

OR:

[ ] b. Floating Excess Allowance Percentage

Excess Allowance Percentage equals one of the three percentages depending
on the ratio of the integration level amount to the Taxable Wage Base as of
the beginning of the plan year.

| When integration level as a % of the TWB is | Excess Allow. Percentage |
|---|---|
| 100% | 5.7% |
| greater than 80% and less than 100% | 5.4% |
| greater than 20% but not greater than 80% | 4.3% |
| less than or equal to 20% (or $10,000 if greater) | 5.7% |

Integration Level: $ _____ (not to exceed the Taxable Wage Base
as of beginning of Plan Year e.g. $48,000 in 1989 and $51,300 in 1990).

3. Forfeitures shall be allocated in the following manner:

[x] a. To reduce Employer Contributions.

[ ] b. In proportion that the Compensation of each Participant specified in
Section III.C. bears to the total Compensation of all Participants specified
in Section III.C.1.

4. Valuation Date

[x] a. For Allocation of Gains and Losses:

[ ] Monthly        [ ] Quarterly        [ ] Semi-Annually        [x] Annually

7690

[x] b. For the purpose of determining whether the plan is Top-Heavy:

    [x] (i)  last day of the Plan Year

    [ ] (ii) _____ (Fill in date)

5. In the event the Employer maintains a defined benefit pension plan, the following shall apply with respect to Code Section 415 and shall supercede any contrary provisions of the Plan or this Adoption Agreement:

    [ ] a. Contributions hereunder shall be reduced to the extent necessary to prevent violation of Code Section 415.

    [x] b. Benefits under such other defined benefit plan shall be restricted to the extent necessary to prevent a violation of Code Section 415.

    [ ] c. The following language shall apply: _____
    _____
    _____
    _____

6. In the event the Employer also maintains a defined benefit pension plan, the following interest rate and mortality assumptions shall be used to compute the top-heavy ratio:

| | Before Retirement | After Retirement |
|---|---|---|
| Interest Rate: | 6.00 % | 6.00 % |
| Mortality Table: | [x] none | The following table: |
| | [ ] same as table used after retirement | 83-IAM |

7. In the event the Employer maintains a defined benefit pension plan the following shall apply with respect to Code Section 416 and shall supercede any contrary provisions of the Plan or this Adoption Agreement:

    [x] a.  Top heavy minimum contributions shall be made under this Plan.

    [ ] b.  Top heavy minimum accruals shall be made under such other defined benefit plan maintained by the employer.

    [ ] c. _____
    _____
    _____
    _____

8. **Minimum Contribution under Top–Heavy Plan.**  Pursuant to Section 11.4 of the Plan, key employees shall be:

    [ ] a. excluded from the top heavy minimum

    [x] b. included for the top heavy minimum

**7691**

## Non-Standardized Money Purchase Safe Harbor Pension Plan #02-003

III. D. Investment of Accounts

1. Separate Investment Funds

   [x] a. Shall not be permitted.

   [ ] b. Shall be permitted.

2. A Self Directed Fund

   [ ] a. Shall not be permitted.

   [x] b. Shall be permitted.

3. In the event a Self Directed Fund is available the following restrictions shall apply:

   [x] a. None.

   [ ] b. A minimum investment of $_____ shall be required.

   [ ] c. Other restrictions required by the Committee and applied uniformly shall be:

   _____
   _____

4.a. In the event separate investment funds are permitted hereunder, Participants shall be permitted to change allocations among investment funds at the following intervals:

|       | New Contributions | Existing Accounts |   |
|-------|-------------------|-------------------|---|
| (i)   | [ ]               | [ ]               | daily |
| (ii)  | [ ]               | [ ]               | the first day of each payroll period. |
| (iii) | [ ]               | [ ]               | the first day of each month. |
| (iv)  | [ ]               | [ ]               | the first day of _____ (fill in month) and each quarterly anniversary thereof. |
| (v)   | [ ]               | [ ]               | the first day of _____ (fill in month) and the six (6) month anniversary thereof. |

b. For Existing Accounts, transfers will be based upon the value of their accounts at the close of business:

   [ ] a. on the previous day which shall be a Valuation Date for the purposes of the Plan.

   [x] b. on the most recent Valuation Date hereunder.

7692

III. D. Investment of Accounts

Non-Standardized Money Purchase Safe Harbor Pension Plan #02-003

5. In the event separate investment funds are permitted hereunder, Participants may allocate their account between investment funds as follows:

[ ] a. In increments of 10%.

[ ] b. In increments of 25%.

[ ] c. In increments of 1%.

[ ] d. In increments of _____%.

[ ] e. In increments of any amount chosen by the Participant.

**III. E. Vesting Provisions for Employer Contributions:**

1. Benefits under the Plan shall vest according to the following schedule:

a.          [ ]          100% immediate vesting

b.          [ ]

| Completed Years | .............. | Percentage |
| of Service | .............. | Vested |

Seven–Year
Graded
Vesting

| less than three (3) | ........................................... | 0% |
| three (3) but less than four (4) | .............. | 20% |
| four (4) but less than five (5) | .............. | 40% |
| five (5) but less than six (6) | .............. | 60% |
| six (6) but less than seven (7) | .............. | 80% |
| after seven (7) years | ............................ | 100% |

c.          [ ]

| Completed Years | .............. | Percentage |
| of Service | .............. | Vested |

Two–Twenty
Vesting

| less than two (2) | ........................................... | 0% |
| two (2) but less than three (3) | .............. | 20% |
| three (3) but less than four (4) | .............. | 40% |
| four (4) but less than five (5) | .............. | 60% |
| five (5) but less than six (6) | .............. | 80% |
| after six (6) years | ..................................... | 100% |

d.          [x]

| Completed Years | .............. | Percentage* |
| of Service | .............. | Vested |

Roll Your
Own
Vesting

| less than one (1) | ........................................ | 0 % |
| one (1) but less than two (2) | ............. | 0 % |
| two (2) but less than three (3) | ......... | 50 % |
| three (3) but less than four (4) | ......... | 50 % |
| four (4) but less than five (5) | ......... | 60 % |
| five (5) but less than six (6) | ............. | 80 % |
| six (6) but less than seven (7) | ......... | 100 % |
| after seven (7) years | ............................... | 100% |

*AMEND
1-1-98
TO
100%
IMMED
IATE*

* must be at least as rapid as each year in the Seven-year graded schedule as in III.E.1.b.

7693

Non-Standardized Money Purchase Safe Harbor Pension Plan #02-003

| c. | [ ] | Completed Years ........................ Percentage of Service ........................................... Vested |
|---|---|---|

Five-Year
Vesting

| | Completed Years of Service | Percentage Vested |
|---|---|---|
| less than one (1) | ..................................... | ____ % |
| one (1) but less than two (2) | ................ | ____ % |
| two (2) but less than three (3) | ......... | ____ % |
| three (3) but less than four (4) | ........ | ____ % |
| four (4) but less than five (5) | .......... | ____ % |
| after five (5) years | ..................................... | 100% |

2. In years in which the Plan is a Top Heavy Plan, benefits shall vest according to the following schedule (unless the Employer has already elected a faster vesting schedule):

[ ] a. 100% vesting after _____ (not to exceed 3) years of service.

[ ] b. the Two-twenty vesting schedule (option III.E.1.c.)

3. Years of Service to be excluded for vesting purposes (leave blank if no exclusions for vesting purposes):

[ ] a. Years of Service prior to age eighteen (18).

[ ] b. Years of Service prior to the Effective Date of the Plan or a predecessor Plan.

[x] c. Years of Service after five (5) or more consecutive one-year Breaks-in-Service (which exceeds the Participant's aggregate years of service) in calculating vesting before such Break in Service where such Participant had no non-forfeitable interest in his Account at the time of separation from Service.

NOTE: If this is a plan of a predecessor employer, service must include service with such predecessor employer.

III. F. Benefits may be paid in the following forms:

[x] 1. Installments not to exceed:

[ ] a. five (5) years.

[ ] b. ten (10) years.

[ ] c. twenty (20) years.

[x] d. life expectancy of the Participant and/or designated beneficiary.

[x] 2. A lump sum payment

[x] 3. An annuity for the life of the Participant.

[x] 4. An annuity for the life of the Participant with a term certain guarantee.

7694

[x] 5. An annuity for the life of the Participant with survivorship payments, i.e.:

[x] a. Joint & 100% survivor annuity

[ ] b. Joint &  75% survivor annuity

[x] c. Joint &  50% survivor annuity

[ ] d. Joint & 66-2/3% survivor annuity

**Note:** If 3, 4, or 5 is selected, the Plan will be subject to the Joint & Survivor Annuity rules.

**III. G. Life Insurance**

1. Life insurance shall be purchased in the following amounts:

[ ] a. None.

[ ] b. _____% (not to exceed 49.9% if whole life and 25% if a term or universal life) of the annual Employer Contribution hereunder.

[x] c. In an amount selected by the Participant.

2. The following Participants shall be eligible to receive life insurance, in the event Section III.G.1.b. has been selected:

[ ] a. Participants who have completed:

[ ] (i)  _____ Years of Service.

[ ] (ii)  _____ Years of Participation.

[ ] b. Participants who have attained Age _____, but who have not attained Age _____.

[x] c. All Participants.

3. Insurance purchased hereunder shall contain the following additional features:

a. Type:

[x] (i)  Term or universal life

[x] (ii) Whole Life

b. Minimum insurance adjustment.
The minimum increase or decrease in insurance face amount that will be recognized shall be $     1000.00     (not more than $1,000).

c. Maximum insurance amount.
The total amount of insurance for any participant shall not exceed $ _____.

**7695**

Non-Standardized Money Purchase Safe Harbor Pension Plan #02-003

d. Waiver of Premium.

[ ] If checked, waiver of premium will be included.

e. Insurance purchase date

[ ] If checked, all new insurance will be issued as of _____ (date).

f. Freeze on new insurance.

[ ] If checked, no new insurance is purchased for a Participant who is within _____ years (not to exceed 10) of his normal retirement date.

g. Treatment of insurance on late retirement. The insurance of a Participant who is beyond his normal retirement date shall be:

[ ] (i)  placed on a paid up basis.

[ ] (ii) surrendered.

[x] (iii) continued on a premium paying basis.

## III. H. Timing of Distributions

Subject to the requirements of Article XII of the Plan, distribution commencement date to terminated Participants will depend on the amount of his vested account balance. The cut-off amount for vested account balance shall be $ ___3500.00___ :

I. For amounts less than or equal to the specified cut-off amount above, distributions to terminated Participants shall commence:

[ ] a. As soon as practicable after the Participant's termination of employment.

[x] b. After the Participant has incurred a __5__ (not to exceed 5) year Breaks-in-Service.

[ ] c. After the _____ month anniversary of the date on which the Participant terminated employment.

[ ] d. As soon as practicable following the end of the Plan Year in which the Participant terminated employment.

[ ] e. Within _____ days (not to exceed 75) following the end of the Plan Year in which the Participant terminated.

[ ] f. Within _____ days (not to exceed 75) after the valuation date immediately following the Participant's termination of employment.

[ ] g. After the Participant has reached his Normal Retirement Date.

[ ] h. After the Participant has reached Early Retirement Date.

7696

2. For amounts greater than the specified cut-off amount, distributions to terminated Participants shall commence on:

[ ] a. As soon as practicable after the Participant's termination of employment.

[x] b. After the Participant has incurred a __5__ (not to exceed 5) year Breaks-in-Service.

[ ] c. After the _____ month anniversary of the date on which the Participant terminated employment.

[ ] d. As soon as practicable following the end of the Plan Year in which the Participant terminated employment.

[ ] e. Within _____ days (not to exceed 75) following the end of the Plan Year in which the Participant terminated.

[ ] f. Within _____ days (not to exceed 75) after the valuation date immediately following the Participant's termination of employment.

[ ] g. After the Participant has reached his Normal Retirement Date.

[ ] h. After the Participant has reached Early Retirement Date.

3. Distribution on behalf of Participants who have died or become disabled shall:

[x] a. Become payable immediately.

[ ] b. Become payable in the same manner as applied to terminated employees.

### III. I. Timing of Forfeiture Allocations.

After a distribution or deemed distribution, Forfeitures shall be reallocated:

[ ] 1. not applicable. (All employer contributions are fully vested or are used to reduce contributions)

[ ] 2. immediately as of the last day of each Plan year.

[x] 3. as of the last day of the Plan Year following __5__ (not to exceed 5) consecutive one year Breaks-in-Service.

## IV. Miscellaneous Provisions.

### IV. A. Transfers (and rollovers) from Qualified Plans:

[x] 1. Shall be permitted.

[ ] 2. Shall NOT be permitted.

**7697**

<u>Non-Standardized Money Purchase Safe Harbor Pension Plan #02-003</u>

**IV. B. Life Expectancies for minimum distributions required pursuant to Code Section 401(a)(9) shall:**

[ ] 1. NOT be recalculated.

[ ] 2. be recalculated.

[x] 3. be recalculated at the Participant's election. (If no election has been made by the time distributions must commence, then the Life Expectancies shall not be recalculated.)

**IV. C. Loans to Participants.**

[ ] 1. Shall not be permitted.  *amended to cost to no loans*

2. [x] a. Shall be permitted up to the maximum specified in Section 13.3(d)(iv) of the Plan.

[ ] b. Shall be permitted up to the following limit:

For a participant with a vested Account balance

[ ] (i) in excess of $20,000, up to _____ % (not to exceed 50%) of his vested balance, and

[ ] (ii) of $20,000 or less, up to _____ % (not to exceed 100%) of his vested balance.

Note: A Participant with a vested balance in excess of $20,000 may NOT have an outstanding loan of more than $50,000 while a Participant with a vested balance of $20,000 or less may NOT have an outstanding loan of more than $10,000.

3. As long as his total outstanding loan will not exceed the limits specified in Section IV.C.2.a and b. above, the minimum loan a Participant may apply for is $ __1000.00__ (not to exceed $1,000).

4. The loan interest rate shall be modified to reflect the current economic conditions:

[ ] a. every quarter.

[ ] b. every month.

[x] c. every time a new loan is granted.

5. Loan repayments will be made:

[x] a. every quarter.

[ ] b. every month.

[ ] c. every pay period through salary reduction.

7698

**IV. D. Maximum Compensation Limit with Aggregation (IRC 414(q)).**

When the $200,000 maximum compensation under Code Section 401(a)(17) applies and the compensation of any Participant is aggregated with the other Participating members (per Code Section 414(q)), the aggregate contribution shall be allocated among the participating individual family member(s) based on each Participant's compensation regardless of the $200,000 limit.

**IV. E. Controlling State Law:**

The laws of the state of __NEW JERSEY__ shall control this plan, except as preempted by Federal law.

**7699**

Non-Standardized Money Purchase Safe Harbor Pension Plan #02-003

**V. Adoption**

The Employer after consultation with his attorney, hereby adopts this Plan and Trust by its execution of this Adoption Agreement and agrees to be bound by its terms.

The Employer agrees to the adoption of the Plan by the Participating Employers set forth in Section I.B.3. hereof.

IN WITNESS WHEREOF, the parties have set their hands this _25th_ day of _December_, 19_94_.

Signed for the Employer By: _MARIO CRISCITO, MD_

Signature: _____  Title: _PRESIDENT_

a. Trustee's Signature: _____
MARIO CRISCITO, M.D.

b. Trustee's Signature: _____

c. Trustee's Signature: _____

d. Trustee's Signature: _____

e. Trustee's Signature: _____

f. Trustee's Signature: _____

g. Trustee's Signature: _____

h. Trustee's Signature: _____

i. Trustee's Signature: _____

j. Trustee's Signature: _____

7700

Non-Standardized Money Purchase Safe Harbor Pension Plan #02-003

Participating Employer(s):

a. Signature: _____, Title: _____

b. Signature: _____, Title: _____

c. Signature: _____, Title: _____

d. Signature: _____, Title: _____

e. Signature: _____, Title: _____

f. Signature: _____, Title: _____

g. Signature: _____, Title: _____

h. Signature: _____, Title: _____

i. Signature: _____, Title: _____

j. Signature: _____, Title: _____

The adopting Employer may not rely on the notification letter regarding the plan and must apply to the appropriate Key District for a determination letter in order to obtain reliance as to the Plan's qualified status.

This Adoption Agreement may only be used in conjunction with the Money Purchase/ Profit Sharing Basic Plan Document #02.

This plan is a Regional Prototype sponsored by:

**American Pension Corporation**                    (908)757-5151
**Attn: Brian Warnock**
**1375 Plainfield Avenue**
**Watchung, NJ    07060–**

Use of this Prototype is subject to the Sponsor's approval who will notify the Employer of any amendments or the termination of this Plan. The Employer agrees to notify the Sponsor of any change in address.

Sponsor hereby approves Employer's use of this Regional Prototype.

Signed for the Sponsor By:  DOMINIQUE SANDRA ECK

Signature: _____, Title: PENSION ADMINISTRATOR

Date: _____

7701

**EXHIBIT 37**

AMENDMENT TO

DIAGNOSTIC & CLINICAL CARDIOLOGY, P.A.

Diagnostic & Clinical Cardiology, P.A., a New Jersey Corporation, with its main offices at 769 Northfield Avenue, West Orange, New Jersey, as the settlor; and

Dr. Mario Criscito, Trustee;

hereby makes the following amendments to the Diagnostic & Clinical Cardiology, P.A. Money Purchase Pension Plan on this 27th day of February, 1995, to be effective as of the 1st day of January, 1995:

Item Number III (A) (3) shall be deleted in its entirety and replaced with:

(a) "Completion of two years of service not to exceed two (2) years."

Item Number III (E) (D) shall be deleted in its entirety and replaced with:

Item III (E) (a) "100% Immediate Vesting."

Regardless of this amendment, any Participant who has already completed the prior eligibility requirements as of the date this amendment is signed, shall enter the Plan based on the prior eligibility requirements.

In witness whereof, the Company has caused this amendment to be executed by its duly-authorized officers and signed by the Trustees.

BY: _____

Mario Criscioto, M.D.

ATTEST:

BY: _____

TRUSTEE: _____

Mario Criscito, M.D.



PLAINTIFF'S EXHIBIT

CRISCITO b

12-4-09

**EXHIBIT 38**

## ADOPTION AGREEMENT
## FOR THE AMERICAN PENSION CORPORATION PROTOTYPE
## NON-STANDARDIZED MONEY PURCHASE PLAN
## 01-007

### DIAGNOSTIC & CLINICAL CARDIOLOGY, P.A.
### MONEY PURCHASE PLAN

### PREPARED BY:
### AMERICAN PENSION CORPORATION

### FOR ATTORNEY REVIEW



PLAINTIFF'S
EXHIBIT
CRISCITO
12-4-09

Internal Revenue Service                    Department of the Treasury

                                            Washington, DC 20224

Plan Description: Prototype Non-standardized Money Purchase Pension Plan
FN: 50JB4218501-007  Case: 200106554  EIN: 22-2141197
FO: 01  Plan: 007  Letter Serial No: K338288a

        D                                   Contact Person:    Ms. Arrington 50-00197
    AMERICAN PENSION CORP
                                            Telephone Number:  (202) 283-8811
    1375 PLAINFIELD AVENUE
                                            In Reference to:  T:EP:RA:ICU
    WATCHUNG, NJ  07069
                                            Date:  09/13/2001


Dear Applicant:

In our opinion, the form of the plan identified above is acceptable under section 401 of the Internal Revenue Code for use
by employers for the benefit of their employees. This opinion relates only to the acceptability of the form of the plan
under the Internal Revenue Code. It is not an opinion of the effect of other Federal or local statutes.

You must furnish a copy of this letter to each employer who adopts this plan. You are also required to send a copy of the
approved form of the plan, any approved amendments and related documents to Employee Plans Determinations in Cincinnati at
the address specified in section 9.11 of Rev. Proc. 2000-20, 2000-6 I.R.B. 553.

This letter considers the changes in qualifications requirements made by the Uruguay Round Agreements Act (GATT), Pub.
L. 103-465, the Small Business Job Protection Act of 1996, Pub. L. 104-188, the Uniformed Services Employment and Reemploy-
ment Rights Act of 1994, Pub. L. 103-353, the Taxpayer Relief Act of 1997, Pub. L. 105-34, the Internal Revenue Service Re-
structuring and Reform Act of 1998, Pub. L. 105-206 and the Community Renewal Tax Relief Act of 2000, Pub. L. 106-554.
These laws are referred to collectively as GUST.

Our opinion on the acceptability of the form of the plan is not a ruling or determination as to whether an employer's plan
qualifies under Code section 401(a). However, an employer that adopts this plan may rely on this letter with respect to the
qualification of its plan under Code section 401(a), as provided for in Announcement 2001-77, 2001-30 I.R.B. and outlined
below. The terms of the plan must be followed in operation.

Except as provided below, our opinion does not apply with respect to the requirements of: (a) Code sections 401(a)(4),
401(a)(26), 401(1), 410(b) and 414(s). Our opinion does not apply for purposes of Code section 401(a)(10)(B) and section
401(a)(16) if an employer ever maintained another qualified plan for one or more employees who are covered by this plan.
For this purpose, the employer will not be considered to have maintained another plan merely because the employer has main-
tained another defined contribution plan(s), provided such other plan(s) has been terminated prior to the effective date
of this plan and no annual additions have been credited to the account of any participant under such other plan(s) as of
any date within the limitation year of this plan. Likewise, if this plan is first effective on or after the effective date
of the repeal of Code section 415(e), the employer will not be considered to have maintained another plan merely because
the employer has maintained a defined benefit plan(s), provided the defined benefit plan(s) has been terminated prior to
the effective date of this plan. Our opinion also does not apply for purposes of Code section 401(a)(16) if, after Dec-
ember 31, 1985, the employer maintains a welfare benefit fund defined in Code section 419(e), which provides postretire-
ment medical benefits allocated to separate accounts for key employees as defined in Code section 419A(d)(3).

Our opinion applies with respect to the requirements of Code section 410(b) if 100 percent of all nonexcludable employees
benefit under the plan. Employers that elect a safe harbor allocation formula and a safe harbor compensation definition
can also rely on an opinion letter with respect to the nondiscriminatory amounts requirement under section 401(a)(4)
and the requirements of sections 401(k) and 401(m) (except where the plan is a safe harbor plan under section 401(k)(12)
that provides for the safe harbor contribution to be made under another plan).

7421

# ADOPTION AGREEMENT
## FOR THE AMERICAN PENSION CORPORATION PROTOTYPE
## NON-STANDARDIZED MONEY PURCHASE PENSION PLAN

The American Pension Corporation Prototype Non-Standardized Money Purchase Pension Plan ("the Plan") is hereby adopted by:

## Diagnostic & Clinical Cardiology, P.A.
### (the "Employer").

The Plan as applicable to the Employer shall be known as:

## Diagnostic & Clinical Cardiology, P.A. Money Purchase Plan

The Trust shall be known as:

## Diagnostic & Clinical Cardiology, P.A. Money Purchase Plan

The Plan is effective as of: <u>January 1, 2003</u> .

☐ a.   The Plan is an amendment of a preexisting Plan which was originally effective as of:
　　　___/___/_____.

☒ b.   The Plan is an amendment and restatement of a preexisting Plan which was originally effective as of: <u>April 1, 1976</u> .

☐ c.   Frozen Plan: This Plan was frozen:
　　　☐ c.1. Effective: ___/___/_____.
　　　☐ c.2. For the Plan Year commencing: ___/___/_____.

☒ d.   Election to substitute a trust agreement for the trust agreement provided by the Plan Sponsor.
　　　☒ d.1. Use trust agreement provided by the Plan Sponsor.
　　　☐ d.2. Use attached trust agreement in lieu of the trust agreement provided by the Plan Sponsor.

**NOTE:**　　　An executed copy of any amended trust agreement must be attached to this Plan. The Plan and Trust Agreement must be read and construed together. The powers, rights, and responsibilities of the Trustee shall be those specified in the Trust Agreement.

7422

*** CAUTION ***

*FAILURE TO FILL OUT THE ADOPTION AGREEMENT PROPERLY MAY
RESULT IN DISQUALIFICATION OF THE PLAN*

**PART I.**    The following identifying information pertains to the Employer and the Plan and Trust:

| | | |
|---|---|---|
| 1. | Employer Address | 769 Northfield Avenue<br>West Orange, NJ 07052 |
| 2. | Employer Telephone | (973) 731-9442 |
| 3. | Employer Tax ID | 22-2323990 |
| 4. | Employer Fiscal Year | 01/01 to 12/31 |
| 5. | Three Digit Plan Number | 002 |
| 6. | Trust ID Number | |
| 7. | Plan Year<br>(Must be 12 consecutive months.) | 01/01 to 12/31 |
| 8. | Short Initial Plan Year | ___/___/____ to ___/___/____ |
| 9. | Plan Agent | Diagnostic & Clinical Cardiology, P.A.<br>769 Northfield Avenue<br>West Orange, NJ 07052<br>(973) 731-9442 |
| 10. | Plan Administrator | Diagnostic & Clinical Cardiology, P.A.<br>769 Northfield Avenue<br>West Orange, NJ 07052<br>(973) 731-9442 |
| 11. | Plan Administrator ID Number | 22-2323990 |
| 12. | Plan Trustees | Mario Criscito, M.D.<br>769 Northfield Avenue<br>West Orange, NJ 07052-<br>(973) 731-9442 |
| 13. | IRS Determination Letter Date<br>(Leave blank for a new plan.) | 06/21/1995 |
| 14. | IRS File Folder Number<br>(Leave blank for a new plan.) | 521042933 |

7423

15. Legal Organization of Employer:
   - ☐ a.   Sole Proprietorship
   - ☐ b.   Partnership
   - ☐ c.   C Corporation
   - ☐ d.   S Corporation
   - ☐ e.   Limited Liability Company (LLC)
   - ☐ f.   Limited Liability Partnership (LLP)
   - ☐ g.   Not for Profit Corporation
   - ☒ h.   Professional Service Corporation
   - ☐ i.   Medical Corporation
   - ☐ j.   Other - Explain:

16. Business Code                    621111
    (as used on Form 5500;  6 digit NAICS)

17. State of Legal Construction      New Jersey

18. Date Business Commenced          04/01/1976

19. Other Members of a Controlled
    Group or Affiliated Service Group:
    (If any, each member should sign Adoption Agreement or otherwise satisfy applicable participation requirements. May check both controlled group and affiliated service group.)

    Controlled Group:

    ☒ a. Not Applicable
    ☐ b. Other Members:


    Affiliated Service Group:

    ☒ c. Not Applicable
    ☐ d. Other Members:

7424

**PART II.**   The Plan contains certain predetermined design features intended to provide the statutory requirement or most commonly adopted feature but permits the selection of alternative features.  If an Employer desires to retain the predetermined design feature, select the provision designated Plan Provision.  If an alternative design feature is desired, select the appropriate provision.  **Unless specifically provided to the contrary, only one selection may be made for each design category.**  Section references are to relevant Plan Sections.  Defined terms have the meanings provided in the Plan.

## A. Eligibility and Service Provisions

1.  **Eligibility Computation Period** - Section 1.2.34 provides that the initial Eligibility Computation Period begins on the employment commencement date and ends on the anniversary thereof.

    ☒  a.   Plan Provision - The Eligibility Computation Periods subsequent to the initial Eligibility Computation Period continue to be based on the employment commencement date.

    ☐  b.   The Eligibility Computation Periods subsequent to the initial Eligibility Computation Period are the Plan Years beginning with the first Plan Year commencing prior to the first anniversary of the employment commencement date.

2.  **Eligible Employees** - Section 1.2.35 provides that all Employees, including Employees of certain related businesses and Leased Employees are eligible except for certain members of a collective bargaining unit and non-resident aliens.  If adopting Employer is a member of a controlled group or affiliated service group and wishes to cover Employees of the adopting Employer only, then g. must be checked to exclude Employees of the controlled group or affiliated service group not employed by the adopting Employer.  (Select all applicable.)

    ☒  a.   Plan Provision - All Employees except members of a collective bargaining unit and non-resident aliens

    ☐  b.   Include members of collective bargaining unit

    ☐  c.   Include non-resident aliens

    ☐  d.   Exclude Employees acquired in a section 410(b)(6)(C) transaction

    ☐  e.   Exclude Highly Compensated Employees

    ☐  f.   Exclude Self-Employed Individuals

    ☐  g.   Exclude Employees not employed by the adopting Employer

    ☐  h.   Exclude commissioned Employees

    ☐  i.   Exclude hourly Employees

    ☐  j.   Exclude salaried Employees

    ☐  k.   Permit one-time election not to participate pursuant to Section 2.1.6.

    ☐  l.   Other - Specify:
            (Cannot discriminate in favor of Highly Compensated Employees.)

7425

3.  **Highly Compensated Employee Determination** - Highly Compensated Employee means any Employee who: (1) was a 5-percent owner at any time during the year or the preceding year, or (2) for the preceding year had Compensation from the Employer in excess of $80,000 (as adjusted by the Secretary pursuant to section 415(d) of the Code) and, if the Employer so elects, was in the Top-Paid Group for the preceding year. The Top-Paid Group Election and the Calendar Year Data Election must apply consistently to the determination years of all plans of the Employer. (May select a. and b.)

☐ a.   Top-Paid Group Election - Highly Compensated Employee determination limited to top 20% of Employees by pay.

☐ b.   Calendar Year Data Election - Method for determining greater than $80,000 in Compensation (as adjusted by the Secretary pursuant to section 415(d) of the Code), uses Compensation paid during the calendar year beginning with or within the preceding Plan Year. (Not available for calendar year plans.)

4.  **Eligibility Requirements (See Section 2.1.1.)** - An Employee is eligible to participate in the Plan if he satisfies the following requirements during the Eligibility Computation Period. **(Select all applicable. Select only one of c., d., e., or f.** Selecting more than one option means that an Employee must meet all indicated requirements for eligibility, except for option g. Option g. overrides any service requirement.)

☐ a.   No age or service required.

☒ b.   Minimum age of <u>21.0</u> years. (Not to exceed 21. Partial years may be used.)

☒ c.   Minimum of <u>2</u> Years of Service - use Year of Service definition at Section 1.2.91. (Cannot require more than 2 years. If more than 1 year is selected, must select full and immediate vesting. Use whole years only.)

☐ d.   Minimum of _____ months of service - use Elapsed Time Method of Section 1.2.27. (Cannot require more than 24 months. If more than 12 months is selected, must select full and immediate vesting. An Employee cannot be required to complete any specified number of Hours of Service.)

☐ e.   Minimum of _____ months of service in which the Employee is credited with _____ Hours of Service in each month, but in no event will the Employee be required to complete more than One Year of Service as defined at Section 1.2.91.

☐ f.   _____ Hours of Service required during each 12 month Eligibility Computation Period. (Cannot exceed 1000.)

☐ f.1.   This requirement is not satisfied until the last day of the Eligibility Computation Period.

☐ f.2.   This requirement may be satisfied prior to the last day of the Eligibility Computation Period.

☐ g.   Employed on ___/___/_____. (Under this option, eligible Employees who have met the age requirement shall be considered to have entered the Plan as of this date. Select an additional option if this provision is selected.)

5.  **Hour of Service** - Section 1.2.50 provides that service will be credited on the basis of actual hours for which the Employee is paid or entitled to payment. If records of actual hours are not maintained, credit is given on the basis of: (Select one even if records are normally maintained. If you select a., select an additional option as a fail safe.)

☒ a.   Plan Provision - Records are maintained of actual hours.

☐ b.   Days Worked - An Employee will be credited with 10 Hours of Service if he is credited with at least 1 Hour of Service during the day.

7426

☒ c.   Weeks Worked - An Employee will be credited with 45 Hours of Service if he is credited with at least 1 Hour of Service during the week.

☐ d.   Semi-Monthly or Two-Week Payroll Period - An Employee will be credited with 95 Hours of Service if he is credited with at least 1 Hour of Service during the payroll period.

☐ e.   Months Worked - An Employee will be credited with 190 Hours of Service if he is credited with at least 1 Hour of Service during the month.

☐ f.   On the basis of the Elapsed Time Method, as provided for in Section 1.2.27.

6.  **Service with Predecessor Employers** - Section 1.2.50 provides that service with predecessor employers is treated as service for the Employer.  Where applicable, identify the predecessor employer(s) and any document(s) which provide(s) for the crediting of service with such predecessor(s).

☐ a.   No predecessor service is being granted.

☒ b.   Service with the following entities shall be credited as service under this Plan:
`Jonathan Goldstein, M.D., Sole Proprietor`
`Donald Rubenstein, M.D., Sole Propriietor`

Service counted for:
☒ b.1.   Eligibility
☒ b.2.   Vesting
☒ b.3.   Contribution Allocation

Service with the above entities has been determined under the terms of the following documents:

_____

7.  **Entry Date** - Section 2.1.2 provides that an Employee who satisfies the eligibility requirements enters the Plan on the Entry Date.  The Entry Date is:

☐ a.   **Semiannual** - First Entry Date:  ___/___ or the date 6 months thereafter, coincident with or next following satisfaction of the eligibility requirements.

☐ b.   **Quarterly** - First Entry Date:  ___/___ or the first day of the next successive 3 month periods, coincident with or next following satisfaction of the eligibility requirements.

☐ c.   **Monthly** - The _____ day of each calendar month of the Plan Year, coincident with or next following satisfaction of the eligibility requirements.

☐ d.   **First day of next Plan Year or ___ months (not to exceed 6) after satisfaction of the eligibility requirements, if earlier.**

☐ e.   **First day of the _____ month (not more than 6) after satisfaction of the eligibility requirements.**

☐ f.   **First day of Plan Year in which the eligibility requirements are satisfied.**

☒ g.   **First day of Plan Year nearest to the date the eligibility requirements are satisfied.**

☐ h.   **First day of the Plan Year coincident with or next following the date the eligibility requirements are satisfied, but in no event later than 6 months after satisfying the eligibility requirements.**

☐ i.   **Anniversary Date coincident with or next following the satisfaction of the eligibility requirements but in no event later than the first day of the next Plan Year or 6 months after satisfying the eligibility requirements.**

7427

☐ j.   **Anniversary** Date of the Plan Year in which the eligibility requirements are satisfied, but in no event later than 6 months after satisfying the eligibility requirements.

☐ k.   Date of satisfaction of the eligibility requirements.

*NOTE:  The Entry Date should be coordinated with the Compensation Computation Period of Part II.C.3.*

8.   **Break in Service** - Section 1.2.12 provides that a Break in Service occurs if an Employee fails to complete more than 500 Hours of Service during the applicable computation period unless a lesser number is specified.

☒ a.   Plan Provision - Break if less than 501 Hours of Service.

☐ b.   A Break in Service will occur if the Employee fails to complete more than ____ (not to exceed 500) Hours of Service.

☐ c.   Elapsed Time Method shall substitute one of the following in lieu of an Hours of Service requirement:

☐ c.1.   ____ consecutive calendar days (not to exceed 91).

☐ c.2.   ____ consecutive calendar months (not to exceed 3).

*NOTE:  A Year of Service and a Break in Service must be measured on the same computation period.  (See Section E. Vesting Provisions.)*

7428

## B. Date Provisions

1. **Anniversary Date** - Section 1.2.6 provides that the Anniversary Date is the last day of the Plan Year unless another date is specified.

   ☒ a.   Plan Provision - Last day of the Plan Year
   ☐ b.   The first day of the Plan Year
   ☐ c.   Other - Specify: _____
           (Must be at least annually.)

2. **Valuation Date** - Section 1.2.87 provides that the Valuation Date is the date or dates specified in the Adoption Agreement. (Select all applicable.)

   ☒ a.   Last day of the Plan Year
   ☐ b.   Semiannually on the last day of each 6 month period beginning with the first day of the Plan Year
   ☐ c.   Quarterly on the last day of each 3 month period beginning with the first day of the Plan Year
   ☐ d.   Monthly on the last day of each month of the Plan Year
   ☐ e.   Last day of each pay period
   ☐ f.   Daily
   ☐ g.   Value individual investment accounts daily
   ☐ h.   Other - Specify: _____
           (Must be at least annually.)

3. **Normal Retirement Age** - For each Participant the Normal Retirement Age is:

   ☐ a.   Statutory:  The later of age 65 or the fifth anniversary of the participation in the Plan.  For this purpose only, Participation is assumed to commence as of the first day of the first Plan Year in which the Employee became a Participant.
   ☒ b.   Age <u>59.5</u> (not to exceed 65).
   ☐ c.   Age _____ and ___ Years of Service but in no event later than the later of age 65 or the 5th anniversary of participation.
   ☐ d.   Age _____ and ___ Years of Service while a Participant, but in no event later than the later of age 65 or the 5th anniversary of participation.
   ☐ e.   Sum of age and Years of Service equals ___, but in no event later than the later of age 65 or the 5th anniversary of participation.
   ☐ f.   Sum of age and Years of Participation equals ___, but in no event later than the later of age 65 or the 5th anniversary of participation.
   ☐ g.   Other - Specify: _____, but in no event later than the later of age 65 or the 5th anniversary of participation.  (Cannot discriminate in favor of Highly Compensated Employees.)

7429

4. **Normal Retirement Date** - Section 1.2.62 permits the adoption of a Normal Retirement Date. The Normal Retirement Date is:

- ☐ a. The actual date Normal Retirement Age is attained.
- ☐ b. The first day of the month in which Normal Retirement Age is attained.
- ☐ c. The first day of the month nearest the date Normal Retirement Age is attained.
- ☒ d. The first day of the month coincident with or next following the date Normal Retirement Age is attained.
- ☐ e. Anniversary Date of the Plan Year in which Normal Retirement Age is attained.
- ☐ f. Anniversary Date nearest the date Normal Retirement Age is attained.
- ☐ g. Anniversary Date coincident with or next following the date Normal Retirement Age is attained.
- ☐ h. Anniversary Date coincident with or next preceding the date Normal Retirement Age is attained.
- ☐ i. The last day of the month in which Normal Retirement Age is attained.
- ☐ j. The last day of the month nearest the date Normal Retirement Age is attained.
- ☐ k. The last day of the month coincident with or next following the date Normal Retirement Age is attained.

5. **Early Retirement Age** - For each Participant the Early Retirement Age is: (Select all applicable. If more than one option is selected, Early Retirement Age is attained on the first date the requirements of any option are met.)

- ☒ a. The Plan does not provide an Early Retirement Age.
- ☐ b. Age _____ (not to exceed 65).
- ☐ c. Age _____ and _____ Years of Service.
- ☐ d. Age _____ and _____ Years of Service while a Participant.
- ☐ e. _____ years prior to the Normal Retirement Age.
- ☐ f. Sum of age and Years of Service equals _____.
- ☐ g. Sum of age and Years of Participation equals _____.

6. **Early Retirement Date** - Section 1.2.25 permits the adoption of an Early Retirement Date. The Early Retirement Date is:

- ☐ a. The actual date Early Retirement Age is attained.
- ☐ b. The first day of the month in which the Early Retirement Age is attained.
- ☐ c. The first day of the month nearest the date Early Retirement Age is attained.
- ☐ d. The first day of the month coincident with or next following the date Early Retirement Age is attained.
- ☐ e. Anniversary Date of the Plan Year in which the Early Retirement Age is attained.
- ☐ f. Anniversary Date nearest the date Early Retirement Age is attained.

7430

☐ g.   Anniversary Date coincident with or next following the date Early Retirement Age is attained.

☐ h.   Anniversary Date coincident with or next preceding the date Early Retirement Age is attained.

☐ i.   The last day of the month in which the Early Retirement Age is attained.

☐ j.   The last day of the month nearest the date Early Retirement Age is attained.

☐ k.   The last day of the month coincident with or next following the date Early Retirement Age is attained.

7.   **Limitation Year** - Section 1.2.55 provides that unless otherwise specified the Limitation Year for purposes of the limitation imposed by section 415 of the Code is the Plan Year.

☒ a.   Plan Provision - Plan Year.

☐ b.   Calendar year coinciding with or ending within the Plan Year.

☐ c.   Twelve consecutive month period ending ____/____.

☐ d.   Employer Fiscal Year ending with or within Plan Year.  Employer Fiscal Year ends: ____/____

7431

## C. Compensation

1.  **Compensation** - See Section 1.2.14.  For purposes of the Plan, a Participant's Compensation is based on the Compensation Computation Period and shall be equal to:  (Select a., b. or c., and any applicable inclusions or exclusions)

    ☐ a.  Compensation as defined for Wages, Tips and Other Compensation Box on Form W-2. (Must include or exclude all of a.1 through a.6 for section 414(s) safe harbor compensation.)
    Include:

    ☐ a.1.  402(h)(1)(B) (SEP deferrals)
    ☐ a.2.  125 (Cafeteria Plan)
    ☐ a.3.  132(f)(4) (Transportation)
    ☐ a.4.  402(e)(3) (401(k) deferrals)
    ☐ a.5.  403(b)
    ☐ a.6.  457(b)

    ☐ b.  Compensation as defined in section 3401(a) of the Code. (Must include or exclude all of b.1 through b.6 for section 414(s) safe harbor compensation.)
    Include:

    ☐ b.1.  402(h)(1)(B) (SEP deferrals)
    ☐ b.2.  125 (Cafeteria Plan)
    ☐ b.3.  132(f)(4) (Transportation)
    ☐ b.4.  402(e)(3) (401(k) deferrals)
    ☐ b.5.  403(b)
    ☐ b.6.  457(b)

    ☒ c.  Compensation as defined in section 415(c)(3) of the Code. (Must include or exclude all of c.1 through c.6 for section 414(s) safe harbor compensation.)
    Exclude:

    ☐ c.1.  402(h)(1)(B) (SEP deferrals)
    ☐ c.2.  125 (Cafeteria Plan)
    ☐ c.3.  132(f)(4) (Transportation)
    ☐ c.4.  402(e)(3) (401(k) deferrals)
    ☐ c.5.  403(b)
    ☐ c.6.  457(b)

2.  **Modifications to Compensation** - For purposes of the Plan, unless defined elsewhere, a Participant's Compensation shall (No exclusions permitted for section 414(s) safe harbor compensation.):

    Exclude compensation that is:

    ☐ a.  overtime
    ☐ b.  commissions
    ☐ c.  discretionary bonuses
    ☐ d.  bonuses
    ☐ e.  taxable employee benefits
    ☐ f.  in excess of $ _____
    ☐ g.  other exclusion - Specify:

    _____
    (Cannot discriminate in favor of Highly Compensated Employees.)

7432

3. **Compensation Computation Period:** (Select all applicable.)

      ☒ a.   The Plan Year

      ☐ b.   The Limitation Year

      ☐ c.   The calendar year ending with or within the Plan Year

      ☐ d.     The Period based upon ☐ Pay period, ☐ Monthly, ☐ Bi-monthly, ☐ Quarterly, ☐ Semi-Annually, ☐ Bi-weekly, ☐ Weekly periods ending with or within the Plan Year

      ☐ e.   The twelve consecutive month period ___/___ to ___/___ ending with or within the Plan Year. (For Employees whose date of hire is less than 12 months before the end of the 12-month period designated, Compensation will be determined over the Plan Year)

      ☒ f.   Compensation for initial Plan Year of Participation:

            ☐ f.1.   From Entry Date as a Participant

            ☒ f.2.   For the 12 month period ending in the initial year of participation.

4. **Compensation for Sections 415 and 416 of the Code** - Compensation for purposes of the Annual Additions Limitation and Top-Heavy purposes (Based upon the Limitation Year):

      ☐ a.   Compensation as defined for Wages, Tips and Other Compensation Box on Form W-2.

      ☐ b.   Compensation as defined in section 3401(a) of the Code.

      ☒ c.   Compensation as defined in section 415(c)(3) of the Code.

7433

## D. Contribution and Allocation

1. **Requirement to Share in Contribution Allocation** - In order to share in the allocation of the Employer's Contribution for the Plan Year, a Participant:  (Select all applicable.)

☐ a.  Will be eligible regardless of Hours of Service.

☐ b.  Must complete _____ Hours of Service (cannot exceed 1000), but:

    ☐ b.1.  is eligible regardless of Hours of Service if the Employee dies during the Plan Year.

    ☐ b.2.  is eligible regardless of Hours of Service if the Employee retires during the Plan Year.

    ☐ b.3.  is eligible regardless of Hours of Service if the Employee becomes Disabled during the Plan Year.

☐ c.  Must complete _____ Hours of Service (cannot exceed 1000), or be employed on the last day of the Plan Year, but:

    ☐ c.1.  is eligible regardless of Hours of Service if the Employee dies during the Plan Year.

    ☐ c.2.  is eligible regardless of Hours of Service if the Employee retires during the Plan Year.

    ☐ c.3.  is eligible regardless of Hours of Service if the Employee becomes Disabled during the Plan Year.

☐ d.  Elapsed Time Method - substitute one of the following in lieu of an hours requirement:

    ☐ d.1.  _____ consecutive calendar days (not to exceed 365).

    ☐ d.2.  _____ consecutive calendar months (not to exceed 12).

☒ e.  Must complete 1000 (cannot exceed 1000) Hours of Service and be employed at Plan Year end but:

    ☐ e.1.  will be eligible if Employee dies during the Plan Year:

        ☐ 1.A. regardless of Hours of Service.

        ☐ 1.B. only if Employee meets Hours of Service requirement.

    ☐ e.2.  will be eligible if Employee retires during the Plan Year:

        ☐ 2.A. regardless of Hours of Service.

        ☐ 2.B. only if Employee meets Hours of Service requirement.

    ☐ e.3.  will be eligible if Employee becomes Disabled during the Plan Year:

        ☐ 3.A. regardless of Hours of Service.

        ☐ 3.B. only if Employee meets Hours of Service requirement.

7434

☒ f.   Contributions on Behalf of Disabled Participants for the Plan Year in which they are determined to be disabled. - The Employer:

   ☐ f.1.   will make contributions on behalf of Disabled Participants who are not Highly Compensated Employees on the basis of the Compensation each such Participant would have received for the Limitation Year if the Participant had been paid at the rate of Compensation paid immediately before becoming permanently and totally Disabled.  Such imputed Compensation for the Disabled Participant may be taken into account only if the contributions made on behalf of such Participant will be nonforfeitable when made.  Compensation will mean Compensation as the term is defined in Section 1.2.14.

   ☐ f.2.   will make contributions on behalf of Disabled Participants on the basis of the Compensation each such Participant would have received for the Limitation Year if the Participant had been paid at the rate of Compensation paid immediately before becoming permanently and totally Disabled. Compensation will mean Compensation as the term is defined in Section 1.2.14.

       Note: May not select f.2 if Employer elected 100% vesting for all Participants or Disabled Participants. (See section E.3)

   ☒ f.3.   will not make contributions on behalf of Disabled Participants based on imputed Compensation.

☐ g.   To satisfy the Minimum Coverage Requirements of section 410(b) of the Code, the Employer elects to apply the Fail Safe Allocation provisions of Section 2.3.8.


2.   **Contribution Formula** - The Employer's Contribution pursuant to Section 2.2.1 to the Plan shall be: (May select b and one other option.)

   ☐ a.   _____% of each Participant's Compensation.

   ☐ b.   _____% (not less than 3%) of each Eligible Participant's Compensation to meet the Safe Harbor Non-Elective Contribution requirement of  will be made to: (Select all applicable.)

      ☐ b.1.   Each Eligible Participant.

      ☐ b.2.   Each Eligible Participant who is a Non-Highly Compensated Employee.

      ☐ b.3.   Each Eligible Participant who is a Non-Highly Compensated Employee or a Non-Key Employee.

      ☐ b.4.   Eligible Participants who have not completed a Year of Service since their original date of hire, or have not yet reached age 21 will not receive this Contribution.

For purposes of this Section, "Eligible Participant" means a Participant who is eligible to make Elective Deferrals.

This Safe Harbor Contribution is subject to the provisions of Section 2.9.3 including the requirement that it be nonforfeitable at all times.

   ☒ c.   Integrated with Social Security - The Employer shall contribute **17.000**% (Base Contribution Percentage) of each Participant's Compensation up to the Social Security Integration Level, plus **22.700**% (Excess Contribution Percentage) (Not to exceed the Base Contribution Percentage by more than the Maximum Money Purchase Disparity Rate) of each Participant's Compensation in excess of the Social Security Integration Level. (Select one of l. through q. below.)

Note:   *The Maximum Money Purchase Disparity Rate is the lesser of the Base Contribution Percentage or the factor found in Section 2.3.6(c) of the Basic Plan Document #01.*

   ☐ d.   Integrated with Social Security - The Employer shall contribute _____% of each Participant's Compensation based on the following formula. See Sections 2.3.1 and 2.3.6.

7435

(Select one of l. through q., below.)

☐ d.1.   Use Steps One through Four in Section 2.3.6 of Plan in all cases.

☐ d.2.   Use Steps One through Four in Section 2.3.6 of Plan only when Plan is Top-Heavy.

☐ d.3.   Use Steps Three and Four in all cases. Top-Heavy adjustments shall be made pursuant to Section 2.3.6(b).

☐ d.4.   Limit maximum disparity to _____% (Use when limiting disparity to less than the Maximum Money Purchase Disparity Rate.) .

☐ e.   The Employer shall contribute an amount equal to _____% of eligible Compensation allocated to the eligible Employees based on the following points formula: (Must select at least age or service.)

(Must select at least age or service.)

e.1. _____ points for each year of age.

e.2. _____ points for each Year of Service.

☐ 2.A.   All service.

☐ 2.B.   Service as a Participant.

☐ 2.C.   Service limited to _____ years.

e.3. _____ points for each $____ (not to exceed $200) of Compensation.

e.4. Each Participant will be limited to _____ total points.

Each Participant's allocation shall bear the same relationship to the Employer Contribution as his or her total points bears to all points awarded.

☐ f.   $_____ per Hour of Service credited to each Participant for the Plan Year.

☐ f.1.   Do not limit Hours of Service

☐ f.2.   Limit Hours of Service in Allocation to _____ hours.

☐ g.   A flat dollar amount of $_____ shall be allocated to each Participant.

☐ h.   Prevailing Wage Contribution - this contribution shall be determined pursuant to the Davis Bacon Act or any other Federal, State, or Municipal prevailing wage law. All contributions must be 100% vested at all times, and shall be made on a timely basis as required by the various acts. No age or service requirement under this Plan shall apply to this contribution. This contribution shall be allocated according to the attached prevailing wage schedule. (Must attach prevailing wage schedule.)

☐ i.   An amount equal to $_____ for each $_____ of Compensation of each Eligible Participant.

☐ j.   A graded amount based on

| Years of Service | Contribution |
|---|---|
| More than ___ Years | _____% of Compensation |
| More than ___ Years | _____% of Compensation |
| More than ___ Years | _____% of Compensation |
| More than ___ Years | _____% of Compensation |
| More than ___ Years | _____% of Compensation |

☐ k.   A graded amount based on

| Years of Service | Contribution |
|---|---|
| More than ___ Years | $_____ |
| More than ___ Years | $_____ |
| More than ___ Years | $_____ |
| More than ___ Years | $_____ |
| More than ___ Years | $_____ |

-15-

7436

The Social Security Integration Level is equal to:

☒ l.   The Taxable Wage Base under section 230 of the Social Security Act in effect as of the first day of the Plan Year.

☐ m.   $_____. (Not to exceed the Taxable Wage Base under section 230 of the Social Security Act in effect as of the first day of the Plan Year.)

☐ n.   _____% (not to exceed 100) of the Taxable Wage Base under section 230 of the Social Security Act in effect as of the first day of the Plan Year.

☐ o.   The greater of $10,000 or 20% of the Taxable Wage Base under section 230 of the Social Security Act in effect as of the first day of the Plan Year.

☐ p.   80% of the Taxable Wage Base under section 230 of the Social Security Act in effect as of the first day of the Plan Year plus $1.00.

☐ q.   80% of the Taxable Wage Base under section 230 of the Social Security Act in effect as of the first day of the Plan Year rounded up to the next $1,000.

NOTE:   *The Employer Contribution allocable to Compensation in excess of the Social Security Integration Level (SSIL) may not exceed 5.4% if the SSIL is more than 80% but less than 100% of the Taxable Wage Base (TWB) under section 230 of the Social Security Act in effect as of the first day of the Plan Year, and may not exceed 4.3% if the SSIL is greater than 20% of the TWB, but not more than 80% of the TWB, and greater than $10,000.*

*This Plan may not provide for permitted disparity if the Employer maintains any other plan that provides for permitted disparity and benefits any of the same Participants.*

-16-

7437

## E. Vesting Provisions

1. __Years of Service__ - Section 1.2.91 provides that a Year of Service is the 12 consecutive month period specified in the Adoption Agreement in which at least 1000 Hours of Service are performed unless a lesser number is specified.  (Select a., b., c. or d. and if applicable, e. or f.)

   ☒ a.   Use the Plan Year as the computation period.
   ☐ b.   Use Eligibility Computation Period as the computation period.
   ☐ c.   Use the 12 month period ending on the employment anniversary date.
   ☐ d.   Use the calendar year ending in the Plan Year.
   ☐ e.   Use ____ in lieu of 1000 Hours of Service (not to exceed 1000 hours).
   ☐ f.   Use Elapsed Time Method of Section 1.2.27.
          ☐ f.1.   ____ months of service.
          ☐ f.2.   ____ days of service.
          (May not require more than 12 months.)

2. __Excluded Years__ - Section 1.2.91 provides that unless otherwise specified all Years of Service are taken into account.  (Select all applicable.)

   ☒ a.   Plan Provision - Include all Years of Service.
   ☐ b.   Exclude Years of Service prior to age 18.
   ☐ c.   Exclude Years of Service prior to the effective date of predecessor plan - Effective date of predecessor plan:  ___/___/_____
   ☐ d.   Exclude Years of Service prior to the effective date of this Plan.

3. __Vesting Schedule__ - Section 2.4.2(g) provides that benefits will vest in accordance with the method specified in the Adoption Agreement.  (Select a., b., c., d., or f.  Also, select e. if applicable.)

   Participants shall vest:

   ☐ a.   At the rate of 20% each year after 3 Years of Service (20% vested in third year).
   ☐ b.   At the rate of 20% each year after 2 Years of Service (20% vested in second year).
   ☒ c.   100% vesting upon participation.
   ☐ d.   100% vesting after ____ Year(s) of Service (not to exceed 5).
   ☒ e.   100% vesting at:  (Must also select another alternative.)
          ☒ e.1.   Early Retirement Date
          ☒ e.2.   Death
          ☒ e.3.   Disability
   ☐ f.   Other:  (Optional vesting schedule must be at least as favorable as a. or d.)

   | Year(s) of Service | Percent Vesting |
   |---|---|
   | Less than 1 | _____ |
   | 1 but less than 2 | _____ |
   | 2 but less than 3 | _____ |
   | 3 but less than 4 | _____ |
   | 4 but less than 5 | _____ |
   | 5 but less than 6 | _____ |
   | 6 but less than 7 | _____ |
   | 7 or more | _____ |

7438

4.  **Prior Vesting Schedule** - Section 3.8.3(c) provides that if the vesting schedule has been amended to a less favorable schedule, Participants may be entitled to have their vested interest calculated under the prior schedule.

    ☒ a.   Not applicable - Either not amended or new schedule is more favorable.

    ☐ b.   The prior schedule was:

| Year(s) of Service | Percent Vesting |
|---|---|
| Less than 1 | _____ |
| 1 but less than 2 | _____ |
| 2 but less than 3 | _____ |
| 3 but less than 4 | _____ |
| 4 but less than 5 | _____ |
| 5 but less than 6 | _____ |
| 6 but less than 7 | _____ |
| 7 or more | _____ |

5.  **Top-Heavy Vesting Schedule** - Section 2.6.1(b) provides that if the Plan becomes Top-Heavy, unless the Employer specifies otherwise, vesting will be at a rate of 20% per year beginning with the second Year of Service.

    ☐ a.   Plan Provision - At a rate of 20% per year beginning with the second Year of Service.
    ☐ b.   100% vesting after ____ Year(s) of Service (not to exceed 3).
    ☐ c.   100% vesting:
        ☐ c.1.   Upon participation
        ☐ c.2.   At Early Retirement Date
        ☐ c.3.   At Death
        ☐ c.4.   Upon Disability
    ☒ d.   Same as non-Top-Heavy vesting schedule.  (Must be at least as favorable as a. or b.)
    ☐ e.   Other:  (Optional vesting schedule must be at least as favorable as a. or b.)

| Year(s) of Service | Percent Vesting |
|---|---|
| Less than 1 | _____ |
| 1 but less than 2 | _____ |
| 2 but less than 3 | _____ |
| 3 but less than 4 | _____ |
| 4 but less than 5 | _____ |
| 5 but less than 6 | _____ |
| 6 or more | _____ |

6.  **Re-employment** - Section 2.4.4 provides that Years of Service completed after a Break in Service are not counted for purposes of increasing the vested percentage attributable to service before the Break in Service unless reemployed within 5 years.

    ☒ a.   Plan Provision - Do not count years after the Break in Service.
    ☐ b.   Count all service after the Break in Service.
    ☐ c.   Not applicable - 100% immediate vesting.

7439

7. **Forfeitures** - Section 2.4.6 provides that Forfeitures are determined as of the last day of the Plan Year in which all of the Participant's interest is distributed from the Plan.  (May select f. and g. and one other option.)

  ☐ a.   Plan Provision - Determined on the last day of the Plan Year of distribution.
  ☐ b.   Determined in the Plan Year of 5th consecutive Break in Service.
  ☐ c.   Determined as of the Valuation Date coincident with or next following the Distribution Date. (See section F.4.)
  ☐ d.   The earlier of the last day of the Plan Year in which the Participant's entire interest is distributed from the Plan, or the last day of the Plan Year of the 5th consecutive Break in Service.
  ☐ e.   Determined in the Plan Year of the 1st Break in Service.
  ☐ f.   Forfeitures shall be allocated in the Plan Year following the Plan Year in which they are determined.
  ☒ g.   Forfeit accounts of Participants and Beneficiaries who cannot be found.
  ☒ h.   Not applicable - All benefits are fully vested.

8. **Requirement to Share in Allocation of Forfeitures** - In order to share in the allocation of Forfeitures that supplement rather than reduce other contributions, a Participant (Select all applicable.):

  ☐ a.   Must be eligible to receive an allocation of the Employer Contribution.
  ☐ b.   Must be a Participant and be employed on the date the Forfeiture is determined.
  ☐ c.   Is always eligible to receive an allocation of Forfeitures.
  ☒ d.   Not applicable.

9. **Forfeitures** - Shall be applied to: (If c. is selected must select at least one other option.  Reduction options apply before supplement option.)

  ☐ a.   Supplement the Employer Contribution.
  ☒ b.   Reduce the Employer Contribution.
  ☒ c.   Applied to reduce administrative expenses of the Plan, then any remaining Forfeitures shall be allocated as elected above.

10. **Forfeitures of Employer Contributions** - Shall be reallocated to Participants:

  ☐ a.   In the same manner as the Employer Contributions.
  ☐ b.   In proportion to each Participant's Compensation.
  ☐ c.   As a flat dollar amount determined by dividing the Forfeiture amount by the number of Participants eligible to receive an allocation of Forfeitures.
  ☒ d.   Not applicable.

7440

11. **Restoration of Forfeitures** - If a Participant is entitled to a restoration of a Forfeiture, the amount to be restored shall be restored by:

☒ a.  Allocating other Forfeitures arising in the year of restoration to the Participant's Account to the extent thereof and an additional contribution by the Employer specifically allocated to the Participant's Account to the extent that allocable Forfeitures are insufficient.

☐ b.  An additional contribution by the Employer specifically allocated to the Participant's Account.

12. **Mandatory Cash out provisions** - Participants with a balance of $3,500 ($5,000 for Plan Years beginning after August 5, 1997) or less may be paid out without their consent. Employer may elect to retain the $3,500 threshold or designate a threshold up to and including $5,000:

☐ a.  No mandatory cash out.

☒ b.  Threshold shall be $<u>5000.00</u>. (less than or equal to $5,000)

7441

## F. Distribution Provisions

1. **Method of Distribution** - Section 2.5.2 provides that the Employer may elect to permit Plan distributions to be made in the form of:  (Select all applicable.)

☒ a.  Lump sums

    ☒ a.1.  without regard to amount

    ☐ a.2.  not to exceed $ _____

    ☐ a.3.  if the Participant has completed \_\_\_ Years of Service and has attained age \_\_\_

☒ b.  Installments

    ☐ b.1.  over \_\_\_ years payable on an annual, quarterly or monthly basis.

    ☒ b.2.  over a period of years certain selected by the Participant that is less than the life of the Participant payable on an annual, quarterly or monthly basis.

☒ c.  Annuities

    ☐ c.1.  for not more than \_\_\_ years.

    ☒ c.2.  for the life of (Select all that apply.)

        ☒ 2.A.  the Participant.

        ☒ 2.B.  the Participant and spouse.

        ☒ 2.C.  the Participant and a designated beneficiary

    ☒ c.3.  for a certain period of: (Select all that apply.)

        ☐ 3.A.  5 years

        ☒ 3.B.  10 years

        ☐ 3.C.  15 years

        ☐ 3.D.  20 years

        and thereafter for the life of: (Select all that apply.)

        ☒ 3.E.  the Participant

        ☐ 3.F.  the Participant and spouse

        ☐ 3.G.  the Participant and a designated beneficiary

    ☐ c.4.  for a period certain selected by the Participant that is less than the life of (Select all that apply.)

        ☐ 4.A.  the Participant

        ☐ 4.B.  the Participant and spouse

        ☐ 4.C.  the Participant and a designated beneficiary

☐ d.  Minimum Distribution to non-vested Participant:

    Minimum Distribution Amount shall be the lesser of $ _____ or the Account balance.

☐ e.  Subject to Section 2.5.2(a) the default form of distribution for Account balances that are $5,000 or less, but greater than or equal to $ _____ shall be a Direct Rollover.

*NOTE:  An annuity option for life or greater must be selected.*

7442

2. **Survivor Annuity Percentage** - Sections 1.2.52, 1.2.69, 1.2.70 and 1.2.75 provide that the normal survivor annuity is 50% of the amount payable during the joint lives of the Participant and spouse, unless the Employer elects a different percentage.

    ☒  a.   Plan Provision - 50%.
    ☐  b.   Other percentage - _____%.  (Not less than 50% nor more than 100%.)
    ☐  c.   Other percentage selected by the Participant.  (Not less than 50% nor more than 100%.)

3. **Time of Distribution** - Section 2.5.1(b) provides that distributions to Participants who resign or are discharged prior to retirement are deferred until the retirement date unless the Employer elects to permit distributions in advance of such date.

    ☐  a.   Plan Provision - Deferred until the Participant's Disability, death, Normal or Early Retirement Date.
    ☐  b.   Distributions shall be made within ____ days after termination of service.  (Must select "4.a.4" below under Distribution Date.)
    ☒  c.   Distributions may be made at the Participant's election within a reasonable period following the Distribution Date.

4. **Distribution Determination Date** - Section 2.4.5 provides that, subject to the necessity of obtaining the consent of a Participant and spouse, for the purposes of determining the amount to be distributed, the Distribution Date is:

    a.   For a Participant who terminates employment prior to death, Disability, or retirement:
        ☐  a.1.  The last day of the Plan Year coinciding with or next following the date of termination.
        ☐  a.2.  The Valuation Date coinciding with or next following the date of termination.
        ☐  a.3.  The Valuation Date coinciding with or next preceding the date of termination.
        ☐  a.4.  As soon as practical following the date of termination, based on the preceding Valuation Date.
        ☒  a.5.  The ☐ Valuation Date, ☒ Anniversary Date following 5 consecutive Breaks in Service.
        ☐  a.6.  The Participant's Normal or Early Retirement Date.

    b.   For a Participant who terminates employment as a result of death, Disability, or retirement:
        ☐  b.1.  The last day of the Plan Year coinciding with or next following the date of termination.
        ☐  b.2.  The Valuation Date coinciding with or next following the date of termination.
        ☐  b.3.  The Valuation Date coinciding with or next preceding the date of termination.
        ☒  b.4.  As soon as practical following the date of termination, based upon the preceding Valuation Date.
        ☐  b.5.  The ☐ Valuation Date, ☐ Anniversary Date following ____ consecutive Breaks in Service.

7443

    c.    In the case of a Participant's interest in a Voluntary Account or Segregated Account attributable to a rollover contribution from another plan, notwithstanding the foregoing:

- ☐ c.1.   The last day of the Plan Year coinciding with or next following the date of termination.
- ☐ c.2.   The Valuation Date coinciding with or next following the date of termination.
- ☐ c.3.   The Valuation Date coinciding with or next preceding the date of termination.
- ☒ c.4.   As soon as practical following the date of termination, based upon the preceding Valuation Date.
- ☐ c.5.   The ☐ Valuation Date, ☐ Anniversary Date following ____ consecutive Breaks in Service.

**5.**   **In Service Distributions** - Section 2.5.6 provides that an Employer may permit distributions to Participants upon the attainment of Normal Retirement Date:

- ☐ a.   In Service Distributions are not permitted.
- ☒ b.   In Service Distributions are permitted upon reaching Normal Retirement Date.
- ☒ c.   No restriction on In Service distributions of rollover amounts.

**6.**   **Qualified Domestic Relations Orders** - Section 3.11.8 provides that the Employer may elect to permit distributions to an Alternate Payee pursuant to the terms of a Qualified Domestic Relations Order even if the Participant continues to be employed.

- ☐ a.   Distributions to an Alternate Payee are not permitted while the Participant continues to be employed before the earliest possible retirement age pursuant to section 414(p) of the Code.
- ☒ b.   Distributions to an Alternate Payee are permitted while the Participant continues to be employed on or after the date a Domestic Relations Order is determined to be a Qualified Domestic Relations Order by the Plan Administrator.

**7.**   **Required Minimum Distributions**

a. Required Beginning Date - Section 2.5.1(h)(5) provides under the General Rule that minimum distributions must begin to a Participant by April 1 of the calendar year following the calendar year in which the Participant attains age 70-1/2.

- ☐ a.1.   Follow the Plan provisions under the General Rule - Required Beginning Date is age 70-1/2 for all Participants.
- ☒ a.2.   Exception for Non-5-Percent Owners.  (The required beginning date for Participants who are not 5-percent owners shall be the later of the first day of April of the calendar year following the calendar year in which the Participant attains age 70-1/2, or the first day of April of the calendar year following the calendar year in which the Participant retires.)

b. Recalculation of Life Expectancy - Section 2.5.1(c) provides that unless otherwise elected in the Adoption Agreement, life expectancies for determining the Required Minimum Distributions shall be recalculated:

- ☐ b.1.   Recalculations are permitted at the election of the Participant.
- ☐ b.2.   Recalculations are not permitted.
- ☒ b.3.   Recalculations shall be automatic.

7444

## G. Other Administrative Provisions

1. **Earnings** - Section 3.1.2 permits the Employer to specify the manner in which earnings are allocated to Participants who receive distributions on any date other than a Valuation Date.

   ☒ a.  Earnings will be credited solely as of the immediately preceding Valuation Date.

   ☐ b.  Actual earnings will be credited to the date of distribution.

   ☐ c.  Actual earnings will be credited to the date of distribution based on elections made in e. or f. below.

   ☐ d.  Earnings will be credited solely as of the immediately preceding Valuation Date if distribution is within ____ days of such Valuation Date and will be credited to date of distribution otherwise based on elections made in e. or f. below.

   ☐ e.  Earnings will be credited to the date of distribution based upon an estimate of earnings equal to _____% annually.

   ☐ f.  Earnings will be credited to the date of distribution based upon an estimate of earnings equal to the average rate of earnings during the preceding:

       ☐ f.1.  Valuation Period.

       ☐ f.2.  Plan Year.

       ☐ f.3.  ____ Valuation Periods.

2. **Loans** - Section 3.5.1 provides that the Employer may elect to permit loans to Participants and Beneficiaries in accordance with a Participant loan program adopted by the Trustee(s).

   ☐ a.  Loans are permitted.

   ☒ b.  Loans are not permitted.

3. **Rollovers** - Section 3.9.3 authorizes the Employer to permit the transfer of interests in other qualified plans to this Plan.  (Select all applicable.)

   ☐ a.  Rollover contributions are not permitted.

   ☐ b.  Rollover contributions are permitted only from other plans of the Employer.

   ☒ c.  Rollover contributions are permitted only by Employees who have satisfied the conditions for participation.

   ☐ d.  Rollover contributions are permitted from any Employee even if not otherwise eligible to be a Participant.

   ☒ e.  In-kind rollovers permitted except Participant loans.

   ☐ f.  In-kind rollovers of Participant loans permitted.

   ☐ g.  In-kind rollovers not permitted.

4. **Investment Control** - Section 4.5 of the Trust provides that the Employer may elect to permit Participants to control the investment of their Accounts.  (May select b. and d., or c. and d, along with c.1. through c.3.)

   ☐ a.  Participants may not control their investments.

   ☒ b.  Participants may control all their investments.

   ☐ c.  Participants may control their investments solely with respect to amounts attributable to: (Select one or more.)

-24-

7445

☐ c.1. Employer Contributions.

☐ c.2. Voluntary Contributions.

☐ c.3. Amounts rolled over and held in a Segregated Account.

☐ d.    This Plan is intended to comply with section 404(c) of ERISA. (Plan Administrator or appropriate Fiduciary shall insure that the Plan provides Participants with the minimum options and information required by ERISA section 404(c) and the Regulations thereunder.)

☐ e.    Not Applicable (See attached Trust)

5. **Life Insurance Authorization** - Section 3.10.1 permits the purchase of Life Insurance Policies. (Select one.)

☐ a.    No Life Insurance Policies shall be purchased.

☐ b.    Life insurance may be purchased at the option of the Plan Administrator.

☒ c.    Life insurance may be purchased at the option of the Participant.

☐ d.    No Life Insurance Policies shall be purchased after ___/___/_____ . (Specify date.)

6. **Life Insurance Limits** - Provided that the Employer has elected to permit the purchase of Life Insurance Policies, the amount of life insurance to be purchased on each Participant's life shall be: (Select all applicable.)

☐ a.    no limit

☒ b.    the amount which may be purchased by **49.900**% of the Contribution allocated to the Participant's Accounts for each Plan Year (no more than 49.9% for whole life and 25% for universal life or term)

☐ c.    shall not exceed $_____ in total face amount

☐ d.    shall be limited to the face amounts in effect on .

☐ e.    shall not be purchased

    ☐ e.1.    after the Participant has attained age ____

    ☐ e.2.    within ____ years of Normal Retirement Age

    ☐ e.3.    after the Participant has attained Normal Retirement Age

☐ f.    shall be purchased, provided

    ☐ f.1.    the Participant has attained age ____

    ☐ f.2.    the Participant has ____ Years of Service

    ☐ f.3.    the Participant has ____ Years of Service as a Participant

    ☐ f.4.    the initial amount is at least $____(cannot exceed $1,000)

    ☐ f.5.    the additional amount is at least $____(cannot exceed $1,000)

☐ g.    shall be purchased in multiples of $____(cannot exceed $1,000)

☐ h.    shall be surrendered at Normal Retirement Age, if the Participant postpones retirement

☐ i.    shall be purchased for a Participant uninsurable at the standard rates, for up to _____% over the standard rates, provided the Participant consents.

7446

7. **Top-Heavy Assumptions** - (This question applies only if the Employer also has a Defined Benefit Plan.) The interest rate used to establish the present value of accrued benefits in order to calculate the Top-Heavy Ratio under section 416 of the Code shall be _____% and the mortality table used shall be _____

> Note: *The actuarial assumptions entered here should be coordinated with any existing defined benefit plan.*

8. **Valuation Date** - For purposes of computing the Top-Heavy Ratio, the Valuation Date is:

   ☐ a.   The first day of the Plan Year.
   ☒ b.   The last day of the Plan Year.
   ☐ c.   Other - Specify: ___/___. (Must be at least annually.)

9. **Single Plan Minimum Top-Heavy Allocation** - For purposes of minimum Top-Heavy allocations, an allocation of contributions and Forfeitures equal to the following percentage of each non-key Employee's Compensation will be made to the Employee's Account when the Plan is Top-Heavy:  (May select c. and d. and one other option.)

   ☒ a.   The lesser of 3% or the highest percentage allocated to any Key Employee.
   ☐ b.   _____%. (Must be at least 3.)
   ☐ c.   Members of a collective bargaining group shall not receive Top-Heavy minimum allocation.
   ☒ d.   Provide Top-Heavy minimum allocation to Key Employees.

10. **Multiple Plans Provisions** - The Employer which maintains or ever maintained a qualified defined benefit plan in which any Participant in the Plan is, was, or could become a Participant adds the following optional provisions which it deems necessary to satisfy section 416 of the Code because of the required aggregation of multiple plans:  (May select e. and one other option.)

   ☒ a.   Not applicable - No other plan or other plan terminated prior to the Effective Date of this Adoption Agreement.
   ☐ b.   A minimum contribution allocation of 5% of each non-key Participant's total Compensation shall be provided in a defined contribution plan of the Employer.
   ☐ c.   A minimum benefit of the lesser of 2% times years of service or 20% of each non-key Participant's Average Compensation shall be provided in a defined benefit plan of the Employer.
   ☐ d.   A minimum benefit of the lesser of 2% times years of service or 20% of each non-key Participant's Average Compensation shall be provided in a defined benefit plan of the Employer but offset by the amount contributed on such Participant's behalf under any defined contribution plan of the Employer.
   ☐ e.   Members of a collective bargaining group shall not receive Top-Heavy minimum allocation.
   ☐ f.   Other - Specify: _____

   > NOTE: *When selecting "f. Other" the method selected must preclude Employer discretion (method used must be definitely determinable and clearly stated). When selecting c. or d. should be coordinated with any existing defined benefit plan.*

11. **Multiple Defined Contribution Plans** - If the Participant is covered under another qualified defined contribution plan maintained by the Employer, other than a master or prototype plan:

   ☒ a.   Not applicable.
   ☐ b.   The provisions of this Plan limiting Annual Additions will apply as if the other plan is a master or prototype plan. (Pro-rata reduction in each plan)

7447

☐ c.   Other - Specify: _____

NOTE:   *Specify the method under which the plans will limit total Annual Additions to the maximum permissible amount and will properly reduce any excess amounts in a manner that precludes Employer discretion.*

12.   **Top-Heavy Duplications** - The Employer who maintains two or more defined contribution plans makes the following election:

☒ a.   Not applicable.

☐ b.   A minimum non-integrated contribution of 3% of each non-key Participant's Compensation shall be provided by:

    ☐ b.1.   This Plan.

    ☐ b.2.   The following defined contribution plan:

    _____

13.   **Electromechanical Communications** - Section 3.4.6 provides for the use of Electromechanical Communications between the Participant and Trustee, custodian, or Plan Administrator if so elected by the Employer.  The Trustee (or other agent appointed for this purpose) may act upon receipt of directions (including, without limitation, directions pursuant to voice response systems, facsimile, or other electromechanical means) certifying that an amount is payable to or for the benefit of a Participant.  (Select all applicable.)

☒ a.   Electromechanical Communications permitted:

    ☒ a.1.   Between all parties.

    ☐ a.2.   Limited to communication between Employer, Trustee, custodian, and Plan Administrator.  (Electromechanical Communication with Participant not permitted.)

☒ b.   Communications limited to:

    ☒ b.1.   No limitations on Electromechanical Communications.

    ☐ b.2.   Distributions.

    ☐ b.3.   Direct rollovers.

    ☐ b.4.   Transfers between investment funds or directed accounts.

    ☐ b.5.   In Service Distributions.

    ☐ b.6.   Disbursement of a loan.

☐ c.   No Electromechanical Communications permitted.

14.   **Trustee Authority** - Subject to Section 2.2 of the Trust, if the Employer has appointed a group of 2 or more individuals to act as Trustee of the Plan, the Trustee may be bound by a majority of those individuals unless the Employer elects otherwise.

☐ a.   Plan Provision - Act by the Majority.

☒ b.   The Trustee shall be bound by the act of any <u>1</u> (insert number) of individuals acting in the capacity of the Trustee.

☐ c.   Not Applicable (See Attached Trust).

7448

The name, address and telephone number of the Plan Sponsor is:

American Pension Corporation
1375 Plainfield Ave.
Watchung, NJ 07069
(908) 757-5151

Applicable requirements mandate that the use of this Prototype Document be registered by the Plan Sponsor with the Internal Revenue Service. Unregistered use may cause the Plan to become disqualified because it may not be maintained as required by law.

If the Employer's Plan fails to attain or retain qualification, such plan will no longer participate in this Master/Prototype Plan and will be considered an individually designed plan.

The Plan Sponsor will inform the Employer of any amendments made to the Plan or of the discontinuance or abandonment of the Plan.

The adopting Employer may rely on an opinion letter issued by the Internal Revenue Service as evidence that the Plan is qualified under section 401 of the Internal Revenue Code only to the extent provided in Announcement 2001-77, 2001-30 I.R.B.

The Employer may not rely on the opinion letter in certain other circumstances or with respect to certain qualification requirements, which are specified in the opinion letter issued with respect to the Plan and in Announcement 2001-77.

In order to have reliance in such circumstances or with respect to such qualification requirements, application for a determination letter must be made to Employee Plans Determinations of the Internal Revenue Service. *This Adoption Agreement may be used only in conjunction with Basic Plan Document # 01 (the American Pension Corporation Prototype Defined Contribution Plan) Revised 09/18/2001.*

\* \* \*

The Employer hereby adopts the Plan as evidenced by the foregoing Adoption Agreement on this 19th day of September, 2003.

Employer:                                                        Trustee:
Diagnostic & Clinical Cardiology, P.A.

Mario Criscito, M.D.                                          Mario Criscito, M.D.
President                                                         Trustee

**7449**

**Plan Name: Diagnostic & Clinical Cardiology, P.A. Money Purchase Plan**
**Plan Number: 002**
**Employer EIN: 22-2323990**

# AMERICAN PENSION CORPORATION PROTOTYPE
# MONEY PURCHASE PLAN
## Appendix A
Plan #01-007
## GUST Remedial Amendment Period

Plan Administrators are permitted to exercise certain administrative discretion under the various provisions of the Uruguay Round Table Agreements Act, Pub. L. 103-465 ("GATT"), the Uniformed Services Employment and Reemployment Rights Act of 1994, Pub. L. 103-353 ("USERRA"), the Small Business Job Protection Act of 1996, Pub. L. 104-188 ("SBJPA"), the Taxpayer Relief Act of 1997, Pub. L. 105-34 ("TRA 97") and the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206 ("RRA"), collectively known as "GUST". Plans that are effective for years beginning before the end of the GUST remedial amendment period must complete this Appendix A as a part of the Adoption Agreement to preserve the various elections made during the remedial amendment period for GUST and prior to the adoption of a GUST restatement.

1. **Highly Compensated Employee Determination.** If an employer makes or changes either the Top-Paid Group Election or the Calendar Year Data Election for a determination year, the plan must reflect the choices made. The Top-Paid Group Election and the Calendar Year Data Election must apply consistently to the determination years of all plans of the Employer. However, the consistency requirement will not apply to determination years beginning with or within the 1997 calendar year. For determination years beginning on or after January 1, 1998, and before January 1, 2000, satisfaction of the consistency requirement is determined without regard to any nonretirement plans of the Employer.

Top-Paid Group Election - Highly Compensated Employee determination limited to top 20% of Employees by pay.

Calendar Year Data Election - Method for determining greater than $80,000 in Compensation (as adjusted by the Secretary pursuant to section 415(d) of the Code), use Compensation paid during the calendar year beginning with or within the preceding year. (Calendar year plans may not make this election after 1998.)

Indicate if either election was selected during the remedial amendment period:

| Top Paid Election | Calendar Year Election |
|---|---|
| ☐ 1997 | ☐ 1997 |
| ☐ 1998 | ☐ 1998 |
| ☐ 1999 | ☐ 1999 |
| ☐ 2000 | ☐ 2000 |
| ☐ 2001 | ☐ 2001 |
| ☐ 2002 | ☐ 2002 |

2. **Mandatory Cash out provisions.** Participants with a total vested account balance of $5,000 ($3,500 for Plan Years prior to August 5, 1997) or less on their date of termination may be cashed out without their or their spouses' consent.

-29-

7450

☒ a.   Adopt $5,000 threshold for Plan Years beginning after <u>09/01/1997</u> (Insert a date later than August 4, 1997.)

☐ b.   Retain $3,500 threshold.

☐ c.   Adopt $_____ threshold (less than $5,000) for Plan Years beginning after ___/___/_____ (Insert a date later than August 4, 1997.)

3. **Family Aggregation.**  Did old family aggregation rules (pre-SBJPA) apply to plan years beginning in:

| | |
|---|---|
| 1997(Y/N) N | 2000(Y/N) N |
| 1998(Y/N) N | 2001(Y/N) N |
| 1999(Y/N) N | 2002(Y/N) N |

4. **Minimum Required Distributions (401(a)(9)).** The Plan provides that the Required Beginning Date follows the pre-SBJPA rules for all Participants.  If different, select the Plan provisions in operation during the transition period with respect to Non-5% owners.

☐ a.   The Required Beginning Date of section 401(a)(9) of the Code as it existed prior to its amendment by the SBJPA will continue to be applied to Non-5% owners.

☒ b.   The Required Beginning Date of section 401(a)(9) of the Code, as it exists after its amendment by the SBJPA, will apply to Non-5% owners effective <u>01/01/1997</u>.  (Enter date on or after January 1, 1997 and select items c., d., and e., if applicable.)

☒ c.   An Employee who is not a 5% owner and attained 70-1/2 prior to 1997, may elect to stop receiving distributions at any time and restart them no later than the Required Beginning Date of section 401(a)(9) of the Code, as amended by the SBJPA.

With respect to any Employee who elected to stop his distributions, his recommencement date is:

☐ c.1.   a New Annuity Starting Date.  (Requires spousal consent to stop payments and that the Participant execute new distribution election forms upon retirement.)

☒ c.2.   not a New Annuity Starting Date.  (Requires that the original distribution election forms stay in effect, but no spousal consent necessary to stop payments.)

☒ d.   An Employee who is not a 5% owner and attained age 70-1/2 after 1995 may elect to delay receiving Required Minimum Distributions until his retirement.

☐ e.   The right to receive a Required Minimum Distribution under section 401(a)(9) of the Code, as it existed prior to its amendment by the SBJPA, shall be eliminated for those attaining age 70-1/2 after the later of December 31, 1998 or the adoption date of the amendment eliminating such right.  Date of elimination is ___/___/_____ (Must be on or before adoption date of GUST restatement.)

*Note: If benefit payments are stopped or delayed past age 70-1/2, subsequent payments must be actuarially increased.*

5. **30-Day Waiver Annuity Plans.**  Plans may provide that Participants may elect to commence benefits prior to the expiration of the required 30 day notice period for distributions on or after September 22, 1995.

☐ a.   Plan does not provide early commencement of benefits

☒ b.   Plan provides for early commencement effective <u>01/01/1996</u>.  Lump sum distributions may not be made within 7 days of the QJSA notice.

6. **Multiple Plans Provision.**  If during a Limitation Year beginning before January 1, 2000, the Employer maintained a qualified defined benefit plan in which any Participant in the Plan is or was a Participant,

7451

the Employer must complete this section.

☒ a.   Not applicable - No other plan.

415 Provisions

☐ b.   The rate of accruals provided in a defined benefit plan will be decreased so that the sum of the defined contribution fraction and the defined benefit fraction equal 1.0.

☐ c.   The contribution provided in this defined contribution plan will be decreased so that the sum of the defined contribution fraction and the defined benefit fraction equal 1.0.

☐ d.   Other - Specify: _____

Repeal of 415(e) Effective Date

☐ e.   ____/____/_____ Effective date of removal of 415(e) provisions. (If different than GUST restatement date)

☐ f.   415(e) provisions removed with the GUST restatement.

☐ g.   415(e) provisions removed by operation of the Plan on effective date of the Small Business Job Protection Act.

☐ h.   Other - Specify: _____

NOTE:   When selecting "h. Other" the method selected must preclude Employer discretion (method used must be definitely determinable and clearly stated). Should be coordinated with any existing defined benefit plan.

416 Provisions (May select o. and one other option.)

☐ i.   A minimum contribution allocation of 5% of each non-key Participant's total compensation shall be provided in a defined contribution plan of the Employer.

☐ j.   A minimum contribution allocation of 7.5% of each non-key Participant's total compensation shall be provided in a defined contribution plan of the Employer.

☐ k.   A minimum benefit of the lesser of 2% times years of service or 20% of each non-key Participant's average compensation shall be provided in a defined benefit plan of the Employer.

☐ l.   A minimum benefit of the lesser of 3% times years of service or 30% of each non-key Participant's average compensation shall be provided in a defined benefit plan of the Employer.

☐ m.   A minimum benefit of the lesser of 2% times years of service or 20% of each non-key Participant's average compensation shall be provided in a defined benefit plan of the Employer but offset by the amount contributed on such Participant's behalf under any defined contribution plan of the Employer.

☐ n.   A minimum benefit of the lesser of 3% times years of service or 30% of each non-key Participant's average compensation shall be provided in a defined benefit plan of the Employer but offset by the amount contributed on such Participant's behalf under any defined contribution plan of the Employer.

☐ o.   Members of a collective bargaining group shall not receive Top-Heavy minimum allocation.

☐ p.   Other – Specify: _____

7. **Compensation.** The Plan first recognized an amendment incorporating the provisions of the Community Renewal Tax Relief Act of 2000 ("CRA"), with respect to qualified transportation deferrals ("section 132(f)(4) elective reductions") as follows:

For purposes of Code sections 415 and 416 and Sections 2.6.2(c) and 3.2.1(h) of the Basic Document, Compensation includes section 132(f)(4) elective reductions, effective for the first Limitation Year beginning on or after 01/01/2001. (Enter date on or after January 1, 1998, but not later than January 1, 2001.)

7452

For purposes of determining Plan benefits and Sections 1.2.14 and 2.3.1 of the Basic Document, section 132(f) elective reductions are treated in the same manner as amounts contributed by the Employer on behalf of a Participant pursuant to a salary reduction agreement which are excluded from gross income under sections 125, 402(e)(3), 402(h), 403(b), or 457 of the Code:

    ☒  a.    Effective for the first Plan Year beginning on or after <u>01/01/2001</u>. (Enter date on or after January 1, 1998, but not later than January 1, 2001.)

    ☐  b.    Not applicable - Plan does not use a section 414(s) safe harbor definition for Compensation.  (Only available to Plans with non-standardized Adoption Agreements.)

Employer:
Diagnostic & Clinical Cardiology, P.A.

Mario Criscito, M.D.
President

Trustee:

Mario Criscito, M.D.
Trustee

-32-

7453

# Diagnostic & Clinical Cardiology, P.A. Money Purchase Plan

## EGTRRA AMENDMENT FOR MONEY PURCHASE AND PROFIT SHARING PLANS

## AMENDMENT #1

This amendment of the Plan is adopted to reflect certain provisions of the Economic Growth and Tax Relief Reconciliation Act of 2001 ("EGTRRA"). This amendment is intended as good faith compliance with the requirements of EGTRRA and is to be construed in accordance with EGTRRA and guidance issued thereunder. Except as otherwise provided, this amendment shall be effective as of the first day of the first plan year beginning after December 31, 2001.

This amendment shall supersede the provisions of the plan to the extent those provisions are inconsistent with the provisions of this amendment. Where appropriate, the term "Plan" shall mean plan, trust, adoption agreement and GUST Appendix or snap-off attachment.

7454

**SECTION 1.  PLAN LOANS FOR OWNER-EMPLOYEES AND SHAREHOLDER EMPLOYEES**

☐  Not Applicable

☒  Effective for plan loans made after December 31, 2001, Plan provisions prohibiting loans to any owner-employee or shareholder-employee shall cease to apply.

**7455**

## SECTION 2.  LIMITATIONS ON CONTRIBUTIONS

**This section shall be effective for Limitation Years beginning after December 31, 2001.**

<u>Maximum Annual Additions</u>
Except to the extent permitted under section 414(v) of the Code, if applicable, the Annual Addition that may be contributed or allocated to a Participant's account under the plan for any Limitation Year shall not exceed the lesser of:

(a) $40,000, as adjusted for increases in the cost-of-living under section 415(d) of the Code, or

(b) One hundred (100%) percent of the Participant's compensation, within the meaning of section 415(c)(3) of the Code, for the Limitation Year.

7456

**SECTION 3.  INCREASE IN COMPENSATION LIMIT**

The "annual compensation" of each Participant taken into account in determining allocations for any Plan Year shall not exceed $200,000, as adjusted for cost-of-living increases in accordance with section 401(a)(17)(B) of the Code.  "Annual compensation" means compensation during the Plan Year or such other consecutive 12-month period over which compensation is otherwise determined under the Plan (the determination period). The cost-of-living adjustment in effect for a calendar year applies to annual compensation for the determination period that begins with or within such calendar year.

☒ Effective for Plan Years beginning after December 31, 2001

☐ Effective for Plan Years beginning after December 31, 2002

## SECTION 4.  MODIFICATION OF TOP-HEAVY RULES

This section shall apply for Plan Years beginning after December 31, 2001.

<u>Definition of Key Employee.</u>

"Key Employee" shall mean any Employee or former Employee (including any deceased Employee) who at any time during the Plan Year that includes the Determination Date was an officer of the Employer having "annual compensation" greater than $130,000 (as adjusted under section 416(i)(1) of the Code for Plan Years beginning after December 31, 2002), a 5-percent owner of the Employer, or a 1-percent owner of the Employer having annual compensation of more than $150,000. For this purpose, "annual compensation" means compensation within the meaning of section 415(c)(3) of the Code.  The determination of who is a Key Employee will be made in accordance with section 416(i)(1) of the Code and the applicable regulations and other guidance of general applicability issued thereunder.

<u>Determination of Top-Heavy Status.</u>

The present values of accrued benefits and the amounts of account balances of an Employee as of the Determination Date shall be increased by the distributions made with respect to the Employee under the Plan and any plan aggregated with the Plan under section 416(g)(2) of the Code during the 1-year period ending on the Determination Date. The preceding sentence shall also apply to distributions under a terminated plan which, had it not been terminated, would have been aggregated with the Plan under section 416(g)(2)(A)(i) of the Code. In the case of a distribution made for a reason other than separation from service, severance from employment, death, or disability, this provision shall be applied by substituting "5-year period" for "1-year period."

The accrued benefits and accounts of any individual who has not performed services for the Employer during the 1-year period ending on the Determination Date shall not be taken into account.

<u>Contributions under Other Plans.</u>

The Employer may provide that the minimum benefit requirement shall be met in another plan (including another plan that consists solely of a cash or deferred arrangement which meets the requirements of section 401(k)(12) of the Code and matching contributions with respect to which the requirements of section 401(m)(11) of the Code are met).

☒ Not Applicable -  no other plan or Top-Heavy minimum provided in this Plan.

☐ _____
Name of other plan to which Top-Heavy minimum shall be made

☐ Other: _____
(Must preclude Employer discretion.)

7458

## SECTION 5. DIRECT ROLLOVERS OF PLAN DISTRIBUTIONS

**This section shall apply to distributions made after December 31, 2001.**

Modification of Definition of Eligible Retirement Plan.

For purposes of the direct rollover provisions of the plan, an Eligible Retirement Plan shall also mean an annuity contract described in section 403(b) of the Code and an eligible plan under section 457(b) of the Code which is maintained by a state, political subdivision of a state, or any agency or instrumentality of a state or political subdivision of a state and which agrees to separately account for amounts transferred into such plan from this Plan. The definition of Eligible Retirement Plan shall also apply in the case of a distribution to a surviving spouse, or to a spouse or former spouse who is the Alternate Payee under a qualified domestic relation order, as defined in section 414(p) of the Code.

Modification of Definition of Eligible Rollover Distribution.

☒ Not Applicable - Plan does not permit after-tax employee contributions.

☐ For purposes of the direct rollover provisions of the Plan, a portion of a distribution shall not fail to be an Eligible Rollover Distribution merely because the portion consists of after-tax employee contributions which are not includible in gross income. However, such portion may be transferred only to an individual retirement account or annuity described in section 408(a) or (b) or the Code, or to a qualified defined contribution plan account for amounts so transferred, including separately accounting for the portion of such distribution which is includible in gross income and the portion of such distribution which is not so includible.

For purposes of the direct rollover provisions of the plan, any amount that is distributed on account of hardship shall not be an Eligible Rollover Distribution and the Distributee may not elect to have any portion of such a distribution paid directly to an Eligible Retirement Plan.

7459

## SECTION 6. ROLLOVERS FROM OTHER PLANS

☐ Not Applicable

☒ In addition to the Participant rollover contributions and/or direct rollovers already accepted by the Plan, effective 01/01/2002 (Enter a date no earlier than January 1, 2002), the Plan will accept:

The Plan will accept a direct rollover of an Eligible Rollover Distribution from: (Check each that applies or none.)

☒ a qualified plan described in section 401(a) or 403(a) of the Code, excluding after-tax employee contributions.

☐ a qualified plan described in section 401(a) or 403(a) of the Code, including after-tax employee contributions.

☒ an annuity contract described in section 403(b) of the Code, excluding after-tax employee contributions.

☐ an eligible plan under section 457(b) of the Code which is maintained by a state, political subdivision of a state, or any agency or instrumentality of a state or political subdivision of a state.

Participant Rollover Contributions from Other Plans:

The plan will accept a Participant contribution of an Eligible Rollover Distribution from: (Check each that applies or none.)

☒ a qualified plan described in section 401(a) or 403(a) of the Code.

☒ an annuity contract described in section 403(b) of the Code.

☐ an eligible plan under section 457(b) of the Code which is maintained by a state, political subdivision of a state, or any agency or instrumentality of a state or political subdivision of a state.

Participant Rollover Contributions from IRAs:

The Plan: (Choose one.)

☐ will
☒ will not

accept a Participant rollover contribution of the portion of a distribution from an individual retirement account or annuity describe in section 408(a) or 408(b) of the code that is eligible to be rolled over and would otherwise be includible in gross income.

7460

## SECTION 7. ROLLOVERS DISREGARDED IN INVOLUNTARY CASH OUTS

☐ Not Applicable.  No involuntary cash out

☒ The Employer elects to maintain the Plan provision including the Participant's rollover contributions in determining the value of the Participant's non-forfeitable account balance for purposes of the Plan's involuntary cash-out rules.

☐ The Employer elects to exclude a Participant's rollover contributions in determining the value of the Participant's non-forfeitable account balance for purposes of the Plan's involuntary cash-out rules. The value of a Participant's non-forfeitable account balance shall be determined without regard to that portion of the account balance that is attributable to rollover contributions (and earnings allocable thereto) within the meaning of sections 402(c), 403(a)(4), 403(b)(8), 408(d)(3)(A)(ii), and 457(e)(16) of the Code. If the value of the Participant's non-forfeitable account balance as so determined is less than the Involuntary Cash Out threshold specified in the Plan, the Trustee shall immediately distribute the Participant's entire non-forfeitable account balance. This election shall apply with respect to distributions made after:

___/___/_____ (Enter a date no earlier than December 31, 2001.)

with respect to Participants who separated from service after:

___/___/_____ (Enter date. The date may be earlier than December 31, 2001.)

The Employer hereby adopts this as evidenced by the foregoing this 19th day of September, 2003.

Employer:
Diagnostic & Clinical Cardiology, P.A.

Mario Criscito, M.D.
President

**7461**