UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Stephen M. Charme
WITMAN STADTMAUER, P.A.
26 Columbia Turnpike
Florham Park, New Jersey 07932-2213
(973) 822-0220

John M. Agnello
Melissa E. Flax
CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700

*Attorneys for Plaintiffs*

| | |
|---|---|
| DR. FADI CHAABAN, DR. SABINO R. TORRE, DR. CONSTANTINOS A. COSTEAS, AND DR. ANTHONY J. CASELLA as Trustees of Diagnostic & Clinical Cardiology, P.A. Profit Sharing Plan,<br><br>Plaintiffs,<br><br>v.<br><br>DR. MARIO A. CRISCITO,<br><br>Defendant. | Civil Action No. 2:08-cv-01567 (GEB/MCA)<br><br>**DECLARATION OF ANTHONY J. CASELLA IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |

I, Anthony J. Casella, being of full age, hereby declare as follows:

1. I am a plaintiff in the above captioned matter.

2. I make this Declaration in support of plaintiffs' Motion for Summary Judgment.

3. I have been employed by Diagnostic and Clinical Cardiology, PA ("DCC") since 1977.

4. Plaintiffs became the Trustees of the Profit Sharing Plan in July 2007 (Chaaban, Torre and Costeas) and November 2007 (Casella), following the removal of Criscito as sole Trustee.

5. When plaintiffs became Trustees, they were not provided with any backup information regarding the repayment of the 1982 $250,000 loan to Criscito from the DCC Money Purchase Plan nor did plaintiff discover any such backup information in the records of the Money Purchase Plan.

6. When Criscito was removed as the sole Trustee of the Profit Sharing Plan in July 2007, he did not turn over any records or documents relating to the Money Purchase Plan or the Profit Sharing Plan to plaintiffs, the successor Trustees.

7. After Criscito was removed as sole Trustee in July 2007, the documentation that Plaintiffs obtained regarding the Money Purchase Plan and the Profit Sharing Plan came from the files of APC and outside sources.

8. Criscito has never accounted for his administration of the Money Purchase Plan or the Profit Sharing Plan during his more than thirty-year reign as sole Trustee.

9. Plaintiffs did not learn that Criscito had been using the Morgan Stanley account and the Sovereign Bank Pension Fund account as if they were his personal accounts, until after Criscito was removed as sole Trustee of the Profit Sharing Plan in July 2007.

10. In or about October 2007, months after Criscito was removed as sole Trustee of the Profit Sharing Plan, Criscito directed Smith Barney to transfer the entire balance of the Smith Barney account (that was maintained in the name of the Profit Sharing Plan) to Criscito's own individual IRA account. On behalf of the Trustees of the

Profit Sharing Plan, I advised Smith Barney that Criscito had no authority to transfer funds from the Smith Barney account and subsequently, Smith Barney recouped the amounts that were transferred and returned the funds to the Smith Barney account.

11. It was not until after July 2007 that the new Trustees for the first time had access to the financial information for the Money Purchase Plan and Profit Sharing Plan in the possession of APC and were able to obtain other documents revealing Criscito's fraudulent conduct with respect to the Smith Barney account.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___9/15/10___, 2010.

_____
ANTHONY J. CASELLA