UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Stephen M. Charme
Tara S. Sinha
WITMAN STADTMAUER, P.A.
26 Columbia Turnpike
Florham Park, New Jersey 07932-2213
(973) 822-0220

John M. Agnello
Melissa E. Flax
CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700

*Attorneys for Plaintiffs*

| | |
|---|---|
| DR. FADI CHAABAN, DR. SABINO R. TORRE, DR. CONSTANTINOS A. COSTEAS, AND DR. ANTHONY J. CASELLA as Trustees of Diagnostic & Clinical Cardiology, P.A. Profit Sharing Plan,<br><br>Plaintiffs,<br><br>v.<br><br>DR. MARIO A. CRISCITO,<br><br>Defendant. | Case No. 2:08-cv-01567 (GEB/MCA)<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS PURSUANT TO RULE 56.1 IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Pursuant to Rule 56.1(a) of the Local Rules of the United States District Court for the District of New Jersey, Plaintiffs Dr. Fadi Chaaban, Dr. Sabino R. Torre, Dr. Constantinos A. Costeas, and Dr. Anthony J. Casella, as Trustees of Diagnostic & Clinical Cardiology, P.A. Profit Sharing Plan, hereby respond and object to the Defendant's Statement of Undisputed Material Facts (Defendant's R. 56.1 Stmt.") submitted in support of Defendant's motion for summary judgment, as follows:

## **OBJECTIONS**

The following objections are used in the Responses by reference to their titles.

1. Materiality Objection

Plaintiffs object to Defendant's R. 56.1 Stmt. to the extent that it contains statements that, whether or not true, are not material to the resolution of Defendant's motion for summary judgment. *See* Local Civil Rule 56.1 (requiring a statement of "material" facts). "Material" facts are those facts which, under the governing substantive law, "might affect the outcome of the suit." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); *See also* Fed. R. Evid. 401 (defining "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable"). Many of the paragraphs in Defendant's R. 56.1 Stmt. contain "facts" that have no bearing on the outcome of this suit under applicable substantive law, and therefore are not "material".

2. Argumentative Objection

Plaintiffs object to Defendant's R. 56.1 Stmt. to the extent that it contains statements that are argumentative or conclusory. *See* e.g., N.J. Auto Ins. Plan v. Sciarra, 103 F. Supp. 2d 388, 395 n. 4 (D.N.J. 1998) (noting that the Rule 56.1 submission included "conclusions and arguments" that blurred "the line between fact and opinion" rendering portions of the submission improper under Local Rules); *See also*, Globespanvirata v. Texas Instrument, 2005 U.S. Dist. LEXIS 27820 (D.N.J. Nov. 15, 2005); Sarmiento v. Montclair State Univ., 513 F. Supp. 2d 72, 76 n.2 (D.N.J. 2007); Milligan v. Sentry Exteriors, 2005 WL 1229791 (D.N.J. May 24, 2005). Many paragraphs in Defendant's R. 56.1 Stmt. contain Defendant's characterization and/or description of the cited documents and/or testimony. Defendant's characterization and descriptions are not "facts" for purposes of Local Civil Rule 56.1.

## RESPONSES

Plaintiffs submit the following responses to the individually numbered paragraphs of Defendant's R. 56.1 Stmt.:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted, but see Plaintiffs' Supplemental Statement of Disputed Material Facts Pursuant to Rule 56.1 in Opposition to Defendant's Motion for Summary Judgment (Plaintiffs' Supp. R. 56.1 Stmt.), ¶1 and 2, for completeness.

11. Admitted, but see Plaintiffs' Supp. R. 56.1 Stmt., ¶1 and 2, for completeness.

12. Admitted, but see Plaintiffs' Supp. R. 56.1 Stmt., ¶1 and 2, for completeness.

13. Admitted.

14. Admitted.

15. Denied. Materiality Objection. Argumentative Objection.

16. Admitted. Argumentative Objection. Defendant's lead in language to this Paragraph stating "Plaintiffs allege" is improper for a Rule 56.1 Statement.

17. Admitted. Argumentative Objection. Defendant's lead in language to this Paragraph stating "Plaintiffs further allege" is improper for a Rule 56.1 Statement.

18. Admitted.

19. Denied. Exhibit G to the Declaration of Robert J. Conroy submitted in support of Defendant's Motion for Summary Judgment ("Conroy Decl.") confirms that on October 16, 2007, Defendant withdrew from the Smith Barney account and had transferred to his personal IRA account virtually the entire balance (in excess of $945,000) of the Smith Barney account. *See* Declaration of Melissa E. Flax in Opposition to Defendant's Motion for Summary Judgment ("Flax Opp. Decl."), Ex. 6, p.4 of 8 and Conroy Decl., Exhibit G, p. 6312.

20. Admitted.

21. Denied. Exhibit 6 to the Flax Opp. Decl. (and Exhibit G to Conroy Decl.) confirms that on October 16, 2007, Defendant withdrew from the Smith Barney account and had transferred to his personal IRA account virtually the entire balance (in excess of $945,000) of the Smith Barney Account. *See* Flax Opp. Decl., Ex. 6, p.4 of 8 and Conroy Decl., Exhibit G, p. 6312. *See also* Plaintiffs' Supp. R. 56.1 Stmt., ¶3, confirming that the value of the assets in the Smith Barney account today ($771,846.06) are dramatically less than the value of the assets on December 31, 1999 ($3,924,542.92).

22. Denied. Materiality Objection. Exhibit 6 to the Flax Opp. Decl. (and Exhibit G to the Conroy Decl.) demonstrates that substantially all of the assets in the Smith Barney account (in excess of $945,000) were withdrawn by Criscito on October 16, 2007 and transferred to his personal IRA account at Smith Barney. Those assets were returned to the Smith Barney account on October 18, 2007, after Plaintiffs' contacted Smith Barney and advised it that Criscito had no authority to withdraw or transfer monies

4

from the account. *See* Plaintiffs' R. 56.1 Stmt. in Support of Plaintiffs' Motion for Summary Judgment, ¶¶40 and 41.

23. Admitted.

24. Plaintiffs admit that as of December 31, 1999, the Smith Barney account had a value of $3,924,549.92.

25. Admitted.

26. Admitted. Argumentative Objection. Defendant's lead in language to this Paragraph stating "Plaintiffs allege in their complaint" is improper for a Rule 56.1 Statement.

27. Denied. Materiality Objection. Argumentative Objection. Unbeknownst to APC, after the creation of the individual accounts for Plan participants (other than Criscito) who had their retirement savings in the commingled account, Morgan Stanley for the first time (and only for a brief period of time) provided APC with copies of the monthly statement for the Morgan Stanley commingled account along with copies of all of the monthly statements for the new individual accounts. APC was unaware that in the year 2000 it had received the handful of Morgan Stanley commingled account statements until one of the statements was discovered by Plaintiff Dr. Anthony J. Casella ("Casella") during his review of APC's records. *See* Conroy Decl., Exhibit B (Warnock) 157:6-163:11.

28. Denied. Argumentative Objection. Materiality Objection. Plaintiffs' expert, Scott M. Feit, did not opine on "industry standards" in his expert report in this case. In addition, any mention of "industry standards" during his deposition is an opinion and not a fact. Additionally, Feit's testimony was in the context of what his firm (Abar) does. *See* Conroy Decl., Exhibit M (Feit) 56:19-58:25.

29. Denied. *See* Response to Paragraph 28 above.

5

30. Denied. *See* Response to Paragraph 28 above.

31. Denied. *See* Response to Paragraph 28 above.

32. Denied. Argumentative Objection. Materiality Objection. The description of APC's receipt of Morgan Stanley account statements for the commingled account, APC's being unaware of those statements, and what actions APC would have taken "if" it had become aware of those statements prior to their discovery by Casella in September 2007 is set forth in Warnock's deposition at 157:6-163:11. *See* Conroy Decl., Exhibit B (Warnock) 157:6-163:11.

33. Denied. Argumentative Objection. *See* Response to Paragraph 32 above.

34. Denied. Argumentative Objection. *See* Response to Paragraph 32 above.

35. Denied. Argumentative Objection. *See* Response to Paragraph 32 above.

Dated: October 20, 2010

Respectfully submitted,

Stephen M. Charme
Tara S. Sinha
WITMAN STADTMAUER, P.A.
26 Columbia Turnpike
Florham Park, New Jersey 07932-2213
(973) 822-0220

By: /s/ Stephen M. Charme
Stephen M. Charme

John M. Agnello
Melissa E. Flax
CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700

By: /s/ John M. Agnello
John M. Agnello

Attorneys for Plaintiffs