**KERN AUGUSTINE**
**CONROY & SCHOPPMANN, P.C.**
1120 Route 22 East
Bridgewater, New Jersey 08807
(908) 704-8585
Attorneys for Defendant
RC-8060

| | |
|---|---|
| DR. FADI CHAABAN; DR. SABINO R. TORRE; DR. CONSTANTINOS A. COSTEAS and DR. ANTHONY J. CASELLA, as Trustees of Diagnostic & Clinical Cardiology, P.A. Profit Sharing Plan, | ) UNITED STATES DISTRICT COURT ) DISTRICT OF NEW JERSEY ) ) Civil Action ) ) Case No. 2:08-cv-1567 (GEB - MCA) |
| Plaintiffs, | ) RETURN DATE: To be Set by Court ) |
| v. | ) ) DEFENDANT'S RESPONSE TO |
| DR. MARIO A. CRISCITO, | ) PLAINTIFFS' STATEMENT OF ) UNDISPUTED MATERIAL FACTS, |
| Defendant. | ) PURSUANT TO L. CIV. R. 56.1(a) ) |

The undersigned, counsel for the defendant, Mario A. Criscito, M.D., hereby submits the following response to the plaintiffs' statement of undisputed material facts pursuant to L. Civ. R. 56.1(a), in opposition to plaintiffs' motion for summary judgment pursuant to Fed. R. Civ. P. 56.

KERN AUGUSTINE
CONROY & SCHOPPMANN, P.C.
Attorneys for Defendant


By:  /s/ Robert J. Conroy
          Robert J. Conroy


Dated: Bridgewater, New Jersey
          October 20, 2010

## GENERAL OBJECTIONS

Defendants object to the entirety of the plaintiffs' statement pursuant to L. Civ. R. 56.1(a). The plaintiffs have not complied with either the spirit or the letter of the Rule, which reads, in pertinent part, as follows:

> On motions for summary judgment, the movant shall furnish a statement which sets forth material facts as to which there does not exist a genuine issue, in separately numbered paragraphs citing to the affidavits and other documents submitted in support of the motion.

"The purpose of these statements is to prevent the court "from having to drudge through deposition transcripts, expert reports, and lengthy contracts to determine the facts." *Comose v. N.J. Transit Rail Operations, Inc.*, No. 98-2345, 2000 U.S. Dist. LEXIS 20790, at *4, 2000 WL 33258658 (D.N.J. Oct. 6, 2000). Accordingly, "[t]he 56.1 statement is not a place for legal argument[.]" *Globespanvirata v. Texas Instrument, Inc.,* No. 03-5824, 2005 U.S. Dist. LEXIS 27820, at *4 (D.N.J. Nov. 15, 2005) (quotations omitted)." *Decree v. United Parcel Service, Inc.*, 2009 WL 3055382 at *5 (D.N.J. Sept. 18, 2009).

Rather than including simple statements of material fact which are pertinent to their motion for summary judgment (*i.e.*, facts which, if true, would compel the grant of summary judgment in favor of the plaintiffs), the plaintiffs have instead included what amounts to a narrative of numerous facts, many of which have little, or no, bearing upon whether or not summary judgment should be granted. As such, many of the purported facts set forth in the plaintiffs' statement are simply not material to the subject matter of this motion, and the sheer bulk and volume of the plaintiffs' submission makes it difficult to respond to the few facts which are indeed pertinent to the Court's ability to decide this motion.

Furthermore, the plaintiffs' statement contains legal arguments, characterizations and pejorative adjectives which go far beyond a simple recitation of material facts on this motion. The plaintiffs also fail to state each fact in a separately numbered paragraph, but instead set forth numerous purported factual statements in single paragraphs, and insert footnotes which do not appear to be proper.

Defendant submits that the degree of the plaintiffs' non-compliance with the letter and the spirit of L. Civ. R. 56.1(a) requires this Court to deny the plaintiffs' motion. Subject to these general objections, the defendant makes the following response, including specific objections, to the plaintiffs' statement pursuant to L. Civ. R. 56.1(a).

Under the standards applicable pursuant to Fed. R. Civ. P. 56 to motions for summary judgment, all material facts as to which there is a genuine dispute must be construed in favor of the non-moving party, in this case, the defendant.  In addition, the defendant objects to the "headings" contained in the plaintiffs' statement of undisputed facts; they are not statements of fact, they are not supported by references to the record and they are nothing more than inflammatory, vituperative attempts to characterize the defendant's conduct as wrongful.

1) Admitted.  Objection on the grounds that this paragraph contains multiple facts, and is not a separately numbered statement of each fact, as required by L. Civ. R. 56.1(a).

2) Admitted.  Objection on the grounds that this paragraph contains multiple facts, and is not a separately numbered statement of each fact, as required by L. Civ. R. 56.1(a).

3) Admitted. Objection on the grounds that this paragraph contains multiple facts, and is not a separately numbered statement of each fact, as required by L. Civ. R. 56.1(a).

4) Admitted.  Objection on the grounds that this paragraph contains multiple facts, and is not a separately numbered statement of each fact, as required by L. Civ. R. 56.1(a).

5) Admitted, with qualifications.  Dr. Criscito was not an "employee" of DCC; he was the founder of the practice.  *See* accompanying Declaration of Mario Criscito, M.D. ("Criscito Dec."), ¶2.  Objection on the grounds that this paragraph contains multiple facts, and is not a separately numbered statement of each fact, as required by L. Civ. R. 56.1(a).

6) Admitted to the extent that Dr. Criscito served on the Boards of Trustees of the various entities named herein.  However, this is not a statement of fact, but rather a legal conclusion, and defendant disputes the legal conclusion that Dr. Criscito was a "fiduciary" of any of these entities.  In addition, any facts contained in this paragraph are not material to the motion.

7) Denied.  The plaintiffs have no competent support for this statement, which is inadmissible hearsay appearing in a magazine article, of which the Court may not take judicial notice.  *See* Criscito Dec., ¶4.  These allegations are also irrelevant to the substance of the plaintiffs' motion.

8) Admitted.

9) Denied. Unsupported by the plaintiffs' citation to the record, which reads as follows:

Q.    Okay.  When Diagnostic was formed, did you

4

> also arrange for a pension plan to be enacted?
>
> A:     Yes.

In fact, Dr. Criscito arranged to have a pension plan established by and for DCC.  See Criscito Dec., ¶5.

10)   Admitted.

11)   Admitted, but not material.  Whether or not Dr. Criscito "executed numerous documents" relating to the Plan is not material to this motion.  Objection on the grounds that this paragraph contains multiple facts, and is not a separately numbered statement of each fact, as required by L. Civ. R. 56.1(a).  Objection to the submission of a "sampling of documents" as ser forth in the footnote, without identifying from what the sample was taken and the methods, if any, by which it was selected.

12)   Admitted.

13)   Admitted, with respect to the statement itself, but denied with respect to the contents of the gratuitous footnote.  Whether or not Dr. Criscito knows what a "trustee" or a "fiduciary" is not material to the plaintiffs' motion; the concepts of "trustee" and "fiduciary" are legal issues, independent of any understanding, or lack thereof, which might be possessed by Dr. Criscito.

14)   Denied.  APC was hired by DCC to act on behalf of the DCC pension Plan, not on behalf of Dr. Criscito.  *See* Criscito Dec., ¶3.

15)   Admitted.

16)   Admitted.

17)   Admitted in part, but incomplete.  APC also dealt with other physicians at DCC, most notably, Dr. Casella.  *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶12.  APC did not 'assist the Trustee with keeping the plan document in compliance," but advised, drafted and submitted final documents to the Trustee for signature.  Objection on the grounds that this paragraph contains multiple facts, and is not a separately numbered statement of each fact, as required by L. Civ. R. 56.1(a).

18)   Objection on the grounds that this paragraph contains multiple facts, and is not a separately numbered statement of each fact, as required by L. Civ. R. 56.1(a).  Whether or not any Plan participant "intentionally" had funds in both commingled and segregated accounts has not been established and is irrelevant.  In addition, some of the individuals identified in this paragraph were ex-employees of DCC, although this fact is also not material to the plaintiffs' motion.

5

19)     Objection on the grounds that this paragraph contains multiple facts, and is not a
        separately numbered statement of each fact, as required by L. Civ. R. 56.1(a).
        Plaintiffs' multiple assertions that Dr. Criscito was the "sole trustee" of the Plan is
        unnecessarily duplicative and repetitive; Dr. Criscito has admitted that fact.  The
        difference between segregated and commingled accounts is obvious, whether or not
        Dr. Criscito admitted to knowing this fact, and it is not material to this motion.  In
        addition, in the quoted extract, Dr. Criscito does not say he was the sole trustee of the
        "commingled account;" he says he was the sole trustee of the Plan.

20)     Objection on the grounds that this paragraph contains multiple facts, and is not a
        separately numbered statement of each fact, as required by L. Civ. R. 56.1(a).  In
        addition, APC breached industry standards by accepting figures from the Plan's
        trustee without independently verifying them with supporting documents.  *See*
        Defendant's Statement of Undisputed Material Facts submitted in support of
        defendant's motion for summary judgment, ¶¶28-31.  Moreover, information
        regarding the assets in the commingled account was also supplied directly to APC by
        Morgan Stanley.  APC admitted that it should have reviewed this material, failed to
        do so, and had it done so, it would have corrected any errors that resulted in the
        initiation of this lawsuit.

21)     Admitted.

22)     Objection on the grounds that this paragraph contains multiple facts, and is not a
        separately numbered statement of each fact, as required by L. Civ. R. 56.1(a).
        Admitted.

23)     Objection on the grounds that this paragraph contains multiple facts, and is not a
        separately numbered statement of each fact, as required by L. Civ. R. 56.1(a).  This
        paragraph mischaracterizes the testimony and documents referred to therein, in that
        Warnock testified that Dr. Criscito's purpose was to assure the confidentiality of each
        person's financial information and that his request was typical of request made by
        Warnock's clients.   *See* Exhibit "A" to accompanying opposition Declaration of
        Robert J. Conroy ("Conroy Opp. Dec."),  Warnock Dep. T6/16/09; 138:1 - 140:2.
        Dr. Criscito also denies the allegation that he told Warnock that he would beat him if
        information were wrongly disclosed.  Moreover, it is immaterial in that, as admitted in
        plaintiffs' footnote, even if the statement were made, it was not made as a threat.
        These allegations are also not material to whether or not Dr. Criscito removed any
        funds from the Plan to which he was not entitled.  In addition, the statement contained
        in Mr. Warnock's letter is inadmissible hearsay.

24)     Objection on the grounds that this paragraph contains multiple facts, and is not a
        separately numbered statement of each fact, as required by L. Civ. R. 56.1(a).
        Although this paragraph sets forth an accurate description of the document referred to
        in it, the underlying facts are in dispute and these allegations are not material to
        whether or not Dr. Criscito removed any funds from the Plan to which he was not

entitled. In addition, the statement contained in Mr. Warnock's letter is inadmissible hearsay.

25)   Denied. Objection on the grounds that this paragraph contains multiple facts, and is not a separately numbered statement of each fact, as required by L. Civ. R. 56.1(a). Although this paragraph sets forth an accurate description of the testimony referred to in it, these allegations are not material to whether or not Dr. Criscito removed any funds from the Plan to which he was not entitled. Moreover, Dr. Criscito denies advising APC that it could not provide individual participants with information concerning their account balances, *see* Conroy Opp. Dec., Exhibit "G," Criscito Dep., T12/4/09; 97:12 – 99:25, as does Mr. Warnock. *See* Conroy Opp. Dec., Exhibit "A," Warnock Dep. T6/16/09; 139:3 - 6.

26)   Denied. Objection on the grounds that this paragraph contains multiple facts, and is not a separately numbered statement of each fact, as required by L. Civ. R. 56.1(a). Although this paragraph sets forth an accurate description of the testimony of Mark Brown referred to in it, the underlying facts are in dispute. Dr. Criscito has denied this incident ever occurred. *See* Conroy Opp. Dec., Exhibit "G," Criscito, Dep. T12/4/09; 73:11 – 21. Moreover, these allegations are not material to whether or not Dr. Criscito removed any funds from the Plan to which he was not entitled.

27)   Objection on the grounds that this paragraph contains multiple facts, and is not a separately numbered statement of each fact, as required by L. Civ. R. 56.1(a). Although this paragraph sets forth an accurate description of the testimony referred to in it, these allegations are not material to whether or not Dr. Criscito removed any funds from the Plan to which he was not entitled. The alleged statement of Ms. McCarthy is inadmissible hearsay. Moreover, Dr. Criscito denies advising APC that it could not provide individual participants with information concerning their account balances, *see* Conroy Opp. Dec., Exhibit "G," Criscito Dep., T12/4/09; 97:12 – 99:25, as does Mr. Warnock. *See* Conroy Opp. Dec., Exhibit "A," Warnock Dep. T6/16/09; 139:3 - 6. In fact, Mr. Warnock testified that there was no problem with APC providing information to individual employees regarding the valuations of their shares of the commingled accounts. *See* Conroy Opp. Dec., Exhibit "I," Warnock Dep., T7/15/09; 326:15 – 327:17.

28)   Objection on the grounds that this paragraph contains multiple facts, and is not a separately numbered statement of each fact, as required by L. Civ. R. 56.1(a). Except with respect to whether or not North American Ventures is an "institution," which is not material to the plaintiffs' motion, Admitted.

29)   Objection on the grounds that this paragraph contains multiple facts, and is not a separately numbered statement of each fact, as required by L. Civ. R. 56.1(a). Admitted, except with respect to the characterization of the Veritas stock as "volatile" and "high tech" as of December 31, 1998.

30)    Objection on the grounds that this paragraph contains multiple facts, and is not a separately numbered statement of each fact, as required by L. Civ. R. 56.1(a). The statement contains no reference to the record to support the allegation that Dr. Criscito "purchased" 59,250 additional shares of Veritas stock in 1999. In fact, the number of shares increased largely due to stock splits and stock dividends, rather than through the purchase of additional shares. In 1999, the total number of Veritas shares purchased was 17,000. In any event, the allegations in the paragraph are not material to the motion, nor do they reflect that no Veritas shares, or any other assets, were removed from the Smith Barney Account from December, 1999 through and until July, 2007, the entire time that Dr. Criscito was a trustee. *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶18 – 22. As of October, 2000, the earliest time for which the defendant possesses a detailed statement of the Smith Barney Account, there were 40,500 shares of Veritas stock in that account. *See* Conroy Opp. Dec., Exhibit "E."

31)    Admitted that the Veritas shares held in the Morgan Stanley Account were sold, as reflected in the relevant brokerage statements, but that a substantial number of shares of Veritas were held in the Smith Barney Account, and that none of these shares was sold or removed from the Smith Barney Account from December, 1999 through and until July, 2007, the entire time that Dr. Criscito was a trustee. *See* defendant's response to statement number 30, *supra*.

32)    Denied. Objection on the grounds that this paragraph contains multiple facts, and is not a separately numbered statement of each fact, as required by L. Civ. R. 56.1(a). Defendant objects to the characterization of a "scheme to put a disproportionate share of the increase in the value of the Morgan Stanley Account into his pocket," which is not a statement of fact but an improper characterization. The figures which Dr. Criscito reported to APC are contained in a document. Furthermore, regardless of the value of the Morgan Stanley Account, and the value reported to APC by Dr. Criscito, there were more than sufficient assets in another commingled Plan account, the Smith Barney Account, to cover any amounts in the Plan which allegedly belonged to any of the other Plan participants. *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶18 – 22.

33)    Denied. Back-up documentation was provided directly from Morgan Stanley. In addition, APC breached industry standards by accepting figures from the Plan's trustee without independently verifying them with supporting documents. *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶28-31. Furthermore, regardless of the value of the Morgan Stanley Account, and the value reported to APC by Dr. Criscito, there were more than sufficient assets in another commingled Plan account, the Smith Barney Account, to cover any amounts in the Plan which allegedly belonged to any of the other Plan participants. *See* Defendant's Statement of Undisputed Material Facts

submitted in support of defendant's motion for summary judgment, ¶¶18 – 22.

34)   Denied. The true value of the Morgan Stanley Account was provided to APC. APC breached industry standards by accepting figures from the Plan's trustee without independently verifying them with supporting documents, and without reviewing the statements provided by Morgan Stanley. *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶28-31. Furthermore, regardless of the value of the Morgan Stanley Account, and the value reported to APC by Dr. Criscito, there were more than sufficient assets in another commingled Plan account, the Smith Barney Account, to cover any amounts in the Plan which allegedly belonged to any of the other Plan participants. *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶18 – 22. In addition, this statement is unsupported by any citation to the record, and plaintiffs have offered no proof that Dr. Criscito ever acted to "keep [Plan assets] for himself, with respect to any Plan assets which belonged to any other Plan participant.

35)   Admitted.

36)   Admitted with respect to the contents of the documents. However, APC breached industry standards by accepting figures from the Plan's trustee without independently verifying them with supporting documents and in not reviewing these Morgan Stanley account statements which were provided to them beginning on or about March 2000. *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶28-31. Furthermore, regardless of the value of the Morgan Stanley Account, and the value reported to APC by Dr. Criscito, there were more than sufficient assets in another commingled Plan account, the Smith Barney Account, to cover any amounts in the Plan which allegedly belonged to any of the other Plan participants. *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶18 – 22.

37)   Denied. Objection on the grounds that this paragraph contains multiple facts, and is not a separately numbered statement of each fact, as required by L. Civ. R. 56.1(a). Objection to improper characterization of facts. It is undisputed that no assets were removed from the Smith Barney account by anyone from December of 1999 until July of 2007, and that the funds in the Smith Barney account were more than sufficient , to cover any amounts in the Plan which allegedly belonged to any of the other Plan participants. *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶18 – 22.

38)   Denied. Dr. Criscito did not keep those monies for himself. They remained in the commingled account through his term as trustee. APC breached industry standards by accepting figures from the Plan's trustee without independently verifying them with supporting documents. *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶28-31. In

addition, this statement is unsupported by any citation to the record, and plaintiffs have offered no proof that Dr. Criscito ever acted to "keep [Plan assets] for himself, with respect to any Plan assets which belonged to any other Plan participant. In fact, all evidence is to the contrary.

39)  Objection to the characterization of Dr. Criscito's "fraudulent conduct." Denied. APC, acting on behalf of DCC, has admitted that it had brokerage statements in its files as of March of 2000, which contained the actual valuations of the accounts in question. *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶27 – 35. Therefore, although the plaintiffs may have become trustees of the Plan in or about July of 2007, this is not the first time they could have had "access" to information showing the true valuations. Dr. Casella testified at deposition that, prior to July of 2007, neither he, nor anyone else at DCC apart from Dr. Criscito, ever asked APC for any information about the Plan, never asked Dr. Criscito for any information about the Plan and never asked Morgan Stanley or Schwab for any information about the Plan. *See* Conroy Opp. Dec., Exhibit "J," Casella Dep., T5/21/09; 77:22 – 79:13. Mr. Warnock testified that there was no problem with APC providing information to individual employees regarding the valuations of their shares of the commingled accounts. *See* Conroy Opp. Dec., Exhibit "I," Warnock Dep., T7/15/09; 326:15 – 327:17.

40)  Denied. No funds were ever removed from the Smith Barney Account. *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶18 – 22.

41)  Denied. Records produced in discovery show that no assets were ever removed from the Smith Barney Account. *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶22.

42)  Objection, duplicative of a previous statement. *See* response to no. 32, *supra*.

43)  Admitted with respect to the content of the document, denied with respect to the inference the plaintiffs are attempting to draw. In fact, assets remained in the commingled account through Dr. Criscito's term as trustee, which were in excess of the amount due other Plan participants. *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶18 – 22.

44)  Admitted with respect to the content of the document, denied with respect to the inference the plaintiffs are attempting to draw. In fact, assets remained in the commingled account through Dr. Criscito's term as trustee, which were in excess of the amount due other Plan participants. *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶18 – 22. Also, there is no prohibition against a portion of a Plan participant's assets being held in a commingled account, while another portion is held is a segregated

account.  *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶25.

45)  Denied.  Objection on the grounds that this paragraph contains multiple facts, and is not a separately numbered statement of each fact, as required by L. Civ. R. 56.1(a). Despite the plaintiffs' speculative conclusory allegations, there is no indication in the record that the establishment of segregated accounts acted in any way to facilitate the removal of assets from the Plan, belonging to other Plan participants, for Dr. Criscito's personal use.  Furthermore, regardless of the value of the Morgan Stanley Account, and the value reported to APC by Dr. Criscito, there were more than sufficient assets in another commingled Plan account, the Smith Barney Account, to cover any amounts in the Plan which allegedly belonged to any of the other Plan participants.  *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶18 – 22.

46)  Denied.  Objection on the grounds that this paragraph contains multiple facts, and is not a separately numbered statement of each fact, as required by L. Civ. R. 56.1(a). Despite the plaintiffs' speculative conclusory allegations, there is no indication in the record that the establishment of segregated accounts acted in any way to facilitate the removal of assets from the Plan, belonging to other Plan participants, for Dr. Criscito's personal use.  Furthermore, regardless of the value of the Morgan Stanley Account, and the value reported to APC by Dr. Criscito, there were more than sufficient assets in another commingled Plan account, the Morgan Stanley Account, to cover any amounts in the Plan which allegedly belonged to any of the other Plan participants.  *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶18 – 22.  Dr. Criscito never made a request for a "form letter".

47)  Denied.  Despite the plaintiffs' speculative conclusory allegations, there is no indication in the record that the establishment of segregated accounts was "sudden" or intended in any way to facilitate the removal of assets from the Plan, belonging to other Plan participants, for Dr. Criscito's personal use.  Furthermore, regardless of the value of the Morgan Stanley Account, and the value reported to APC by Dr. Criscito, there were more than sufficient assets in another commingled Plan account, the Smith Barney Account, to cover any amounts in the Plan which allegedly belonged to any of the other Plan participants.  *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶18 – 22.

48)  Objection on the grounds that this paragraph contains multiple facts, and is not a separately numbered statement of each fact, as required by L. Civ. R. 56.1(a). Denied.  The vast majority of the monies in the commingled accounts were not transferred "immediately."  Despite the plaintiffs' speculative conclusory allegations, there is no indication in the record that the establishment of segregated accounts acted in any way to facilitate the removal of assets from the Plan, belonging to other Plan participants, for Dr. Criscito's personal use.  Furthermore, regardless of the value of

the Morgan Stanley Account, and the value reported to APC by Dr. Criscito, there were more than sufficient assets in another commingled Plan account, the Smith Barney Account, to cover any amounts in the Plan which allegedly belonged to any of the other Plan participants. *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶18 – 22.

49)     Denied.  Dr. Criscito did not create the segregated accounts for participants.  Despite the plaintiffs' speculative conclusory allegations, there is no indication in the record that the establishment of segregated accounts acted in any way to facilitate the removal of assets from the Plan, belonging to other Plan participants, for Dr. Criscito's personal use.  Furthermore, regardless of the value of the Morgan Stanley Account, and the value reported to APC by Dr. Criscito, there were more than sufficient assets in another commingled Plan account, the Smith Barney Account, to cover any amounts in the Plan which allegedly belonged to any of the other Plan participants.  *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶18 – 22.

50)     Denied.  Regardless of the value of the Morgan Stanley Account, and the value reported to APC by Dr. Criscito, there were more than sufficient assets in another commingled Plan account, the Smith Barney Account, to cover any amounts in the Plan which allegedly belonged to any of the other Plan participants.  *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶18 – 22.  Moreover, the maintenance of a segregated and a commingled account for the benefit of individual Plan participants was permitted by the Plan.  *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶25.

51)     Denied.  Regardless of the value of the Morgan Stanley Account, and the value reported to APC by Dr. Criscito, there were more than sufficient assets in another commingled Plan account, the Smith Barney Account, to cover any amounts in the Plan which allegedly belonged to any of the other Plan participants.  *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶18 – 22.

52)     Denied.  Objection.  This is not a fact, this is a legal conclusion regarding the duties of a trustee.  Furthermore, regardless of the value of the Morgan Stanley Account, and the value reported to APC by Dr. Criscito, there were more than sufficient assets in another commingled Plan account, the Morgan Stanley Account, to cover any amounts in the Plan which allegedly belonged to any of the other Plan participants.  *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶18 – 22.  Moreover, the maintenance of a segregated and a commingled account for the benefit of individual Plan participants was permitted by the Plan.  *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶25.

53)     Objection on the grounds that this paragraph contains multiple facts, and is not a separately numbered statement of each fact, as required by L. Civ. R. 56.1(a). Denied. Furthermore, regardless of the value of the Morgan Stanley Account, and the value reported to APC by Dr. Criscito, there were more than sufficient assets in another commingled Plan account, the Smith Barney Account, to cover any amounts in the Plan which allegedly belonged to any of the other Plan participants, and no assets were ever distributed to anyone from the Morgan Stanley Account – no funds were withdrawn from this account between December 1999 and July 2007. *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶18 – 22. Moreover, the maintenance of a segregated and a commingled account for the benefit of individual Plan participants was permitted by the Plan. *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶25.

54)     Denied. This is not a statement of fact, but of the plaintiffs' expert's opinion. Mr. Feit testified specifically that he was ***not*** engaged as an expert to opine on the existence, or non-existence, of "fraud," did not issue a report on the issue of fraud, and failed to perform an investigation to determine whether there was fraud. *See* Conroy Opp. Dec., Exhibit "F," Feit Dep. T7/21/10; 70:15 – 71:24. Furthermore, regardless of the value of the Morgan Stanley Account, and the value reported to APC by Dr. Criscito, there were more than sufficient assets in another commingled Plan account, the Morgan Stanley Account, to cover any amounts in the Plan which allegedly belonged to any of the other Plan participants. *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶18 – 22. *See* Conroy Opp. Dec., Exhibit "F," Feit Dep. T7/21/10; 72:23 - 73:16.

55)     Denied. Both the Morgan Stanley Account and the Smith Barney Account remained as the un-segregated DCC commingled account. Together there remained more than sufficient assets to cover any amounts in the Plan which allegedly belonged to any of the other Plan participants. *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶18 – 22.

56)     Denied. The participants in the commingled account remained participants in that account, as permitted by the Plan. *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶18 – 22 and 25.

57)     [There is no statement of undisputed fact number 57 in plaintiffs' statement.]

58)     [There is no statement of undisputed fact number 58 in plaintiffs' statement.]

59)     Admitted.

60)     Admitted, but not material. The withdrawn funds did not belong to any other Plan

13

participant, as these other participants retained interests in the assets contained in the Smith Barney Account. *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶18 – 22.

61)     Admitted, but not material. The withdrawn funds did not belong to any other Plan participant, as these other participants retained interests in the assets contained in the Smith Barney Account. *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶18 – 22.

62)     Admitted, but not material. The withdrawn funds did not belong to any other Plan participant, as these other participants retained interests in the assets contained in the Smith Barney Account. *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶18 – 22.

63)     Objection on the grounds that this paragraph contains multiple facts, and is not a separately numbered statement of each fact, as required by L. Civ. R. 56.1(a). Admitted, but not material. The withdrawn funds did not belong to any other Plan participant. Furthermore, regardless of the value of the Morgan Stanley Account, and the value reported to APC by Dr. Criscito, or the funds which may have been withdrawn from that account by Dr. Criscito, there were more than sufficient assets in the commingled Plan account, to cover any amounts in the Plan which allegedly belonged to any of the other Plan participant. *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶18 – 22.

64)     Objection on the grounds that this paragraph contains multiple facts, and is not a separately numbered statement of each fact, as required by L. Civ. R. 56.1(a). Admitted, but not material. The withdrawn funds did not belong to any other Plan participant. Furthermore, regardless of the value of the Morgan Stanley Account, and the value reported to APC by Dr. Criscito, or the funds which may have been withdrawn from that account by Dr. Criscito, there were more than sufficient assets in the commingled Plan account, to cover any amounts in the Plan which allegedly belonged to any of the other Plan participant. *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶18 – 22. Objection to the footnote, as this is not the type of information of which judicial notice may be taken.

65)     Objection on the grounds that this paragraph contains multiple facts, and is not a separately numbered statement of each fact, as required by L. Civ. R. 56.1(a). Admitted, but not material. The withdrawn funds did not belong to any other Plan participant. Furthermore, regardless of the value of the Morgan Stanley Account, and the value reported to APC by Dr. Criscito, or the funds which may have been withdrawn from that account by Dr. Criscito, there were more than sufficient assets in the commingled Plan account, to cover any amounts in the Plan which allegedly belonged to any of the other Plan participant. *See* Defendant's Statement of

Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶18 – 22.

66) Objection on the grounds that this paragraph contains multiple facts, and is not a separately numbered statement of each fact, as required by L. Civ. R. 56.1(a). Admitted, but not material. The withdrawn funds did not belong to any other Plan participant. Furthermore, regardless of the value of the Morgan Stanley Account, and the value reported to APC by Dr. Criscito, or the funds which may have been withdrawn from that account by Dr. Criscito, there were more than sufficient assets in the commingled Plan account, to cover any amounts in the Plan which allegedly belonged to any of the other Plan participant. *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶18 – 22.

67) Objection on the grounds that this paragraph contains multiple facts, and is not a separately numbered statement of each fact, as required by L. Civ. R. 56.1(a). Admitted, but not material. The withdrawn funds did not belong to any other Plan participant. Furthermore, regardless of the value of the Morgan Stanley Account, and the value reported to APC by Dr. Criscito, or the funds which may have been withdrawn from that account by Dr. Criscito, there were more than sufficient assets in the commingled Plan account, to cover any amounts in the Plan which allegedly belonged to any of the other Plan participant. *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶18 – 22.

68) Objection on the grounds that this paragraph contains multiple facts, and is not a separately numbered statement of each fact, as required by L. Civ. R. 56.1(a). Admitted, but not material. The withdrawn funds did not belong to any other Plan participant. Furthermore, regardless of the value of the Morgan Stanley Account, and the value reported to APC by Dr. Criscito, or the funds which may have been withdrawn from that account by Dr. Criscito, there were more than sufficient assets in the commingled Plan account, to cover any amounts in the Plan which allegedly belonged to any of the other Plan participant. *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶18 – 22.

69) Objection on the grounds that this paragraph contains multiple facts, and is not a separately numbered statement of each fact, as required by L. Civ. R. 56.1(a). Admitted, but not material. The withdrawn funds did not belong to any other Plan participant. Furthermore, regardless of the value of the Morgan Stanley Account, and the value reported to APC by Dr. Criscito, or the funds which may have been withdrawn from that account by Dr. Criscito, there were more than sufficient assets in the commingled Plan account, to cover any amounts in the Plan which allegedly belonged to any of the other Plan participant. *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary

judgment, ¶¶18 – 22.

70)     Objection on the grounds that this paragraph contains multiple facts, and is not a separately numbered statement of each fact, as required by L. Civ. R. 56.1(a). Admitted, but not material.  The withdrawn funds did not belong to any other Plan participant.  Furthermore, regardless of the value of the Morgan Stanley Account, and the value reported to APC by Dr. Criscito, or the funds which may have been withdrawn from that account by Dr. Criscito, there were more than sufficient assets in the commingled Plan account, to cover any amounts in the Plan which allegedly belonged to any of the other Plan participant.  *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶18 – 22.

71)     Objection on the grounds that this paragraph contains multiple facts, and is not a separately numbered statement of each fact, as required by L. Civ. R. 56.1(a). Admitted, but not material.  The withdrawn funds did not belong to any other Plan participant.  Furthermore, regardless of the value of the Morgan Stanley Account, and the value reported to APC by Dr. Criscito, or the funds which may have been withdrawn from that account by Dr. Criscito, there were more than sufficient assets in the commingled Plan account, to cover any amounts in the Plan which allegedly belonged to any of the other Plan participant.  *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶18 – 22.

72)     Objection on the grounds that this paragraph contains multiple facts, and is not a separately numbered statement of each fact, as required by L. Civ. R. 56.1(a). Admitted, but not material.  The withdrawn funds did not belong to any other Plan participant.  Furthermore, regardless of the value of the Morgan Stanley Account, and the value reported to APC by Dr. Criscito, or the funds which may have been withdrawn from that account by Dr. Criscito, there were more than sufficient assets in the commingled Plan account, to cover any amounts in the Plan which allegedly belonged to any of the other Plan participant.  *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶18 – 22.

73)     Objection on the grounds that this paragraph contains multiple facts, and is not a separately numbered statement of each fact, as required by L. Civ. R. 56.1(a). Admitted, but not material.  The withdrawn funds did not belong to any other Plan participant.  Furthermore, regardless of the value of the Morgan Stanley Account, and the value reported to APC by Dr. Criscito, or the funds which may have been withdrawn from that account by Dr. Criscito, there were more than sufficient assets in the commingled Plan account, to cover any amounts in the Plan which allegedly belonged to any of the other Plan participant.  *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary

16

judgment, ¶¶18 – 22.

74)    Objection on the grounds that this paragraph contains multiple facts, and is not a separately numbered statement of each fact, as required by L. Civ. R. 56.1(a). Admitted, but not material. The withdrawn funds did not belong to any other Plan participant. Furthermore, regardless of the value of the Morgan Stanley Account, and the value reported to APC by Dr. Criscito, or the funds which may have been withdrawn from that account by Dr. Criscito, there were more than sufficient assets in the commingled Plan account, to cover any amounts in the Plan which allegedly belonged to any of the other Plan participant. *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶18 – 22.

75)    Objection on the grounds that this paragraph contains multiple facts, and is not a separately numbered statement of each fact, as required by L. Civ. R. 56.1(a). Admitted, but not material. The withdrawn funds did not belong to any other Plan participant. Furthermore, regardless of the value of the Morgan Stanley Account, and the value reported to APC by Dr. Criscito, or the funds which may have been withdrawn from that account by Dr. Criscito, there were more than sufficient assets in the commingled Plan account, to cover any amounts in the Plan which allegedly belonged to any of the other Plan participant. *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶18 – 22.

76)    Objection on the grounds that this paragraph contains multiple facts, and is not a separately numbered statement of each fact, as required by L. Civ. R. 56.1(a). Admitted, but not material. The withdrawn funds did not belong to any other Plan participant. Furthermore, regardless of the value of the Morgan Stanley Account, and the value reported to APC by Dr. Criscito, or the funds which may have been withdrawn from that account by Dr. Criscito, there were more than sufficient assets in the commingled Plan account, to cover any amounts in the Plan which allegedly belonged to any of the other Plan participant. *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶18 – 22.

77)    Objection on the grounds that this paragraph contains multiple facts, and is not a separately numbered statement of each fact, as required by L. Civ. R. 56.1(a). Admitted, but not material. The withdrawn funds did not belong to any other Plan participant. Furthermore, regardless of the value of the Morgan Stanley Account, and the value reported to APC by Dr. Criscito, or the funds which may have been withdrawn from that account by Dr. Criscito, there were more than sufficient assets in the commingled Plan account, to cover any amounts in the Plan which allegedly belonged to any of the other Plan participant. *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary

judgment, ¶¶18 – 22.

78)     Objection on the grounds that this paragraph contains multiple facts, and is not a
separately numbered statement of each fact, as required by L. Civ. R. 56.1(a).
Admitted, but not material.  The withdrawn funds did not belong to any other Plan
participant.  Furthermore, regardless of the value of the Morgan Stanley Account, and
the value reported to APC by Dr. Criscito, or the funds which may have been
withdrawn from that account by Dr. Criscito, there were more than sufficient assets in
the commingled Plan account, to cover any amounts in the Plan which allegedly
belonged to any of the other Plan participant.  *See* Defendant's Statement of
Undisputed Material Facts submitted in support of defendant's motion for summary
judgment, ¶¶18 – 22.

79)     Objection on the grounds that this paragraph contains multiple facts, and is not a
separately numbered statement of each fact, as required by L. Civ. R. 56.1(a).
Admitted, but not material.  The withdrawn funds did not belong to any other Plan
participant.  Furthermore, regardless of the value of the Morgan Stanley Account, and
the value reported to APC by Dr. Criscito, or the funds which may have been
withdrawn from that account by Dr. Criscito, there were more than sufficient assets in
the commingled Plan account, to cover any amounts in the Plan which allegedly
belonged to any of the other Plan participant.  *See* Defendant's Statement of
Undisputed Material Facts submitted in support of defendant's motion for summary
judgment, ¶¶18 – 22.

80)     Objection on the grounds that this paragraph contains multiple facts, and is not a
separately numbered statement of each fact, as required by L. Civ. R. 56.1(a).
Admitted, but not material.  The withdrawn funds did not belong to any other Plan
participant.  Furthermore, regardless of the value of the Morgan Stanley Account, and
the value reported to APC by Dr. Criscito, or the funds which may have been
withdrawn from that account by Dr. Criscito, there were more than sufficient assets in
the commingled Plan account, to cover any amounts in the Plan which allegedly
belonged to any of the other Plan participant.  *See* Defendant's Statement of
Undisputed Material Facts submitted in support of defendant's motion for summary
judgment, ¶¶18 – 22.

81)     Objection on the grounds that this paragraph contains multiple facts, and is not a
separately numbered statement of each fact, as required by L. Civ. R. 56.1(a).
Admitted, but not material.  The withdrawn funds did not belong to any other Plan
participant.  Furthermore, regardless of the value of the Morgan Stanley Account, and
the value reported to APC by Dr. Criscito, or the funds which may have been
withdrawn from that account by Dr. Criscito, there were more than sufficient assets in
the commingled Plan account, to cover any amounts in the Plan which allegedly
belonged to any of the other Plan participant.  *See* Defendant's Statement of
Undisputed Material Facts submitted in support of defendant's motion for summary

judgment, ¶¶18 – 22.

82) Objection on the grounds that this paragraph contains multiple facts, and is not a separately numbered statement of each fact, as required by L. Civ. R. 56.1(a). Admitted, but not material.  The withdrawn funds did not belong to any other Plan participant.  Furthermore, regardless of the value of the Morgan Stanley Account, and the value reported to APC by Dr. Criscito, or the funds which may have been withdrawn from that account by Dr. Criscito, there were more than sufficient assets in the commingled Plan account, to cover any amounts in the Plan which allegedly belonged to any of the other Plan participant.  *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶18 – 22.

83) Objection on the grounds that this paragraph contains multiple facts, and is not a separately numbered statement of each fact, as required by L. Civ. R. 56.1(a). Admitted, but not material.  The withdrawn funds did not belong to any other Plan participant.  Furthermore, regardless of the value of the Morgan Stanley Account, and the value reported to APC by Dr. Criscito, or the funds which may have been withdrawn from that account by Dr. Criscito, there were more than sufficient assets in the commingled Plan account, to cover any amounts in the Plan which allegedly belonged to any of the other Plan participant.  *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶18 – 22.

84) Objection on the grounds that this paragraph contains multiple facts, and is not a separately numbered statement of each fact, as required by L. Civ. R. 56.1(a). Admitted, but not material.  The withdrawn funds did not belong to any other Plan participant.  Furthermore, regardless of the value of the Morgan Stanley Account, and the value reported to APC by Dr. Criscito, or the funds which may have been withdrawn from that account by Dr. Criscito, there were more than sufficient assets in the commingled Plan account, to cover any amounts in the Plan which allegedly belonged to any of the other Plan participant.  *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶18 – 22.

85) Objection on the grounds that this paragraph contains multiple facts, and is not a separately numbered statement of each fact, as required by L. Civ. R. 56.1(a). Admitted, but not material.  The withdrawn funds did not belong to any other Plan participant.  Furthermore, regardless of the value of the Morgan Stanley Account, and the value reported to APC by Dr. Criscito, or the funds which may have been withdrawn from that account by Dr. Criscito, there were more than sufficient assets in the commingled Plan account, to cover any amounts in the Plan which allegedly belonged to any of the other Plan participant.  *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary

judgment, ¶¶18 – 22.

86)    Objection on the grounds that this paragraph contains multiple facts, and is not a separately numbered statement of each fact, as required by L. Civ. R. 56.1(a). Admitted, but not material. The withdrawn funds did not belong to any other Plan participant. Furthermore, regardless of the value of the Morgan Stanley Account, and the value reported to APC by Dr. Criscito, or the funds which may have been withdrawn from that account by Dr. Criscito, there were more than sufficient assets in the commingled Plan account, to cover any amounts in the Plan which allegedly belonged to any of the other Plan participant. *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶18 – 22.

87)    Objection on the grounds that this paragraph contains multiple facts, and is not a separately numbered statement of each fact, as required by L. Civ. R. 56.1(a). Admitted, but not material. The withdrawn funds did not belong to any other Plan participant. Furthermore, regardless of the value of the Morgan Stanley Account, and the value reported to APC by Dr. Criscito, or the funds which may have been withdrawn from that account by Dr. Criscito, there were more than sufficient assets in the commingled Plan account, to cover any amounts in the Plan which allegedly belonged to any of the other Plan participant. *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶18 – 22.

88)    Objection on the grounds that this paragraph contains multiple facts, and is not a separately numbered statement of each fact, as required by L. Civ. R. 56.1(a). Admitted, but not material. The withdrawn funds did not belong to any other Plan participant. Furthermore, regardless of the value of the Morgan Stanley Account, and the value reported to APC by Dr. Criscito, or the funds which may have been withdrawn from that account by Dr. Criscito, there were more than sufficient assets in another commingled Plan account, the Smith Barney Account, to cover any amounts in the Plan which allegedly belonged to any of the other Plan participants, and no assets were ever distributed to anyone from the Morgan Stanley Account – no funds were withdrawn from this account between December 1999 and July 2007. *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶18 – 22.

89)    Admitted, but not material. Any adverse tax consequences would affect Dr. Criscito and not the plaintiffs or the Plan.

90)    Admitted, but not material. Any adverse tax consequences would affect Dr. Criscito and not the plaintiffs or the Plan.

91)    Admitted, but not material, except denied with respect to the allegation that Dr. Criscito intended to prevent anyone else from seeing the statements. *See* response to

statements number 25 - 27, *supra*. The withdrawn funds did not belong to any other Plan participant. Furthermore, regardless of the value of the Morgan Stanley Account, and the value reported to APC by Dr. Criscito, or funds which may have been withdrawn from that account by Dr. Criscito, there were more than sufficient assets in another commingled Plan account, the Smith Barney Account, to cover any amounts in the Plan which allegedly belonged to any of the other Plan participants, and no assets were ever distributed to anyone from the Morgan Stanley Account – no funds were withdrawn from this account between December 1999 and July 2007. *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶18 – 22.

92)     Objection on the grounds that this paragraph contains multiple facts, and is not a separately numbered statement of each fact, as required by L. Civ. R. 56.1(a). Admitted, but not material. The withdrawn funds did not belong to any other Plan participant. Furthermore, regardless of the value of the Morgan Stanley Account, and the value reported to APC by Dr. Criscito, or funds which may have been withdrawn from that account by Dr. Criscito, there were more than sufficient assets in another commingled Plan account, the Smith Barney Account, to cover any amounts in the Plan which allegedly belonged to any of the other Plan participants, and no assets were ever distributed to anyone from the Morgan Stanley Account – no funds were withdrawn from this account between December 1999 and July 2007. *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶18 – 22.

93)     Admitted

94)     Admitted, but not material.

95)     Objection on the grounds that this paragraph contains multiple facts, and is not a separately numbered statement of each fact, as required by L. Civ. R. 56.1(a). Admitted, but not material. Sovereign Bank was on notice, from the name of the account, that it was a Pension Account. There was no reason to tell anyone at the bank what was obvious on its face. Moreover, there continued to remain sufficient assets in the commingled account to cover any amounts in the Plan which allegedly belonged to any of the other Plan participants, and no assets were ever distributed to anyone from the Smith Barney Account  – no funds were withdrawn from this account between December 1999 and July 2007. *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶18 – 22.

96)     Objection to characterization of the house as a "luxury home." Admitted, but not material. The withdrawn funds were monies held for the benefit of Dr. Criscito and did not belong to any other Plan participant. *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary

judgment, ¶¶18 – 22.

97)     Admitted, but not material.  The withdrawn funds did not belong to any other Plan participant, but were held for the benefit of Dr. Criscito.  More than sufficient assets remained in the commingled Plan account to cover any amounts in the Plan which allegedly belonged to any of the other Plan participants.  *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶18 – 22.

98)     Admitted.

99)     Admitted.

100)    Admitted, but not material.  The withdrawn funds did not belong to any other Plan participant, but were held for the benefit of Dr. Criscito.  More than sufficient assets remained in the commingled Plan account to cover any amounts in the Plan which allegedly belonged to any of the other Plan participants.  *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶18 – 22.

101)    Admitted, but not material.  The withdrawn funds did not belong to any other Plan participant, but were held for the benefit of Dr. Criscito.  More than sufficient assets remained in the commingled Plan account to cover any amounts in the Plan which allegedly belonged to any of the other Plan participants.  *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶18 – 22.

102)    Admitted, but not material.  The withdrawn funds did not belong to any other Plan participant, but were held for the benefit of Dr. Criscito.  More than sufficient assets remained in the commingled Plan account to cover any amounts in the Plan which allegedly belonged to any of the other Plan participants.  *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶18 – 22.

103)    Admitted, but not material.  The withdrawn funds did not belong to any other Plan participant, but were held for the benefit of Dr. Criscito.  More than sufficient assets remained in the commingled Plan account to cover any amounts in the Plan which allegedly belonged to any of the other Plan participants.  *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶18 – 22.

104)    Admitted, but not material.  The withdrawn funds did not belong to any other Plan participant, but were held for the benefit of Dr. Criscito.  More than sufficient assets remained in the commingled Plan account to cover any amounts in the Plan which allegedly belonged to any of the other Plan participants.  *See* Defendant's Statement

of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶18 – 22.

105)   Admitted, but not material.  The withdrawn funds did not belong to any other Plan participant, but were held for the benefit of Dr. Criscito.  More than sufficient assets remained in the commingled Plan account to cover any amounts in the Plan which allegedly belonged to any of the other Plan participants.  *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶18 – 22.

106)   Admitted, but not material.  The withdrawn funds did not belong to any other Plan participant, but were held for the benefit of Dr. Criscito.  More than sufficient assets remained in the commingled Plan account to cover any amounts in the Plan which allegedly belonged to any of the other Plan participants.  *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶18 – 22.

107)   Admitted, but not material.  The withdrawn funds did not belong to any other Plan participant, but were held for the benefit of Dr. Criscito.  More than sufficient assets remained in the commingled Plan account to cover any amounts in the Plan which allegedly belonged to any of the other Plan participants.  *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶18 – 22.

108)   Admitted, but not material.  The withdrawn funds did not belong to any other Plan participant, but were held for the benefit of Dr. Criscito.  More than sufficient assets remained in the commingled Plan account to cover any amounts in the Plan which allegedly belonged to any of the other Plan participants.  *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶18 – 22.

109)   Admitted, but not material.  The withdrawn funds did not belong to any other Plan participant, but were held for the benefit of Dr. Criscito.  More than sufficient assets remained in the commingled Plan account to cover any amounts in the Plan which allegedly belonged to any of the other Plan participants.  *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶18 – 22.

110)   Admitted

111)   Admitted, but not material.  The withdrawn funds did not belong to any other Plan participant, but were held for the benefit of Dr. Criscito.  More than sufficient assets remained in the commingled Plan account to cover any amounts in the Plan which allegedly belonged to any of the other Plan participants.  *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary

judgment, ¶¶18 – 22.

112)   Admitted, but not material.  The withdrawn funds did not belong to any other Plan participant, but were held for the benefit of Dr. Criscito.  More than sufficient assets remained in the commingled Plan account to cover any amounts in the Plan which allegedly belonged to any of the other Plan participants.  *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶18 – 22.

113)   Admitted, but not material.  The withdrawn funds did not belong to any other Plan participant, but were held for the benefit of Dr. Criscito.  More than sufficient assets remained in the commingled Plan account to cover any amounts in the Plan which allegedly belonged to any of the other Plan participants.  *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶18 – 22.

114)   Admitted, but not material.  The withdrawn funds did not belong to any other Plan participant, but were held for the benefit of Dr. Criscito.  More than sufficient assets remained in the commingled Plan account to cover any amounts in the Plan which allegedly belonged to any of the other Plan participants.  *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶18 – 22.

115)   Admitted, but not material.  The withdrawn funds did not belong to any other Plan participant, but were held for the benefit of Dr. Criscito.  More than sufficient assets remained in the commingled Plan account to cover any amounts in the Plan which allegedly belonged to any of the other Plan participants.  *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶18 – 22.

116)   Admitted.

117)   Admitted, but not material.  The withdrawn funds did not belong to any other Plan participant, but were held for the benefit of Dr. Criscito.  More than sufficient assets remained in the commingled Plan account to cover any amounts in the Plan which allegedly belonged to any of the other Plan participants.  *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶18 – 22.

118)   Admitted, but not material.  Any adverse tax consequences would affect Dr. Criscito and not the plaintiffs or the Plan.

119)   Denied.  APC, on behalf of the plaintiffs, knew or should have known of the activities in these accounts.  In fact, APC had account statements from Morgan Stanley beginning no later than March 2000 and failed to review them or request additional

statements as it was required to do.

120) Objection on the grounds that this paragraph contains multiple facts, and is not a separately numbered statement of each fact, as required by L. Civ. R. 56.1(a). In addition, whether or not there was a "rollover," or whether or not any forms were created, is irrelevant. Furthermore, the plaintiffs' allegations that Dr. Criscito removed assets from the "commingled" account is contrary to the plaintiffs' allegations that, after the segregated accounts were created in early 2000, there were no "commingled" accounts. In fact, the "commingled" account continued to exist, and no assets were removed from the Smith Barney account from December of 1999 through the time that Dr. Criscito acted as trustee. *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶18 – 22. Moreover, any adverse tax consequences would affect Dr. Criscito and not the plaintiffs or the Plan

121) Objection on the grounds that this paragraph contains multiple facts, and is not a separately numbered statement of each fact, as required by L. Civ. R. 56.1(a). Furthermore, the plaintiffs' allegations that Dr. Criscito removed assets from the "commingled" account is contrary to the plaintiffs' allegations that, after the segregated accounts were created in early 2000, there were no "commingled" accounts. In fact, the "commingled" account continued to exist, in the form of the Smith Barney Account, and no assets were removed from that account from December of 1999 until July of 2007. *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶18 – 22. Moreover, any adverse tax consequences would affect Dr. Criscito and not the plaintiffs or the Plan

122) Admitted.

123) Admitted.

124) Admitted. However, APC breached industry standards by accepting figures from the Plan's trustee without independently verifying them with supporting documents. *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶28-31.

125) Admitted. However, APC breached industry standards by accepting figures from the Plan's trustee without independently verifying them with supporting documents. *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶28-31.

126) Admitted. However, APC breached industry standards by accepting figures from the Plan's trustee without independently verifying them with supporting documents. *See* Defendant's Statement of Undisputed Material Facts submitted in support of

defendant's motion for summary judgment, ¶¶28-31.

127)   The beliefs of APC are immaterial and unknown.  However, APC breached industry standards by accepting figures from the Plan's trustee without independently verifying them with supporting documents.  *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶28-31.

128)   Denied.  The statements which APC had in its possession as of March of 2000 were at variance with the numbers allegedly provided by Dr. Criscito in January of 2000, and APC should have noticed the discrepancy.  However, whether or not Dr. Criscito had "done anything to cause APC to suspect that the information that he was providing with regard to the year-end values of the assets in the commingled account were anything but accurate and honest," APC breached industry standards by accepting figures from the Plan's trustee without independently verifying them with supporting documents.  *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶28-31.

129)   APC's beliefs are immaterial and unknown.  However, whether or not Dr. Criscito had "done anything to cause APC" not to trust him, APC breached industry standards by accepting figures from the Plan's trustee without independently verifying them with supporting documents.  *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶28-31.

130)   Denied.   .   *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶28-31.

131)   Objection on the grounds that this paragraph contains multiple facts, and is not a separately numbered statement of each fact, as required by L. Civ. R. 56.1(a).  Dr. Criscito is unaware of APC's protocols.

132)   Admitted as to the description of the document, but this is not a statement of undisputed material fact with respect to this motion.

133)   Admitted as to the description of the document, but this is not a statement of undisputed material fact with respect to this motion.

134)   Admitted as to the description of the document, but this is not a statement of undisputed material fact with respect to this motion.

135)   Admitted as to the description of the document, but this is not a statement of undisputed material fact with respect to this motion.

136)   Admitted as to the description of the document, but this is not a statement of undisputed material fact with respect to this motion.

137)   Admitted as to the description of the document, but this is not a statement of

undisputed material fact with respect to this motion.

138)   Admitted as to the description of the document, but this is not a statement of undisputed material fact with respect to this motion.

139)   Objection on the grounds that this paragraph contains multiple facts, and is not a separately numbered statement of each fact, as required by L. Civ. R. 56.1(a). Objection to characterization of Dr. Criscito's testimony as "evasive." Admitted that Dr. Criscito testified that the signatures on the forms may have been his and further testified that, based upon past experience, without seeing an original document, he will never vouch that the signature is his. *See* Conroy Opp. Dec., Exhibit "G," Criscito Dep. T7/21/10; 12:1 - 13:2.

140)   Objection to characterization of Dr. Criscito's testimony as "evasive." Admitted that Dr. Criscito testified that the signatures on the forms may have been his and further testified that, based upon past experience, without seeing an original document, he will never vouch that the signature is his. *See* Conroy Opp. Dec., Exhibit "G," Criscito Dep. T7/21/10; 12:1 - 13:2.

141)   Denied as not supported by references to the record.

142)   Admitted as to the description of the document, but this is not a statement of undisputed material fact with respect to this motion.

143)   Admitted as to the description of the document, but this is not a statement of undisputed material fact with respect to this motion.

144)   States a legal conclusion, not a statement of material fact.

145)   States a legal conclusion, not a statement of material fact.

146)   Objection on the grounds that this paragraph contains multiple facts, and is not a separately numbered statement of each fact, as required by L. Civ. R. 56.1(a). Denied.  APC breached industry standards by accepting figures from the Plan's trustee without independently verifying them with supporting documents. Moreover, APC had the correct information from Morgan Stanley, and failed to act upon it. Had it acted appropriately, there would have been no "domino effect." *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶28-31.  Indeed, although the plaintiffs claim it is crucial that these form 5500's be amended, their papers contain no indication that they have taken any steps, from July, 2007 to the present, to actually act to make the adjustments which they claim are required.

147)   Objection on the grounds that this paragraph contains multiple facts, and is not a separately numbered statement of each fact, as required by L. Civ. R. 56.1(a). Whether or not correction of these documents "would entail a significant amount of

27

work" is irrelevant.  Had APC not breached industry standards, no additional work would be required.  *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶28-31.

148)   Admitted, but not material.  Plaintiffs have not established that Dr. Criscito had any such records in his possession, custody or control and it is to be expected that such records would be in the possession, custody or control of APC, the Plan's third-party administrator.

149)   Admitted, but not material.  Plaintiffs have not established that Dr. Criscito had any such records in his possession, custody or control and it is to be expected that such records would be in the possession, custody or control of APC, the Plan's third-party administrator.

150)   Admitted, but not material.  Relevant records were maintained by APC, the Plan's third-party administrator and Dr. Criscito had no duty to "account".  Moreover, DCC retained APC, not Dr. Criscito, to administer the Plan

151)   Admitted.

152)   Denied.  Mr. Warnock admitted the loan was repaid, *see* Conroy Dec., Exhibit A. Warnock Dep. T6/16/09; 28:10 – 34:19; Exhibit "B," Warnock-1; Exhibit "C," Warnock-2 and Exhibit "C," Warnock-3. and the plaintiffs have no evidence, whatsoever, to support their burden to prove it was not.

153)   Admitted, but Mr. Warnock admitted the loan was repaid, and the plaintiffs have no evidence, whatsoever, to support their burden to prove it was not.  *See* response to statement 152, *supra*.  The absence of proof of repayment of a twenty-eight year old loan does not equal proof that the loan was not paid.  In any event, by Mr. Warnock's testimony, the loan was carried on various Plan statements that were available for review, and was not concealed, *see* Conroy Dec., Exhibit A. Warnock Dep. T6/16/09; 28:10 – 34:19; Exhibit "B," Warnock-1; Exhibit "C," Warnock-2 and Exhibit "C," Warnock-3, so if the plaintiffs ever had a cause of action with respect to this issue, the statute of limitations has long expired.

154)   Admitted with respect to the content of Feit's report.  However, Feit admitted he did not account for the assets contained in the Smith Barney Account when he prepared his report, *see* Conroy Opp. Dec., Exhibit "F," Feit Dep. T7/21/10; 32:20 – 38;6, and has no opinion on who the funds in the Smith Barney Account belong to.  *Id* at 46:20 – 47:3.  In addition, Warnock testified that regardless of distributions made, the Plan permitted participants to maintain funds in both a commingled account and a segregated account, *see* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶25, which was, in fact, what occurred in this case.  Furthermore, regardless of the value of the Morgan Stanley Account, and the value reported to APC by Dr. Criscito, or the funds which

28

may have been withdrawn from that account by Dr. Criscito, there were more than sufficient assets in another commingled Plan account, the Smith Barney Account, to cover any amounts in the Plan which allegedly belonged to any of the other Plan participants, and no assets were ever distributed to anyone from the Morgan Stanley Account – no funds were withdrawn from this account between December 1999 and July 2007.  *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶18 – 22.

155)   Denied.  While Mr. Marblestone agrees with the number calculated by Mr. Feit, $1,681,572.65, as the additional amount which belonged to the Plan participants other than Dr. Criscito, he does not agree with the plaintiffs' ultimate conclusion. Regardless of the value of the Morgan Stanley Account, and the value reported to APC by Dr. Criscito, or funds which may have been withdrawn from that account by Dr. Criscito, there were more than sufficient assets in another commingled Plan account, the Smith Barney Account, to cover any amounts in the Plan which allegedly belonged to any of the other Plan participants, and these assets remained in the account through Dr. Criscito's term as trustee.  *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶18 – 22.  Mr. Feit simply does not address these issues.

156)   Denied.  *See* response to number 157, *infra*.

157)   Denied.  This is not a statement of material fact, this is a legal conclusion.  Defendant disputes that the proper method to calculate the plaintiffs' damages, if any, is the "Voluntary Fiduciary Correction Program Online Calculator provided by the U.S. Department of Labor-ERISA," and contends that the proper method of calculating damages is to look at the amount the account would have realized had the funds remained in the account, as calculated by Mr. Marblestone.  Furthermore, the defendant contends the plaintiffs suffered no damages, as regardless of the value of the Morgan Stanley Account, and the value reported to APC by Dr. Criscito, or funds which may have been withdrawn from that account by Dr. Criscito, there were more than sufficient assets in another commingled Plan account, the Smith Barney Account, to cover any amounts in the Plan which allegedly belonged to any of the other Plan participants, and no assets were ever distributed to anyone from the Smith Barney Account during Dr. Criscito's term as trustee.  *See* Defendant's Statement of Undisputed Material Facts submitted in support of defendant's motion for summary judgment, ¶¶18 – 22.