# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

Stephen M. Charme
Tara S. Sinha
WITMAN STADTMAUER, P.A.
26 Columbia Turnpike
Florham Park, New Jersey 07932-2213
(973) 822-0220

John M. Agnello
Melissa E. Flax
CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700

*Attorneys for Plaintiffs*

---

| | |
|---|---|
| DR. FADI CHAABAN, DR. SABINO R. TORRE, DR. CONSTANTINOS A. COSTEAS, AND DR. ANTHONY J. CASELLA as Trustees of Diagnostic & Clinical Cardiology, P.A. Profit Sharing Plan, <br><br> Plaintiffs, <br><br> v. <br><br> DR. MARIO A. CRISCITO, <br><br> Defendant. | Case No. 2:08-cv-01567 (GEB/MCA) <br><br> **REPLY DECLARATION OF MELISSA E. FLAX IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |

---

MELISSA E. FLAX, of full age and upon her oath, declares as follows:

1.     I am an attorney at law in the State of New Jersey, and a partner of the law firm of Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C., attorneys for plaintiffs Dr. Fadi Chaaban, Dr. Sabion R. Torre, Dr. Constantinos A. Costeas and Dr. Anthony J. Casella, as Trustees of Diagnostic & Clinical Cardiology, P.A. Profit Sharing Plan.

2.     I submit this Reply Declaration in Further Support of Plaintiffs' Motion for Summary Judgment.

3.     Attached hereto as Exhibit 1 is a true and accurate copy of the November 28, 2007 letter from Smith Barney to Joy M. Mercer, Esq. that was produced by Defendant in this litigation.

4.     Attached hereto as Exhibit 2 is a true and accurate copy of the Second Amended Answer, Separate Defenses, Counterclaims, and Third-Party Complaint that Defendant filed in the matter entitled *Diagnostic and Clinical Cardiology, P.A. v. Mario A. Criscito, M.D., et al.*, Superior Court of New Jersey, Law Division, Docket No. ESX-L-8971-08.

5.     Attached hereto as Exhibit 3 is a true and accurate copy of the Morgan Stanley account statement for March 31, 1999.

I declare under penalty of perjury that the foregoing is true and accurate. Executed on October 29, 2010.

MELISSA E. FLAX

# EXHIBIT 1

Allen D. Yarkin
Managing Director-Wealth Management
Senior Advisor, Citigroup Family Office

Florida Corporate Services Group
1000 E. Hallandale Beach Blvd
Hallandale, FL 33009

Tel  954 457 1560
Fax  954 454 2328
Toll Free  877 846 4764

## Family Office

November 28, 2007

Joy M. Mercer
30 Columbia Turnpike
Florham Park, NJ  07932

Via federal express

Dear Ms. Mercer,

Pursuant to your fax to Mr. Boyce, enclosed please find all of the monthly statements that were available to us relative to Diagnostic and Clinical Cardiology P.A. Profit Sharing Plan. December-year end statements are not included in this package because they were previously mailed to you. Please note that account 416-30833-16-007 and 416-30833-16-707 are the same accounts. The last three digits are for our internal use only. Also note that in most years only a quarterly statement was generated because no activity took place.

Due to confidentially, we are unable to provide you with any further specific account documentation relative any transfers that took place in October. We have provided you the statements and a current copy of the account so that you can determine that all assets that went out of the account were indeed transferred back.

I have also enclosed the only plan documents which we have in our files. I hope this information proves helpful.

Sincerely,

Missy Fierman

Missy Fierman

Cc:  Dr. Anthony Cosella
     Dr. Constantinos Costeas
     Dr. Sabino Torea
     Dr. Fadi Chaaban

**6302**

Citigroup Global Markets Inc.

The information set forth was obtained from sources which we believe reliable but we do not guarantee its accuracy or completeness. Neither the information nor any opinion expressed constitutes a solicitation by us of the purchase or sale of any securities.

# EXHIBIT 2

**KERN AUGUSTINE**
**CONROY & SCHOPPMANN, P.C.**
1120 Route 22 East
Bridgewater, New Jersey 08807
(908) 704-8585
Attorneys for Defendant/Third-Party Plaintiff,
Mario A. Criscito, M.D.

|  |  |
|---|---|
| DIAGNOSTIC AND CLINICAL CARDIOLOGY, P.A., | : SUPERIOR COURT OF NEW JERSEY<br>: CHANCERY DIVISION: ESSEX COUNTY<br>: DOCKET NO. ESX-L-8971-08 |
| Plaintiff, | : Civil Action |
| v. | : |
| MARIO A. CRISCITO, M.D.,<br>ABC COMPANY,<br>JOHN DOES 1-10, AND<br>XYZ COMPANIES, 1-10, | :<br>: **SECOND AMENDED ANSWER, SEPARATE**<br>: **DEFENSES, COUNTERCLAIMS, AND**<br>: **THIRD- PARTY COMPLAINT** |
| Defendants. | : |
| and | : |
| MARIO A. CRISCITO, M.D.. | : |
| Third-Party Plaintiff, | : |
| v. | : |
| GARY J. ROGAL, M.D., ANTHONY J. CASELLA, M.D., KEITH A. HAWTHORNE, M.D., DONALD G. RUBENSTEIN, M.D., MARC ROELKE, M.D., SABINO R. TORRE, M.D., FADI N. CHAABAN, M.D., CONSTANTINOS A. COSTEAS, M.D., KAUSHIK C. MODI, M.D., BRUCE J. HAIK, M.D., MARK BROWN and JOHN DOES 1-10, | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |
| Third-Party Defendants. | : |

The answering defendant, Mario A. Criscito, M.D., by and through his attorneys, Kern Augustine Conroy & Schoppmann, P.C., by way of answer to the plaintiff's Verified Complaint, states as follows:

## AS TO THE SECTION DENOMINATED "NATURE OF ACTION"

1.      The answering defendant admits that he is a former member of the plaintiff-medical practice and its president for approximately 30 years.  The balance of the allegations contained in paragraph "1" of the complaint state legal conclusions and no answer thereto is required. Furthermore, the answering defendant cannot answer the other allegations in this paragraph as they do not identify the parties to which they pertain.  To the extent an answer may be required, and to the extent the allegations contained in this paragraph of the complaint may be deemed to allege any wrongdoing on the part of the answering defendant, said allegations are specifically denied.

2.      The allegations contained in paragraph "2" of the complaint state legal conclusions, and no answer thereto is required.  Furthermore, the answering defendant cannot make an answer to the other allegations in this paragraph as they do not identify the parties to which they pertain. To the extent an answer may be required, and to the extent the allegations contained in this paragraph of the complaint may be deemed to allege any wrongdoing on the part of the answering defendant, these allegations are specifically denied.

3.      The answering defendant denies the allegations contained in paragraph "3" of the complaint except to admit that at the time that his employment was terminated in August 2007, the parties agreed that to avoid defendant bringing immediate action against the plaintiff, defendant would continue using and occupying plaintiff's facilities, equipment and staff.

## AS TO THE SECTION DENOMINATED "THE PARTIES"

4.      The answering defendant admits the allegations contained in paragraph "4" of the

complaint.

5.      The answering defendant admits the allegations contained in paragraph "5" of the complaint.

6.      The answering defendant cannot answer the allegations contained in paragraph "6" of the complaint, as the allegations do not identify the entities to which they pertain, except to admit that he has places of business at 769 Northfield Avenue, Suite 130, West Orange, New Jersey 07052 and 36 Newark Avenue, Suite 300, Belleville, New Jersey 07109.  To the extent any further answer may be required, and to the extent the allegations contained in this paragraph of the complaint may be deemed to allege any wrongdoing on the part of the answering defendant, said  allegations are specifically denied.

7.      The answering defendant cannot answer the allegations contained in paragraph "7" of the complaint, as the allegations do not identify the parties to which they pertain.  To the extent an answer may be required, and to the extent the allegations contained in this paragraph of the complaint may be deemed to allege any wrongdoing on the part of the answering defendant, said allegations are specifically denied.

8.      The answering defendant cannot answer the allegations contained in paragraph "8" of the complaint, as the allegations do not identify the entities to which they pertain.  To the extent an answer may be required, and to the extent the allegations contained in this paragraph of the complaint may be deemed to allege any wrongdoing on the part of the answering defendant, said allegations are specifically denied.

## AS TO THE SECTION DENOMINATED "BACKGROUND A.  CRISCITO'S ROLE IN DIAGNOSTIC"

9.      The answering defendant admits the allegations contained in paragraph "9" of the complaint.

3

10.    The answering defendant denies the allegations contained in paragraph "10" of the complaint in the form alleged but admits that the practice did have offices at the locations alleged.

11.    The answering defendant denies the allegations contained in paragraph "11" of the complaint in the form alleged except to admit that the answering defendant's good reputation and good will played a substantial part in the growth of the practice.

12.    The answering defendant denies the allegations contained in paragraph "12" of the complaint.

13.    The answering defendant denies the allegations contained in paragraph "13" of the complaint, and further takes exception to the unprofessional tenor of the preposterous mischaracterizations of the answering defendant.

14.    The answering defendant denies the allegations contained in paragraph "14" of the complaint, and repeats the exception aforestated.

15.    The answering defendant denies the allegations contained in paragraph "15" of the complaint except to admit that he was appointed to the State Board of Medical Examiners in 1991 and was elected President of the Board in 2007.

## AS TO THE SECTION DENOMINATED "BACKGROUND
## B.  CRISCITO CHANGES THE RULES OF THE GAME"

16.    The allegations contained in paragraph "16" of the complaint refer to a document or documents which, if they exist, form the best evidence of their contents and speak for themselves. To the extent an answer may be required, and to the extent the allegations contained in this paragraph may be deemed to allege any wrongdoing on the part of the answering defendant, said allegations are specifically denied.

17.    The answering defendant denies the allegations contained in paragraph "17" of the complaint and again takes exception to plaintiff's *ad hominem* attacks.

4

18.     The answering defendant denies in the form alleged the allegations contained in paragraph "18" of the complaint.

19.     The answering defendant denies the allegations contained in paragraph "19" of the complaint.

20.     The answering defendant denies the allegations contained in paragraph "20" of the complaint

21     The answering defendant denies the allegations contained in paragraph "21" of the complaint.

22.     The answering defendant denies the allegations contained in paragraph "22" of the complaint.

23.     The answering defendant denies the allegations contained in paragraph "23" of the complaint.

24.     The answering defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "24" of the complaint, and leaves the plaintiff to its proofs.  To the extent the allegations contained in this paragraph of the complaint may be deemed to allege any wrongdoing on the part of the answering defendant, these allegations are specifically denied.

25.     The answering defendant denies the allegations contained in paragraph "25" of the complaint.

## AS TO THE SECTION DENOMINATED "BACKGROUND C.  DIAGNOSTIC ATTEMPTS TO REIN IN CRISCITO"

26.     The answering defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "26" of the complaint, and leaves the plaintiff to its proofs.  To the extent the allegations contained in this paragraph of the complaint may

be deemed to allege any wrongdoing on the part of the answering defendant, these allegations are specifically denied.

27.     The answering defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "27" of the complaint, and leaves the plaintiff to its proofs. To the extent the allegations contained in this paragraph of the complaint may be deemed to allege any wrongdoing on the part of the answering defendant, these allegations are specifically denied

28.     The allegations contained in paragraph "28" of the complaint refer to a document or documents which, if they exist, form the best evidence of their contents and speak for themselves. To the extent an answer may be required, and to the extent the allegations contained in this paragraph of the complaint may be deemed to allege any wrongdoing on the part of the answering defendant, said allegations are specifically denied.

29.     The allegations contained in paragraph "29" of the complaint refer to a document or documents which, if they exist, form the best evidence of their contents and speak for themselves. To the extent an answer may be required, and to the extent the allegations contained in this paragraph of the complaint may be deemed to allege any wrongdoing on the part of the answering defendant, said allegations are specifically denied.

30.     The allegations contained in paragraph "30" of the complaint refer to a document or documents which, if they exist, form the best evidence of their contents and speak for themselves. To the extent an answer may be required, and to the extent the allegations contained in this paragraph of the complaint may be deemed to allege any wrongdoing on the part of the answering defendant, said allegations are specifically denied.

31.     The answering defendant admits that he did not execute the Shareholder's Agreement

6

on or about February 2006. As to the balance of the allegations contained in paragraph "31" of the complaint, the answering defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations, and leaves the plaintiff to its proofs. To the extent the allegations contained in this paragraph of the complaint may be deemed to allege any wrongdoing on the part of the answering defendant, these allegations are specifically denied.

32.     The allegations contained in paragraph "32" of the complaint refer to a document or documents which, if they exist, form the best evidence of their contents and speak for themselves. To the extent an answer may be required, and to the extent the allegations contained in this paragraph of the complaint may be deemed to allege any wrongdoing on the part of the answering defendant, said allegations are specifically denied.

33.     The allegations contained in paragraph "33" of the complaint refer to a document or documents which, if they exist, form the best evidence of their contents and speak for themselves. To the extent an answer may be required, and to the extent the allegations contained in this paragraph of the complaint may be deemed to allege any wrongdoing on the part of the answering defendant, said allegations are specifically denied.

34.     The answering defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "34" of the complaint, and leaves the plaintiff to its proofs. To the extent the allegations contained in this paragraph of the complaint may be deemed to allege any wrongdoing on the part of the answering defendant, these allegations are specifically denied.

35.     The answering defendant denies the allegations contained in paragraph "35" of the complaint.

## AS TO THE SECTION DENOMINATED "BACKGROUND
## D. AGREEMENT WITH INTERNET MEDICAL GROUP"

36.     The answering defendant admits that Diagnostic and Internet Medical Group, P.A. entered into a Cardiologist Services Engagement Agreement effective January 1, 2006. The balance of the allegations contained in paragraph "36" of the complaint refer to a document or documents which, if they exist, form the best evidence of their contents and speak for themselves. To the extent an answer may be required, and to the extent the allegations contained in this paragraph of the complaint may be deemed to allege any wrongdoing on the part of the answering defendant, said allegations are specifically denied.

37.     The answering defendant denies in the form alleged the allegations contained in paragraph "37" of the complaint.

38.     The answering defendant denies in the form alleged the allegations contained in paragraph "38" of the complaint.

39.     The answering defendant denies the allegations contained in paragraph "39" of the complaint.

## AS TO THE SECTION DENOMINATED "BACKGROUND
## D. AGREEMENT WITH INTERNET MEDICAL GROUP"

40.     The answering defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "40" of the complaint, and leaves the plaintiff to its proofs. To the extent the allegations contained in this paragraph of the complaint may be deemed to allege any wrongdoing on the part of the answering defendant, these allegations are specifically denied.

41.     The answering defendant denies in the form alleged the allegations contained in paragraph "41" of the complaint

8

42.    The answering defendant admits the allegations contained in paragraph "42" of the complaint.

## AS TO THE SECTION DENOMINATED "BACKGROUND
## D.  AGREEMENT WITH INTERNET MEDICAL GROUP"

43    The answering defendant denies the allegations contained in paragraph "43" of the complaint.

44.    The answering defendant denies the allegations contained in paragraph "44" of the complaint.

45.    The answering defendant denies the allegations contained in paragraph "45" of the complaint.

46.    The answering defendant denies the allegations contained in paragraph "46" of the complaint.

47.    The answering defendant denies the allegations contained in paragraph "47" of the complaint.

## AS TO THE FIRST COUNT
## (TORTIOUS INTERFERENCE WITH EXISTING CONTRACTUAL RELATIONS)

48.    The answering defendant, in response to paragraph "48" of the complaint, repeats and realleges his answers to the previous allegations of the complaint as though the same were set forth at length verbatim herein.

49.    The answering defendant denies the allegations contained in paragraph "49" of the complaint.

50.    The answering defendant denies the allegations contained in paragraph "50" of the complaint.

51.    The answering defendant denies the allegations contained in paragraph "51" of the

complaint.

52. The answering defendant denies the allegations contained in paragraph "52" of the complaint.

**WHEREFORE**, the defendant, Mario A. Criscito, M.D., demands judgment dismissing the plaintiff's complaint, with prejudice and without costs, for attorneys' fees, costs of suit and for such other and further relief as the Court may deem just and equitable under the circumstances.

## AS TO THE SECOND COUNT
## (TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE)

53. The answering defendant, in response to paragraph "53" of the complaint, repeats and realleges his answers to the previous allegations of the complaint as though the same were set forth at length verbatim herein.

54. The answering defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "54" of the complaint, and leaves the plaintiff to its proofs. To the extent the allegations contained in this paragraph of the complaint may be deemed to allege any wrongdoing on the part of the answering defendant, these allegations are specifically denied.

55. The answering defendant denies the allegations contained in paragraph "55" of the complaint.

56. The answering defendant denies the allegations contained in paragraph "56" of the complaint.

57. The answering defendant denies the allegations contained in paragraph "57" of the complaint.

58. The answering defendant denies the allegations contained in paragraph "57" of the complaint.

WHEREFORE, the defendant, Mario A. Criscito, M.D., demands judgment dismissing the plaintiff's complaint, with prejudice and without costs, for attorneys' fees, costs of suit and for such other and further relief as the Court may deem just and equitable under the circumstances.

## AS TO THE THIRD COUNT
## (UNFAIR COMPETITION)

59.     The answering defendant, in response to paragraph "59" of the complaint, repeats and realleges his answers to the previous allegations of the complaint as though the same were set forth at length verbatim herein.

60.     The answering defendant denies the allegations contained in paragraph "60" of the complaint.

61.     The answering defendant denies the allegations contained in paragraph "61" of the complaint.

WHEREFORE, the defendant, Mario A. Criscito, M.D., demands judgment dismissing the plaintiff's complaint, with prejudice and without costs, for attorneys' fees, costs of suit and for such other and further relief as the Court may deem just and equitable under the circumstances.

## AS TO THE FOURTH COUNT
## (BREACH OF CONTRACT)

62.     The answering defendant, in response to paragraph "62" of the complaint, repeats and realleges his answers to the previous allegations of the complaint as though the same were set forth at length verbatim herein.

63.     The answering defendant denies in the form alleged the allegations contained in paragraph "63" of the complaint.

64.     The answering defendant denies the allegations contained in paragraph "64" of the complaint.

65.    The allegations contained in paragraph "65" of the complaint refer to a document or documents which, if they exist, form the best evidence of their contents and speak for themselves. To the extent an answer may be required, and to the extent the allegations contained in this paragraph of the complaint may be deemed to allege any wrongdoing on the part of the answering defendant, said allegations are specifically denied.

66.    The answering defendant denies the allegations contained in paragraph "66" of the complaint.

67.    The answering defendant denies the allegations contained in paragraph "67" of the complaint.

68.    The answering defendant denies the allegations contained in paragraph "68" of the complaint.

**WHEREFORE**, the defendant, Mario A. Criscito, M.D., demands judgment dismissing the plaintiff's complaint, with prejudice and without costs, for attorneys' fees, costs of suit and for such other and further relief as the Court may deem just and equitable under the circumstances.

## AS TO THE FIFTH COUNT
## (UNJUST ENRICHMENT)

69.    The answering defendant, in response to paragraph "69" of the complaint, repeats and realleges his answers to the previous allegations of the complaint as though the same were set forth at length verbatim herein.

70.    The answering defendant denies the allegations contained in paragraph "70" of the complaint state.

71.    The answering defendant denies the allegations contained in paragraph "71" of the complaint.

**WHEREFORE**, the defendant, Mario A. Criscito, M.D., demands judgment dismissing the

12

plaintiff's complaint, with prejudice and without costs, for attorneys' fees, costs of suit and for such other and further relief as the Court may deem just and equitable under the circumstances.

## AS TO THE SIXTH COUNT
## (CONSTRUCTIVE TRUST)

72.     The answering defendant, in response to paragraph "72" of the complaint, repeats and realleges his answers to the previous allegations of the complaint as though the same were set forth at length verbatim herein.

73.     The answering defendant denies the allegations contained in paragraph "73" of the complaint

74.     The answering defendant denies the allegations contained in paragraph "74" of the complaint.

**WHEREFORE**, the defendant, Mario A. Criscito, M.D., demands judgment dismissing the plaintiff's complaint, with prejudice and without costs, for attorneys' fees, costs of suit and for such other and further relief as the Court may deem just and equitable under the circumstances.

## AS TO THE SEVENTH COUNT
## (FRAUD)

75.     The answering defendant, in response to paragraph "75" of the complaint, repeats and realleges his answers to the previous allegations of the complaint as though the same were set forth at length verbatim herein.

76.     The answering defendant denies the allegations contained in paragraph "76" of the complaint.

77.     The answering defendant denies the allegations contained in paragraph "77" of the complaint.

**WHEREFORE,** the defendant, Mario A. Criscito, M.D., demands judgment dismissing the

plaintiff's complaint, with prejudice and without costs, for attorneys' fees, costs of suit and for such other and further relief as the Court may deem just and equitable under the circumstances.

## SEPARATE DEFENSES

Without conceding any liability to the plaintiff, or that the statutes or common law impose any affirmative obligations upon him, the answering defendant, Mario A. Criscito, M.D., states as his separate defenses against the plaintiff the following:

### THE FIRST SEPARATE DEFENSE

The plaintiff's complaint, and each cause of action therein, fails to state a claim upon which relief may be granted.

### THE SECOND SEPARATE DEFENSE

The plaintiff's complaint, or certain claims within it, is (or are) barred by the statute of limitations.

### THE THIRD SEPARATE DEFENSE

Plaintiff is barred by the Doctrine of Unclean Hands because it breached the covenant of good faith and fair dealing governing the parties' relationship and engaged in other wrongful conduct as more fully set forth below in the defendant's counterclaim.

### THE FOURTH SEPARATE DEFENSE

Plaintiff is barred by the doctrines of legal and/or equitable estoppel.

### THE FIFTH SEPARATE DEFENSE

Plaintiff has failed to take reasonable steps to mitigate its damages, if any.

### THE SIXTH SEPARATE DEFENSE

Plaintiff has failed to make a proper showing of a legal basis for entitlement to attorneys' fees.

## THE SEVENTH SEPARATE DEFENSE

Plaintiff has failed to make a proper showing of a legal basis for entitlement to punitive damages under the common law or under the New Jersey Punitive Damages Act.

## THE EIGHTH SEPARATE DEFENSE

Plaintiff's complaint was commenced, used, or continued in bad faith, solely for the purpose of harassment, delay or malicious injury and or plaintiff knew, or should have known, that the complaint was without reasonable basis in law or equity and cannot be supported by a good faith argument for an extension, modification or reversal of existing law, and the answering defendant is therefore entitled to all reasonable litigation and attorneys' fees, pursuant to *N.J.S.A.* 2A:15-59.1.

## THE NINTH SEPARATE DEFENSE

Any and all damages alleged to have been suffered by plaintiff are not causally related to any act or omission alleged to be chargeable to the answering defendant.

## THE TENTH SEPARATE DEFENSE

Plaintiff is barred by the doctrine of laches.

## THE ELEVENTH SEPARATE DEFENSE

Plaintiff is barred by reason that any damages it may have suffered were the result of actions of third parties over whom this answering defendant had no control.

## THE TWELFTH SEPARATE DEFENSE

The relief sought is against public policy.

## THE THIRTEENTH SEPARATE DEFENSE

The answering defendant acted in good faith and with a reasonable belief his actions were lawful.

### THE FOURTEENTH SEPARATE DEFENSE

The answering defendant owed no duty to the plaintiff with regard to the incidents mentioned in the complaint and the damages alleged by the plaintiff.

### THE FIFTEENTH SEPARATE DEFENSE

The answering defendant breached no duty owed to the plaintiff.

### THE SIXTEENTH SEPARATE DEFENSE

Plaintiff's claims are subject to setoff, offset, reduction and/or recoupment.

### THE SEVENTEENTH SEPARATE DEFENSE

The claims against the answering defendant are frivolous and do not set forth a cause of action. The answering defendant is therefore entitled to counsel fees and costs.

### THE EIGHTEENTH SEPARATE DEFENSE

Plaintiff's claims are barred by failure of consideration.

### THE NINETEENTH SEPARATE DEFENSE

Plaintiff's claims are time barred.

### THE TWENTIETH SEPARATE DEFENSE

Plaintiff is barred by the doctrine of waiver.

### THE TWENTY-FIRST SEPARATE DEFENSE

The Court lacks jurisdiction over the subject matter of one or more of the plaintiff's causes of action as set forth in the complaint.

### THE TWENTY-SECOND SEPARATE DEFENSE

The relief requested is not appropriate.

### COUNTERCLAIMS

The answering defendant/counterclaimant, Mario A. Criscito, M.D., by and through his

16

attorneys, Kern Augustine Conroy & Scheppmann, P.C., by way of counterclaims against the plaintiff, Diagnostic and Clinical Cardiology, P.A., says:

## COUNT ONE
### (Violation of New Jersey Law Against Discrimination)

1.      The answering defendant repeats and realleges the allegations set forth in the Answer as if same were set forth at length herein.

2.      The answering defendant, Mario A. Criscito, M.D. ("Dr. Criscito"), founded the plaintiff, Diagnostic and Clinical Cardiology, P.A. ("DCC") in 1976 as his primary medical practice. The practice experienced great success over the next 30 years because it was built upon the answering defendant's recognition as a well-respected cardiologist. The answering defendant was the physician most, if not solely, responsible for building the practice to the level of success it enjoyed prior to his termination.

3.      Historically, plaintiff had operated without a duly executed and adopted written shareholders' agreement and with no formal recognition of any member of the plaintiff practice as a shareholder of the plaintiff, except for the defendant. On or about February 1, 2006, certain members of plaintiff executed a purported shareholders' agreement (the "Purported Shareholders' Agreement"). The answering defendant did not agree with the terms of this Purported Shareholders' Agreement, as he felt it did not provide adequate recognition of his role as the founder of the practice and the physician most responsible for building the practice to the level of success it now enjoys, and did not execute it.

4.      After the defendant failed to execute the Purported Shareholders' Agreement, certain physicians practicing as part of plaintiff (the "Purported New Shareholders") attempted to the Purported Shareholders' Agreement in 2006, thus hijacking the practice from the defendant. Thereafter, these Purported New Shareholders began to express dissatisfaction with the answering

17

defendant, and conspired to diminish his position as the founder of plaintiff. This dissatisfaction did not involve concerns about the answering defendant's professional abilities or clinical competency; rather, they involved issues concerning the business aspects of plaintiff and a false perception maliciously created by the Purported New Shareholders that answering defendant was not "carrying his load" with respect to the practice. It became evident to the answering defendant that these Purported New Shareholders had, as their ultimate goal, the removal of answering defendant from plaintiff, in their own self-interest.

5.      These Purported New Shareholders made even more onerous demands upon answering defendant as a condition to allowing him to remain in practice with plaintiff, knowing that answering defendant would not agree to these demands and began a calculated and well-planned conspiracy to force him out of the practice.

6.      On August 3, 2007, the answering defendant left the country for an overseas vacation. Plaintiff was well aware of this fact and used the answering defendant's scheduled vacation time to effectuate their coup and to remove the answering defendant from the practice. He was advised that he would no longer be permitted to use plaintiff's facilities or to see patients at any of plaintiff's facilities as of Monday, September 3, 2007.

7.      Plaintiff is the employer of the answering defendant, and is as such, and otherwise, legally obligated not to engage in age-based discrimination.

8.      Under the guise of allegations that the answering defendant was not "carrying his weight" and refused to sign the Purported Shareholders' Agreement, plaintiff unlawfully singled out and discriminated against the answering defendant based upon his age.

9.      DCC, as an employer, and by and through the actions of its supervisors, officers and staff, engaged in a documented pattern of harassment and abuse towards Dr. Criscito because of his

18

age.

10.     Plaintiff's pattern and practice of age discrimination, the latest act of which involved summarily expelling Dr. Criscito from the practice in August, 2007, despite the fact that Dr. Criscito, a founding member of the practice and the member most responsible for its success, was a particularly well-qualified, eminently respected cardiologist, constitutes an attempt to couch plaintiff's age discrimination as a purely administrative decision for Dr. Criscito's failure to sign the Purported Shareholders' Agreement, when in fact the principal motivation for such action was to rid DCC of its preeminent cardiologist.

11.     The plaintiff's filing of this lawsuit was a pretext and a guise designed, intended and/or conceived of to hide or obscure their wrongful and illegal conduct, including their age discrimination against the defendant, Dr. Criscito.

**WHEREFORE**, the answering defendant, Mario A. Criscito, M.D., demands judgment against the plaintiff for compensatory damages, for punitive damages, for costs of suit, for reasonable attorneys' fees, and for such other and further relief as this Court may deem just and equitable under the circumstances.

## COUNT TWO
### (Breach of the Covenant of Good Faith and Fair Dealing)

12.     The answering defendant repeats and realleges the allegations set forth in the Answer and Count One of the answering defendant's counterclaims as if same were set forth at length herein.

13.     Plaintiff refused to enter into good faith negotiations with Dr. Criscito in order to produce a fair Shareholders' Agreement reflective of his role in the practice.

14.     Despite Dr. Criscito's acknowledged reputation as a gifted cardiologist and founding member within DCC, his tenure, and outstanding record of performance, he was expelled from DCC while on a family vacation abroad.  No legitimate professional reasons were given for this

19

unwarranted termination and expulsion.

15.    DCC's lack of good faith and fair dealing in regard to its discriminatory and abusive actions and subsequent termination of Dr. Criscito from the practice constitute a breach of good faith and fair dealing.

16.    As a result, Dr. Criscito has suffered harm and will continue to suffer damages.

**WHEREFORE**, the answering defendant, Mario A. Criscito, M.D., demands judgment against the plaintiff for compensatory damages, for punitive damages, for costs of suit, for reasonable attorneys' fees, and for such other and further relief as this Court may deem just and equitable under the circumstances.

**COUNT THREE**
**(Shareholder Oppression)**

17.    The answering defendant repeats and realleges the allegations set forth in the Answer and the Counts One and Two of the answering defendant's counterclaims as if same were set forth at length herein.

18.    Dr. Criscito was a minority shareholder in DCC prior to his expulsion by the Purported New Shareholders in August 2007.

19.    Through the acts and omissions complained of herein, DCC acted illegally, oppressively and unfairly towards Dr. Criscito.

20.    The actions of DCC were not in good faith, were illegal, and constitute egregious, malicious and oppressive conduct.

21.    As a result of the conduct set forth herein, Dr. Criscito was deprived of his rights as a shareholder and of the use of his shares of stock in DCC.

**WHEREFORE**, the answering defendant, Mario A. Criscito, M.D., demands judgment against the plaintiff for compensatory damages, for punitive damages, for costs of suit, for reasonable

20

attorneys' fees, and for such other and further relief as this Court may deem just and equitable under the circumstances.

## COUNT FOUR
### (False Light)

22.     The answering defendant repeats and realleges the allegations set forth in the Answer and Counts One, Two and Three of the answering defendant's counterclaims as if same were set forth at length herein.

23.     At the time the answering defendant was forced out of his practice, the plaintiff did not truthfully communicate to the answering defendant's patients the actual circumstances of his absence, has not since then made his patients aware of the answering defendant's present whereabouts or his availability to continue with their care, and continues to make disparaging comments about the answering defendant.

24.     The plaintiff's past and ongoing false and misleading statements about the answering defendant's qualifications and the circumstances surrounding his termination from the practice have caused him great injury and embarrassment.

25.     The plaintiff's false, misleading and hostile statements about the answering defendant were made and continue to be made with actual malice to portray Dr. Criscito in an unflattering light.

26.     The plaintiff's misleading statements about Dr. Criscito are highly offensive and embarrassing to an eminently respected cardiologist such as Dr. Criscito and have caused great injury to his reputation and emotional well-being.

27.     By reason of the foregoing, answering defendant's reputation has been injured both in the community in which he lives and in the professional community in which he practices.

**WHEREFORE**, the answering defendant, Mario A. Criscito, M.D., demands judgment against the plaintiff for compensatory damages, for punitive damages, for costs of suit, for reasonable

attorneys' fees, and for such other and further relief as this Court may deem just and equitable under the circumstances.

## COUNT FIVE
### (Compelling an Accounting)

28.    The answering defendant repeats and realleges the allegations set forth in the Answer and Counts One, Two, Three and Four of the answering defendant's counterclaims as if same were set forth at length herein.

29.    The plaintiff has maliciously interfered with the prior existing business and contractual relations of Dr. Criscito.

30.    The plaintiff has failed to properly account to the answering defendant as to the monies owed him.

31.    As a result, Dr. Criscito has suffered damages and seeks the disgorgement of all profits and other compensation obtained by plaintiff through its improper and illegal acts, and an accounting of same.

**WHEREFORE**, the answering defendant, Mario A. Criscito, M.D., demands judgment against the plaintiff for compensatory damages, for punitive damages, for costs of suit, for reasonable attorneys' fees, and for such other and further relief as this Court may deem just and equitable under the circumstances.

## COUNT SIX
### (Breach of Contract)

32.    The answering defendant repeats and realleges the allegations set forth in the Answer and Counts One, Two, Three, Four and Five of the answering defendant's counterclaims as if same were set forth at length herein.

33.    Dr. Criscito's employment arrangement with DCC constituted a valid arrangement

with DCC that was governed by the bylaws of the practice

34.     At all times since the commencement of his employment with DCC, Dr. Criscito honored all of his obligations defined by the practice.

35.     DCC breached the contract by constructively terminating Dr. Criscito through its enforcement of the Purported Shareholders' Agreement.

36.     Dr. Criscito has been damaged by DCC's breach of the contract.

**WHEREFORE**, the answering defendant, Mario A. Criscito, M.D., demands judgment against the plaintiff for compensatory damages, for punitive damages, for costs of suit, for reasonable attorneys' fees, and for such other and further relief as this Court may deem just and equitable under the circumstances.

## COUNT SEVEN
### (Breach of Implied Contract)

37.     The answering defendant repeats and realleges the allegations set forth in the Answer and Counts One, Two, Three, Four, Five and Six of the answering defendant's counterclaims as if same were set forth at length herein.

38.     DCC breached its implied contract with Dr. Criscito by not honoring its obligations when it summarily terminated Dr. Criscito's employment.

39.     On several occasions, Dr. Criscito requested the negotiation of a fair shareholders' agreement; however, DCC repeatedly refused to engage Dr. Criscito in good faith negotiations and instead executed the Purported Shareholders' Agreement.

40.     Despite the fact that there was no formal employment contract between the parties, an implied contract was created by the parties' actions and course of dealing.  As such, the Dr. Criscito's termination from the practice constituted a breach of this implied contract.

41.     As a result, Dr. Criscito has suffered harm and will continue to suffer damage.

**WHEREFORE,** the answering defendant, Mario A. Criscito, M.D., demands judgment against the plaintiff for compensatory damages, for punitive damages, for costs of suit, for reasonable attorneys' fees, and for such other and further relief as this Court may deem just and equitable under the circumstances.

## COUNT EIGHT
### (Tortious Interference)

42.　　The answering defendant repeats and realleges the allegations set forth in the Answer and Counts One, Two, Three, Four, Five, Six and Seven of the answering defendant's counterclaims as if same were set forth at length herein.

43.　　The plaintiff is engaged in, engaging in, and, upon information and belief, will continue to engage in, in conjunction with the third-party defendants, actions detrimental to Dr. Criscito's medical practice, including, but not limited to the following:

　　a.　　Failing to forward communications from Dr. Criscito's patients to him;

　　b.　　Failing to forward communications to Dr. Criscito from other physicians seeking to refer patients to him;

　　c.　　Failing to inform patients and referring physicians of contact information concerning where and how Dr. Criscito could be reached;

　　d.　　Failing to forward other communications to Dr. Criscito;

　　e.　　Misrepresenting to patients and physicians that Dr. Criscito was no longer in practice and/or that they were unaware of how to reach him; and

　　f.　　Misrepresenting to patients and physicians that Dr. Criscito lacked the necessary skills, experience and training necessary to provide appropriate care to patients.

44.　　The plaintiff had and continues to have a legal obligation to be honest and forthright with its patients and referral sources, including, but not limited to, providing information to patients and other physicians concerning there whereabouts of and how to contact Dr. Criscito.

45.　　The failure of the plaintiff, as aforesaid, constitutes interference with Dr. Criscito's

24

existing and prospective economic advantages with his patients and referral sources.

46.     The actions of the plaintiff, as aforesaid, were done intentionally and without justification or excuse.

47.     The actions of the plaintiff, as aforesaid, were wanton, wilful and malicious, and were done in conscious disregard of the rights of the Dr. Criscito and his patients.

48.     As a result of the actions of the plaintiff, as aforesaid, Dr. Criscito has suffered, is suffering and will continue to suffer, economic damages.

**WHEREFORE**, the answering defendant, Mario A. Criscito, M.D., demands judgment against the plaintiff for compensatory damages, for punitive damages, for costs of suit, for reasonable attorneys' fees, and for such other and further relief as this Court may deem just and equitable under the circumstances.

## COUNT NINE
### (Tortious Interference - Investment Accounts)

49.     The answering defendant repeats and realleges the allegations set forth in the Answer and Counts One, Two, Three, Four, Five, Six, Seven and Eight of the answering defendant's counterclaims as if same were set forth at length herein.

50.     Dr. Criscito maintained his own retirement accounts, funded with his own funds, commonly known as Smith Barney Citigroup account no. 416-30833-16-007, and Independence Bank (now known as Sovereign Bank) account no. 1108007053. Despite the fact that these are Dr. Criscito's own personal accounts, and the plaintiff's knowledge of that fact, the plaintiff has acted to interfere with his access to and control over the funds in these accounts, effectively "freezing" these assets and preventing Dr. Criscito from managing these funds.

51.     Since the plaintiff acted to "freeze" Dr. Criscito's assets in these accounts, the securities market has undergone a profound contraction, resulting in the substantial loss of value of

the assets held in these accounts.

52.     The plaintiff's actions, as aforesaid, prevented Dr. Criscito from taking any actions at all to attempt to preserve his assets, such as, for example, transferring them into more stable investment vehicles or converting them to cash in order to stem the losses.

53.     As a result of the plaintiff's actions, as aforesaid, Dr. Criscito suffered serious losses to the value of the assets held in these accounts.

**WHEREFORE**, the answering defendant, Mario A. Criscito, M.D., demands judgment against the plaintiff for compensatory damages, for punitive damages, for costs of suit, for reasonable attorneys' fees, and for such other and further relief as this Court may deem just and equitable under the circumstances.

## COUNT TEN
### (Conversion - Investment Accounts)

54.     The answering defendant repeats and realleges the allegations set forth in the Answer and Counts One, Two, Three, Four, Five, Six, Seven, Eight and Nine of the answering defendant's counterclaims as if same were set forth at length herein.

55.     In interfering with Dr. Criscito's investment accounts, as aforesaid, the plaintiff deprived Dr. Criscito of the beneficial use of his assets and thereby converted them to their own use.

56.     As a result of the aforesaid conversion, Dr. Criscito has suffered, is suffering and will suffer, damages.

**WHEREFORE**, the answering defendant, Mario A. Criscito, M.D., demands judgment against the plaintiff for compensatory damages, for punitive damages, for costs of suit, for reasonable attorneys' fees, and for such other and further relief as this Court may deem just and equitable under the circumstances.

## COUNT ELEVEN
### (Theft - Investment Accounts)

57.     The answering defendant repeats and realleges the allegations set forth in the Answer and Counts One, Two, Three, Four, Five, Six, Seven, Eight, Nine and Ten of the answering defendant's counterclaims as if same were set forth at length herein.

58.     In interfering with Dr. Criscito's investment accounts, as aforesaid, the plaintiff deprived Dr. Criscito of the beneficial use of his assets and thereby committed theft.

59.     As a result of the aforesaid theft, Dr. Criscito has suffered, is suffering and will suffer, damages.

**WHERFFORE**, the answering defendant, Mario A. Criscito, M.D., demands judgment against the plaintiff for compensatory damages, for punitive damages, for costs of suit, for reasonable attorneys' fees, and for such other and further relief as this Court may deem just and equitable under the circumstances.

## COUNT TWELVE
### (Civil Conspiracy)

60.     The answering defendant repeats and realleges the allegations set forth in the Answer and Counts One, Two, Three, Four, Five, Six, Seven, Eight, Nine, Ten and Eleven of the answering defendant's counterclaims as if same were set forth at length herein.

61.     The plaintiff wrongly acted in concert, together with the third-party defendants, to harm and damage Dr. Criscito, as alleged above.

62.     As a result, plaintiff and the third-party defendants engaged in an illegal civil conspiracy which caused Dr. Criscito harm and damages.

**WHEREFORE**, the answering defendant, Mario A. Criscito, M.D., demands judgment against the plaintiff for compensatory damages, for punitive damages, for costs of suit, for reasonable

attorneys' fees, and for such other and further relief as this Court may deem just and equitable under the circumstances.

## THIRD-PARTY COMPLAINT

The defendant/third-party plaintiff, Mario A. Criscito, M.D., by way of the third-party complaint against third-party defendants, Gary J. Rogal, M.D., Anthony J. Casella, M.D., Keith A. Hawthorne, M.D., Donald G. Rubenstein, M.D., Marc Roelke, M.D., Sabino R. Torre, M.D., Fadi N. Chaaban, M.D., Constantinos A. Costeas, M.D., Kaushik C. Modi, M.D., Bruce J. Haik, M.D., Mark Brown and fictitiously named third-party defendants says:

1.      The third-party plaintiff repeats and realleges the allegations set forth in his answer and his counterclaims, above, as if same were set forth at length herein.

## PARTIES

2.      The third-party defendants, Gary J. Rogal, M.D., Anthony J. Casella, M.D., Keith A. Hawthorne, M.D., Donald G. Rubenstein, M.D., Marc Roelke, M.D., Sabino R. Torre, M.D., Fadi N. Chaaban, M.D., Constantinos A. Costeas, M.D., Kaushik C. Modi, M.D., Bruce J. Haik, M.D., (hereinafter collectively referred to as the "Purported New Shareholders"), are the purported new shareholders of the plaintiff, DCC.

3.      The third-party defendant, Mark Brown, is the practice administrator for the plaintiff, DCC.

4.      The third-party defendants, John Does 1-10, are fictitious names for as-of-yet unidentified persons engaged in the practice of cardiology and/or the provision of cardiology services who are employed by DCC and/or are otherwise affiliated with DCC and have aided, assisted, abetted, facilitated, or otherwise been engaged and involved in the wrongful actions that the plaintiff and the third-party defendants have undertaken as set forth in this third-party complaint. Dr. Criscito

28

reserves the right to amend this third-party complaint to more specifically identify John Does 1-10 as Dr. Criscito obtains additional information through discovery and independent investigation.

<u>COUNT ONE</u>
**(Tortious Interference)**

5.    The third-party plaintiff, Dr. Criscito, repeats and realleges the allegations set forth in his answer and his counterclaims above, as if same were set forth at length herein.

6.    The third-party defendants engaged in, are engaging in, and, upon information and belief, will continue to engage in, in conjunction with the plaintiff, actions detrimental to Dr. Criscito's medical practice, including, but not limited to the following:

    a.    Failing to forward communications from Dr. Criscito's patients to him;

    b.    Failing to forward communications to Dr. Criscito from other physicians seeking to refer patients to him;

    c.    Failing to inform patients and referring physicians of contact information concerning where and how Dr. Criscito could be reached;

    d.    Failing to forward other communications to Dr. Criscito;

    e.    Misrepresenting to patients and physicians that Dr. Criscito was no longer in practice and/or that they were unaware of how to reach him; and

    f.    Misrepresenting to patients and physicians that Dr. Criscito lacked the necessary skills, experience and training necessary to provide appropriate care to patients.

7.    The third-party defendants had and continue to have a legal obligation to be honest and forthright with their patients and referral sources, including, but not limited to, providing information to patients and other physicians concerning there whereabouts of and how to contact Dr. Criscito.

8.    The failure of the third-party defendants, as aforesaid, constitutes interference with Dr. Criscito's existing and prospective economic advantages with his patients and referral sources.

9.    The actions of the third-party defendants, as aforesaid, were done intentionally and

without justification or excuse.

10.     The actions of the third-party defendants, as aforesaid, were wanton, wilful and malicious, and were done in conscious disregard of the rights of the Dr. Criscito and his patients.

11.     As a result of the actions of the third-party defendants, as aforesaid, Dr. Criscito has suffered, is suffering and will continue to suffer, economic damages.

**WHEREFORE**, the third-party plaintiff, Mario A. Criscito, M.D., demands judgment against the third-party defendants for compensatory damages, for punitive damages, for costs of suit, for reasonable attorneys' fees, and for such other and further relief as this Court may deem just and equitable under the circumstances.

## COUNT TWO
### (Tortious Interference - Investment Accounts)

12.     The third-party plaintiff, Dr. Criscito, repeats and realleges the allegations set forth in his answer, his counterclaims above, and Count One of this third-party plaintiff's complaint, as if same were set forth at length herein.

13.     Dr. Criscito maintained his own retirement accounts, funded with his own funds, commonly known as Smith Barney/Citigroup account no. 416-30833-16 007, and Independence Bank (now known as Sovereign Bank) account no. 1108007653. Despite the fact that these are Dr. Criscito's own personal accounts, and the third-party defendants' knowledge of this fact, the third-party defendants have acted to interfere with his access to and control over the funds in these accounts, effectively "freezing" these assets and preventing Dr. Criscito from managing these funds.

14.     Since the third-party defendants acted to "freeze" Dr. Criscito's assets in these accounts, the securities market has undergone a profound contraction, resulting in the substantial loss of value of the assets held in these accounts.

15.     The third-party defendants' actions, as aforesaid, prevented Dr. Criscito from taking any actions at all to attempt to preserve his assets, such as, for example, transferring them into more stable investment vehicles or converting them to cash in order to stem the losses.

16.     As a result of the third-party defendants' actions, as aforesaid, Dr. Criscito suffered serious losses to the value of the assets held in these accounts.

**WHEREFORE**, the third-party plaintiff, Mario A. Criscito, M.D., demands judgment against the third-party defendants for compensatory damages, for punitive damages, for costs of suit, for reasonable attorneys' fees, and for such other and further relief as this Court may deem just and equitable under the circumstances.

### COUNT THREE
### (Conversion - Investment Accounts)

17.     The third-party plaintiff, Dr. Criscito, repeats and realleges the allegations set forth in his answer, his counterclaims above, and Counts One and Two of this third-party plaintiff's complaint, as if same were set forth at length herein.

18.     In interfering with Dr. Criscito's investment accounts, as aforesaid, the third-party defendants deprived Dr. Criscito of the beneficial use of his assets and thereby converted them to their own use.

19.     As a result of the aforesaid conversion, Dr. Criscito has suffered, is suffering and will suffer, damages.

**WHEREFORE**, the third-party plaintiff, Mario A. Criscito, M.D., demands judgment against the third-party defendants for compensatory damages, for punitive damages, for costs of suit, for reasonable attorneys' fees, and for such other and further relief as this Court may deem just and equitable under the circumstances.

## COUNT FOUR
### (Theft - Investment Accounts)

20.     The third-party plaintiff, Dr. Criscito, repeats and realleges the allegations set forth in his answer, his counterclaims above, and Counts One, Two and Three of this third-party plaintiff's complaint, as if same were set forth at length herein.

21.     In interfering with Dr. Criscito's investment accounts, as aforesaid, the third-party defendants deprived Dr. Criscito of the beneficial use of his assets and thereby committed theft.

22.     As a result of the aforesaid theft, Dr. Criscito has suffered, is suffering and will suffer, damages.

**WHEREFORE**, the third-party plaintiff, Mario A. Criscito, M.D., demands judgment against the third-party defendants for compensatory damages, for punitive damages, for costs of suit, for reasonable attorneys' fees, and for such other and further relief as this Court may deem just and equitable under the circumstances.

## COUNT FIVE
### (Breach of Fiduciary Duty)

23.     The third-party plaintiff, Dr. Criscito, repeats and realleges the allegations set forth in his answer, his counterclaims above, and Counts One, Two, Three and Four of this third-party plaintiff's complaint, as if same were set forth at length herein.

24.     By virtue of their relationship with Dr. Criscito in a closely-held professional association, the third-party defendants owed a fiduciary duty to Dr. Criscito.

25.     By virtue of the foregoing, the third-party defendants breached their fiduciary duty to Dr. Criscito.

**WHEREFORE**, the third-party plaintiff, Mario A. Criscito, M.D., demands judgment against the third-party defendants for compensatory damages, for punitive damages, for costs of suit,

for reasonable attorneys' fees, and for such other and further relief as this Court may deem just and equitable under the circumstances.

## COUNT SIX
### (Civil Conspiracy)

26.    The third-party plaintiff, Dr. Criscito, repeats and realleges the allegations set forth in his answer, his counterclaims above, and Counts One, Two, Three, Four and Five of this third-party plaintiff's complaint, as if same were set forth at length herein.

27.    The third-party defendants wrongly acted in concert, together with each other and with the plaintiff, to harm and damage Dr. Criscito, as alleged above.

28.    As a result, the third-party defendants engaged in an illegal civil conspiracy, together with each other and with the plaintiff, which caused Dr. Criscito harm and damages.

**WHEREFORE**, the third-party plaintiff, Mario A. Criscito, M.D., demands judgment against the third-party defendants for compensatory damages, for punitive damages, for costs of suit, for reasonable attorneys' fees, and for such other and further relief as this Court may deem just and equitable under the circumstances.

## DEMAND FOR TRIAL BY JURY

The defendant/third-party plaintiff, Mario A. Criscito, demands trial by jury upon all actions and issues so triable.

## CERTIFICATION FOR STATEMENT OF DAMAGES

Pursuant to *R*. 4:5-2, the defendant/third-party plaintiff demands the production, within five (5) days of the service of this answer, a statement of the amount of damages claimed by the plaintiff/third-party defendant in each count of the complaint in the above-captioned matter.

## DEMAND FOR COPIES OF DOCUMENTS REFERRED TO IN THE COMPLAINT

Pursuant to *R*. 4:18-2, the defendant/third-party plaintiff demands the production, within five

(5) days of the service of this answer, copies of any document referred to in the complaint.

## DEMAND FOR EXPERT REPORTS

The defendant/third-party plaintiff hereby demands pursuant to *R*. 4:1 0-2(d)(1) that within

sixty (60) days from the date hereof, the plaintiff/third-party defendant furnish written reports of its

experts stating the substance of the facts and opinions to which said experts are expected to testify

with regard to the plaintiff/third party defendant's allegations directed against the defendant/third-

party plaintiff. Otherwise, the defendant/third-party plaintiff will object to any expert at the time of

trial.

## DESIGNATION OF TRIAL COUNSEL

In accordance with *R*. 4:5-1( c ), Steven I. Kern, Esq. is hereby designated as trial counsel

for the defendant/third-party plaintiff, Mario A. Criscito, M.D

KERN AUGUSTINE
CONROY & SCHOPPMANN, P.C.
Attorneys for Defendant/Third-Party Plaintiff,
Mario A. Criscito, M.D.

By: _____
     Steven I. Kern

Dated: Bridgewater, New Jersey
       April 8, 2009

## CERTIFICATION PURSUANT TO R. 4:5-1(b)(2)

I hereby certify to the best of my personal knowledge, information and belief, that I have no knowledge of any other pending action in any court or of a pending arbitration proceeding relating to the subject matter of this lawsuit, nor am I aware that any such action or arbitration proceeding is contemplated, except as follows:

> *Chaaban, et al. v. Criscito*, Civil Action No. 08-1567 (JAG), now pending in the United States District Court for the District of New Jersey, Newark Vicinage.

> *Diagnostic and Clinical Cardiology, P.A. v. Morgan Stanley Dean Witter v. Criscito*, Case No. 08-00047, arbitration matter now pending before FINRA.

I further certify that I have no knowledge of any other individuals or entities who should be joined as parties to this action at this time.

_____
Steven I. Kern

Dated: Bridgewater, New Jersey
      April 8, 2009

## CERTIFICATION PURSUANT TO R. 4:6-1(d)

I hereby certify that the within second amended answer to the verified complaint was filed with the Court, and served upon counsel for the plaintiff and third-party defendants, Stephen M. Charme, Esq., Witman Stadtmauer, P.A., 26 Columbia Turnpike, Florham Park, New Jersey 07932-0220, within the time and in the manner prescribed by the Order of the Hon. Paul J. Vichness, J.S.C., granting leave to file this pleading.

_____
Steven I. Kern

Dated: Bridgewater, New Jersey
      April 8, 2009

# EXHIBIT 3

```
                                                                    PAGE   1
ACCOUNT NO  PA   PERIOD ENDING                    INCOME & CHARGE SUMMARY
---------------------------------------          ----------------------------------
769 086347  078   MAR 31 1999                    DESCRIPTION        THIS MONTH  YEAR-TO-DATE
---------------------------------------          ----------------------------------

                                                 DIVIDENDS             592.00CR      592.00CR
                                                 INTEREST INCOME          .00      1,537.58CR
MARIO A CRISCITO TTEE                             MARGIN INTEREST          .00           .00
DIAGNOSTIC & CLINICAL CARDIOLOGY MP              ACCRUED BOND INTEREST    .00           .00
U/A DTD 04/01/76
11 CHADWICK ROAD
LIVINGSTON NJ 07039-1903                         --------------------------------------
                                                         ACCOUNT VALUATION SUMMARY
                                                 --------------------------------------
-------------------------------
YOUR FINANCIAL ADVISOR:                          TOTAL VALUE OF PRICED INVESTMENTS  3,632,456.25
-------------------------------                  TOTAL VALUE OF CUSTODIAL HOLDINGS    296,971.50
HERBERT A MENDEL                                 CLOSING CASH BALANCE               3,591.65CR
SENIOR VICE PRESIDENT - INVESTMENTS
MORGAN STANLEY DEAN WITTER
FIVE CONCOURSE PARKWAY STE 3000                  TOTAL ACCOUNT VALUATION            3,933,019.40
ATLANTA, GA           30328
770-698-2100
```

```
------------------------------------------------------------------------------------
                          YOUR INVESTMENTS AS OF MARCH 31 1999
------------------------------------------------------------------------------------
        LONG                                    MONTH                                    CMR
        OR                                      END              EST DIV    ESTIMATED    SEC.
TYPE    SHORT   QUANTITY      DESCRIPTION        PRICE   MARKET   RATE/      ANNUAL       NO.
                                                        VALUE    % YIELD    INCOME
------------------------------------------------------------------------------------
CASH    LONG    900      AMERICA ONLINE INC      147     132,300.00
CASH    LONG    2000     EQUANT N.V.             75 1/4  150,500.00                      ADN38
CASH    LONG    14800    LUCENT TECHNOLOGIES     108   1,598,400.00  .14    2,368.00     AAK41
CASH    LONG    300      NYCAL CP                N/A                                     AXWB5
CASH    LONG    9400     SANDISK CORP            26 1/2  249,100.00                      56987
CASH    LONG    1000     UNICAPITAL CORPORATION  6 3/8     6,375.00                      ACP50
CASH    LONG    17875    VERITAS SOFTWARE DE     80 3/4 1,443,406.25                     ADL23
                                                                                        AB076
CASH    LONG    50000    US TST NOTE    775  01FB15 104 3/4  52,375.00  7.39  3,875.00   811Y6

              TOTAL VALUE OF PRICED INVESTMENTS..............  3,632,456.25   .17   6,243.00

                       N/A = NOT AVAILABLE
```

```
------------------------------------------------------------------------------------
     THE CUSTODIAN(S) OF THE INVESTMENTS LISTED BELOW HAVE REPORTED THAT, AS OF THE DATE SHOWN,
     YOUR ACCOUNT, MAINTAINED WITH SUCH CUSTODIAN REFLECTED THE FOLLOWING:
------------------------------------------------------------------------------------
CUST.      FUND                      DATE   ACCOUNT NO.   SHARES/UNITS   N.A.V.   VALUE
------------------------------------------------------------------------------------
MSDWT  MSDW LIQUID ASSET FUND       3-31-99  503972647       296,971     1.00   296,971.50

              TOTAL VALUE OF CUSTODIAL HOLDINGS ..............................  296,971.50
```

```
------------------------------------------------------------------------------------
                          DAILY ACTIVITY DURING MARCH 1999
------------------------------------------------------------------------------------
DATE      ACTIVITY            DESCRIPTION           PRICE    AMOUNT     CASH        TYPE REF
                                                                       BALANCE           NO.
------------------------------------------------------------------------------------
2/28  OPENING CASH BALANCE                                              .00

3/01  CASH DIVIDEND       LUCENT TECHNOLOGIES               592.00CR   592.00CR    C 06014800

3/08  BOUGHT         592.00 MSDW LIQUID ASSET FUND   1.00   592.00DR    .00        C 067FFL78

3/18  DELIVERED         1000 NETSCAPE COMM CORP                                    C 07773344
                            XICHANGE                                               C 07773344
```

```
--------------------------------------------------                          PAGE    2
  ACCOUNT NO  FA   PERIOD ENDING
--------------------------------------------------
  769 086347  070   MAR 31 1999
--------------------------------------------------
```

```
          MARIO A CRISCITO TTEE
          DIAGNOSTIC & CLINICAL CARDIOLOGY MD
```

```
--------------------------------------------------------------------------------
                          DAILY ACTIVITY DURING MARCH 1999
--------------------------------------------------------------------------------

  DATE      ACTIVITY              DESCRIPTION           PRICE     AMOUNT        CASH
                                                                             BALANCE     TYPE REF
                                                                                            NO.

  3/18 RECEIVED              900 AMERICA ONLINE INC
                                EXCHANGE                                                C 07773345
                                                                              .00        C 07773345
  3/30 FUNDS RECEIVED          BROKER TO BROKER TRANSFER
                                FROM SCHWAB CHARLES & CO INC            3,591.65CR        C 08915881
                                                                       3,591.65CR        C 08915881
  3/31 CLOSING CASH BALANCE                                            3,591.65CR
```

```
--------------------------------------------------------------------------------
                          SUPPLEMENTAL TAX INFORMATION
--------------------------------------------------------------------------------
                                              TOTAL      TOTAL
                                              THIS       YEAR-
                                              MONTH      TO-DATE
             U.S. TREASURY COUPON INTEREST..........0.00....1,937.50

          THE SUPPLEMENTAL TAX INFORMATION PROVIDED ABOVE SHOULD BE USED ONLY
              AS A GUIDE. A COMPLETE 1099 WILL BE SENT TO YOU.
```

```
--------------------------------------------------------------------------------
                          IMPORTANT MESSAGES
--------------------------------------------------------------------------------

  IF YOU WISH TO BORROW, MORGAN STANLEY DEAN WITTER'S MARGIN LOAN RATE AS OF  3/31 IS  8.12% TO  9.87%
```