WITMAN STADTMAUER, P.A.
26 Columbia Turnpike
Florham Park, New Jersey 07932-2246
Telephone: (973) 822-0220
Facsimile: (973) 822-1188
Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Dr. Fadi Chaaban, Dr. Sabino R. Torre, Dr. Constantinos A. Costeas, and Dr. Anthony J. Casella as trustees of Diagnostic & Clinical Cardiology, P.A. Profit Sharing Plan, <br><br> Plaintiffs, <br><br> v. <br><br> Dr. Mario A. Criscito, <br><br> Defendant. | Case No. 2:08-cv-01567 (GEB/MEA) <br><br> **DECLARATION OF STEPHEN M. CHARME** |

STEPHEN M. CHARME, of full age and upon his oath, declares as follows:

1.     I am an attorney at law of the State of New Jersey and am a member of the law firm of Witman Stadtmauer, P.A., attorneys for the Plaintiffs Dr. Fadi Chaaban, Dr. Sabino R. Torre, Dr. Constantinos A. Costeas and Dr. Anthony J. Casella, as Trustees of Diagnostic & Clinical Cardiology, P.A. Profit Sharing Plan ("Plan").  I submit this declaration to provide relevant documents in connection with Plaintiffs' Supplemental Brief Addressing The Appropriate Calculation Of Interest And Total Compensatory Damages that Plaintiffs are submitting pursuant to this Court's January 31, 2011 Order granting summary judgment to Plaintiffs against Defendant.

2.     Annexed are true copies of the following documents:

      **Exhibit 1**               Excerpts from the July 21, 2010 deposition of Plaintiff's expert Scott M. Feit

| | |
|---|---|
| **Exhibit 2** | February 8, 2011 interest calculation update from Scott M. Feit |
| **Exhibit 3** | National Judgment Network interest calculation using the federal statutory rate for post judgment interest |
| **Exhibit 4** | The expert report of Kenneth Marblestone, Esq. (dated 6/17/10), Defendant's damage expert |

I declare under penalty of perjury that the foregoing is true and accurate.

Executed on February 18, 2011

/s/Stephen M. Charme
STEPHEN M. CHARME

2

# EXHIBIT 1

1    columns.

2        Q.        Feit 04, is that what you are saying?

3        A.        Yes, here, 3/30, the end date is -- the

4    first is the start date and the second is the end

5    date.

6        Q.        I understand.  And for this you use a

7    voluntary program?

8                   Online calculator, yes.

9        Q.        And what led you to use this program

10   rather than some other basis for determining

11   calculation of lost interest?

12       A.        The fact that the participants did not

13   receive the correct amount that they were entitled to

14   in their self-directed accounts led me to use the

15   Department of Labor online calculator.

16                 And my question is why did you use that

17   rather than some other index?

18       A.        Because the Department of Labor says in

19   cases like this, where participants are not -- they

20   did not receive the correct amount, then you should

21   use the online calculator.

22       Q.        It's a voluntary calculator, right?

23                 MR. AGNELLO:  Objection to form.

24       Q.        It's a voluntary program, correct?

25                 MR. AGNELLO:  Objection as to form.  You

```
 1        A.      Yes.

 2        Q.      What language did you rely on?

 3        A.      First paragraph of the overview, second

 4   sentence, "the online calculator assists applicants

 5   in calculating VFCP correction amounts owed to

 6   benefit plans."

 7        Q.      That's the language you relied on?

 8                MR. AGNELLO:  Objection to form.

 9        A.      Not only this but based on past

10   experience.

11        Q.      Would you read the next sentence.

12        A.      I have.

13        Q.      What does it say?

14        A.      "Use of the online calculator by

15   applicants is recommended but is not mandatory.

16   Applicants may perform manual calculations in

17   accordance with VFCP section 5(b)."

18        Q.      Did you do manual calculations in this

19   case?

20        A.      I did both, manual and used the

21   calculator.

22        Q.      And what were your determinations when

23   you used the manual calculations?

24        A.      I received the same results as if I used

25   the online calculator.
```

1       A.      No.

2       Q.      You have seen Mr. Marblestone has done

3   so, correct?

4       A.      Yes.

5       Q.      Do you have any disagreement with the

6   calculations he has made based upon that premise?

7       A.      Yes, I disagree with the way he is

8   calculating the lost earnings.

9       Q.      Why?

10      A.      Whenever payments are made from a

11  retirement plan where the value of the assets that

12  were used to calculate those benefits is incorrect,

13  intentional or unintentional, you need to use, as

14  pointed out in the Department of Labor example five,

15  use the online calculator and you are not supposed

16  to -- the Department of Labor does not want you to

17  speculate that this is how the participants would

18  have participated their money, as well.

19      Q.      I understand that is your view of the

20  purpose of the voluntary program and this calculator.

21  My question to you is not which methodology should

22  have been used, my question to you is if the correct

23  methodology is the methodology that Mr. Marblestone

24  is using rather than the voluntary program that you

25  are opining on were his calculations correct?

# EXHIBIT 2

# Abar Pension Services, Inc.

PENSION, PROFIT SHARING, 401(K) PLAN
DESIGN AND ADMINISTRATION

MIKEL R. UCHITEL, FSA, EA, MSPA
MARK SHEMTOB, ASA, EA, MSPA
SCOTT M. FEIT, CPC, CPA, QKA
PHILIP D. COFIELD, EA, MSPA

25B VREELAND ROAD · SUITE 209
FLORHAM PARK, NJ 07932-1900
(973) 660-2100
FAX (973) 660-2111
abar@abarpensioninc.com

February 8, 2011

Stephen M. Charme, Esq.
Witman, Stadtmauer & Michaels, P.A.
26 Columbia Turnpike
Florham Park, NJ 07932

Re:   Diagnostic & Clinical Cardiology, P.A.
      Profit Sharing Plan

Dear Mr. Charme:

This will update my April 14, 2010 report. Based upon our analysis, we concluded that the participants in the pooled account, excluding Dr. Mario A. Criscito, were entitled to an additional $1,681,572.65 as of the beginning of 2000. As of January 31, 2011, the value of their portion of the pooled account, together with interest, accumulated to $4,099,864.28. (Exhibit 4).

Please call if you should have any questions.

Sincerely,

ABAR PENSION SERVICES, INC.

Scott M. Feit, CPC, CPA, QPA, QKA

/sf

**EXHIBIT 4**

Diagnostic & Clinical Cardiology, P.A. Money Purchase Plan
Calculation of Lost Interest

| Start | End | Days | Present Value | Interest Rate | Future Value |
|---|---|---|---|---|---|
| 1/1/2000 | 3/31/2000 | 90 | $1,681,572.65 | 10% | $1,723,429.61 |
| 3/31/2000 | 6/30/2000 | 91 | $1,723,429.61 | 11% | $1,771,208.14 |
| 6/30/2000 | 9/30/2000 | 92 | $1,771,208.14 | 11% | $1,820,858.33 |
| 9/30/2000 | 12/31/2000 | 92 | $1,820,858.33 | 11% | $1,871,900.30 |
| 12/31/2000 | 3/31/2001 | 90 | $1,871,900.30 | 11% | $1,923,359.35 |
| 3/31/2001 | 6/30/2001 | 91 | $1,923,359.35 | 10% | $1,971,907.62 |
| 6/30/2001 | 9/30/2001 | 92 | $1,971,907.62 | 9% | $2,017,145.81 |
| 9/30/2001 | 12/31/2001 | 92 | $2,017,145.81 | 9% | $2,063,421.82 |
| 12/31/2001 | 3/31/2002 | 90 | $2,063,421.82 | 8% | $2,104,524.49 |
| 3/31/2002 | 6/30/2002 | 91 | $2,104,524.49 | 8% | $2,146,916.37 |
| 6/30/2002 | 9/30/2002 | 92 | $2,146,916.37 | 8% | $2,190,642.20 |
| 9/30/2002 | 12/31/2002 | 92 | $2,190,642.20 | 8% | $2,235,258.58 |
| 12/31/2002 | 3/31/2003 | 90 | $2,235,258.58 | 7% | $2,274,170.87 |
| 3/31/2003 | 6/30/2003 | 91 | $2,274,170.87 | 7% | $2,314,204.31 |
| 6/30/2003 | 9/30/2003 | 92 | $2,314,204.31 | 7% | $2,355,394.10 |
| 9/30/2003 | 12/31/2003 | 92 | $2,355,394.10 | 6% | $2,391,283.15 |
| 12/31/2003 | 3/31/2004 | 91 | $2,391,283.15 | 6% | $2,427,220.84 |
| 3/31/2004 | 6/30/2004 | 91 | $2,427,220.84 | 7% | $2,469,830.74 |
| 6/30/2004 | 9/30/2004 | 92 | $2,469,830.74 | 6% | $2,507,359.87 |
| 9/30/2004 | 12/31/2004 | 92 | $2,507,359.87 | 7% | $2,551,864.58 |
| 12/31/2004 | 3/31/2005 | 90 | $2,551,864.58 | 7% | $2,596,288.48 |
| 3/31/2005 | 6/30/2005 | 91 | $2,596,288.48 | 8% | $2,648,586.07 |
| 6/30/2005 | 9/30/2005 | 92 | $2,648,586.07 | 8% | $2,702,529.30 |
| 9/30/2005 | 12/31/2005 | 92 | $2,702,529.30 | 9% | $2,764,528.92 |
| 12/31/2005 | 3/31/2006 | 90 | $2,764,528.92 | 9% | $2,826,556.80 |
| 3/31/2006 | 6/30/2006 | 91 | $2,826,556.80 | 9% | $2,890,689.00 |
| 6/30/2006 | 9/30/2006 | 92 | $2,890,689.00 | 10% | $2,964,465.99 |
| 9/30/2006 | 12/31/2006 | 92 | $2,964,465.99 | 10% | $3,040,125.93 |
| 12/31/2006 | 3/31/2007 | 90 | $3,040,125.93 | 10% | $3,116,009.25 |
| 3/31/2007 | 6/30/2007 | 91 | $3,116,009.25 | 10% | $3,194,661.67 |
| 6/30/2007 | 9/30/2007 | 92 | $3,194,661.67 | 10% | $3,276,196.73 |
| 9/30/2007 | 12/31/2007 | 92 | $3,276,196.73 | 10% | $3,359,812.75 |
| 12/31/2007 | 3/31/2008 | 91 | $3,359,812.75 | 9% | $3,435,833.48 |
| 3/31/2008 | 5/5/2008 | 35 | $3,435,833.48 | 8% | $3,462,216.45 |
| | 5/5/2008 | distribution of $26,202.74 to Antoinette Andriola | | | $3,436,013.71 |
| 5/5/2008 | 6/30/2008 | 56 | $3,436,013.71 | 8% | $3,478,325.83 |
| 6/30/2008 | 9/30/2008 | 92 | $3,478,325.83 | 7% | $3,540,064.83 |
| 9/30/2008 | 12/31/2008 | 92 | $3,540,064.83 | 8% | $3,611,965.68 |
| 12/31/2008 | 3/31/2009 | 90 | $3,611,965.68 | 7% | $3,674,844.26 |
| 3/31/2009 | 6/30/2009 | 91 | $3,674,844.26 | 6% | $3,730,224.53 |
| 6/30/2009 | 9/30/2009 | 92 | $3,730,224.53 | 6% | $3,787,061.82 |
| 9/30/2009 | 12/31/2009 | 92 | $3,787,061.82 | 6% | $3,844,765.13 |
| 12/31/2009 | 3/31/2010 | 90 | $3,844,765.13 | 6% | $3,902,064.69 |
| 3/31/2010 | 4/30/2010 | 30 | $3,902,064.69 | 6% | $3,921,353.69 |
| 4/30/2010 | 6/30/2010 | 61 | $3,921,353.69 | 6% | $3,960,869.20 |
| 6/30/2010 | 9/30/2010 | 92 | $3,960,869.20 | 6% | $4,021,220.81 |
| 9/30/2010 | 12/31/2010 | 92 | $4,021,220.81 | 6% | $4,082,492.00 |

| 12/31/2010 | 1/31/2011 | 31 | $4,082,492.00 | 5% | $4,099,864.28 |

**Interest =        $2,418,292**

Interest was calculated using the Voluntary Fiduciary Correction Program (VFCP)
Online Calculator provided by the U.S. Department of Labor - EBSA.
Using IRC 6621(c)(1) underpayment rates

# EXHIBIT 3



## NATIONAL JUDGMENT NETWORK

www.NationalJudgment.Net

### *Post-Judgment Interest Calculator*

Your access will expire on 2/15/2012.
Please click **here** to renew service.

---

**Switch to Partial Payment Calculator.**

- National Judgment Network -
Post-Judgment Interest Calculator

Amount of Judgment

| Mon | Day | Year |

Date Judgment Awarded

Select:

Jurisdiction

Interest Override

Compute!

| | |
|---|---|
| Jurisdiction: | **US** |
| Interest Rate: | **5.67%** |
| Computation Method: | **Compound** |
| Today's Date: | **02/15/2011** |
| Judgment Award Date: | **01/01/2000** |
| Judgment Age (in days): | **4063** |
| Current Interest Due: | **$21,571.42** |
| Total Interest Accrued: | **$1,425,856.75** |
| Judgment Amount: | **$1,681,572.65** |
| Total Judgment Value: | **$3,107,429.40** |

*The correct interest rate will be selected by the program based on the amount of judgment, award date and jurisdiction. You may override the selected interest rate by entering a different rate in the "interest override" field. Every effort is take to ensure rates are accurate but National Judgment Network assumes no responsibility for inaccuracy. If an obvious error is encountered, please report it to* **National Judgment Network.**

© Copyright 2011. All rights reserved. National Judgment Network

# **EXHIBIT 4**

Robert Mand, Esq.
Kenneth Marblestone, Esq.
Ian Haring, Esq.

The Medical Arts Building, Suite 600
Philadelphia, PA 19104-2889

Tel 215-222-5000  Fax 215-222-5522
www.mand.com

# MANDMARBLESTONE PC

June 17, 2010

To whom it may concern:

We have been engaged to evaluate transfers and distributions from the commingled trustee-directed account in the Diagnostic & Clinical Cardiology, P.A. Profit Sharing Plan and prior to restatement, the Diagnostic & Clinical Cardiology, P.A. Money Purchase Pension Plan (*the plan*) in January and March 2000, and to offer our opinion of the appropriate methodology for the calculation of lost earnings due to participants who did not receive the full amount of transfers within the plan to self-directed accounts, or of distributions from the plan.

## Background

We have reviewed the plan valuations, investment statements and miscellaneous reports provided as part of the discovery. In addition, we have reviewed the three reports from Abar Pension Services, Inc. (*Abar* dated March 3, 2009, May 28, 2009 and April 14, 2010). Our opinions are based on our review of these documents, as well as interpretation of applicable statutes, case law and Department of Labor regulations.

In early 2000 the asset structure of the plan was changed to eliminate the trustee-directed commingled account and move to a fully self-directed asset structure. Based on the valuation of plan assets made by the third-party administrator to the plan, amounts were transferred to participant accounts in January and March 2000. This valuation erroneously undervalued certain assets of the commingled account. Accordingly, the amounts transferred to the self-directed accounts of the participants and distributed to terminated participants were proportionately undervalued. Based on the revised calculations completed by Abar in their May 28, 2009 report, they have valued the transfer shortfall at $1,681,572.65. Based on our review of the information supplied, we do not dispute that the methodology used by Abar to calculate the transfer amount, as well as the amount of the shortfall, is correct.

## Calculation of Lost Earnings

The participants that did not receive the full amount of the transfer to their self-directed accounts or distributions in early 2000 are owed both the principal amount of the shortfall and the appropriate earnings necessary to put each participant in the position they would have been in, had the assets been transferred properly. With respect to participants who established self-directed accounts, the earnings amounts can be determined by calculating the rate of return for each self-directed account, through the date of correction and applying this rate of return to the

Robert Marblestone, Esq.
Kenneth Marblestone, Esq.
Ian Haring, Esq.

The Curtis Centre, 2929 Arch Street, Suite 600
Philadelphia, PA 19104-2889

Tel 215-222-5000  Fax 215-222-5522
www.mand.com

# MandMarblestone pc

principal amount of the shortfall.  We have calculated these amounts through the most recent date possible based on the account data provided (Attachments 1 through 3).

In the March 3, 2009 report from Abar, and reiterated in their May 28, 2009 and April 14, 2010 reports, they have proposed that the proper measure of compensating affected participants for lost earnings is the methodology provided by the Department of Labor's Voluntary Fiduciary Correction program (VFC).  This program is intended to encourage plan sponsors to engage in voluntary correction of certain common fiduciary violations before they are discovered upon audit or investigation.  The program specifies certain covered transactions and the methodologies pre-approved by the DOL for correction of these violations.  The program covers various transactions relating to the failure of the trustee and/or plan sponsor to remit monies to the trust in a timely basis, as well as corrections of the underpayment of benefits to a participant.

While the "Lost Earnings" rate of return used under the VFC program may be appropriate for certain transactions and under certain circumstances, its stated purpose is to be a simplified alternative to the laborious task of determining the amount that would have been earned on the principal amount "had the principal amount been invested in accordance with the plan's provisions and Title I of ERISA", which was the rule in effect under VFC prior to April 6, 2005.  Furthermore, the 2002 version of VFC specifically addressed participant-directed accounts, stating that the amount to be restored was the amount that the participant would have earned in the self-directed account.  It is clear, therefore, that the Department of Labor has shifted to the "Lost Earnings" calculation over the years for simplicity, not for accuracy, and the fiduciary breach cases have not applied the VFC calculator as an appropriate measure of damages.  Accordingly, the appropriate determination is a factual one:  what the Plan would have earned had the funds been transferred appropriately.

In Graden v. Conexant Systems, Inc.  496 F.3d 291 (3d Cir. 2007), the plaintiff, a cashed-out former employee, alleged that he had been shortchanged benefits because of mismanagement by the trustee.  While the holding of the case focused on the plaintiff's standing to sue (he did) the Court remanded the case to the District Court to ascertain the "net value of his account as it should have been in the absence of any fiduciary mismanagement".  The Court then quoted from Harzewski v. Guidant Corp., 489 F.3d 799 (7th Cir. 2007)

> Benefits are benefits; in a defined contribution plan they are the value of the retirement account where the employee retires, and a breach of fiduciary duty that diminishes that value gives rise to a claim for benefits measured by the difference between what the retirement account was worth when the employee retired and cashed it out *and what it would have been worth then had it not been for the breach of fiduciary duty* [emphasis added].

Kenneth Marblestone, Esq.
Ian Haring, Esq.

Philadelphia, PA 19104-2889

Tel 215-222-5000  Fax 215-222-5522
www.mand.com

# MandMarblestone PC

There are two classes of participants adversely affected by the failure of Dr. Criscito to transfer the correct amount of assets in 2000; those who remain in the plan in self-directed accounts, and those who were cashed out.

With respect to the former, the measurement of the benefits is straightforward.  In the absence of any breach by Dr. Criscito, those assets would have been invested by the participants, and their current value is readily ascertainable, as indicated in Attachments 1 through 3 attached.

> In determining what the Plan would have earned had the funds been available for
> Plan purposes, the district court should presume that the funds would have been
> treated like other funds being invested during the same period in proper
> transactions.  Donovan v. Bierwirth, 754 F.2d 1049, 1056 (2d Cir. 1985).

With respect to cashed-out participants, one must determine what the appropriate measure of damages is.  We cannot agree that it is the "Lost Earnings" rate under the Online Calculator, as that measurement does not reflect any element of risk that would be inherent in the portfolio of a prudent fiduciary charged with managing plan assets.  Instead, the return should reflect the actual rates of return on similar portfolios appropriately invested during the same period (including, *inter alia*, the effect of the 2008 market crash).

In Dasler v. E.F. Hutton & Co., Inc., the Court, citing to Donovan v. Bierwirth, 754 F.2d 1049 (2d Cir. 1985), and Miley v. Oppenheimer & Co., Inc., 637 F.2d 318 (5th Cir.1981), concluded that plan losses caused by excessive trading and commissions paid to the defendant could be properly measured by the difference between the plan's actual performance during the period of excessive trading and that amount it would have earned during this period as measured and adjusted by the movement of an appropriate index reflecting the stock market.  The Court found the Standard & Poors 500 Composite Index (S&P 500) to be such an appropriate index. 694 F Supp 624 at 634, (DC MN 1988).  The S&P 500 should, likewise, be used to determine lost earnings with respect to cashed-out participants in the instant case as this index appropriately reflects movement in the stock market during the period of the breach.

We note specifically that the cumulative rate of return on the S&P 500 from 2000 through 2009 was -0.9%.  Furthermore, looking at the entire period of time from January 1, 1995 (the starting point of Abar's calculations) through 2007 (when Dr. Criscito was removed as trustee), the commingled trust had a cumulative rate of return of 340% compared to the S & P 500 cumulative rate of return of 302% during the same period.

Robert L. Mand, Esq.
Kenneth Marblestone, Esq.
Ian Haring, Esq.

Two Logan Square, 23rd Floor 100-500
Philadelphia, PA 19104-2889

Tel 215-222-5000  Fax 215-222-5522
www.mand.com

# MandMarblestone PC

### Conclusion

We cannot agree with Abar's conclusion that the VFC Online Calculator is the proper methodology for valuing the lost earnings due to participants, as such methodology is merely a convenient tool for correcting certain plan violations with advance approval of the Department of Labor. Because it does not take into account real world rates of return during the period, it is not the standard by which a prudent fiduciary's actions would be judged.

Instead, we submit that the S&P 500 index is an appropriate measure of the rate of return for participants who did not establish a self-directed account. The cumulative rate of return for the S&P 500 from January 1, 2000 was -0.9% through 2009. For those participants with self-directed accounts, their actual cumulative rates of return are the appropriate measure of damages, as follows: Brown (12.02% cumulative rate of return through 2009); Cortes (24.62% cumulative rate of return through 2009); Hawthorne (-38.68% cumulative rate of return through 2009).

Accordingly, the original transfer shortfall of $1,681,572.65 would be worth $1,376,258.51 as of December 31, 2009, consisting of amounts payable to Brown ($95,375.14), Cortes ($162,175.40) and Hawthorne ($429,690.16), as indicated on the attachments, and to the remaining participants ($689,017.91, representing the cumulative return of the S&P 500 applied to the remaining account balances of $765,585.46). We would note further that a significant portion of this balance is in the hands of the current trustees, who removed Dr. Criscito as trustee in 2007 and took custody of the Smith Barney commingled account at that time. This account had a value of $887,929.24 on September 30, 2007 (the date nearest the transfer for which a statement is available).

Respectfully submitted,

Kenneth Marblestone, Esquire

KEITH HAWTHORNE
DIAGNOSITIC & CLINICAL CARDIOLOGY, P.A. MONEY PURCHASE PENSION PLAN
PERFORMANCE OF SELF-DIRECTED ACCOUNT FOLLOWING
DISBURSEMENT FROM TRUSTEE-DIRECTED ACCOUNT
Account # 769 015125

Distribution Date: 1/25/00
Distribution Amount: $295,663.09

| Date of Statement | Date deposit | Amount Deposit | | Balance | MS Bates Page # | days to year end | | Annual Rates of Return | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | $295,663.09 | | | | $700,715.18 | |
| 1/31/2000 | | | | $ 295,837.25 | 5921 | | | | |
| 3/31/2000 | | | | $ 287,455.83 | 5923 | | | | |
| 4/30/2000 | | | | $ 266,853.20 | 5925 | | | | |
| 6/30/2000 | 6/19/00 | $ 15,000.00 | | $ 279,779.64 | 5927 | 195 | $8,013.70 | | |
| 7/31/2000 | 7/21/00 | $ 15,000.00 | | $ 284,588.87 | 5930 | 163 | $6,698.63 | | |
| 8/31/2000 | | | | $ 302,825.54 | 5932 | | | | |
| 9/30/2000 | | | | $ 277,013.70 | 5935 | | | | |
| 10/31/2000 | | | | $ 258,554.32 | 5938 | | | | |
| 12/31/2000 | | | | $ 217,162.78 | 5941 | | | -34.95777% | $455,760.80 |
| 1/31/2001 | | | | $ 236,430.67 | 5944 | | | | |
| 3/31/2001 | | | | $ 182,146.09 | 5947 | | | | |
| 4/30/2001 | 4/20/01 | $ 15,000.00 | | $ 212,366.16 | 5950 | 255 | $10,479.45 | | |
| 6/30/2001 | | | | $ 211,422.75 | 5953 | | | | |
| 7/31/2001 | | | | $ 190,375.03 | 5956 | | | | |
| 8/31/2001 | 8/13/01 | $ 15,000.00 | | $ 195,954.74 | 5959 | 140 | $5,753.42 | | |
| 9/30/2001 | | | | $ 179,952.56 | 5962 | | | | |
| 10/31/2001 | | | | $ 189,654.89 | 5965 | | | | |
| 12/31/2001 | | | | $ 204,850.25 | 5968 | | | -18.12910% | $373,135.47 |
| 1/31/2002 | | | | $ 196,106.40 | 5971 | | | | |
| 3/31/2002 | | | | $ 202,721.85 | 5974 | | | | |
| 4/30/2002 | 4/11/02 | $ 4,007.20 | | $ 197,776.78 | 5977 | 264 | $2,898.36 | | |
| 5/31/2002 | 5/13/02 | $ 10,000.00 | | $ 203,016.26 | 5980 | 232 | $6,356.16 | | |
| 6/30/2002 | | | | $ 182,347.70 | 5983 | | | | |
| 9/30/2002 | 9/9/02 | $ 15,000.00 | | $ 189,102.41 | 5986 | 113 | $4,643.84 | | |
| 10/31/2002 | | | | $ 194,873.63 | 5989 | | | | |
| 11/30/2002 | | | | $ 202,130.79 | 5992 | | | | |
| 12/31/2002 | | | | $ 191,951.80 | 5995 | | | -19.15699% | $301,653.95 |
| 2/28/2003 | 2/13/03 | $ 15,000.00 | | $ 202,102.28 | 5999 | 321 | $13,191.78 | | |
| 3/31/2003 | | | | $ 204,014.77 | 6002 | | | | |
| 5/31/2003 | 5/12/03 | $ 10,000.00 | | $ 229,643.77 | 6005 | 233 | $6,383.56 | | |
| 6/30/2003 | 6/17/03 | $ 10,000.00 | | $ 238,203.93 | 6011 | 197 | $5,397.26 | | |
| 9/30/2003 | 8/29/03 | $ 10,000.00 | | $ 248,034.45 | 6018 | 124 | $3,397.26 | | |
| 10/31/2003 | 10/9/03 | $ 10,000.00 | | $ 268,571.90 | 6025 | 83 | $2,273.97 | | |
| 12/31/2003 | | | | $ 274,970.41 | 6031 | | | 12.58722% | $339,623.80 |
| 3/31/2004 | | | | $ 271,131.61 | 6038 | | | | |
| 5/31/2004 | | | | $ 271,535.53 | 6045 | | | | |
| 6/30/2004 | | | | $ 276,284.63 | 6051 | | | | |
| 7/31/2004 | | | | $ 267,234.70 | 6057 | | | | |
| 8/31/2004 | 7/30/04 | $ 20,000.00 | | $ 295,558.46 | 6066 | 154 | $8,438.36 | | |
| 9/30/2004 | | | | $ 299,692.34 | 6076 | | | | |
| 10/31/2004 | 10/19/04 | $ 10,000.00 | | $ 316,154.10 | 6087 | 73 | $2,000.00 | | |
| 11/30/2004 | | | | $ 327,453.74 | 6098 | | | | |
| 12/31/2004 | | | | $ 340,625.91 | 6110 | | | 12.49278% | $382,052.27 |
| 1/31/2005 | | | | $ 330,153.83 | 6122 | | | | |
| 2/28/2005 | | | | $ 329,060.92 | 6134 | | | | |
| 3/31/2005 | 3/11/2005 | $ 1,000.00 | | $ 326,940.23 | 6146 | 295 | $808.22 | | |
| 4/30/2005 | | | | $ 312,653.83 | 6157 | | | | |
| 5/31/2005 | | | | $ 331,809.89 | 6169 | | | | |
| 6/30/2005 | | | | $ 329,701.41 | 6180 | | | | |
| 7/31/2005 | | | | $ 346,500.92 | 6191 | | | | |
| 8/31/2005 | | | | $ 349,484.72 | 6202 | | | | |
| 9/30/2005 | | | | $ 359,253.90 | 6214 | | | | |
| 10/31/2005 | | | | $ 349,910.66 | 6226 | | | | |
| 11/30/2005 | 11/1/2005 | $ 20,000.00 | | $ 381,184.05 | 6238 | 60 | $3,287.67 | | |
| 12/31/2005 | 12/12/2005 | $ 10,000.00 | | $ 394,839.83 | 6251 | 19 | $520.55 | 6.72395% | $407,741.27 |
| 1/31/2006 | 1/13/2006 | $ 12,000.00 | | $ 421,709.35 | 6264 | 352 | | | |
| 2/28/2006 | | | | $ 412,869.07 | 6275 | | | | |
| 3/31/2006 | | | | $ 419,835.93 | 6286 | | | | |
| 4/30/2006 | | | | $ 418,709.63 | 6299 | | | | |
| 5/31/2006 | | | | $ 402,862.63 | 6311 | | | | |
| 6/30/2006 | | | | $ 396,964.28 | 6323 | | | | |
| 7/31/2006 | | | | $ 388,253.48 | 6335 | | | | |
| 8/31/2006 | | | | $ 403,226.80 | 6347 | | | | |
| 9/30/2006 | 9/26/2006 | $ 10,000.00 | | $ 421,605.69 | 6359 | 96 | $2,630.14 | | |

Attachment 1

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 10/31/2006 | | | | $ 435,133.00 | 6372 | | | | |
| 11/30/2006 | 10/30/2006 | $ 10,000.00 | | $ 451,253.20 | 6384 | 62 | $1,698.63 | | |
| 12/31/2006 | 12/12/2006 | $ 10,000.00 | | $ 474,795.37 | 6400 | 19 | $520.55 | 12.49860% | $458,703.21 |
| 1/31/2007 | | | | $ 478,564.43 | 6418 | | | | |
| 2/28/2007 | | | | $ 468,992.02 | 6433 | | | | |
| 3/31/2007 | | | | $ 472,400.17 | 6449 | | | | |
| 4/30/2007 | | | | $ 492,800.47 | 6466 | | | | |
| 5/31/2007 | 5/9/2007 | $ 14,000.00 | | $ 522,820.36 | 6483 | 236 | $9,052.05 | | |
| 6/30/2007 | | | | $ 509,975.50 | 6499 | | | | |
| 7/31/2007 | | | | $ 509,234.95 | 6516 | | | | |
| 8/31/2007 | | | | $ 512,329.72 | 6533 | | | | |
| 9/30/2007 | | | | $ 522,178.99 | 6549 | | | | |
| 10/31/2007 | 10/1/2007 | $ 5,000.00 | | $ 534,150.36 | 6568 | 91 | $1,246.58 | | |
| 11/30/2007 | | | | $ 521,160.23 | 6585 | | | | |
| 12/31/2007 | 12/11/2007 | $ 10,000.00 | | $ 536,237.76 | 6601 | 20 | $547.95 | 6.68031% | $489,346.01 |
| 1/31/2008 | | | | $ 520,961.25 | 6619 | | | | |
| 2/29/2008 | | | | $ 526,687.09 | 6636 | | | | |
| 3/31/2008 | | | | $ 525,380.00 | 6653 | | | | |
| 4/30/2008 | | | | $ 537,740.84 | 6673 | | | | |
| 5/31/2008 | | | | $ 550,735.29 | 6691 | | | | |
| 6/30/2008 | 6/18/2008 | $ 12,000.00 | | $ 537,091.82 | 6709 | 196 | $6,443.84 | | |
| 7/31/2008 | | | | $ 532,006.97 | 6728 | | | | |
| 8/31/2008 | | | | $ 531,658.55 | 6745 | | | | |
| 9/30/2008 | 9/19/2008 | $ 18,000.00 | | $ 513,150.71 | 6763 | 103 | $5,079.45 | | |
| 10/31/2008 | | | | $ 459,039.62 | 6781 | | | | |
| 11/30/2008 | | | | $ 435,475.57 | | | | | |
| 12/31/2008 | | | | $ 439,312.09 | | | | -23.17172% | $375,956.11 |
| 1/31/2009 | | $ 46,000.00 | | not provided | | | | | |
| 2/29/2009 | | | | not provided | | | | | |
| 3/31/2009 | | | | not provided | | | | | |
| 4/30/2009 | | | | not provided | | | | | |
| 5/31/2009 | | | | not provided | | | | | |
| 6/30/2009 | | | | not provided | | | | | |
| 7/31/2009 | | | | not provided | | | | | |
| 8/31/2009 | | | | not provided | | | | | |
| 9/30/2009 | | | | not provided | | | | | |
| 10/31/2009 | | | | not provided | | | | | |
| 11/30/2009 | | | | not provided | | | | | |
| 12/31/2009 | | | | $ 548,101.38 | | 0 | $0.00 | 14.29264% | $429,690.16 |

**MARIA CORTES**
**DIAGNOSITIC & CLINICAL CARDIOLOGY, P.A. MONEY PURCHASE PENSION PLAN**
**PERFORMANCE OF SELF-DIRECTED ACCOUNT FOLLOWING**
**DISBURSEMENT FROM TRUSTEE-DIRECTED ACCOUNT**
Account # 769 016388

**Distribution Date: 03/09/2000**
**Distribution Amount: $56,606.41**

| Date of Statement | Date deposit* | Amount Deposit | Balance | MS Bates Page # | days to year end | | Annual Rates of Return | $130,140.78 |
|---|---|---|---|---|---|---|---|---|
| 3/31/2000 | | | $ 56,795.51 | 7806 | | | | |
| | 10/30/00 | $ 4,000.00 | | 7808 | 62 | $835.02 | | |
| 10/31/2000 | | | $ 62,816.07 | 7808 | | | | |
| 11/30/2000 | | | $ 63,128.65 | 7810 | | | | |
| 12/31/2000 | 12/31/00 | $ 2,500.00 | $ 65,934.93 | 7812 | 0 | $0.00 | 4.92418% | $136,549.15 |
| | 2/6/01 | $ 550.24 | | 7814 | 328 | $494.46 | | |
| 2/28/2001 | | | $ 67,121.82 | 7814 | | | | |
| 3/31/2001 | | | $ 67,402.96 | 7816 | | | | |
| | 11/8/01 | $ 5,000.00 | | 7818 | 53 | $726.03 | | |
| 11/30/2001 | | | $ 74,052.25 | 7818 | | | | |
| 12/31/2001 | | | $ 74,168.35 | 7820 | | | 3.99548% | $142,004.94 |
| | 3/11/02 | $ 2,905.85 | $ 77,345.48 | 7822 | 295 | $2,348.56 | | |
| 3/31/2002 | | | $ 77,345.48 | 7822 | | | | |
| 9/30/2002 | | | $ 77,870.40 | 7824 | | | | |
| 12/31/2002 | | | $ 78,089.50 | 7827 | | | 1.32690% | $143,889.20 |
| | 3/4/03 | $ 8,470.42 | | 7830 | 302 | $7,008.40 | | |
| 3/31/2003 | | | $ 86,723.41 | 7830 | | | | |
| 6/30/2003 | | | $ 86,873.90 | 7833 | | | | |
| 9/30/2003 | | | $ 86,989.20 | 7836 | | | | |
| 12/31/2003 | | | $ 87,104.22 | 7839 | | | 0.63962% | $144,809.54 |
| | 3/3/04 | $ 8,649.60 | | 7842 | 303 | $7,180.35 | | |
| 3/31/2004 | | | $ 95,870.89 | 7842 | | | | |
| 6/30/2004 | | | $ 95,997.95 | 7845 | | | | |
| 9/30/2004 | | | $ 96,207.89 | 7848 | | | | |
| 12/31/2004 | | | $ 96,548.66 | 7851 | | | 0.84302% | $146,030.31 |
| | 2/1/05 | $ 9,040.77 | | 7855 | 333 | $8,248.15 | | |
| 2/28/2005 | | | $ 105,892.45 | 7855 | | | | |
| 3/31/2005 | | | $ 105,661.00 | 7859 | | | | |
| 4/30/2005 | | | $ 104,034.14 | 7871 | | | | |
| 5/31/2005 | | | $ 106,183.55 | 7883 | | | | |
| 6/30/2005 | | | $ 106,897.22 | 7893 | | | | |
| 7/31/2005 | | | $ 108,940.82 | 7905 | | | | |
| 8/31/2005 | | | $ 108,932.13 | 7916 | | | | |
| 9/30/2005 | | | $ 110,016.72 | 7927 | | | | |
| 10/31/2005 | | | $ 108,899.56 | 7939 | | | | |
| 11/30/2005 | | | $ 111,173.10 | 7950 | | | | |
| 12/31/2005 | | | $ 111,773.46 | 7963 | | | 5.90097% | $154,647.52 |
| 1/31/2006 | | | $ 114,318.70 | 7976 | | | | |
| 2/28/2006 | | | $ 113,754.71 | 7988 | | | | |
| | 3/6/06 | $ 5,099.13 | | 8007 | 300 | $4,191.07 | | |
| 3/31/2006 | | | $ 120,257.54 | 8000 | | | | |
| 4/30/2006 | | | $ 121,802.74 | 8014 | | | | |
| 5/31/2006 | | | $ 119,187.92 | 8028 | | | | |
| 6/30/2006 | | | $ 118,937.05 | 8041 | | | | |
| 7/31/2006 | | | $ 118,406.91 | 8056 | | | | |
| 8/31/2006 | | | $ 120,161.11 | 8069 | | | | |
| 9/30/2006 | | | $ 121,554.54 | 8084 | | | | |
| 10/31/2006 | | | $ 124,410.93 | 8099 | | | | |
| 11/30/2006 | | | $ 126,162.20 | 8113 | | | | |
| 12/31/2006 | | | $ 127,296.91 | 8127 | | | 8.98923% | $168,549.14 |
| 1/31/2007 | | | $ 127,464.98 | 8144 | | | | |
| 2/28/2007 | | | $126,661.50 | 8157 | | | | |
| | 3/6/2007 | $ 3,955.00 | | 8173 | 300 | $3,250.68 | | |
| 3/31/2007 | | | $ 132,095.57 | 8169 | | | | |
| 4/30/2007 | | | $ 136,527.68 | 8184 | | | | |
| 5/31/2007 | | | $ 138,038.95 | 8199 | | | | |
| 6/30/2007 | | | $ 137,191.84 | 8213 | | | | |
| 7/31/2007 | | | $ 134,708.39 | 8228 | | | | |
| 8/31/2007 | | | $ 136,596.89 | 8244 | | | | |
| 9/30/2007 | | | $ 139,007.80 | 8259 | | | | |
| 10/31/2007 | | | $ 141,946.39 | 8274 | | | | |
| 11/30/2007 | | | $ 138,296.50 | 8289 | | | | |
| 12/31/2007 | | | $ 137,317.67 | 8303 | | | 4.64640% | $176,380.61 |

| Date | Date | Amount | | Balance | Code | Count | Amount 2 | Percent | Total |
|---|---|---|---|---|---|---|---|---|---|
| 1/31/2008 | | | | $ 133,555.22 | 8320 | | | | |
| 2/29/2008 | | | | $ 132,073.93 | 8335 | | | | |
| 3/31/2008 | | | | $ 131,383.41 | 8349 | | | | |
| | 4/8/2008 | $ 1,565.16 | | | 8369 | 267 | $1,144.93 | | |
| 4/30/2008 | | | | $ 137,066.15 | 8366 | | | | |
| 5/31/2008 | | | | $ 138,625.83 | 8381 | | | | |
| | 6/18/2008 | $ 1,353.00 | | | 8400 | 196 | $726.54 | | |
| 6/30/2008 | | | | $ 133,849.91 | 8396 | | | | |
| 7/31/2008 | | | | $ 132,888.76 | 8413 | | | | |
| 8/31/2008 | | | | $ 132,980.45 | 8429 | | | | |
| | 9/19/2008 | $ 2,030.58 | | | 8448 | 103 | $573.01 | | |
| 9/30/2008 | | | | $ 127,835.83 | 8444 | | | | |
| 10/31/2008 | | | | $ 117,352.84 | 8460 | | | | |
| 11/30/2008 | | | | not provided | | | | | |
| 12/31/2008 | | | | $ 116,092.13 | | | | -18.72773% | $143,348.52 |
| 1/31/2009 | | $ 4,262.23 | | not provided | | | | | |
| 2/29/2009 | | | | not provided | | | | | |
| 3/31/2009 | | | | not provided | | | | | |
| 4/30/2009 | | | | not provided | | | | | |
| 5/31/2009 | | | | not provided | | | | | |
| 6/30/2009 | | | | not provided | | | | | |
| 7/31/2009 | | | | not provided | | | | | |
| 8/31/2009 | | | | not provided | | | | | |
| 9/30/2009 | | | | not provided | | | | | |
| 10/31/2009 | | | | not provided | | | | | |
| 11/30/2009 | | | | not provided | | | | | |
| 12/31/2009 | | | | $ 135,601.48 | | 0 | $0.00 | 13.13364% | $162,175.40 |

MARK BROWN
DIAGNOSITIC & CLINICAL CARDIOLOGY, P.A. MONEY PURCHASE PENSION PLAN
PERFORMANCE OF SELF-DIRECTED ACCOUNT FOLLOWING
DISBURSEMENT FROM TRUSTEE-DIRECTED ACCOUNT
Account # 769 015122

Distribution Date:01/25/2000
Distribution Amount: $52,706.15                  $52,706.15

| Date of Statem | Date deposit | Amount Deposit | | Balance | Page # | MS Bates days to year end | | Annual Rates of Return | |
|---|---|---|---|---|---|---|---|---|---|
| 1/31/2000 | | | | $ 52,737.18 | | | | | |
| | 10/30/00 | $ 10,000.00 | | | | 62 | $1,823.53 | | |
| 10/31/2000 | | | | $ 65,106.94 | | | | | |
| 11/30/2000 | | | | $ 65,427.88 | | | | | |
| | 12/18/00 | $ 5,000.00 | | | | 13 | $191.18 | | |
| 12/31/2000 | | | | $ 70,750.99 | | | | 5.56431% | $89,878.78 |
| | 2/6/01 | $ 2,064.74 | | | | 328 | $1,855.44 | | |
| 2/28/2001 | | | | $ 73,503.74 | | | | | |
| 3/31/2001 | | | | $ 73,811.62 | | | | | |
| | 7/24/01 | $ 9,000.00 | | | | 160 | $3,945.21 | | |
| 7/31/2001 | | | | $ 83,886.20 | | | | | |
| | 11/8/01 | $ 6,000.00 | | | | 53 | $871.23 | | |
| 11/30/2001 | | | | $ 90,710.70 | | | | | |
| 12/31/2001 | | | | $ 90,852.92 | | | | 3.92286% | $93,404.59 |
| | 3/11/02 | $ 4,164.81 | | | | 295 | $3,366.08 | | |
| 3/31/2002 | | | | $ 95,350.47 | | | | | |
| | 8/20/02 | $ 10,000.00 | | | | 133 | $3,643.84 | | |
| 8/31/2002 | | | | $ 105,899.52 | | | | | |
| 9/30/2002 | | | | $ 106,011.02 | | | | | |
| 12/31/2002 | | | | $ 106,309.43 | | | | 1.31991% | $94,637.45 |
| | 3/4/03 | $ 12,287.65 | | | | 302 | $10,166.77 | | |
| 3/31/2003 | | | | $ 118,820.19 | | | | | |
| | 6/23/03 | $ 10,000.00 | | | 1808 | 191 | $5,232.88 | | |
| 6/30/2003 | | | | $ 129,027.32 | 1808 | | | | |
| 9/30/2003 | | | | $ 129,198.62 | 1811 | | | | |
| 12/31/2003 | | | | $ 129,369.63 | | | | 0.63475% | $95,238.16 |
| | 1/6/04 | $ 5,000.00 | | | 1817 | 360 | $4,931.51 | | |
| 1/31/2004 | | | | $ 134,428.36 | 1817 | | | | |
| | 2/25/04 | $ 9,148.53 | | | 1820 | 310 | $7,769.98 | | |
| 2/29/2004 | | | | $ 143,630.87 | 1820 | | | | |
| 3/31/2004 | | | | $ 143,697.76 | 1823 | | | | |
| | 6/22/04 | $ 10,000.00 | | | 1826 | 192 | $5,260.27 | | |
| 6/30/2004 | | | | $ 153,889.38 | 1826 | | | | |
| | 8/17/04 | $ 10,000.00 | | | 1829 | 136 | $3,726.03 | | |
| 8/31/2004 | | | | $ 164,102.62 | 1829 | | | | |
| 9/30/2004 | | | | $ 164,237.47 | 1832 | | | | |
| 12/31/2004 | | | | $ 164,819.41 | | | | 0.86143% | $96,058.57 |
| | 2/1/04 | $ 12,458.09 | | | | 334 | $11,400.01 | | |
| 2/28/2005 | | | | $ 177,790.88 | 1839 | | | | |
| 3/31/2005 | | | | $ 173,923.63 | 1845 | | | | |
| 4/30/2005 | | | | $ 170,982.57 | 1869 | | | | |
| 5/31/2005 | | | | $ 175,650.91 | 1889 | | | | |
| 6/30/2005 | | | | $ 175,908.19 | 1912 | | | | |
| 7/31/2005 | | | | $ 183,327.18 | 1937 | | | | |
| 8/31/2005 | | | | $ 183,914.89 | 1961 | | | | |
| 9/30/2005 | | | | $ 186,559.63 | 1986 | | | | |
| 10/31/2005 | | | | $ 182,444.33 | 2013 | | | | |
| | 11/21/2005 | $ 10,000.00 | | | 2047 | 39 | $1,068.49 | | |
| 11/30/2005 | | | | $ 198,141.45 | | | | | |
| | 12/5/2005 | $ 10,000.00 | | | | 26 | $712.33 | | |
| 12/31/2005 | | | | $ 210,935.59 | | | | 7.67307% | $103,429.21 |
| | 1/4/2006 | $ 12,000.00 | | | 2110 | 361 | $11,868.49 | | |
| 1/31/2006 | | | | $ 229,092.89 | 2104 | | | | |
| 2/28/2006 | | | | $ 228,448.62 | 2132 | | | | |
| | 3/6/2006 | $ 1,005.80 | | | 2166 | 300 | $826.68 | | |
| 3/31/2006 | | | | $ 233,633.21 | 2159 | | | | |
| 4/30/2006 | | | | $ 236,537.17 | 2189 | | | | |
| 5/31/2006 | | | | $ 230,943.24 | 2221 | | | | |
| 6/30/2006 | | | | $ 229,397.18 | 2256 | | | | |
| 7/31/2006 | | | | $ 227,228.99 | 2293 | | | | |
| 8/31/2006 | | | | $ 234,067.57 | 2329 | | | | |
| 9/30/2006 | | | | $ 237,409.84 | 2363 | | | | |
| 10/31/2006 | | | | $ 243,865.61 | 2397 | | | | |
| 11/30/2006 | | | | $ 249,994.55 | 2430 | | | | |

| Date | | | Amount | | | | | |
|---|---|---|---|---|---|---|---|---|
| 12/31/2006 | | | $ 252,885.32 | | | | 12.94273% | $116,815.78 |
| 1/31/2007 | | | $ 254,935.66 | 2500 | | | | |
| 2/28/2007 | | | $ 250,154.27 | 2532 | | | | |
| 3/31/2007 | | | $ 252,093.72 | 2563 | | | | |
| 4/30/2007 | | | $ 261,598.41 | 2598 | | | | |
| 5/31/2007 | | | $ 269,006.63 | 2632 | | | | |
| | 6/26/2007 | $ 22,003.00 | | 2675 | 188 | $11,333.05 | | |
| 6/30/2007 | | | $ 287,652.15 | 2667 | | | | |
| 7/31/2007 | | | $ 279,732.66 | 2705 | | | | |
| 8/31/2007 | | | $ 280,323.18 | 2746 | | | | |
| 9/30/2007 | | | $ 293,117.46 | 2785 | | | | |
| 10/31/2007 | | | $ 296,584.73 | 2826 | | | | |
| 11/30/2007 | | | $ 287,462.24 | 2865 | | | | |
| 12/31/2007 | | | $ 282,401.37 | | | | 2.84350% | $120,137.44 |
| 1/31/2008 | | | $ 269,186.27 | 2947 | | | | |
| 2/28/2008 | | | $ 265,665.72 | 2984 | | | | |
| 3/31/2008 | | | $ 281,451.25 | 3021 | | | | |
| | 4/28/2008 | $ 9,990.34 | | 3071 | 247 | $6,760.59 | | |
| 4/30/2008 | | | $ 280,728.37 | 3064 | | | | |
| 5/31/2008 | | | $ 286,078.03 | 3107 | | | | |
| | 6/18/2008 | $ 8,639.00 | | 3155 | 196 | $4,639.02 | | |
| 6/30/2008 | | | $ 272,232.41 | 3147 | | | | |
| 7/31/2008 | | | $ 288,746.37 | 3192 | | | | |
| 8/31/2008 | | | $ 270,951.51 | 3238 | | | | |
| | 9/19/2008 | $ 12,958.16 | | 3288 | 103 | $3,656.69 | | |
| 9/30/2008 | | | $ 257,876.67 | 3281 | | | | |
| 10/31/2008 | | | $ 215,825.65 | 3326 | | | | |
| 11/30/2008 | | | | | | | | |
| 12/31/2008 | | | $ 213,824.08 | | | | -33.67363% | $79,682.80 |
| 1/31/2009 | | $ 66,475.91 | not provided | | | | | |
| 2/28/2009 | | | not provided | | | | | |
| 3/31/2009 | | | not provided | | | | | |
| 4/30/2009 | | | not provided | | | | | |
| 5/31/2009 | | | not provided | | | | | |
| 6/30/2009 | | | not provided | | | | | |
| 7/31/2009 | | | not provided | | | | | |
| 8/31/2009 | | | not provided | | | | | |
| 9/30/2009 | | | not provided | | | | | |
| 10/31/2009 | | | not provided | | | | | |
| 11/30/2009 | | | not provided | | | | | |
| 12/31/2009 | | | $ 322,409.46 | | 0 | $0.00 | 19.69351% | $95,375.14 |