# Kern Augustine Conroy & Schoppmann, P.C.

"ATTORNEYS TO HEALTH PROFESSIONALS"

Steven I. Kern (1988 – 2011)
Algis K. Augustine (IL, CO & NY Bars)
Robert J. Conroy (NJ, NY, PA, CA, FL & DC Bars)
Michael J. Schoppmann (NJ, NY, PA & DC Bars)
Mathew J. Levy (NY, PA & DC Bars)
R. Bruce Crelin (NJ Bar)
Denise Sanders (NJ & PA Bars)
Donald R. Moy (NY Bar)
David L. Adelson (NY & NJ Bars)
Daniel G. Giaquinto (NJ & PA Bars)
Charles H. Newman (NJ, NY & PA Bars)
Edward R. Hopkins (NY Bar)
Thomas M. Gallo, RPA (NY Bar)
Matthew T. Talty (NY Bar)
Lawrence F. Kobak, DPM (NY Bar)
David N. Vozza (NY Bar)
Matthew R. Streger (NJ Bar)
Svetlana Ros (NJ & NY Bars)
Stacey Lipitz Marder (NJ & NY Bars)
Of Counsel: James S. Wulach, Ph.D. (NJ Bar)

**New Jersey:**
1120 Route 22 East, Bridgewater, NJ 08807
Tel: (908) 704-8585, Fax: (908) 704-8899

**New York:**
1325 Franklin Avenue, Suite 255, Garden City, NY 11530
Tel: (516) 294-5432, Fax: (516) 294-5414

**Pennsylvania:**
1500 Market Street, 12th Fl, Philadelphia, PA 19102
Tel: (215) 665-5790, Fax: (800) 941-8287

**Illinois Affiliate:**
Augustine, Kern and Levens, Ltd.
218 N. Jefferson Street, Chicago, IL 60661
Tel: (312) 648-1111, Fax: (312) 648-1057

**E-mail:** kacs@drlaw.com
**Website:** www.drlaw.com

Please Reply to: New Jersey Office

May 13, 2011

VIA ELECTRONIC FILING

Hon. Madeline Cox Arleo, U.S.M.J.
United States District Court
District of New Jersey
Martin Luther King Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

Re:   *Dr. Fadi Chaaban, et al. v. Mario A. Criscito, M.D.*
Case No. 2:08-cv-1567 (GEB-MCA)

Dear Magistrate Judge Cox-Arleo:

As Your Honor is aware, this firm represents the defendant in the above-referenced matter, Dr. Criscito. I am writing in further regard to the conference call which has been scheduled for Tuesday, May 17, 2011 at 3:30 p.m.

As stated in my letter to you dated May 12, 2011, Dr. Criscito is in the process of retaining counsel to represent him with respect to post-judgment collection issues, and has in fact retained Bonnie M. Weir, Esq. today for that purpose. I understand that Ms. Weir will shortly be entering an appearance in Dr. Criscito's behalf and will also be participating in the conference call on Tuesday. My office will arrange for and place the call. My letter also stated that Dr. Criscito is in the process of obtaining a supesedeas bond in order to obtain a stay of the judgment against him pending appeal.



Kern Augustine Conroy
& Schoppmann, P.C.

Page 2

We have just received copies of correspondence from plaintiffs' counsel enclosing two subpoenas upon Sovereign Bank, seeking wide-ranging production of documents. We believe the information sought goes far beyond any legitimate need for post-judgment discovery. Furthermore, in light of the fact that Dr. Criscito is in the process of obtaining a bond, and Mr. Agnello's representation that he would consent to a posting of a bond and a stay of collection efforts pending appeal, any effort on the part of the plaintiffs to conduct post-judgment discovery between now and the time the bond can be posted would simply constitute abuse intended to harass Dr. Criscito.

The subpoenas to Sovereign Bank require the production of documents only one week from today, Friday, May 20, 2011. Accordingly, I would request that this issue be discussed during the scheduled telephone conference next Tuesday. I would suggest a stay of post-judgment discovery efforts for two weeks in order to allow the bond to be issued and filed with the Court, should plaintiffs' counsel consent, or for a motion to be filed, if necessary.

I thank you for your attention to this matter.

Respectfully submitted,

KERN AUGUSTINE
CONROY & SCHOPPMANN, P.C.

By:
R. Bruce Crelin

enclosures

cc:      John M. Agnello, Esq. (via electronic filing; w/ encls.)
         Stephen M. Charme, Esq. (via electronic filing; w/ encls.)
         Melissa Flax, Esq. (via electronic filing; w/ encls.)
         Bonnie M. Weir, Esq. (via e-mail; w/ encls.)
         Mario A. Criscito, M.D. (via First Class Mail; w/ encls.)

# CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.

### COUNSELLORS AT LAW

CHARLES C CARELLA
BRENDAN T. BYRNE
PETER G STEWART
ELLIOT M OLSTEIN
ARTHUR T VANDERBILT. II
JAN ALAN BRODY
JOHN M AGNELLO
CHARLES M CARELLA
JAMES E CECCHI

JAMES D CECCHI (1933-1995)
JOHN G GILFILLAN III (1936-2008)

JAMES T BYERS
DONALD F MICELI
A RICHARD ROSS
KENNETH L WINTERS
JEFFREY A COOPER
CARL R WOODWARD, III
MELISSA E FLAX
DENNIS F GLEASON
DAVID G GILFILLAN
G GLENNON TROUBLEFIELD
BRIAN H FENLON
KHOREN BANDAZIAN
LINDSEY H TAYLOR

**5 BECKER FARM ROAD**
**ROSELAND, N.J. 07068-1739**
PHONE (973) 994-1700
FAX (973) 994-1744
www.carellabyrne.com

RICHARD K MATANLE, II
FRANCIS C HAND
AVRAM S EULE
RAYMOND W FISHER
_____
OF COUNSEL

RAYMOND J LILLIE
WILLIAM SQUIRE
ALAN J GRANT*
MARC D MICELI
RAYMOND E STAUFFER*
STEPHEN R DANEK
ERIC MAGNELLI
DONALD A ECKLUND
VINCENZO M MOGAVERO
AUDRA E PETROLLE
*MEMBER N Y BAR ONLY

May 11, 2011

SOVEREIGN BANCORP, INC.
c/o 30 W. Mount Pleasant Avenue
Livingston, New Jersey 07039

Attention:  Records Custodian

Re:      Dr. Fadi Chaaban, et al. v. Dr. Mario A. Criscito
         Civil Action No. 2:08-cv-01567(GEB/MCA)
         Our File No.: 160365.1

Dear Sir/Madam:

This firm serves as attorneys for plaintiffs Dr. Fadi Chaaban, Dr. Sabino R. Torre, Dr. Constantinos A. Costeas, and Dr. Anthony J. Casella, as Trustees of Diagnostic & Clinical Cardiology, P.A. Profit Sharing Plan (the "Plaintiffs"), in the captioned action. Enclosed is an original of the Plaintiffs' Subpoena upon Sovereign Bancorp., Inc. to testify at a deposition in the captioned civil proceeding.  That Subpoena requests that the following records be produced:  See Attachment – Schedule A to the Subpoena.

Please be advised that, in lieu of the appearance by a duly authorized representative of Sovereign to appear for testimony at our office, we will accept certified copies, transmitted by mail or overnight delivery, of the materials requested in the Subpoena.  If Sovereign wishes to proceed in this manner, please telephone this office to provide that advice.  Please be further advised that if you indicate that the subpoenaed records will be sent by overnight delivery on the scheduled date for the deposition, i.e., Friday, May 20, 2011, no appearance at our office will be necessary on the part of Sovereign.

SOVEREIGN BANCORP, INC.
May 11, 2011
Page 2

Thank you for your attention to this matter.

Very truly yours,

CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO

BRIAN H. FENLON

/tus
Encl.

c:     Robert J. Conroy, Esq. (w/encl.) (via regular mail)

#417120 v1

CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO
A PROFESSIONAL CORPORATION

AO 88A  (Rev 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

| | |
|---|---|
| DR. FADI CHAABAN, ET AL. | ) |
| *Plaintiff* | ) |
| v. | ) |
| | ) |
| DR. MARIO A. CRISCITO | ) |
| *Defendant* | ) |

Civil Action No.   2:08-cv-01567 (GEB/MCA)

(If the action is pending in another district, state where:
                                                    )

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:     SOVEREIGN BANCORP, INC.   ATTN: RECORDS CUSTODIAN
        30 W. MOUNT PLEASANT AVENUE, LIVINGSTON, NEW JERSEY 07039

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Carella, Byrne, Cecchi, Olstein, Brody & Agnello, 5 Becker Farm Road, Roseland, New Jersey 07068 | Date and Time: May 20, 2011 at 10:00 A.M. |
|---|---|

The deposition will be recorded by this method:  **Audio/visual, digital or stenographic means.**

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

        SEE ATTACHMENT - EXHIBIT A

        The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  __May  11__ , 2011
                    *CLERK OF COURT*

                                                        OR  _____
_____
*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  **Plaintiffs Dr. Fadi Chaaban, et al.** , who issues or requests this subpoena, are:
Melissa E. Flax, Esq., Carella, Byrne, Cecchi, Olstein, Brody & Agnello, 5 Becker Farm Road, Roseland, NJ 07068  (973) 994-1700  MFlax@Carellabyrne.com

AO 88A  (Rev  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                          *Server's signature*

                                                   _____
                                                          *Printed name and title*

                                                   _____
                                                          *Server's address*

Additional information regarding attempted service, etc:

AO 88A  (Rev  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections*  A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative*  In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents*  A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form*  The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information*  The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT A

1.      All documents which concern or refer and relate to all accounts held, owned and/or maintained by Mario A. Criscito or Dr. Mario A. Criscito (hereinafter "Criscito"), whether individually or jointly with any other person or entity, and all accounts over which Criscito had any fiduciary or possessory interest and control and/or supervision over (hereinafter the "Accounts"), including, but not limited to, account statements, brokerage agreements, monthly statements, deposit slips, withdrawal slips, cancelled checks, books of account, ledgers, credit reports, loan documents, credit card statements, balance sheets and related documents.

2.      All documents which concern or refer and relate to all payments or deposits made by any person or entity to Criscito, and the Accounts.

3.      All documents which concern or refer and relate to all payments and/or transfers made by Criscito and the Accounts.

4.      All documents which concern or refer and relate to transactions involving Criscito and the Accounts, including but not limited to, transfers of funds made electronically.

5.      All documents which concern or refer and relate to loans made by or to Criscito or the Accounts, including, but not limited to, deeds, deeds of trust, mortgage statements, purchase and sale agreements, and related documents.

6.      All documents which concern or refer and relate to leases entered into by Criscito.

7.      All documents which concern or refer and relate to Criscito's financial condition, including but not limited to all financial statements, books of account, ledgers, credit reports, loan documents, income tax returns, credit card statements, bank statements and balance sheets.

## DEFINITIONS

A.      The term "document" shall refer to all tangible things that record information, including the originals and non-identical copies or drafts. Documents include, but are not limited to: correspondence, memoranda (including internal or interoffice memoranda and memoranda of oral conversations), e-mails, advertisements, sales brochures, audit request forms, audit responses, audit reports, statements, agreements, contracts, deeds and other legal instruments, escrow instructions, drafts, telegrams, cables, facsimiles, telexes, notes, reports, studies, analyses, records, evaluations, checks, charts, ledgers, checkbooks, canceled checks, check stubs, cash receipts, check registers, investment or other account statements, bank statements, certificates of deposits, invoices, journals and other business, financial or budget records, band card statements, credit or charge card statements, tables, tabulations, compilations, summaries, indices, information stored on magnetic media such as a floppy diskettes, computer disk, hard computer disk, e-mails or other computer storage systems, abstracts, applications, licenses, drawings, blueprints, labels, tags, pleadings, testimony, transcripts, affidavits, certifications, certificates, declarations under penalty of perjury, unsworn statements, speeches, articles, books, pamphlets, brochures, magazines, newspapers, calendars, personal records, diaries, notebooks, minutes, employment applications, resumes, personnel records, medical records, employment references, diplomas, orders, photographs, moving pictures, all sound recordings, video or film recordings, sound and video recordings, microfilms, microfiche, tapes, recordings, and other matter which contains any form of "communication" or representation. The term "document" also includes each and every draft or version, and all non-identical copies of any document, including, but not limited to, those that contain markings, symbols, interlineation, comments, or notations of any kind on the front or

back thereof.

      B.    The terms "concern" and "refer and relate to" mean evidencing, mentioning, memorializing, describing, discussing, constituting, containing, concerning, reflecting, summarizing, referring to, relating to, supporting, refuting and purporting to evidence, mention, memorialize, describe, constitute, contain, concern, reflect, summarize, refer to, relate to, support, refute, and in any way being relevant to, in whole or in part, the subject matter referred to in the particular interrogatory in which the term is used.

## INSTRUCTIONS

1.      You are to produce all requested documents which are in your possession, custody or control, or which are within the possession, custody or control of your legal counsel, medical practitioner, accountant, agents, other representatives, investigators or all other persons acting on your behalf.  In the event that you cannot produce all of the documents designated in particular request, you shall produce those documents which you can produce and describe in detail each reason for your failure or inability to produce each of the remaining documents.

2.      You are to produce all responsive documents and things in the manner they are normally kept.

3.      You are to produce each and every requested document regardless of the date of its creation, unless otherwise specified in a particular document request.

4.      You shall produce the <u>original</u> of any document requested.  Each non-identical version of any document shall constitute a separate document.  Each draft or version of any document shall also constitute a separate document.

5.      Do not separate attachments from documents.

6.      In the event that you do not produce any document because of a claim of confidentiality, privilege, or any other protection from production including, but not limited to, the attorney-client privilege or the attorney work-product doctrine, your response shall state the following information regarding the document in sufficient detail and with sufficient particularity to enable a court to adjudicate the validity of such claim:

(a)      Which privilege or protection is claimed;

(b)      The author of the document;

(c)      The general subject matter of the document;

4

(d)    The addresses and persons to whom copies were sent;

(e)    The identity of all other persons who have ever been shown the original copies of the document; and

(f)    The date, place and identity of all persons included in any communication in which the document was discussed, or in the sending of document to another person.

7.    In answering a request, the use of a plural term shall be read as singular and vice versa.

8.    The connectives "and" and "or" throughout this subpoena shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

9.    Whenever you object to a particular request or portion thereof, you must produce all documents called for that are not subject to that objection. Similarly, whenever a document is not produced in full, please state with particularity the reason or reasons it is not being produced in full, and describe, to the best of your knowledge, information and belief, and with as much particularity as possible, those portions of the document that are not being produced.

#416781 v1

# CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.

### COUNSELLORS AT LAW

CHARLES C CARELLA
BRENDAN T BYRNE
PETER G STEWART
ELLIOT M OLSTEIN
ARTHUR T VANDERBILT, II
JAN ALAN BRODY
JOHN M AGNELLO
CHARLES M CARELLA
JAMES E CECCHI

JAMES D CECCHI (1933-1995)
JOHN G GILFILLAN III (1936-2008)

JAMES T BYERS
DONALD F MICELI
A RICHARD ROSS
KENNETH L WINTERS
JEFFREY A COOPER
CARL R WOODWARD, III
MELISSA E FLAX
DENNIS F GLEASON
DAVID G GILFILLAN
G GLENNON TROUBLEFIELD
BRIAN H FENLON
KHOREN BANDAZIAN
LINDSEY H TAYLOR

**5 BECKER FARM ROAD**
**ROSELAND, N.J. 07068-1739**
**PHONE (973) 994-1700**
**FAX (973) 994-1744**
**www.carellabyrne.com**

RICHARD K MATANLE, II
FRANCIS C HAND
AVRAM S EULE
RAYMOND W FISHER
_____
OF COUNSEL

RAYMOND J. LILLIE
WILLIAM SQUIRE
ALAN J GRANT*
MARC D MICELI
RAYMOND E STAUFFER*
STEPHEN R DANEK
ERIC MAGNELLI
DONALD A ECKLUND
VINCENZO M MOGAVERO
AUDRA E PETROLLE
*MEMBER N Y BAR ONLY

May 11, 2011

SOVEREIGN BANCORP, INC.
c/o Corporate Service Company
830 Bear Tavern Road
West Trenton, New Jersey 08628

Attention:  Records Custodian

Re:      Dr. Fadi Chaaban, et al. v. Dr. Mario A. Criscito
         Civil Action No. 2:08-cv-01567(GEB/MCA)
         Our File No.: 160365.1

Dear Sir/Madam:

        This firm serves as attorneys for plaintiffs Dr. Fadi Chaaban, Dr. Sabino R. Torre, Dr. Constantinos A. Costeas, and Dr. Anthony J. Casella, as Trustees of Diagnostic & Clinical Cardiology, P.A. Profit Sharing Plan (the "Plaintiffs"), in the captioned action. Enclosed is an original and one (1) copy of the Plaintiffs' Subpoena upon Sovereign Bancorp., Inc.'s record custodian, in care of Sovereign's New Jersey registered agent, to testify at a deposition in the captioned civil proceeding which you are being served as Sovereign Bancorp., Inc.'s registered agent in this State.  That Subpoena requests that the following records be produced:  See Attachment – Schedule A to the Subpoena.

        Please be advised that, in lieu of the appearance by a duly authorized representative of Sovereign to appear for testimony at our office, we will accept certified copies, transmitted by mail or overnight delivery, of the materials requested in the Subpoena.  If Sovereign wishes to proceed in this manner, please have Sovereign telephone this office to provide that advice.  Please be further advised that if Sovereign indicates that the subpoenaed records will be sent by mail or overnight delivery on the scheduled date for the deposition, i.e., Friday, May 20, 2011, no appearance at our office will be necessary on its part.

SOVEREIGN BANCORP, INC.
May 11, 2011
Page 2

Thank you for your attention to this matter.

Very truly yours,

CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO

BRIAN H. FENLON

/tus
Encl.

c:     Robert J. Conroy, Esq. (w/encl.) (via regular mail)

#416828 v1

CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO
A PROFESSIONAL CORPORATION

AO 88A (Rev 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DR. FADI CHAABAN, ET AL. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   2:08-cv-01567 (GEB/MCA) |
| | ) | |
| DR. MARIO A. CRISCITO | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:   **SOVEREIGN BANCORP., INC., ATTN:  Records Custodian, c/o Corporation Service Company, 830 Bear Tavern Road, West Trenton, New Jersey 08628**

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: **Carella, Byrne, Cecchi, Olstein, et al.** **5 Becker Farm Rd., Roseland, NJ 07068** | Date and Time: **May 20, 2011 at 10:00 A.M.** |
|---|---|

The deposition will be recorded by this method:  **Audio/visual, digital or stenographic means.**

☒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

### SEE ATTACHMENT – EXHIBIT A

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   **May 11 , 2011**

|  CLERK OF COURT | | |
|---|---|---|
| | OR | *(signature)* |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* **Plaintiffs Dr. Fadi Chaaban, et al.** who issues or requests this subpoena, are:

**Melissa E. Flax, Esq., Carella, Byrne, Cecchi, Olstein, Brody & Agnello, 5 Becker Farm Road, Roseland, NJ 07068 (973) 994-1700   MFlax@carellabyrne.com**

AO 88A  (Rev  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____   on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____   for travel and $ _____   for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                        *Server's signature*

                                _____
                                        *Printed name and title*

                                _____
                                        *Server's address*

Additional information regarding attempted service, etc:

AO 88A  (Rev  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**EXHIBIT A**

1.      All documents which concern or refer and relate to all accounts held, owned and/or maintained by Mario A. Criscito or Dr. Mario A. Criscito (hereinafter "Criscito"), whether individually or jointly with any other person or entity, and all accounts over which Criscito had any fiduciary or possessory interest and control and/or supervision over (hereinafter the "Accounts"), including, but not limited to, account statements, brokerage agreements, monthly statements, deposit slips, withdrawal slips, cancelled checks, books of account, ledgers, credit reports, loan documents, credit card statements, balance sheets and related documents.

2.      All documents which concern or refer and relate to all payments or deposits made by any person or entity to Criscito, and the Accounts.

3.      All documents which concern or refer and relate to all payments and/or transfers made by Criscito and the Accounts.

4.      All documents which concern or refer and relate to transactions involving Criscito and the Accounts, including but not limited to, transfers of funds made electronically.

5.      All documents which concern or refer and relate to loans made by or to Criscito or the Accounts, including, but not limited to, deeds, deeds of trust, mortgage statements, purchase and sale agreements, and related documents.

6.      All documents which concern or refer and relate to leases entered into by Criscito.

7.      All documents which concern or refer and relate to Criscito's financial condition, including but not limited to all financial statements, books of account, ledgers, credit reports, loan documents, income tax returns, credit card statements, bank statements and balance sheets.

## DEFINITIONS

A.     The term "document" shall refer to all tangible things that record information, including the originals and non-identical copies or drafts. Documents include, but are not limited to: correspondence, memoranda (including internal or interoffice memoranda and memoranda of oral conversations), e-mails, advertisements, sales brochures, audit request forms, audit responses, audit reports, statements, agreements, contracts, deeds and other legal instruments, escrow instructions, drafts, telegrams, cables, facsimiles, telexes, notes, reports, studies, analyses, records, evaluations, checks, charts, ledgers, checkbooks, canceled checks, check stubs, cash receipts, check registers, investment or other account statements, bank statements, certificates of deposits, invoices, journals and other business, financial or budget records, band card statements, credit or charge card statements, tables, tabulations, compilations, summaries, indices, information stored on magnetic media such as a floppy diskettes, computer disk, hard computer disk, e-mails or other computer storage systems, abstracts, applications, licenses, drawings, blueprints, labels, tags, pleadings, testimony, transcripts, affidavits, certifications, certificates, declarations under penalty of perjury, unsworn statements, speeches, articles, books, pamphlets, brochures, magazines, newspapers, calendars, personal records, diaries, notebooks, minutes, employment applications, resumes, personnel records, medical records, employment references, diplomas, orders, photographs, moving pictures, all sound recordings, video or film recordings, sound and video recordings, microfilms, microfiche, tapes, recordings, and other matter which contains any form of "communication" or representation. The term "document" also includes each and every draft or version, and all non-identical copies of any document, including, but not limited to, those that contain markings, symbols, interlineation, comments, or notations of any kind on the front or

2

back thereof.

      B.    The terms "concern" and "refer and relate to" mean evidencing, mentioning, memorializing, describing, discussing, constituting, containing, concerning, reflecting, summarizing, referring to, relating to, supporting, refuting and purporting to evidence, mention, memorialize, describe, constitute, contain, concern, reflect, summarize, refer to, relate to, support, refute, and in any way being relevant to, in whole or in part, the subject matter referred to in the particular interrogatory in which the term is used.

## INSTRUCTIONS

1.      You are to produce all requested documents which are in your possession, custody or control, or which are within the possession, custody or control of your legal counsel, medical practitioner, accountant, agents, other representatives, investigators or all other persons acting on your behalf.  In the event that you cannot produce all of the documents designated in particular request, you shall produce those documents which you can produce and describe in detail each reason for your failure or inability to produce each of the remaining documents.

2.      You are to produce all responsive documents and things in the manner they are normally kept.

3.      You are to produce each and every requested document regardless of the date of its creation, unless otherwise specified in a particular document request.

4.      You shall produce the <u>original</u> of any document requested.  Each non-identical version of any document shall constitute a separate document.  Each draft or version of any document shall also constitute a separate document.

5.      Do not separate attachments from documents.

6.      In the event that you do not produce any document because of a claim of confidentiality, privilege, or any other protection from production including, but not limited to, the attorney-client privilege or the attorney work-product doctrine, your response shall state the following information regarding the document in sufficient detail and with sufficient particularity to enable a court to adjudicate the validity of such claim:

(a)      Which privilege or protection is claimed;

(b)      The author of the document;

(c)      The general subject matter of the document;

(d)    The addresses and persons to whom copies were sent;

(e)    The identity of all other persons who have ever been shown the original copies of the document; and

(f)    The date, place and identity of all persons included in any communication in which the document was discussed, or in the sending of document to another person.

7.    In answering a request, the use of a plural term shall be read as singular and vice versa.

8.    The connectives "and" and "or" throughout this subpoena shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

9.    Whenever you object to a particular request or portion thereof, you must produce all documents called for that are not subject to that objection.  Similarly, whenever a document is not produced in full, please state with particularity the reason or reasons it is not being produced in full, and describe, to the best of your knowledge, information and belief, and with as much particularity as possible, those portions of the document that are not being produced.

#416781 v1

5