UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DR. FADI CHAABAN, DR. SABINO R. TORRE, DR. CONSTANTINOS A. COSTEAS, AND DR. ANTHONY J. CASELLA as Trustees of Diagnostic & Clinical Cardiology, P.A. Profit Sharing Plan,<br><br>        Plaintiffs,<br><br>v.<br><br>DR. MARIO A. CRISCITO,<br><br>        Defendant. | Civil Action No. 2:08-cv-01567 (GEB/MCA)<br><br>**Return Date:  June 6, 2011**<br><br><br>**Oral Argument Requested** |

**PLAINTIFFS' REPLY BRIEF IN FURTHER SUPPORT OF THEIR
MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS**

John M. Agnello
Melissa E. Flax
CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700

-and-

Stephen M. Charme
Tara S. Sinha
WITMAN STADTMAUER, P.A.
26 Columbia Turnpike
Florham Park, New Jersey 07932-2213
(973) 822-0220

*Attorneys for Plaintiffs*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................................ ii

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .................................................................................................................................. 3

    I.   DEFENDANT'S TWO OBJECTIONS TO PLAINTIFFS' REQUEST FOR AN AWARD OF ATTORNEYS' FEES AND COSTS ARE MERITLESS ........................ 3

        A.  Defendant Concedes that Plaintiffs are Entitled, at a Minimum, to an Award of $537,787.85 in Attorneys' Fees and Costs ........................................................ 3

        B.  Defendant's Objections to Witman Stadtmauer's Fees Related to the Motion for Sanctions, Entry of Default and Opposing Defendant's Motion to Vacate Default are Baseless ........................................................................................ 3

            1.  Witman Stadtmauer's Fees Related to the Motion for Sanctions were Reasonable ........................................................................................................ 3

            2.  Witman Stadtmauer's Fees Related to the Request to Enter Default and Opposing Vacating Default were Reasonable ........................................... 5

        C.  Defendant's Sweeping Objection to all of Carella Byrne's Fees and Costs is Baseless ........................................................................................................ 7

CONCLUSION ............................................................................................................................. 10

# TABLE OF AUTHORITIES

**FEDERAL CASES**  **PAGE**

Apple Corps Ltd. v. Int'l Collectors Soc'y, 25 F.Supp.2d 480 (D.N.J. 1998) ............ 7

Bapu Corp. v. Choice Hotels Int'l, Inc., 2010 WL 2245600 (D.N.J. June 1, 2010) ........ 4

Butler v. Frett, 2006 WL 1806412 (D.N.J. June 29, 2006) ............ 4

Citibank, N.A. v. Hicks, 2004 WL 1895189 (E.D.Pa Aug. 24, 2004) ............ 8

Jama Corp. v. Gupta, 2008 WL 108671 (M.D.Pa Jan. 4, 2008) ............ 8

Rode v. Dellarciprete, 892 F.2d 1177 (3d Cir. 1990) ............ 7, 8

**PRELIMINARY STATEMENT**

In Plaintiffs' Brief in Support of their Motion for an Award of Attorneys' Fees and Costs, Plaintiffs demonstrated that pursuant to ERISA Section 502(g) and applicable case law in this Circuit, the Court should exercise its discretion and award attorneys' fees and costs to Plaintiffs in the amount of $898,656.61.  In their application, Plaintiffs established that: (i) they were 100% successful on their ERISA breach of fiduciary duty claims against Defendant; (ii) the circumstances of this case warrant an award of attorneys' fees and costs to Plaintiffs under the *Ursic* Factors; and (iii) the attorneys' fees and costs expended by Plaintiffs were reasonable.  *See* Plaintiffs' Opening Brief.

In support of their motion, Plaintiffs submitted the Declarations of John M. Agnello ("Agnello Decl."), Anthony J. Casella and Stephen M. Charme.  The Agnello Decl. specifically addressed all of Local Civil Rule 54.2's criteria and included supporting back-up documents for all of the attorneys' fees and costs being sought.  The supporting documentation describes in detail the work performed by the attorneys and consultants, the hours spent by attorneys and consultants performing the work, and the costs incurred by Plaintiffs.

In Defendant's Brief in Opposition to Plaintiffs' Motion for an Award of Attorneys' Fees and Costs, Defendant does not dispute that: (i) Plaintiffs were 100% successful on their ERISA breach of fiduciary duty claims against Defendant; (ii) the circumstances of this case warrant an award of attorneys' fees and costs to Plaintiffs under ERISA and the *Ursic* Factors; (iii) the hourly rates charged by Plaintiffs' counsel were reasonable; or (iv) the costs incurred by Plaintiffs were reasonable.

Instead, Defendant makes two broad brush objections seeking to have the Court disallow entire portions of the work performed by Witman Stadtmauer and all of the work performed and costs incurred by Carella Byrne.

As explained in detail below, the two objections raised by Defendant to the attorneys' fees and costs sought by Plaintiffs are meritless and therefore, the Court should exercise its discretion and award Plaintiffs $898,656.61 in attorneys' fees and costs.

# ARGUMENT

## I. DEFENDANT'S TWO OBJECTIONS TO PLAINTIFFS' REQUEST FOR AN AWARD OF ATTORNEYS' FEES AND COSTS ARE MERITLESS

### A. Defendant Concedes that Plaintiffs are Entitled, at a Minimum, to an Award of $537,787.85 in Attorneys' Fees and Costs

In his Opposition Brief, Defendant only objects to a portion of the attorneys' fees and costs sought by Plaintiffs (*i.e.*, $360,868.76 out of $898,656.61). Therefore, Defendant concedes that Plaintiffs should be awarded, at a minimum, $537,787.85 in attorneys' fees and costs. *See* Opposition Brief at 20.

### B. Defendant's Objections to Witman Stadtmauer's Fees Related to the Motion for Sanctions, Entry of Default and Opposing Defendant's Motion to Vacate Default are Baseless

Defendant devotes the substantial portion of his Opposition Brief arguing that Plaintiffs should not be awarded any attorneys' fees relating to Plaintiff's Motion for Sanctions (because the motion was "frivolous"), the Request to Enter Default (because the entry of Default was "silly"), and for opposing the motion to vacate Default (because the opposition "bordered on frivolous"). *See* Opposition Brief at 4 and 14. These pleadings were neither "silly" nor "frivolous", as this Court's Memorandum Opinion ("Mem. Op.") dated January 31, 2011, awarding summary judgment in Plaintiffs' favor, ultimately confirmed.

#### 1. Witman Stadtmauer's Fees Related to the Motion for Sanctions were Reasonable

Defendant does not contest any particular time entry relating to the motion for sanctions. Rather, Defendant claims that all fees relating to the motion for sanctions should be excluded from an award of attorneys' fees because: (1) the motion for sanctions was denied; and (2) in Defendant's view, the motion for sanctions was "frivolous". Both of these claims are futile.

3

Courts have held that the mere fact that a party was unsuccessful on a motion does not mean that attorneys' fees should not be awarded for the work performed in connection with that motion when requested in an appropriate application. In *Bapu Corp. v. Choice Hotels Int'l, Inc.*, 2010 WL 2245600 (D.N.J. June 1, 2010), the court awarded Defendant all of its requested attorneys' fees, which included fees incurred for work performed unsuccessfully opposing a motion to vacate an arbitration award. *Bapu*, 2010 WL 2245600 at *2. In fact, Courts in this District have recognized that awards of statutory attorneys' fees reward "a plaintiff who ultimately prevails – who wins the war – without deducting for lost battles along the way." *Butler v. Frett*, 2006 WL 1806412, *8 (D.N.J. June 29, 2006) (quoting *Buffington v. Baltimore County, Md.*, 913 F.2d 113, 128 n.12 (4th Cir. 1990)).

In his decision denying Defendant's motion to dismiss, Judge Martini held, among other things, that in their Complaint, Plaintiffs "clearly allege that Defendant made affirmative misrepresentations to conceal" his fiduciary breach. Docket Entry 12 at 6. Following the denial of the motion, Plaintiffs moved for sanctions against Defendant. Docket Entry 14. In the motion for sanctions, Plaintiffs asked the Court to penalize Defendant for his attempt to convince this Court, in his motion to dismiss, that Plaintiffs' Complaint failed to plead that Defendant concealed his fiduciary breach.

In denying Plaintiff's motion for sanctions, the Court found that Defendant's filing of the motion to dismiss was not sanctionable under Rule 11. Docket Entry 24. The Court did not find that the motion for sanctions was "frivolous". *Id.* In fact, in the end, although Defendant had argued in his motion to dismiss that Plaintiffs did not plead concealment, this Court found that the record overwhelmingly demonstrated not only was concealment pled, but that Defendant did actively conceal his fiduciary breach. Mem. Op. at 23.

4

Defendant's request at page 10 of the Opposition Brief that $11,285 in Witman Stadtmauer fees relating to the motion for sanctions be deducted from any award of attorneys' fees, should be rejected.

### 2. Witman Stadtmauer's Fees Related to the Request to Enter Default and Opposing Vacating Default were Reasonable

Similar to the position taken by Defendant with respect to Witman Stadtmauer's fees related to the motion for sanctions, Defendant's objection to the fees related to the Request to Enter Default and the opposition to vacating Default does not focus on any particular time entries.  Rather, Defendant asserts that all fees incurred by Witman Stadtmauer related to the Request to Enter Default should be rejected because the Request was "silly" and that the opposition to vacating Default "bordered on frivolous".  Opposition Brief at 4, 14.  The pleadings that Defendant assails were neither "silly" nor "bordering on frivolous", and the Witman Stadtmauer fees relating to those pleadings were completely reasonable.

By Order dated June 24, 2008, the Court denied Defendant's Motion to Dismiss.  Docket Entry 13.  Thus, under Fed. R. Civ. P. 12, Defendant was required to file and serve his Answer to the Complaint no later than July 7, 2008.  Defendant failed to file and serve his Answer to the Complaint on or before July 7, and did not seek an extension of the filing and service date by consent or motion.  As a result, on July 16, 2008, Plaintiffs filed a Request to Enter Default against Defendant.  Docket Entry 15.  On July 16, 2008, the Clerk entered Default against Defendant on the Docket.  Entering Default against a party who ignores the period for filing an Answer is certainly not "silly".

Subsequently, Defendant moved to vacate the Default and Plaintiffs opposed the application (Docket Entries 17 and 20) asserting what this Court ultimately found to be the case – Defendant had no meritorious defense to Plaintiffs' breach of fiduciary duty claim.  In granting

5

Defendant's motion to vacate the Default over Plaintiffs' objection, the Court found that "Defendant alleged sufficient facts that, *if established*, would constitute a meritorious defense". Docket Entry 24 at 4 (emphasis added).  In its ruling, the Court did not state, suggest or intimate that Plaintiffs' opposition "bordered on frivolous", as Defendant now characterizes the opposition to vacating Default.  In fact, as a result of Defendant successfully convincing the Court of his alleged meritorious defense at the motion to dismiss stage, Plaintiffs were required to litigate this case through fact and expert discovery, preparation of the Final Pretrial Order, attending the Pretrial Conference, and summary judgment motion practice in order for Plaintiffs to demonstrate that Defendant did not have "a meritorious defense".

Simply put, Defendant did not file his Answer to the Complaint within the time required by the Rules.  As permitted by the Rules, Plaintiffs entered a Default against Defendant.  As also permitted by the Rules, Plaintiffs argued that the Default should not be vacated because Defendant lacked any meritorious defense to Plaintiffs' claims.  The fees incurred by Plaintiffs for Witman Stadtmauer's work relating to the Entry of Default and opposing the vacating of the Default were demonstrably reasonable at the time.  The reasonableness of these fees was validated by the Memorandum Opinion granting summary judgment in favor of Plaintiffs that found, in part, Defendant had no meritorious defense to Plaintiffs' breach of fiduciary duty claims.

Defendant's request at pages 10-13 of the Opposition Brief, that $7,347.50 in Witman Stadtmauer fees relating to the Entry of Default and opposing vacating Default be deducted from any award of attorneys' fees, should be rejected.

6

  **C. Defendant's Sweeping Objection to all of Carella Byrne's Fees and Costs is Baseless**

  In signature broad brush fashion, Defendant argues that Plaintiffs should not be awarded any of the attorneys' fees and costs for work performed by Carella Byrne, a total of $342,236.26. Defendant half-heartedly advances his argument with regard to the Carella Byrne fees and costs in two pages of his Opposition Brief. Opposition Brief at Point II.

  It is well settled that "[t]he party seeking attorneys' fees has the burden of establishing the reasonableness of the fees by submitting evidence supporting the hours worked and the rates claimed." *Apple Corps Ltd. v. Int'l Collectors Soc'y*, 25 F.Supp.2d 480, 485 (D.N.J. 1998) (internal quotation omitted); *Rode v. Dellarciprete*, 892 F.2d 1177, 1187 (3d Cir. 1990). Once the requesting party meets its burden, "[t]he burden then shifts to the party opposing the fee to contest the reasonableness of the hours expended by affidavit or brief with sufficient specificity to give fee applicants notice of the objections." *Id*. The court may not decrease a fee award based on factors not raised by the adverse party. *Id*.

  Instead of contesting the reasonableness of the hours spent by Carella Byrne on any particular task, Defendant has elected to premise his request to deduct $342,236.26 from any award of fees and costs to Plaintiffs, on the theory that it was "extravagant" for Plaintiffs to retain a second law firm.[1] From the moment that Plaintiffs retained John M. Agnello, Esq. and his Firm, Carella Byrne became lead counsel for the Plaintiffs with respect to all procedural and substantive decisions made on behalf of the Plaintiffs. See Reply Declaration of Anthony J. Casella ("Casella Decl.") at ¶2. In its role as lead counsel, Carella Byrne had overall

---

[1] In his opposition, Defendant fails to note that he has been and is being represented in this action by multiple law firms. Alphonse D. Bartell, Esq. of the law firm of Picillo, Caruso, Pope, Edell, Picini, P.C. has represented the Defendant along with the law firm of Kern Augustine Conroy & Schoppman, P.C., from the outset of this case. In addition, after the Final Judgment (Compensatory Damages) was entered against Defendant, he retained an additional attorney, Bonnie M. Weir, Esq. of The Weir Law Firm, LLC, as his third law firm in this case.

7

responsibility for, among other things, defending the deposition of Plaintiffs' expert (the only deposition conducted after Carella Byrne was retained); preparing and filing Plaintiffs' summary judgment motion and preparing and filing Plaintiffs' opposition to Defendant's summary judgment motion[2]; preparing the Final Pretrial Order; preparing the Trial Exhibit Lists that were part of the Final Pretrial Order; representing Plaintiffs at the Pretrial Conference, settlement conferences and all other conferences with the Court; preparing the Final Judgment (Compensatory Damages); preparing post-judgment written discovery demands; and, preparing Plaintiffs' motion for an award of attorneys' fees and costs. From the time Carella Byrne was retained, the role of Plaintiffs' co-counsel, Witman Stadtmauer, was reduced. Casella Decl. at ¶3.

Courts in this Circuit have consistently held that a fee applicant may recover attorneys' fees and costs incurred when multiple law firms are used. *See Jama Corp. v. Gupta*, 2008 WL 108671, *4 (M.D.Pa. Jan. 4, 2008) (awarding Plaintiff attorneys' fees and costs for the use of three law firms); *Citibank, N.A. v. Hicks,* 2004 WL 1895189, *7 (E.D.Pa. Aug. 24, 2004) (awarding plaintiff's attorneys' fees and costs for its use of two law firms). In addition, "[a] reduction for duplication is warranted only if the attorneys are *unreasonably* doing the *same* work." *Rode*, 892 F.2d at 1187 (3d Cir. 1990) (emphasis in original) (internal quotation omitted).[3]

---

[2] As the Court is aware, the summary judgment motions led to the Final Judgment (Compensatory Damages) that was entered in favor of Plaintiffs and against Defendant for in excess of $4.1MM.

[3] Here, while Defendant suggested, in passing, in the Preliminary Statement portion of the Opposition Brief that the work by Witman Stadtmauer and Carella Byrne "was largely duplicative", conspicuously absent from Defendant's opposition is any specific example of "attorneys unreasonably doing the same work". Defendant's silence on this issue is deafening.

8

The mere fact that two law firms represented Plaintiffs from May 2010 forward does not, *ipso facto*, warrant eliminating all of the work reasonably and necessarily performed by one of the law firms. Furthermore, as the Third Circuit has instructed, some duplication of work is acceptable (if not inevitable), as long as it is reasonable. A review of the Carella Byrne and Witman Stadtmauer invoices, which Defendant evidently did not perform, reveals that all of the work performed by both law firms was reasonable and necessary, and did not constitute "attorneys unreasonably doing the same work".

Defendant does not challenge any of the hours expended, the billing rates, any specific item of legal work performed or any specific costs incurred by Carella Byrne. Defendant's unsupported, sweeping objection to all of Carella Byrne's fees and costs, and his request that all of Carella Byrne's fees and costs (totaling $342,236.26) be deducted from any award of attorneys' fees and costs, should be rejected.

## CONCLUSION

For the foregoing reasons, as well as those set forth in Plaintiffs' moving papers, Plaintiffs respectfully request an award of $898,656.61 in attorneys' fees and costs ($876,150.00 for attorneys' fees and consultant's fees, $16,159.26 in costs paid by attorneys, plus $6,346.84 in costs paid directly by Plaintiffs).

Dated:  May 31, 2011

Respectfully submitted,

John M. Agnello
Melissa E. Flax
CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700

By: *s/John M. Agnello*
     John M. Agnello


Stephen M. Charme
Tara S. Sinha
WITMAN STADTMAUER, P.A.
26 Columbia Turnpike
Florham Park, New Jersey 07932-2213
(973) 822-0220

By: *s/ Stephen M. Charme*
     Stephen M. Charme


*Attorneys for Plaintiffs*